1  JEROME SCHREIBSTEIN (SBN: 154051)
   LAW OFFICE OF JEROME SCHREIBSTEIN
2  Embarcadero Center West
   275 Battery Street, Eighteenth Floor
3  San Francisco, CA 94111
   Telephone:  (415) 875-3355
4  Facsimile:   (415) 358-9885

5  Attorneys for Defendant
   BAYER CORPORATION DISABILITY PLANS
6  (*erroneously sued as* BAYER CORPORATION
   DISABILITY PLAN)
7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 ROSALIE MOOS-HOLLING,              )   CASE NO. C-07-06240 EMC
                                      )
12              Plaintiff,            )   **DEFENDANT BAYER CORPORATION
                                      )   DISABILITY PLANS' ANSWER TO
13         v.                         )   COMPLAINT FOR ERISA BENEFITS**
                                      )
14 BAYER CORPORATION DISABILITY       )
   PLAN,                              )
15                                    )
                Defendant.            )
16                                    )
                                      )
17                                    )

18
       Defendant Bayer Corporation Disability Plans (sued incorrectly herein as "BAYER
19
   CORPORATION PLAN") (herein, "Defendant" or the "Plan") hereby answers the unverified
20
   Complaint for ERISA Benefits (herein, the "Complaint") of Plaintiff Rosalie Moos-Holling
21
   (herein, "Plaintiff") as follows:
22
       1.      Defendant admits the averments of Paragraph 1 so much that this Court has
23
   jurisdiction over this matter. The remainder of Paragraph 1 of the Complaint consists entirely of
24
   legal assertions and Defendant is not required to admit or deny same.
25

26

27

28

2.     Defendant admits that the Bayer Corporation Disability Plans is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), but denies the remaining averments in Paragraph 2 of the Complaint.

3.     Defendant admits the averments of Paragraph 3 of the Complaint so much that at certain times Plaintiff received benefits under the Plan. By way of further answer, the terms and conditions of the Plan are comprised of written documentation which speaks for itself. Defendant denies the remaining averments in Paragraph 3 of the Complaint and specifically denies that Plaintiff remains disabled to the present for purposes of the receipt of disability benefits under the Plan and that Plaintiff became disabled under the Plan on October 1, 2001.

4.     Defendant admits the averments in Paragraph 4 of the Complaint so much that Defendant paid Plaintiff disability benefits for a certain qualifying period and that such benefits terminated on November 30, 2005. Defendant denies each and every remaining averment in Paragraph 4 of the Complaint, and specifically denies that the termination of Plaintiff's benefits was wrongful.

5.     Defendant admits the averments in Paragraph 5 of the Complaint so much that Plaintiff appealed the termination of benefits, and that her appeal was denied on March 14, 2006. Defendant denies all remaining averments of Paragraph 5 of the Complaint and specifically denies that the denial of her appeal was wrongful or arbitrary.

6.     Defendant denies each and every averment in Paragraph 6 of the Complaint.

7.     Defendant denies each and every averment in Paragraph 7 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case and has not completed its preparation for trial.

The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, supplement, or delete any affirmative defense contained herein at any time.

////

-2-
**DEFENDANT BAYER CORPORATION DISABILITY PLANS' ANSWER TO COMPLAINT FOR ERISA BENEFITS (CASE NO. C-07-06240 EMC)**

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

### First Affirmative Defense

8. Plaintiff's Plan benefits were denied for reasons that were neither arbitrary nor capricious.

### Second Affirmative Defense

9. To reserve the issue pending a completion of its investigation, Defendant asserts that Plaintiff executed a release which bars this suit and all claims therein.

### Third Affirmative Defense

10. To reserve the issue pending a determination of the exact nature of the claims being asserted by Plaintiff, Defendant asserts that Plaintiff has failed to exhaust her internal Plan remedies.

### Fourth Affirmative Defense

11. Defendant alleges that the determination reached on Plaintiff's claim for Plan benefits was in accordance with the terms of the Plan.

### Fifth Affirmative Defense

12. Defendant alleges that the Complaint fails to state a claim upon which relief may be granted.

### Sixth Affirmative Defense

13. Defendant alleges that Plaintiff's action is barred because Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan.

### Seventh Affirmative Defense

14. Plaintiff has failed to join an indispensable party to the extent she seeks recovery of Plan benefits pursuant to Title 29 of the Unites States Code section 1132.

### Eighth Affirmative Defense

15. Plaintiff was overpaid benefits by the Plan and Defendant is, therefore, entitled to an off-set or set-off for any recovery afforded Plaintiff.

-3-
DEFENDANT BAYER CORPORATION DISABILITY PLANS' ANSWER TO COMPLAINT FOR ERISA BENEFITS (CASE NO. C-07-06240 EMC)

**Ninth Affirmative Defense**

16. The Complaint fails to state a claim upon which relief may be granted to the extent that Plaintiff is seeking monetary relief in the form of Plan benefits, a remedy not available under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

**Tenth Affirmative Defense**

17. Plaintiff has not pled facts which would entitle her to the recovery of prevailing party legal fees in this matter under ERISA or otherwise.

**Eleventh Affirmative Defense**

18. Defendant reserves the right to assert additional defenses based on information gathered in the course of additional investigation.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by reason of her Complaint on file herein, that judgment be awarded in favor of Defendant and against Plaintiff, and that Defendant be dismissed from this action with prejudice;

2. That Defendant be awarded its attorneys' fees and costs of suit herein to the extent allowed by applicable law; and

3. That the Court grant Defendant such other and further relief as it may deem just and proper.

DATED: January 24, 2008

LAW OFFICE OF JEROME SCHREIBSTEIN

By: _____
JEROME SCHREIBSTEIN
Attorneys for Defendant
BAYER CORPORATION DISABILITY PLANS
(*erroneously sued as BAYER CORPORATION DISABILITY PLAN*)

-4-
DEFENDANT BAYER CORPORATION DISABILITY PLANS' ANSWER TO COMPLAINT FOR ERISA BENEFITS (CASE NO. C-07-06240 EMC)