04\250246 kmarion
3\02\250871 LIZAGUIR

Rosalie Moos-Holling

SEP 1 9 2002

Good news - MRI brain normal, no stroke and no tumor - patient quite releived.

She still has paralysis primarily in C5/6 myotomes and numbness which bothers her most of all in C5/6 dermatomes....PREDNISONE HELPED QUITE A BIT AT HIGHER DOSES. Patient well aware of benefits and risks of Prednisone and we will resume..

I'm now thinking that whatever the reasons for her loss of consicousness (alcohol??) she has a PRESSURE PALSY and prognsosi is good.

PLAN: Prednisone 42 mg and decrease by 2 mg qd until off in three weeks and followup then. MRI neck in the menatime....I now wonder about big disc not hurting because nerves temporarily (I hope) dead....we'll see....

Friedberg, M.D.

(04\250640 KnaZIUR
3\02\250871 LIZAGUIR

# JOHN MARK FRIEDBERG, M.D.
### BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

September 13, 2002

Roxanne Fiscella, M.D.
2500 Milvia
Berkeley, CA 94705

RE: MOOS-HOLLING, ROSALIE

Dear Roxanne:

I saw your patient this morning, and I am quite concerned that she has a potentially ominous cause for the right arm paralysis and numbness. Specifically we need to rule out a brain tumor, primary or secondary, but also a stroke. I do not think this is going to be a lesion in the neck or brachial plexus, but those possibilities will be kept in mind.

"Rosie" is a 53-year-old right-handed generally healthy microbiologist who works for Bayer Corporation, and lives on her own with her pet dog.

She may be inclined to drink a bit more wine than she should, and she had had two margaritas when, on September 1st in the afternoon, she was sitting at her computer and she lost consciousness. She found herself coming to on the floor, with bruises over the left side of her body, and her right arm paralyzed and numb and cold. She had not bitten herself, was not incontinent of urine, and was able to drive herself to the emergency room at Alameda, where a CT scan head was negative, presumably without contrast, and where they thought she might have had a stroke. Evidently they worried about a seizure as well, because they put her on Neurontin ? 200 mg b.i.d., as well as aspirin, and they also must have been impressed with the alcohol, because they recommended thiamine.

Her other medication is Lotensin 40 mg, which she has been on for the past two years because she developed surprisingly high blood pressure out of the blue, and the dose was progressed slightly from 30 to 40 mg about two months ago.

About a month before this happened, she had seen another doctor because of the same, but milder, complaint of weakness in her right arm, associated with some aching in the scapular area, and that

FEB 04 '03 14:33

BA 0358

04\250246 MARION
\02\250871 LIZAGUIR

RE: MOOS-HOLLING, ROSALIE
September 13, 2002
Page 2

doctor thought that perhaps she had a spinal problem, but did not order any tests.

As a child she may have suffered a concussion, but did not require medical attention, and in her teens she passed out on a single occasion in context, and again did not require evaluation.

When she came to on the floor on September 1st, she found that her head was jammed against a desk and that her neck was somewhat bent, but her neck is not especially painful now, nor is there significant pain in the right shoulder area. She has never been aware of irregular heartbeats. She denies seizure auras such as olfactory or deja vu, but she has noticed that the forefinger of her right hand sometimes seems to go into involuntary extension spontaneously.

Her primary problem with the arm is proximal; she cannot elevate it overhead without holding her hair with her fingers. The grip and finger strength is relatively preserved, but the shoulder girdle muscles are almost totally out, as is the biceps and triceps.

She denies headaches, amaurosis, scotomata, night fevers, or joint pains of significance.

In the past several months, however, she has had fleeting experiences of light-headedness such that on one occasion she stopped a perfect stranger in the street to lean on his arm because she felt like she might go out.

On EXAMINATION she comes across as a serious, bright, fully awake and alert woman, in no acute distress at all. However, as noted, she has great difficulty with large movements of the right arm and shoulder, especially those involving the upper arm and shoulder.

Her speech and mental status are normal. Cranial nerves were carefully evaluated, and are normal. Neck range of motion is normal, and she has no tenderness on palpation of the neck or in the supraclavicular fossa. I do not see any muscle fasciculations, and I do not think I see any atrophy, but that would be harder to be sure of.

Her supine blood pressure today is 128/90, and on jumping up it drops to 115/80. Her heart rate is fast, around 100, but on taking it repeatedly there are no irregularities to suggest atrial fibrillation, and I do not hear any heart murmurs or carotid bruits.

Motor testing of the upper extremity, as noted, is rather disturbing: She has zero strength in the biceps, brachioradialis,

FEB 04 '03 14:33

BA 0359

3\04\250246 kmarison
)03\02\250871 LIZAGUIR

RE: MOOS-HOLLING, ROSALIE
September 13, 2002
Page 3

and triceps, and probably zero strength in the deltoid, with preserved trapezius and levator scapula muscles. The infrascapularis seems spared, but the suprascapularis is partially or completely paralyzed, while the grip strength is impaired, but not nearly to the degree that the proximal muscle are. She can extend and spread her fingers, but they are weak, in the 4/5 range, only on the right hand, and she has weakness in the 4/5 range of extension of the thumb as well, so that she can still write, but her handwriting is shaky. I could detect no similar weakness in the right or left leg, no alteration of tone, and no asymmetry of reflexes, with readily elicited and symmetrical 2+ brachioradialis, biceps, and triceps in both arms, and 1+ knee and ankle reflexes, with no clonus. Gait and station are normal.

Sensory examination revealed impairment of pinwheel especially, but other modalities as well, limited to the right hand and forearm in approximately the C5 and 6 distributions but in fact it does not conform closely to a dermatome or a peripheral nerve distribution, and it does not go proximal to the shoulder. I tested several times whether there is any asymmetry of sensation over her torso, and there does not appear to be.

In summary, Roxanne, two weeks ago this woman passed out without good reason. An EEG today does not show any seizure activity, but my suspicion is that she had a seizure followed by a Todd's paralysis which has persisted, and may well be due to a brain tumor such as a glioma. My differential would include embolic stroke from episodic atrial fibrillation, possibly related to alcohol or, for that matter, a subdural could do this, but should have shown up on the CAT scan. A glioma can be missed on a CAT scan.

The first step by far is an MRI of the brain, which will show a stroke or a tumor, and to proceed from there. If it is entirely negative, I will get a scan of her neck and, if need be, the brachial plexus, but there has to be an explanation for this very significant disability. She has been unable to work with this.

The EEG does not show epileptic activity, and she is on what appears to be a placebo dose of Neurontin 100 mg b.i.d., but I will not change it. I also wonder about orthostasis, but could not prove it, so I will not change her Lotensin. I am sufficiently suspicious of a tumor that a brief course of prednisone is justified, even without a firm diagnosis, to observe its effect. She has a strong stomach and no contraindications, and was interested in doing something, and this was prescribed, starting with 60 mg today and tapering by 10 q.d. until done.

FEB 04 '03 14:32

PAGE.11

BA 0360

04\250246 kmarion
3\02\250871 LIZAGUIR

RE:  MOOS-HOLLING, ROSALIE
September 13, 2002
Page 4

In the meanwhile we will find out what is behind this.

Her review of systems did not suggest any source of metastatic disease, e.g., no abnormal uterine bleeding, no breast masses, and no history of cigarette smoking.

Something has to be causing this, and we will let you know.

Very truly,

John Mark Friedberg, M.D.

JMF:sk



February 20, 2003



Rosalie Moos-Holling
2032 Almeda Avenue
Almeda, CA 94501

RE:    The Bayer Corporation Long Term Disability (LTD) Plan
       LTD Effective Date: March 1, 2003

Dear Ms. Moos-Holling:

Kemper National Services, Inc. is the third party disability administrator for the Bayer Corporation Long Term Disability (LTD) Plan. We have received your claim for Long Term Disability benefits that was submitted under the above referenced plan. Based upon a thorough review of the information provided, your claim for benefits has been denied.

Under the terms of the Plan, "totally disabled" means:

(A)    For the first 6 months after your Short Term Disability (STD) ends you are unable to perform the essential duties of your regular occupation.

(B)    Beginning 6 months after your LTD benefits begin, you must be unable to work at any job for which you are or could become qualified by education, training or experience.

To afford you every consideration under the Plan, your file was referred to a Peer Review Physician, with a specialty in Orthopedic Surgery.  The submitted records indicate that you suffered a fall on September 1, 2002. The records also reflect that on September 13, 2002, you had very little function of your upper extremity and had 0 strength in your biceps, brachioradialis, and triceps. You had 4/5 strength in the right hand and 4/5 strength in the thumb as well.  You were able to write.  The examination on January 28, 2003 states that the strength was finally returning to your biceps, brachioradialis, and supraspinatus muscles. There is no complete physical examination provided. Specifically, no range of motion testing, complete motor strength testing or neurologic examination.

Based on the medical documentation provided, there is nothing to preclude you from performing the essential core functions of your job as a QA Product Document and Release Administrator, which is light duty work.  Therefore, your claim for LTD benefits is being denied.

If you disagree with this determination, in whole or in part, you may file a written request for a review of your claim. You must make your request within one hundred and eighty (180) days after you receive notice of our claim decision.  Clearly state why your claim should have been handled

Rosalie Moos-Holling
Page Two
February 20, 2003

differently, and you must include all pertinent information or evidence that will substantiate your position. In preparing your appeal, you or your representative may request to review any pertinent policy documents. If you should file such and appeal, you will be notified in writing of a decision within forty-five (45) days of our receipt of all necessary information.

Your appeal should be addressed to:

**Bayer Corporation Benefits Administrator/**
**ERISA Review Committee**
**100 Bayer Road, Building 16**
**Pittsburgh, PA 15205-9741**

In order to assist with your appeal, you will need to provide current medical documentation, which includes supporting data, such as, but not limited to the following:

- **Diagnostic test results;**
- **Functional Capacity Evaluations;**
- **Physical therapy notes, office notes, consultation notes, progress notes;**
- **Current x-rays and CT scans to support your diagnosis and claim for disability;**
- **MRI findings**

If the decision is unchanged at the completion of the review process, you have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act (ERISA) of 1974.

If you have any questions or concerns regarding this letter or your claim please do not hesitate to contact me at 1-866-271-0744 extension 2734.

Sincerely,

Mary Wells
Disability Claims Examiner
Kemper National Services

100 Bayer Road
Pittsburgh, PA 15205
Phone: 412-777-2486
Fax: 412-777-2034



# Fax

| | | | |
|---|---|---|---|
| **To:** | Kim East | **From:** | Danielle Boni - Central Benefits |
| **Fax:** | 954-452-4133 | **Date:** | 3-24-03 |
| **Phone:** | 954-693-2550 | **Pages:** | 5 |
| **Re:** | ERISA | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

•**Comments:**

Tara Non    MAR 2 4 2011

BA 0364

# Bayer

Bayer Corporation
100 Bayer Road
Pittsburgh, PA 15205-9741
Phone: 412 777-2000

March 24, 2003

Ms. Kim East
Kemper Insurance
P.O. Box 189088
Plantation, FL 33324-4036

Re:    Rosalie Moos-Holling
       SSN: 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

Dear Kim:

Enclosed is an ERISA Review request. Please review this request and send Kemper's brief by April 11, 2003

In your brief, please address the determination of terminating this employee's long-term disability benefit.

The next ERISA Review meeting is scheduled for April 2, 2003.

Thank you.

Debbie Roulcau

BA 0365



**Bayer** BENEFITS DEPT

**Bayer Benefits Center**
**Employee Benefits Claim Review**
**Request**

MAR 2 0 2003

BAYER CORP.
PITTSBURGH

To: Rosalie Moos-Holling

**Procedure**
According to the Employee Retirement Income Security Act of 1974 (ERISA), Bayer employees covered by employee benefit plans governed by ERISA have the right to appeal the denial of any properly submitted claim. This means that if you submit a claim either directly to an insurance company or third party administrator providing or administering benefits under the covered plans and that claim is either totally denied or you do not agree with the amount of benefit paid under the claim, you may appeal the settlement of the claim. The formal review procedure is explained in the "If a Claim is Denied" section of each Summary Plan Description.

You have 180 days from the date of receiving the decision from the insurance company or third party administrator to file an appeal. In order to do so, complete and forward this form along with supporting documents to the Bayer Benefits Administration/ERISA Review Committee.

You should receive notice from the Bayer Benefits Administration/ERISA Review Committee on the decision of the appeal within 45 days after requesting the appeal. In certain circumstances, you may be notified that the 45-day period has been extended to 90 days.

**Appeal**
This request must be filed within the time periods noted above by mailing a copy of this request, signed by you, together with all relevant, supporting documentation, to:

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road, Building 16
Pittsburgh, PA 15205-9741

I do not agree with the decision for the following reason: (Attach a separate page and, in your explanation, cite the specific section of the Summary Plan Description which was violated.) I have attached all supporting documentation which is relevant to the appeal, including materials submitted with the original claim. I agree to the release of any medical information relevant to this claim to the Bayer Corporation Benefits Administration/ERISA Review Committee.

I hereby request the Benefits Administration/ERISA Review Committee review my claim.

Signature: _Rosalie A. Moos - Holling_

Name: _ROSALIE A. MOOS- HOLLING_

Address: _2032 ALOMADA AVE._
_ALAMEDA, CA 94501_

SSN: _392 - 44 - 2189_

Revision 7/1/02

BA 0366

**ROSALIE A. MOOS-HOLLING**
2032 Alameda Avenue
Alameda, California 94501

March 17, 2003

Bayer Corporation Benefits Administrator/
ERISA Review Committee
100 Bayer Road, Building 16
Pittsburgh, PA 15205-9741

To Whom It May Concern:

This is in response to a letter from Mary Wells, a disability claims examiner with the Kemper Insurance Company. The letter dated February 20, 2003 denied me LTD benefits. I disagree with this decision for a number of reasons. I will enumerate the key points that I disagree with.

On March 10, 2003 I had an appointment with Dr. John Friedberg, my neurologist. I showed him the letter from Mary Wells. Dr. Friedberg said that the denial was based on some erroneous conclusions.

First, the letter states that I can write. I can but with great difficulty. In a letter to Hilarie DeGroot of Bayer Corporation dated March 3, 2003, Dr. Friedberg states "Her (Rosalie's) right arm - specifically the bicep, brachioradialisand supracapularis remains significantly weak and theC5/6 dermatomes exhibit allodynia, altered and unpleasant sensations provoked by light touch." My thumb and index finger on my right arm are still swollen and are not usable which makes writing difficult at best.

Secondly, Mary Wells states that I have 4/5 strength in my arm. According to Dr. Friedberg this represents a significant weakness and that the terminology he used was commonly used in neurology and might not be given the correct assessment by a doctor whose specialty is not neurology. My claim was reviewed by a physician whose specialty is Orthopedic Surgery.

Third, my medical records were released and available for your review. Dr. John Friedberg stated that he keeps extensive notes on my condition and my progress. I have seen Dr. Friedberg on a regular basis since I loss use of my right arm.

Fourth, Mary Well's letter states that my job as QA Product Document and Release Administrator is a "light duty work" however, my job does require my ability to write which at this time I can not do easily and certainly not for a prolonged period of time.

BA 0367

would appreciate your review of my claim. Dr. Friedberg's assessment of my current condition is a matter of record and available to you. In summary, I can not at present perform the duties of my current position at Bayer Corporation and I therefore need LTD benefits.

Thank you for your time consideration.

Sincerely,

Rosalie A. Moos-Holling

Tara Morris  MAR 2 4 2003

** TOTAL PAGE.05 **

**JOHN MARK FRIEDBERG, M.D.**
BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

March 10, 2003

Hilarie DeGroot
Sr. Human Resources Consultant
Bayer Corp
800 Dwight Way
PO Box 1986
Berkeley CA 94701
Fax 705 5217

Re: ROSALIE MOOS-HOLLING

Dear Ms. De Groot,

Ms. Moos Holling was here for followup today and showed me your letter of February 26, 2003.

Ms. Moos Holling's job in quality assurance involves written reports. Her right arm – specifically the bicep, brachioradialis and suprascapularis muscles remains significantly weak and the C5/6 dermatomes exhibit allodynia, altered and unpleasant sensations provoked by light touch.

In my prior reports and paperwork I estimated a return to work date of June 1 and see no reason to change that estimate. She is incapable of doing any writing, typing or manual work with her right arm at this point in time so it is a bit unclear on exactly what you base your plan to put her back to work with a "smooth transition." We would not want to put her at risk for RSD or other complication of premature exertion.

Hoping for your continued cooperation.

Very truly,

John Friedberg, M.D.

BA 0369


**Kemper.**
Insurance Companies

April 24, 2003

Ms. Rosalie Moos-Holling
2032 Alameda Avenue
Alameda, California 94501

RE:   Bayer Corporation Long Term Disability (LTD) Plan
      Claim Number: 200301100233
      Date of Disability: 09/02/02
      LTD Effective Date: 03/01/03

Dear Ms. Moos-Holling

As you are aware, Kemper National Services, Inc is the administrator of the Long Term Disability Plan for Bayer Corporation. We have completed our review of your request for an appeal for LTD benefits.

The Bayer Corporation LTD plan defines "disability" and "totally disabled" as:

A)   For the first six months after your Short Term Disability (STD) benefits end you are unable to perform the essential duties of your regular occupation.

B)   Beginning six months after your LTD benefits begin, you must be unable to work at any job for which you are or become qualified by education, training, or experience.

Included in our review was an Employee Disability Benefit Application; core notes dated 9/24/02 through 12/13/02; office notes from Dr. John Friedberg, Neurologist dated 10/17/02, 12/12/02, 12/17/02 and 1/28/03; a MRI of the cervical spine report, dated 10/01/02; a MRI of the brain report, dated 09/16/02; an EEG report dated 09/13/02; office notes from Dr. Friedberg, dated 09/19/02; a letter to Roxanne Fiscella, MD. From Dr. Friedberg, dated 09/13/02; a previous peer review performed by Dr. Lawrence Burstein, Psychologist, dated 02/20/03; your appeal letter, dated 03/17/03; a letter to Bayer corporation from Dr. Friedberg, dated 03/10/03 and your job description.

In an effort to afford you every opportunity available, a Kemper National Service Peer Physician specializing in Neurology reviewed your file.

After a careful review of the aforementioned documentation, it has been determined that you were unable to perform the duties of your job as a QA Product Documentation Release Administrator. Therefore, your request for Long Term Disability benefits have been approved, effective 03/01/03.

Your file has been returned to your Claims Examiner for payroll processing. Any benefits owed will be processed under separate cover.

(866) 271-0744
(954) 452-4133
PO Box 189157
Plantation, FL  33318-9157

Rosalie Moos-Holling

Additionally, please remember, in order to remain eligible for continued LTD Plan benefits, it is necessary for you to remain under the regular care of a legally qualified physician. Periodically, the Claims Examiner will request updates on your disabling condition and medical authorizations as needed. Your employer has been notified of this decision.

Should you have any questions regarding your continued Long Term Disability Benefits or payment, please contact the Claims Examiner, Mary Wells at 1-866-271-0744 Ext. 2734.

If you have any questions regarding this letter, please contact me at 1-866-271-0744 Ext. 2247.

Sincerely,

Staci Young, Appeal Coordinator
Integrated Disability Management
Kemper National Services, Inc.

APR 3 0 2003

Moos-Holling,
Rosalie

$\frac{130}{100}$ — Lotensin

5/5 Bury & BP !
but allodynia as bad
or worse in 1st finger
which is sl swollen &
pink c ?? glassy skin
? RSD !?, — even has

Ⓡ bicep reflex

LIDODERM
tried → little benefit

F/U — TMD
report [1st / 2]

R.Friedberg

BA 0372

SEP 24 '03 18:57

Moos-Holling, Rosalie          AUG 2 2 2003

Seems to have recovered her strength and there is no visible appearance of
RSD - I think she should be sent for independent job evaluations......
She still carries the right forefinger extended like a pointer but able to
flex it.

J Friedberg, M.D.

Tc
September 22, 2003
RE ROSALIE MOOS HOLLING
Telephone call from a dr Malik
I'm a consultant with UNUM....could you in six months repeat a full exam with nerve
conductions? Also wants to send me confirmation of our phone conversation... told I
would have to bill for this OK with him....

J Friedberg, M.D.

*(signature)*

Dr. Malik asked so what exactly did I think happened and we
disucssed thes the contributory factors including MRI findings in neck



and the association between flaccid coma and aggravation of
peripheral nueoropathies including cervical radiculopathies accounting
for the classic myotomal loss of strength, paralysis and ir. the recovery
phase allodynia to the point of pain. With regard to the pain which is
limiting her ability to hold a pen or pencil and therefore to function as
a microbiologist her description is classic for neuropathic hyperallodynia
malignant to the point of threatening REFLEX SYMPTHETIC DYSTROPHY. It would
be a mistake in my view to ignore her symptom, permit her to rtwo prematurely
(a year is not excessive for recovery from near total paralysis) and risk
the painfully disabling and indubitably permanent effects of reflex sympatnet
dystrophy, sudek's atrophy or causalgia as described originally by
Weir Mitcehell more than one hundred years ago. We both agreed that this
patient isn't exaggerating - I pointed out that her articulation is internal
consistent and never overstated nor have I ever found her to exaggerate
a finding on physical examination so that she reaches the credibility
standards by my 23 years of clinical experience in neurology. She must
remain off work although I anticipate, if her company is cooperative,
return to modified work at a date uncertain......
J FRIEDBERG, M.D

BA 0374

PAGE.04

SEP 24 '03 10:54

J90942 MWELLS

Mary Wolts JUN 05 2003

# RESOURCE QUESTIONNAIRE

**Kemper.**

In order to assist us with the processing of your disability claim, and / or to assist in your potential to benefit from rehabilitation, please complete this questionnaire and return it in the envelope provided. If necessary, please use the reverse side of the form to complete any of the survey items.

| | |
|---|---|
| Name: Rosalie A. Mrs- Holling | Address: 2032 Alameda Ave. Alameda, Ca. 94501 |
| Social Security Number: 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 | Telephone Number: 510 865-8263 |
| Date of Birth: 01/13/49 | Spouse's Date of Birth: |

Dependent Children's Date of Birth:

Do they live with you? Yes ☐ No ☑

1. Describe in your own words what prevents you from performing YOUR occupation.

I DO NOT HAVE COMPLETE USE OF MY RIGHT HAND.

2. Describe in your own words what prevents you from engaging in ANY gainful employment.

I AM RT HANDED.

3. Show the name and address of the health care provider (s) you see regularly (include frequency). Please use the other side of this page to list additional providers, if necessary.

| Provider's Name / Specialty: JOHN FRIEDBERG / NEUROLOGY | Provider's Name / Specialty: ROXANNE FISCELLA / GP |
|---|---|
| Mailing Address: 3000 COLBY ST, SUITE 305 BERKELEY Ca. 94705 | Mailing Address: 2509 MILVIA AVE BERKELEY, CA 94705 |
| Telephone: (510) 644-2282 | Telephone: (510) 843-0692 |
| Frequency of Visits: Once A Month | Frequency of Visits: VARIES |
| Date of Last Visit: 4/2/03 | Date of Last Visit: UNKNOWN - WITHIN THE YEAR |

4. Height: 5'5½"  5. Weight: 125  6. Right or Left Hand Dominant:

7. Do you use any assistive devices? Yes ☐ No ☑ If yes, please list devices.

8. Please list any medications you take. Please use the other side of this page to list additional information.

| Medication | Dosage | Frequency |
|---|---|---|
| LOTENSIN | 40 mg | Daily |

Page 1 of 4

**(( Kemper.**

# RESOURCE QUESTIONNAIRE

9. Identify the names and addresses of any facilities in which you were treated during the last 12 months. Please use the other side of this page to list additional information

| | |
|---|---|
| Facility Name: ALAMEDA HOSPITAL | Facility Name: |
| Mailing Address: 2070 CLINTON AVE<br>ALAMEDA, Ca 94501 | Mailing Address: |
| Phone Number:<br>(510) 522-3700 | Phone Number: |
| Treatment Dates:<br>9/1/03 - 9/2/03 | Treatment Dates: |

10. Have you applied for and are you receiving Social Security benefits, please send us a copy of your award letter.  NO

Awarded ☐    Award Date: _____    Denied / No appeal has been filed ☐

Denied / Filed for Reconsideration ☐    Denied / At Administrative Law Judge Level ☐

11. Are you able to take care of all of your personal needs (bathing, dressing, etc)?  Yes ☐  No ☐
If no, indicate those activities in which you require assistance:
I HAVE TROUBLE CLOSING BUTTONS —

12. If you require assistance, who assists you?

13. Please indicate those chores you perform on a regular basis:

Cook ☒    Shopping ☒    Laundry ☒    Dusting ☒    Vacuum ☒

Dishes ☒    Child Care ☐    Gardening ☐    Mow Lawn ☐    Shovel Snow ☐

Car Maintenance ☐    Climb stairs ☒    Other:

14. Do you go for walks?  Yes ☒  No ☐    If yes, how often and how far do you walk?

15. What difficulties, if any, do you have sleeping?  I NEED TO KEEP MY HAND OUTSIDE THE COVERS + MAKE SURE IT DOESN'T RUB ON ANYTHING

16. Do you have a valid driver's license?  Yes ☒  No ☐

17. Do you still drive?  Yes ☒  No ☐

18. If you do drive, what is the average distance driven daily?  5mi

19. If you do NOT drive, how do you get to places that you need to go? (MD appointments, shopping, etc.)

20. Please list which activities you attend?  (School, therapy, Vocational Rehabilitation, etc.)

21. What do you do for hobbies? (TV, read, bingo, play cards, Internet, crafts, fishing, etc.)
READ

Kemper Resource Questionnaire 05/06/03

BA 0376

6090942  MWELLS



# RESOURCE
# QUESTIONNAIRE

---

**22.** If available, would you be interested in seeking training in some other line of work? Yes ☐  No ☒
If yes, what type of training?

---

**23.** Do you anticipate returning to your previous occupation or any other occupation in the near future?

Yes ☒  If yes, when?     No ☐  If no, why not?

WHEN MY RT. Hand IS FUNCTIONAL

---

**24.** Would you consider a lump sum settlement in lieu of any future benefit due you? Yes ☐  No ☒

---

**25.** Please indicate the extent of your formal education by circling the appropriate year:

Primary School:  1  2  3  4  5  6  7  8  9  10  11  ⑫  GED     Did you graduate? Yes ☒  No ☐

College:  1  2  3  ④     Did you graduate? Yes ☒  No ☐     Major / Minor Medical Technology  Degree: BS

Graduate Work:  1  2  3  ④  Did you graduate? Yes ☒  No ☐     Area of Study: MICROBIOLOGY/VIROLOGY     Degree: MS

Trade School:                                                     Skill / Trade:     Years:

---

**26.** Licenses and Certifications:
MT (ASCP)

---

**27.** Were you in the Military Service? Yes ☐  No ☒

| Years of Service | Branch | Training Received |
|---|---|---|
|  |  |  |
|  |  |  |

---

**28.** Do you perform volunteer services for any organization?  Such as: church, club, business, hospital, etc.
on a regular basis? Yes ☐  No ☒

| Name of Organization | Phone | How Often |
|---|---|---|
|  |  |  |
|  |  |  |

---

**29.** Are you working now, (full or part-time) or have you worked for wage or profit since the onset of your
LTD claim?
Yes ☐  No ☒     If yes, please describe:

---

**30.** Do you have a personal or family business that you are involved with on a regular basis?
Yes ☐  No ☒     If yes:

| Name of Business | Address | Phone |
|---|---|---|
|  |  |  |

---

**31.** In what capacity are you involved in this business?

**32.** How often are you involved in this business?

---

Page 3 of 4

BA 0377

090942 MWELLS

# RESOURCE QUESTIONNAIRE

((Kemper.

**33.** Since the onset of your LTD have you received a lump sum settlement or retroactive payment for:
Workers' Compensation, Social Security Disability/Retirement, malpractice suit, motor vehicle accident
etc.?  Yes ☐  No ☑  If yes:

Date Settled                    Amount

Type of settlement

**34.** Are you a stockholder and/or officer of a corporation in which you have a financial interest?
Yes ☐  No ☑  If Yes:          Phone                          Position
Name of Corporation

**35.** Please list ALL sources of other income:

| Name of Source | Amount | Weekly/BI-Weekly/Monthly |
| --- | --- | --- |
| UNUM PROVIDENT (Ins) (PRIVATE DISABILITY Ins) | $1,446.00 | MONTHLY |
| STATE DISABILITY | 980.00 | BIWEEKLY |

**36.** Is an attorney representing any other income benefits?  Yes ☑  No ☐  (510) 505-9690
If yes, please provide details including attorney's name, address and telephone number.
WORKMAN'S COMP.
LISA IVANCICH, 39270 PASEO PADRE PKWY #100, FREMONT, CA 94038

**37.** Briefly describe your past work experiences for the last fifteen years. Please use other side of this page to list additional job information, if necessary.

Employed From: _2003_   Through: _Present_

Job Title: QA Release Dr. Spec.
Major Duties: Review MANUFACT. DOC.
Minor Duties:
Tools/Equipment Used: Computer
Machinery/Computers Used: Computer

Employed From: _2001_   Through: _2003_

Job Title: QA MicroBIO. ASSESSMENT
Major Duties: ASSESSED RESULTS FOR NURSERY
Minor Duties: WROTE REPORTS
Tools/Equipment Used:
Machinery/Computers Used: Computer

**NOTICE:** Any person who knowingly and with intent to defraud or deceive any insurance company or other person files a statement of claim containing any materially false or misleading information, or conceals for the purpose of misleading, information concerning any fact material thereto **COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME** and in certain states, a felony. Penalties may include imprisonment, fines, denial of insurance and civil damages. In New York, there are also civil penalties not to exceed $5,000 and the stated value of the claim for each such violation.

Under penalties of perjury, I certify that the above statements and answers are true and correct to the best of my knowledge and belief.

Date: _6/2/03_

Claimant's Signature: _____    (570) 865-8243

Telephone Number(s) where you can be reached during the day:

Page 4 of 4

 UNUMPROVIDENT.

**CLAIMANT'S SUPPLEMENTAL STATEMENT**

The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Compan

Mail to: The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Compan
P.O. Box 15001, Worcester, MA 01615-0001
Claim Questions: 800.633.7506   Fax To: 774.437.7041

*Physician's Statement should be completed this month.*

## ATTENDING PHYSICIAN'S STATEMENT (PLEASE PRINT)

| | Social Security Number | Height | Weight | Blood Pressure Last Visi |
|---|---|---|---|---|
| | 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 | 5'6" | 120 | 140/80 |

1. Name of Patient
Rosalie Moos-Hollins

2. Primary Diagnosis including ICD9 and/or DSM-IV Multi Evaluation Nomenclature and Code Number
723.4   &   344.0
Frequency of visits: 1/month

Date of most recent treatment: 6/2/03   Date of next appointment:

3. **PLEASE ATTACH ALL OFFICE TREATMENT NOTES SINCE LAST REPORT.**
Objective Findings since last report (including current x-rays, EKGs, psychiatric testing, laboratory data, and any clinical findings):
...patient continues to hold right forefinger
There are no new objective findings.....patient continues to hold right forefinger
extended and has faint suggestion of bicep weakness;

Please describe symptoms since last report
complains of stiffness right first finger and pain on using it.

Are there secondary conditions impairing your patient's work capacity?  ☐ Yes  ☒ No   If yes, what are they?

4. If cardiac condition, what is the patient's functional capacity? (American Heart Association)
☐ Class 1 - No limitation   ☐ Class 2 - Slight limitation   ☐ Class 3 - Marked limitation   ☐ Class 4 - Complete limitation
been referred to a medical rehabilitation or therapy program?  ☐ Yes  ☒ No

5. Has the patient undergone surgery, been hospitalized, or been referred to a medical rehabilitation or therapy program?
If yes, give details. (Name and address of provider, facility, and dates of service or referral).

6. Please list names and dosages of all medications that patient is currently taking.
Lotensin 40 mg

7. Have you referred the patient for other types of consultations?  ☐ Yes  ☒ No   If yes, give details. (name and address of provider, facility, and date of referral)

8. Is return to work a focus of the treatment plan?  ☐ Yes  ☐ No   If no, please explain.
Hopefully on November 1, 2003

9. **Information About the Patient's Functional Capacity**  In any occupation? ☒ Yes  ☐ No   If yes, provide date: See below
Has patient been released to work in his/her occupation?  ☐ Yes  ☐ No   Date: 9/1/03   Hopefully In any occupation?   Date: 8/22/03
If no, when do you expect patient to be released to work in his/her occupation? Date:
If the patient continues to demonstrate a loss of function, please provide current restrictions and limitations in the space provided below.

RESTRICTIONS (What the patient should not do) Fully describe restrictions and limitations.
Patient would like to stay in sciences, her background is microbiologist - what
she still cannot do is extensive handwriting required by her work as quality control

LIMITATIONS (What the patient cannot do)
As above.....extensive handwriting is precluded....she says she could type slowly...
independent evaluation for work capabilities/rehabilitation is recommended.

Give details concerning any change (improvement or deterioration).

10. Additional Remarks
Strength, reflexes have returned as hoped after one year....persisting problem is pai

**FRAUD NOTICE:** Any person who knowingly files a statement of claim containing false or misleading information is subject to criminal and civil penalties.

The above statements are true and complete to the best of my knowledge and belief.

| | Degree MD | Medical Specialty Neurology |
|---|---|---|

Print or Type Name   John Friedberg, M.D.
Phone Number (510) 644-

Street Address 3000 Colby St., Suite 305   State CA   Zip Code 94705   Fax (510) 694-174

City Berkeley   Date AUG 2 2 2003

Signature of Physician

SSN or Employer's ID Number 100329440

1390-99-NYL (5/03)

PAGE.05


**UNUMPROVIDENT**

## CLAIMANT'S SUPPLEMENTAL STATEMENT

Mail to: The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Company
P.O. Box 15001, Worcester, MA 01615-0001
Claim Questions: 800.633.7506   Fax To: 774.437.7041
Claim Questions to the UnumProvident Corporation subsidiaries.

The Claimant is responsible for completion of all portions of this form without expense to the UnumProvident Corporation subsidiaries.

**Mail Stop:**

Social Security Number
392 - 46 - 2187

### CLAIMANT'S STATEMENT (PLEASE PRINT)

Your reply by _____ is appreciated and enables us to provide timely consideration of your claim.

1. Claimant's Name (last, first, middle)   ROSALIE ANN

MRS. HOLLINS Ave   ALAMEDA CA 94501

Residence Address (Street, City, State, Zip)   A 244600

Home Telephone Number ( 510 ) 865 - 8273   Business Telephone Number ( )
2032

2. Policy Number(s): 13-H 3220276 001

3. Have you been at any of your places of business, or engaged in any work activity for payment, profit, or other compensation during your claimed period of disability?  ☐ Yes  ☒ No   If yes, please give dates, hours worked, duties performed, and indicate how you were compensated.

(please provide documentation of earnings)

Full Time: _____

Weekly or Monthly Earned Income Before Taxes $ _____   Part Time: _____

If you have not returned to work, when do you expect to return to work?

How does your injury or sickness continue to impede your ability to perform your occupational duties?

MY RIGHT HAND IS NOT FULLY USABLE, I HAVE TROUBLE WRITING

4. When was the last date you were treated by or consulted with a medical practitioner?

5. Describe your present activities:

Other than as described above, have there been any other changes in your daily activities or your condition since your last report?  ☐ Yes  ☒ No  If yes, describe

Other than as described above, have there been any other changes in your daily activities or your condition since your last report?

6. Does your current condition prevent you from caring for yourself?  ☐ Yes  ☒ No   Does someone provide assistance?  ☐ Yes  ☐ No
If yes to either question, please explain how.

7. Since the last report, have you applied for or begun to receive any other Disability, Workers' Compensation, Unemployment, Social Security, Retirement, or Pension benefits?  ☐ Yes  ☒ No   If yes, please provide us with detailed information for each benefit in the space provided below. Please also report any changes to previously reported benefits.

| Source of Income: | Name of Insurance Carrier (if applicable) | Policy or ID No. | Benefit Amount Weekly/Monthly | Date claim was filed | Date payments began | Date payments ended |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you have been approved or denied for any of these benefits, please submit a copy of Award or Denial letter(s).

The above statements are true and complete to the best of my knowledge and belief. (Your signature is required for benefit consideration.)

Date  8/22/05

Signature  Rosalie A. Hollins

1368-90-NYL (5/03)

SEP 24 '03 18:55

BA 0380

PAGE.06



**CLAIMANT'S SUPPLEMENTAL STATEMENT**
**CLAIMANT'S AUTHORIZATION**

Mail to: The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Compan
P.O. Box 15001, Worcester, MA 01615-0001
Claim Questions: 800.633.7508   Fax To: 774.437.7041

**NOTE:** Federal law requires that we obtain this authorization from you. You are not required to sign the authorization, but if you do not, we may not be able to evaluate or administer your claim(s). Please sign and return this authorization to the address noted above.

## Authorization

I authorize any health care provider including, but not limited to, any health care professional, hospital, clinic, laboratory, pharmacy, or other medically related facility or service; health plan; rehabilitation professional; vocational evaluator; insurance company; reinsurer; insurance service provider; third party administrator; producer; the Medical Information Bureau; the Association of Life Insurance Companies, which operates the Health Claims Index and the Disability Income Record System; government organization; and employer that has information about my health, financial or credit history, earnings, employment history, or other insurance claims and benefits to disclose any and all of this information to persons who administer claims for The Paul Revere Life Insurance Company as administrator for New York Life Insurance Company, and duly authorized representatives ("Paul Revere"). Information about my health may relate to any disorder of the immune system including, but not limited to, HIV and AIDS; use of drugs and alcohol; and mental and physical history, condition, advice or treatment, but does not include psychotherapy notes.

I understand that any information Paul Revere obtains pursuant to this authorization will be used for evaluating and administering my claim(s) for benefits, which may include assisting me in returning to work. I further understand that the information is subject to redisclosure and might not be protected by certain federal regulations governing the privacy of health information.

This authorization is valid for two (2) years from the date below, or the duration of my claim, whichever period is shorter. A photographic or electronic copy of this authorization is as valid as the original. I understand I am entitled to receive a copy of this authorization.

I may revoke this authorization in writing at any time except to the extent Paul Revere has relied on the authorization prior to notice of revocation or has a legal right to contest a claim under the policy or the policy itself. I understand if I revoke this authorization, Paul Revere may not be able to evaluate or administer my claim(s) and this may be the basis for denying my claim(s). I may revoke this authorization by sending written notice to the address above.

I understand if I do not sign this authorization or if I alter its content in any way, Paul Revere may not be able to evaluate or administer my claim(s) and this may be the basis for denying my claim(s).

_Rosa W. Moss Hollins_
(Claimant Signature)

_ROSALIE A. MOSS - HOLLINS_
(Print Name)

_8/23/03_
(Date Signed)

_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_
(Social Security Number)

I signed on behalf of the claimant as _____ (indicate relationship). If Power of Attorney Designee, Guardian, Conservator, please attach a copy of the document granting authority.

1386-00-NYL-AUTH
SEP 24 '03 18:55

PAGE.07

BA 0381

DATE ISSUED: 06/24/03

SSN: 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 NAME: **ROSALIE A MOOS-HOLLING**  CLAIM EFFECTIVE DATE: 07/12/02

## SUPPLEMENTAL CERTIFICATION

IF YOU ARE STILL DISABLED, COMPLETE THE CLAIMANT'S CERTIFICATION AND CONTACT YOUR DOCTOR IMMEDIATELY FOR
COMPLETION OF THE PHYSICIAN'S SUPPLEMENTARY CERTIFICATE. THIS PHYSICIAN'S CERTIFICATE MUST BE SUBMITTED
WITHIN TWENTY (20) DAYS OF THE DATE ISSUED SHOWN ABOVE OR YOU MAY LOSE ADDITIONAL BENEFITS.

### CLAIMANT'S CERTIFICATION

I certify that I continue to be disabled and incapable of doing my regular work, and that I have reported all wages, Workers'
Compensation benefits and other monies received during the claim period to the Employment Development Department.

Sign Your Name _(signature)_     Date Signed 6/17/03

### PHYSICIAN'S SUPPLEMENTARY CERTIFICATE

6/2/03

1. Are you still treating the patient? _Yes_   Date of last treatment _____
2. What present condition continues to make the patient disabled?   Date of next appointment _____
   Diagnosis (REQUIRED): _Cervical radiculopathy_   Secondary _344.03_
   ICD Code(s) (REQUIRED): Primary _723.4_
3. Describe how the patient's present condition or impairment prevents him or her from returning to regular and customary work.
   _® C 5/6 myotomes exhibit trace weakness but light touch remains so painful or tol
   intolerable and @ 1st finger beginning to look like skin pink/ atrophic slight ch
   eg. sudetroy e/p:_
4. What factors or complications are disabling the patient longer than previously estimated for this type of illness or injury?
   _Cannot use dominant rt. hand due to persistant allodynia, paresthesia,
   neuropathic pain_
5. Present estimated date patient (even if still under treatment) will be able to perform his/her regular or customary work:
   _Hopefully 9/1/03_
6. Would disclosure of this information to your patient be medically or psychologically detrimental to the patient?   Yes ____  No ✓

I HEREBY CERTIFY THAT THE ABOVE STATEMENTS IN MY OPINION TRULY DESCRIBE THE PATIENT'S CONDITION AND
ESTIMATED DURATION.

Doctor's Name _John Friedberg_ M.D. Doctor's Signature _(signature)_
(print or type)
Specialty, if any _Neurology_   State License Number: _G22473_
Date Signed _6/17/03_   Phone Number _(510) 644-2282_

CU-PA139

DE 2525XXA Rev. 1 (7/96)

WCL

### RETURN THIS FORM TO

EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 1857
OAKLAND, CA  94604-1857

PAGE.09

BA 0382

SEP 24 '03 18:55



**CLAIMANT'S SUPPLEMENTAL STATEMENT**
Mail to: The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Company
P.O. Box 15001, Worcester, MA 01615-0001
Claim Questions: 800.633.7506  Fax To: 508.751.7041

**ATTENDING PHYSICIAN'S STATEMENT** (PLEASE PRINT)

| | Height | Weight | Blood Pressure Last Visit |
|---|---|---|---|
| | 5'6" | 120 | |

1. Name of Patient  MOOS-HOLLING, ROSALIE

2. Primary Diagnosis including ICD9 and/or DSM IV Multi Evaluation Nomenclature and Code Number
   72904  & 340.08 Carpal add & ParoxysPlan
   Date of most recent treatment: 6/30/03    Date of next appointment: _____   Frequency of visits: 1 month

**PLEASE ATTACH ALL OFFICE TREATMENT NOTES SINCE LAST REPORT.**

3. Objective Findings since last report (including current x-rays, EKGs, psychiatric testing, laboratory data, and any clinical findings):
   right c5/6 myotomes exhibit trace weakness only. at this point but light touch in c5/6
   dermatomes remains _____ to be intolerable and right 1st finger beginning to
   _____

   Please describe symptoms since last report.
   _____ add weather to dx _____

   Are there objective findings consistent with your patient's work capacity? ☐ Yes ☐ No   If yes, what are they?
   _____

4. If cardiac condition, what is the functional capacity? (American Heart Association)
   ☐ Class 1 - No limitation   ☐ Class 2 - Slight limitation   ☐ Class 3 - Marked limitation   ☐ Class 4 - Complete limitation

5. Has the patient undergone surgery, been hospitalized, or been referred to a medical rehabilitation or therapy program? ☐ Yes ☐ No
   If yes, give details. (Name and address of provider, facility, and dates of service or referral).
   No surgery

6. Please list names and dosages of all medications that patient is currently taking.
   LOTENSIN

7. Have you referred the patient for other types of consultations? ☐ Yes ☐ No   If yes, give details. (name and address of provider, facility, and date of referral)
   I am neurologic consultatnt _____ is Dr. Roxanne Fiscella

8. Is return to work a focus of the treatment plan? ☐ Yes ☐ No   If no, please explain.   _____ 9/1/03

9. Information about the patient's Functional Capacity
   Has patient been released to return to occupation? ☐ Yes ☐ No In any occupation? ☐ Yes ☐ No If yes, provide date:
   In any occupation:    Date:
   If no, when do you expect patient to be released to work in his/her occupation?  Date:
   If the patient continues to demonstrate a loss of function, please provide current restrictions and limitations in the space provided below.
   Fully describe restrictions and limitations.
   RESTRICTIONS (What the patient should not do)
   Cannot use dominant right hand due to persistent allodynia,
   paresthesia neuropathic pain

   LIMITATIONS (What the patient cannot do)
   as above

   Give details concerning any change (improvement or deterioration).

10. Additional Remarks
    Patient continues to improve but asymptotically slowly - hopefully will be able
    to rtw at one year anniversary

**FRAUD NOTICE:** Any person who knowingly files a statement of claim containing false or misleading information is subject to criminal and civil penalties.
The above statements are true and complete to the best of my knowledge and belief.

| | Degree | Medical Specialty NEUROLOGY |
|---|---|---|
| Print or Type Name JOHN FRIEDBERG M.D. | | Phone Number (510) 1644-228? |
| Street Address 3000 COLBY ST. #305 | State CA | Fax (510) 1644-1744 |
| City BERKELEY | Zip Code 94705 | |
| Signature of Physician | | Date 6/2/03 |
| SSN or Employer's ID Number: 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 | | |

1388-98-NYL (10/02)

SEP 24 '03 18:56

BA 0383



**CLAIM** **...IT'S SUPPLEMENTAL STATE...ENT**
The Paul Revere Life Insurance Company, as administrator for New York Life Insurance Company
Mail to: The Paul Revere Life Insurance Company
P.O. Box 15001, Worcester, MA 01615-0001
Claim Questions: 800.633.7506    Fax To: 508.751.7041

**ATTENDING PHYSICIAN'S STATEMENT** (PLEASE PRINT)

Height 5 6    Weight 120    Blood Pressure Last Visit 130/90

1. Name of Patient ROSALIE MDDS - HOLLING

2. Primary Diagnosis including ICD9 and/or DSM-IV Multi Evaluation Nomenclature and Code Number
9229  9 3470  (R) Closs ?? & Passaquinas Tissue

Date of most recent treatment: 4/30    Date of next appointment: as needed    Frequency of visits: MONTHLY

**PLEASE ATTACH ALL OFFICE TREATMENT NOTES SINCE LAST REPORT.**

3. Objective Findings since last report (including current x-rays, EKGs, psychiatric testing, laboratory data, and any clinical findings).

Please describe symptoms since last report

Are there secondary conditions?    [ ] Yes    [ ] No    What are they?

4. If cardiac condition, what is the patient's functional capacity? (American Heart Association)
[ ] Class 1 - No limitation    [ ] Class 2 - Slight limitation    [ ] Class 3 - Marked limitation    [ ] Class 4 - Complete limitation

5. Has the patient undergone surgery, been hospitalized, or been referred to a medical rehabilitation or therapy program?    [ ] Yes    [ ] No
If yes, give details. (Name and address of provider, facility, and dates of service or referral.)

No surgery

*Physician's Statement should be completed this month.*

6. Please list names and dosages of all medications that patient is currently taking

LOTENSIN,

7. Have you referred the patient for other types of consultations?    [ ] Yes    [ ] No    If yes, give details. (name and address of provider, facility, and date of referral)
I am consultant    PCP is Dr Fisella

8. Is return to work a focus of the treatment plan?    [ ] Yes    [ ] No    If no, please explain.    Hopefully 8/1/03

9. Information about the Patient's Functional Capacity
Has patient been released to work in his/her occupation?    [ ] Yes    [ ] No    In any occupation?    [ ] Yes    [ ] No    If yes, provide date:
                                                                                                                            In any occupation?    Date:
Has patient been released to work in his/her occupation?    Date:
If no, when do you expect patient to be released to work in his/her occupation?    Date:
If the patient continues to demonstrate a loss of function, please provide current restrictions and limitations in the space provided below.
Fully describe restrictions and limitations.
RESTRICTIONS (What the patient must not do)

Cannot use (R) arm    allodynia    possible R?
&      cleaning

LIMITATIONS (What the patient cannot do)

as above    nerve pain

Give details concerning any change (Improvement or deterioration).

10. Additional Remarks    Bona fide paralyzes abnormity sensining !

**FRAUD NOTICE:** Any person who knowingly files a statement of claim containing false or misleading information is subject to criminal and civil penalties.
The above statements are true and complete to the best of my knowledge and belief.

Print or Type Name JOHN FRIEDBERG, M.D.    Degree M.D.    Medical Specialty NEUROLOGY

Street Address 3000 COLBY STREET, SUITE 305    Phone Number (510) 644-228

City BERKELEY    State CA    Zip Code 94705    Fax (510) 644-1744

Signature of Physician    John Friedberg    Date 4/30/03

SSN or Employer's ID Number 100-329-40

1386-99-NYL (10/02)

PAGE. 11

SEP 24 '03 18:57    BA 0384

SOCIAL SECURITY ADMINISTRATION
**RETIREMENT, SURVIVORS, AND DISABILITY INSURANCE**
Notice of Disapproved Claims

Telephone: (510) 273-6538
Date:        APR 0 9 2004
Claim Number: 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 HA

ROSALIE MOOS-HOLLING
2032 ALAMEDA AVE
ALAMEDA  CA  94501

We are writing about your claim for Social Security disability benefits. Based on a review of your health problems you do not qualify for benefits on this claim. This is because you are not disabled under our rules.

**The Decision on Your Case**

The following report(s) were used to decide your claim:

ALAMEDA HOSPITAL  report received  12/05/03
HEALTH ANALYSIS INC  report received  12/15/03
HEALTH ANALYSIS INC  report received  12/22/03
ROXANNE FISCELLA , MD  report received  12/10/03
JOHN FRIEDBERG , MD  report received  12/09/03

We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.

You said you are unable to work because of:
High blood pressure, insomnia, depression, right arm and hand paralysis

Though you may continue to experience symptoms and/or limitations related with the above mental condition, your treatment records and recent examination shows that you are able to think, communicate and act in your own interest. The evidence shows you are able to adjust to ordinary emotional stresses, and to get along with others, as well as to do your usual activities and to remember and follow basic instructions.

Based on the medical findings, you retain the physical ability to occasionally lift 20 pounds and frequently lift 10 pounds, stand and walk up to 6 hours in a normal 8 hour work day, and sit for about 6 hours in a normal work day. You are able to do occasional handling and fingering activities with the right upper extremity.

Based on your description of the job you performed as an Academic Coordinator/Lecturer, we have concluded that you have the ability to perform this same type of work as it is usually performed in the national economy. If your condition gets worse and keeps you

(SSA-L443)

BA 0385

from working write, call or visit any Social Security office about filing another application.

## About the Decision

Doctors and other trained staff looked at this case and made this decision. They work for the state but used our rules.

Please remember that there are many types of disability programs, both government and private, which use different rules. A person may be receiving benefits under another program and still not be entitled under our rules. This may be true in this case.

## The Disability Rules

You must meet certain rules to qualify for disabled worker's Social Security benefits. You must have the required work credits and your health problems must:

o     keep you from doing any kind of substantial work (described below), and

o     last, or be expected to last, for at least 12 months in a row, or result in death.

## Information About Substantial Work

Generally, substantial work is physical or mental work a person is paid to do. Work can be substantial even if it is part-time. To decide if a person's work is substantial, we consider the nature of the job duties, the skills and experience needed to do the job, and how much the person actually earns.

Usually, we find that work is substantial if gross earnings average over $810 per month after we deduct allowable amounts. This monthly amount is higher for Social Security disability benefits due to blindness.

A person's work may be different than before his/her health problems began. It may not be as hard to do and the pay may be less. However, we may still find that the work is substantial under our rules.

If a person is self-employed, we consider the kind and value of his/her work, including his/her part in the management of the business, as well as income, to decide if the work is substantial.

## Other Benefits

Based on the application you filed you are not entitled to any other benefits besides those you may already be getting. In the future, if you think you may be entitled to benefits, you will need to file again.

## If You Disagree With The Decision

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decisions will decide your case.

- o    You have 60 days to ask for an appeal.

- o    The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- o    You must have a good reason for waiting more than 60 days to ask for an appeal.

- o    You have to ask for an appeal in writing. We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration." You may request this form online at http://www.socialsecurity.gov/online/ssa-561.pdf. Contact one of our offices if you want help.

- o    In addition, you have to complete a "Reconsideration Disability Report" to tell us about your medical condition since you filed your claim. You may contact one of our offices or call 1-800-772-1213 to request this form. Or, you may complete this report online at http://www.socialsecurity.gov/disability/recon.

Please read the enclosed pamphlet, "Your Right to Question The Decision Made on Your Social Security Claim". It contains more information about the appeal.

## New Application

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with this decision and you file a new application instead of appealing:

- o    you might lose some benefits, or not qualify for any benefits, and

- o    we could deny the new application using this decision, if the facts and issues are the same.

So, if you disagree with this decision, you should ask for an appeal within 60 days.

## If You Want Help With Your Appeal

You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee.

## If You Have Any Questions

If you have any questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at (510) 273-6588. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

OAKLAND, CA (DWTN) -- SSADO
1111 JACKSON STREET
OAKLAND, CA 94607

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly.

Peter Spencer
Regional Commissioner

Enclosures:
SSA Pub. No. 05-10058

c:
Nancy Geoppo
Allsup Inc
300 Allsup Pl
Belleville, IL 62223

JJLEON

(SSA-L443)

BA 0388

SOCIAL SECURITY ADMINISTRATION
**RETIREMENT, SURVIVORS, AND DISABILITY INSURANCE**
Notice of Reconsideration

Telephone: (510) 273-6588
Date:         JUL 2 7 2004
Claim Number:  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  HA

ROSALIE MOOS-HOLLING
2032 ALAMEDA AVE
ALAMEDA, CA 94501

You asked us to take another look at your claim for Social Security disability benefits. Someone who did not make the first decision reviewed your case, including any new facts we received, and found that our first decision was correct.

**The Decision on Your Case**

The following report(s) were used to decide your claim in addition to those listed on our previous notice:

ROXANNE FISCELLA, MD report received 08/03/04
JOHN FRIEDBERG, MD report received 07/22/04

We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.

You said you are unable to work because of:

HBP, INSOMNIA, DEPRESSION, RT ARM/HAND PARALIZED

The medical evidence shows you have high blood pressure and limited us of your right arm/hand which limits your abilities and cause you emotional distress. You should avoid jobs that require heavy lifting or frequent use of your right upper extremity.   However, the evidence also shows that despite your impairment you are still capable of lifting and handling lighter objects with your left arm and on a limited basis with your right.  The evidence further shows that despite your emotional distress you are still capable of understanding and carrying out work

(SSA-L928)

BA 0389

related activities.
Based on your description of the work you did in the past as a college professor we have concluded you retain the ability to do this type of work as it is normally performed in the national economy .                                        If your condition gets worse and keeps you from working write, call or visit any Social Security office about filing another application.

**About the Decision**

Please remember that there are many types of disability programs, both government and private, which use different rules. A person may be receiving benefits under another program and still not be entitled under our rules. This may be true in this case.

**The Disability Rules**

You must meet certain rules to qualify for disabled worker's Social Security benefits. You must have the required work credits and your health problems must:

- o    keep you from doing any kind of substantial work (described below), and

- o    last, or be expected to last, for at least 12 months in a row, or result in death.

**Information About Substantial Work**

Generally, substantial work is physical or mental work a person is paid to do. Work can be substantial even if it is part-time. To decide if a person's work is substantial, we consider the nature of the job duties, the skills and experience needed to do the job, and how much the person actually earns.

Usually, we find that work is substantial if gross earnings average over $810 per month after we deduct allowable amounts. This monthly amount is higher for Social Security disability benefits due to blindness.

A person's work may be different than before his/her health problems began. It may not be as hard to do and the pay may be less. However, we may still find that the work is substantial under our rules.

(SSA-L928)

BA 0390

If a person is self-employed, we consider the kind and value of his/her work, including his/her part in the management of the business, as well as income, to decide if the work is substantial.

## Other Benefits

Based on the applications you filed you are not entitled to any other benefits besides those you may already be getting. In the future, if you think you may be entitled to benefits, you will need to file again.

## If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and consider any new facts you have before deciding your case.

- o    You have 60 days to ask for a hearing.

- o    The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- o    You must have a good reason for waiting more than 60 days to ask for a hearing.

- o    You have to ask for an appeal in writing. We will ask you to sign a form HA-501-U2, called "Request for Hearing." You may complete this form online at http://www.socialsecurity.gov/ha-501.pdf. Contact one of our offices if you want help.

- o    As part of the appeal process, you also need to tell us about your current medical condition. We provide a form for doing that, the "Disability Report - Appeal". You may contact one of our offices or call 1-800-772-1213 to request this form. Or, you may complete this report online at http://www.socialsecurity.gov/disability/hearing.

## How the Hearing Process Works

(SSA-L928)

BA 0391

The ALJ will mail you a letter at least 20 days before your hearing to tell you its date, time and place. The letter will explain the law in your case and tell you what has to be decided. Since the ALJ will review all the facts in your case, it is important that you give us any new facts as soon as you can.

The hearing is your chance to tell the ALJ why you disagree with the decision in your case. You can give the ALJ new evidence and bring people to testify for you. The ALJ also can require people to bring important papers to your hearing and give facts about your case. You can question these people at your hearing.

Please read the enclosed pamphlet "Your Right To An Administrative Law Judge Hearing and Appeals Council Review Of Your Social Security Case." It has more information about the hearing.

## It Is Important To Go To The Hearing

It is very important that you go to the hearing. If for any reason you can't go, contact the ALJ as soon as possible before the hearing and explain why. The ALJ will reschedule the hearing if you have a good reason.

If you don't go to the hearing and don't have a good reason for not going, the ALJ may dismiss your request for a hearing.

## New Application

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with this decision and you file a new application instead of appealing:

     o     you might lose some benefits, or not qualify for any benefits, and

     o     we could deny the new application using this decision, if the facts and issues are the same.

So, if you disagree with this decision, you should ask for an appeal within 60 days.

## If You Want Help With Your Hearing

You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are

(SSA-L928)

BA 0392

Page 5

also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee.

## If You Have Any Questions

If you have any questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at (510) 273-6588. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

> SSA DISTRICT OFFICE
> 1111 JACKSON STREET
> OAKLAND, CA 94607

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly.

> Peter Spencer
> Regional Commissioner

Enclosures:
SSA Pub. No. 70-10281

Nancy Geoppo
ALLSUP INC
300 ALLSUP PL
BELLEVILLE, IL 62223

SLMORR

(SSA-L928)



# BROADSPIRE

A PLATINUM EQUITY COMPANY

## Questions & Answers

**Q1**   What physical functional impairments (if any) are validated through your exam and record review? Please specify the objective findings which corroborate any functional impairment.  If no impairments are confirmed move to question #2 and indicate "None" for this question.

**A1**   *None*

**Q2**   Based upon your physical exam and record review, what overall physical demand level can this claimant safely perform in a normal 8 hour work day?

**Activities Rated by Strength Level**
**(Dictionary of Occupational Titles – Volume II, Fourth Edition, Revised 1991)**

| Physical Demand Level | OCCASIONAL<br>0-33% of the workday | FREQUENT<br>34-66% of the workday | CONSTANT<br>67-100% of the workday |
|---|---|---|---|
| Sedentary | 1-10 lbs. | Negligible | Negligible |
| Light | 11-20 lbs. | 1-10 lbs. | Negligible |
| Medium | 21-50 lbs. | 11-25 lbs. | 1-10 lbs. |
| Heavy | 51-100 lbs. | 26-50 lbs. | 11-20 lbs. |
| Very Heavy | Over 100 lbs. | Over 50 lbs. | Over 20 lbs. |

**A2**   The claimant is able to perform at the following overall physical demand level (circle one of the following):

☐ Sedentary      ☐ Light      ☑ Medium      ☐ Heavy      ☐ Very Heavy

~~**Q3**   If your exam demonstrates functional impairments that impact work performance, please identify any~~ restrictions and or accommodations that would be applicable and their anticipated lengths  (e.g. 30 day, 90 day, permanent).

**A3**   *No physical restrictions*

Claimant Name *Rosalie A. Moos-Holling*      Date *9-15-05*

Physician's Name (PRINT) *RICHARD A. RUBENSTEIN, MD*

Physician's Signature *Richard A. Rubenstein, MD*

# PLEASE COMPLETE & RETURN WITH IME REPORT.  THANK YOU!

BA 0394

# ROXANNE FISCELLA, M.D.
2500 Milvia Street  Ste#116
Berkeley, CA 94704
Ph: 510/843/0692      Fax: 510/843/3230

March 15, 2005

Bayer HealthCare LLC
800 Dwight Way
Berkeley, CA 94701

Re:  Status on Rosalie Moos-Holling

To Whom It May Concern:

I am currently the treating Primary Care Physician of, Rosalie Moos-Holling.  She has been on medical absence since September 1, 2002.  Her last visit was January 12, 2005.  She continues to have partial paralysis of her right hand.

She has been under care of two specialists:  Dr. Friedberg, M.D., who is her neurologist, and Dr. Masem, who is her hand specialist.  Since this was an on-going hand problem, Dr. Masem has taken over care for this. He has been determining time off and work restrictions for Ms. Moos-Holling. Please contact him for further assistance in this matter.

Please feel free to contact me at 510-843-0692 if you have any further questions.

Sincerely,

Roxanne Fiscella, M.D.

BA 0395

** TOTAL PAGE.02 **

CONTINUATION

NAME Rosalie Moss-Holling                    DOB: 1/13/49

ADDRESS

10/2/02 Mailed EDD Forms / Mailed *cos* UNUM Forms to
Paul Revere Life Insurance BP

10/7/02 Faxed Disability Forms to Paul Revere BP
        904-320-2107 TOP-

1/24/03 LM For pt to Sched appt For De Fiscella to
complete Forms

9/3/03 LM For pt to Sched appt: last visit
ii/02 *cos* TOP

12/8/03 client Copy - Dept of Sr Service

DEC 15 2003   BP: 160/100
F/U Meds censured c Dr. Friedberg on 4/3/03 said Dr. she can
to Rec; another opens & another news; Rother
old; dependic
Still / Cant speel writ / Cant button button.
No fine motor kidding /
over work since 7/02    injury in Neck;
Dr F drent know what to do;

O: Unable to keep hand work, stand, when touch is
plen feels shock ish

A: Fr anne Steroices;              *govt 2/4*    (TOP)
P: refer to Neuro; Hand           her's 1/       (P)   /OH
R: Referred         any           need to            /when
                                  go

9-17-04 - wrote a pt. she will clg end of Dec or
beg. of Jan. to schedule an appt - pt is overdue.
for a SPAP. *cos*

# RESOURCE QUESTIONNAIRE

**BROADSPIRE**

A PLATINUM EQUITY COMPANY

BAYER
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

In order to assist us with the processing of your disability claim, and / or to assist in your potential to benefit from rehabilitation, please complete this questionnaire and return it in the envelope provided.  If necessary, please use the reverse side of the form to complete any of the survey items.

| Name: Rosalie A. Moos-Holling | Address: 2032 Alameda Ave. Alameda, CA 94501 |
|---|---|
| Social Security Number: 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 | Telephone Number: (510) 865-3243 |
| Date of Birth: 01/13/49 | Spouse's Date of Birth: |
| Dependent Children's Date of Birth: NONE | |
| Do they live with you?  Yes ☐  No ☐ | |

1. Describe in your own words what prevents you from performing **YOUR** occupation.
MY RIGHT ARM IS NUMB + MY THUMB + INDEX FINGER ON MY RIGHT HAND ARE SWOLLEN, NUMB + HYPERSENSITIVE ON THE TIPS

2. Describe in your own words what prevents you from engaging in **ANY** gainful employment.
I AM RIGHTED HANDED + I CAN'T GRASP WITH IT

3. Show the name and address of the health care provider (s) you see regularly (include frequency). Please use the other side of this page to list additional providers, if necessary.

| Provider's Name / Specialty: ROXANNE FISCELLA / GP | Provider's Name / Specialty: MATHIAS MASEM / HAND, WRIST, SHOULDER + ELBOW |
|---|---|
| Mailing Address: 2500 MILVIA BERKELEY CA | Mailing Address: 3300 WEBSTER #202 OAKLAND, CA. 94609 |
| Telephone: (510) 843-0692 | Telephone: (510) 763-0884 |
| Frequency of Visits: YEARLY | Frequency of Visits: |
| Date of Last Visit: UNKNOWN (WITHIN 6 MOS.) | Date of Last Visit: JUNE 11, 2004 |

| 4. Height: 5' 6" | 5. Weight: 125 | 6. Right or Left Hand Dominant: RIGHT |
|---|---|---|

7. Do you use any assistive devices?  Yes ☐  No ☒  If yes, please list devices.

8. Please list any medications you take. Please use the other side of this page to list additional information

| Medication | Dosage | Frequency |
|---|---|---|
| LOTRENSIN | 40 mg | DAILY |

Broadspire Resource Questionnaire 09/09/04

BA 0397

# RESOURCE QUESTIONNAIRE

**B**

BROADSPIRE

A PLATINUM EQUITY COMPANY

---

**9. Identify the names and addresses of any facilities in which you were treated during the last 12 months. Please use the other side of this page to list additional information**

| | |
|---|---|
| Facility Name: *THERAPY* | Facility Name: |
| ALTA BATES PHYSICAL SPORTS + HAND | |
| Mailing Address: | Mailing Address: |
| 5700 TELEGRAPH AVE. #200 OAKLAND CA 94609 | |
| Phone Number: | Phone Number: |
| (510) 204-1788 | |
| Treatment Dates: | Treatment Dates: |
| WEEKLY | |

---

**10. Have you applied for and are you receiving Social Security benefits, please send us a copy of your award letter.**

Awarded ☐    Award Date: _____    Denied / No appeal has been filed ☐

Denied / Filed for Reconsideration ☒    Denied / At Administrative Law Judge Level ☐

---

**11. Are you able to take care of all of your personal needs (bathing, dressing, etc)?  Yes ☒  No ☐**
If no, indicate those activities in which you require assistance:

**12. If you require assistance, who assists you?**

**13. Please indicate those chores you perform on a regular basis:**

Cook ☒    Shopping ☒    Laundry ☒    Dusting ☒    Vacuum ☒

Dishes ☐    Child Care ☐    Gardening ☐    Mow Lawn ☐    Shovel Snow ☐

Car Maintenance ☐    Climb stairs ☒    Other:

---

**14. Do you go for walks? Yes ☒  No ☐    If yes, how often and how far do you walk?**
2.5 MILES/DAY — I WALK MY DOG

**15. What difficulties, if any, do you have sleeping?**
INSOMNIA. OFTEN MY HAND HURTS

**16. Do you have a valid driver's license?  Yes ☒  No ☐**

**17. Do you still drive?  Yes ☒  No ☐**

**18. If you do drive, what is the average distance driven daily?**  5-10 MILES

**19. If you do NOT drive, how do you get to places that you need to go? (MD appointments, shopping, etc.)**

---

**RESOURCE QUESTIONNAIRE**

**B**

**BROADSPIRE**

A PLATINUM EQUITY COMPANY

---

**20. Please list which activities you attend?  (School, therapy, Vocational Rehabilitation,  etc.)**

HAND THERAPY

**21. What do you do for hobbies? (TV, read, bingo, play cards, Internet, crafts, fishing, etc.)**

READ, WALK   (CAN NO LONGER PLAY TENNIS GOLF OR DO YOGA )

**22. If available, would you be interested in seeking training in some other line of work? Yes [X]   No [ ]**
If yes, what type of training?   PRODUCT MANAGEMENT

**23. Do you anticipate returning to your previous occupation or any other occupation in the near future?**

Yes [ ]  If yes, when?                    No [ ]  If no, why not?

DON'T KNOW - I CAN NOT WRITE FOR LONG PERIODS OF TIME.

**24. Would you consider a lump sum settlement in lieu of any future benefit due you? Yes [ ]   No [ ]**
DON'T KNOW

**25. Please indicate the extent of your formal education by circling the appropriate year:**

Primary School:  1  2  3  4  5  6  7  8  9  10  11  (12) GED      Did you graduate? Yes [X]   No [ ]

College:  1  2  3  (4)   Did you graduate? Yes [X]  No [ ]    Major / Minor MEDICAL TECHNOLOGY    Degree: BS

Graduate Work:  1  2  3  (4)  Did you graduate? Yes [X]  No [ ]   Area of Study:    Degree: MS
VIROLOGY / MICROBIOLOGY

Trade School:                         Skill / Trade:                          Years:

**26. Licenses and Certifications:**
MT (ASCP)

**27. Were you in the Military Service? Yes [ ]   No [X]**

| Years of Service | Branch | Training Received |
|---|---|---|
|  |  |  |
|  |  |  |

**28. Do you perform volunteer services for any organization?  Such as: church, club, business, hospital, etc. on a regular basis?  Yes [ ]   No [X]**

| Name of Organization | Phone | How Often |
|---|---|---|
|  |  |  |
|  |  |  |

**29. Are you working now, (full or part-time) or have you worked for wage or profit since the onset of your LTD claim?**
Yes [ ]  No [X]    If yes, please describe:

**30. Do you have a personal or family business that you are involved with on a regular basis?**
Yes [ ]  No [X]    If yes:

---

# RESOURCE QUESTIONNAIRE

**B**

## BROADSPIRE

A PLATINUM EQUITY COMPANY

| Name of Business | Address | Phone |
|---|---|---|
|  |  |  |
|  |  |  |

**31. In what capacity are you involved in this business?**

**32. How often are you involved in this business?**

**33. Since the onset of your LTD have you received a lump sum settlement or retroactive payment for: Workers' Compensation, Social Security Disability/Retirement, malpractice suit, motor vehicle accident etc.?   Yes ☐   No ☒   If yes:**

| Type of settlement | Date Settled | Amount |
|---|---|---|

**34. Are you a stockholder and/or officer of a corporation in which you have a financial interest? Yes ☒  No ☐   If Yes:**

| Name of Corporation | Phone | Position |
|---|---|---|
| CHIRON |  | STOCK HOLDER |

**35. Please list ALL sources of other income:**

| Name of Source | Amount | Weekly/Bi-Weekly/Monthly |
|---|---|---|
| LTD | $2999.84 | MONTH |
| DISABILITY INS. | $1440.00 | MONTH |

**36. Is an attorney representing you related to any other income benefits?   Yes ☒  No ☐ If yes, please provide details including attorney's name, address and telephone number.**

PATRICA POMPER   600  21ST ST.   OAKLAND CA  (510) 444-2090

**37. Briefly describe your past work experiences for the last fifteen years. Please use other side of this page to list additional job information, if necessary.**

| Job Title: | | Employed From: | Through: |
|---|---|---|---|
| Major Duties: | | | |
| Minor Duties: | SEE ATTACHED | | |
| Tools/Equipment Used: | | | |
| Machinery/Computers Used: | | | |

| Job Title: | | Employed From: | Through: |
|---|---|---|---|
| Major Duties: | | | |
| Minor Duties: | | | |
| Tools/Equipment Used: | | | |
| Machinery/Computers Used: | | | |

BA 0400

# ROSALIE A. MOOS-HOLLING

2032 Alameda Avenue
Alameda, CA 94501
(510) 865-8243

## SUMMARY

A scientist and educator in virology with a strong background in infectious diseases.
Extensive experience in clinical laboratories, biotechnology and academia with progressive
management responsibilities. Established reputation for applying new concepts, creating
innovative experiments, and revising laboratory programs.

## ACCOMPLISHMENTS

## PROFESSIONAL EXPERIENCE

**BAYER CORPORATION**, Berkeley, CA

| | |
|---|---|
| QA Release | Present |
| QA Microbial Assessment | 2001 - 2002 |
| QC Microbiology Supervisor | 2000 - 2001 |

- Supervised the microbial laboratory which evaluated in-process and cleaning samples and served as the representative during audits and FDA inspections.
- Conducted investigations and wrote QC reports of sterility failures.
- Evaluated new instrumentation for possible adaptation into the laboratory.
- Collected data and wrote microbial assessment reports for the release of product.
- Reviewed manufacturing records to insure product quality.

**CHIRON CORPORATION**, Emeryville, CA    1996 - 1998
    Research Specialist I

**CHILDREN'S HOSPITAL RESEARCH INSTITUTE**, Oakland, CA    1994 - 1996
    Laboratory Technician II

- Optimized the bactericidal assay and adapted the procedure for use with human, baboon and guinea pig sera.
- Wrote and edited standard operating procedures used in vaccine evaluation.
- Invented a novel procedure for freezing and retrieving bacteria from liquid nitrogen resulting in 60-70% viability.
- Designed and implemented computer programs for data analysis of clinical assays resulting in simplification, increase efficiency and more standardized reports.
- Performed EIAs. cell culture and toxin assays used for vaccine evaluations.

**UNIVERSITY OF CALIFORNIA**, Berkeley, CA

| | |
|---|---|
| Academic Coordinator/Lecturer | 1991 - 1994 |
| Virology Specialist/ Lecturer | 1984 - 1991 |

BA 0401

ROSALIE A. MOOS-HOLLING                                                          Page Two

- Supervised and evaluated staff of the Laboratory Services Unit.
- Faculty advisor and supervisor for all Graduate Student Instructors.
- Counseled and advised graduate students on their research, finances and academic affairs in the School of Public Health.
- Orchestrated the admissions process the Biomedical Sciences Program.
- Managed the distribution of Federal Traineeship awards to students in the Infectious Diseases Program.
- Wrote and submitted protocols to regulatory committees to insure laboratory compliance with rules established by the University and the City of Berkeley.
- Taught a graduate course in infectious diseases covering current procedures in clinical microbiology, mycology, immunology, virology, parasitology, molecular biology and cell culture.
- Participated in other courses in the Infectious Diseases Program including: Microbiology Related to Health and Disease, Introduction to Hematology, Principles of Infectious Diseases and Advanced Methods in Medical Microbiology.
- Taught a laboratory course in medical virology. Contributed in both the advanced and beginning courses in medial virology in various capacities.
- Lectured in a virology course at San Francisco State University.
- Coordinated and lectured in the annual 2-day seminar on virology for Medical Technologists and trainees.
- Designed and performed research examining herbal treatments for herpes infections.
- Isolated and characterized an unstudied poxvirus from a marine handler's lesion.

**ST. JOSEPH'S HOSPITAL**, Milwaukee, WI                          1982 - 1984
   Medical Technologist/Clinical Virologist

**VETERANS ADMINISTRATION CENTER**, Wood, WI                     1972 - 1981
   Medical Technologist/Immunologist

- Served as the supervisor of the clinical immunology laboratory.
- Demonstrated proficiency and competence in all areas of the clinical laboratory including; microbiology, virology, hematology, blood banking, coagulation, immunology, chemistry and urinalysis.

## EDUCATION

**University of Wisconsin, Milwaukee, WI**
M.S.. Microbiology/Virology

- Conducted original research in virology and published portions of my research.
Holling, R. A. and L. E. Guskey, 1984. Resolution of two surface glycoproteins from human parainfluenza-3 virus by crossed immunoelectrophoresis. J Virol Meth 8:309-319

**University of Wisconsin, Milwaukee, WI**
B.S.. Medical Technology

BA 0402

# RESOURCE QUESTIONNAIRE

**B**

## BROADSPIRE

A PLATINUM EQUITY COMPANY

**NOTICE:** Any person who knowingly and with intent to defraud or deceive any insurance company or other person files a statement of claim containing any materially false or misleading information, or conceals for the purpose of misleading, information concerning any fact material thereto **COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME** and in certain states, a felony. Penalties may include imprisonment, fines, denial of insurance and civil damages. In New York, there are also civil penalties not to exceed $5,000 and the stated value of the claim for each such violation.

**Under penalties of perjury, I certify that the above statements and answers are true and correct to the best of my knowledge and belief.**

Claimant's Signature: _Joanne A. Moss-Allen_      Date: _9/23/04_

Telephone Number(s) where you can be reached during the day: _(510) 865-8243_

# PROVIDER UPDATE FORM

**PLEASE PRINT**

YOUR NAME: Rosalie Moos-Holling

SSN: 39246 2189     DOB: 1/13/49

ADDRESS: 2632 Alameda Ave

Alameda, Ca 94501

PHONE: (510) 865-8243

## MEDICAL SOURCES

**PRIMARY DOCTOR:**

NAME: Roxanne Fiorella

ADDRESS: 2500 Milvia

Berkeley, Ca.

(Please include SUITE numbers & ZIP codes)

PHONE #: (510) 843-0692     DATE LAST SEEN: Within 6 mo.

SPECIALTY: GP     NEXT APPT: None

REASON FOR TREATMENT: High Blood Pressure, Stress, Insomnia

**OTHER DOCTOR(S):**

NAME: Mathias Masem

ADDRESS: 3300 Webster St. #202

Oakland, Ca. 94609

(Please include SUITE numbers & ZIP codes)

PHONE #: (510) 763-0884     DATE LAST SEEN: 6/11/04

SPECIALTY: Hand     NEXT APPT: Unknown

REASON FOR TREATMENT: Limited use of my right arm + hand

NAME: _____

ADDRESS: _____

_____

(Please include SUITE numbers & ZIP codes)

PHONE #: (    )_____     DATE LAST SEEN: _____

SPECIALTY: _____     NEXT APPT: _____

REASON FOR TREATMENT: _____

BA 0404

#12

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501


Mr. Roy Gardell
Broadspire
P.O. Box 189151
Plantation, Florida 33318-9151


Mr. Gardell:

A letter was sent to me on August 11, 2005, advising me that had an appointment with
Richard A. Rubenstein M.D., a neurologist. I kept the appointment on August 22, 2005.
During the appointment, I was interviewed for hours by the doctor. I thought this was
odd because it seemed to be more of a psychological evaluation than a neurological
evaluation.

I have been evaluated by numerous doctors that I was sent to by agencies working on
behalf of Bayer. I have been sent to physical therapists, numerous physicians, both
neurologists and psychologists. To my knowledge, my disability was never disputed.

In the letter sent to me by you on October 12, 2005, you stated that Dr. Rubenstein was
an independent physician. At the beginning of the appointment, Dr. Rubenstein made it
clear that he was working for the benefit of Bayer. I accepted it because I knew I was
going to give honest responses to his inquiries.

In the same letter, you stated that Dr. Rubenstein's report lead you to believe that I am
not qualified for long term disability benefits. "The ill defined hypersensitivity of the
thumb and index finger of the right hand would not preclude you from intensive
computer use or writing."

I disagree with this assessment for many reasons. First, I was recently in court for a
hearing on social security benefits. I was under oath and was questioned extensively
about my disability. I am including a copy of the finding of the judge. There was present
at the hearing a career professional, who concurred that I could not do my present job.

Dr. Rubentein never examined the swelling in my right fingers. He did test the strength
of my grip, comparing the grip on my right last three fingers to the grip of my left hand. I
have never denied that the strength of my right hand had not returned. My disability is
that I can not grasp things using my right thumb and index finger. It is the simple tasks
such as writing, typing, closing buttons, turning pages in a book and tying shoes, that I
can not do. The hypersensitivity does not allow me to sleep with my hand under the
covers or comfortably put my hand in my pocket.

None of the above tasks were explored by Dr. Rubenstein. I can only conclude that Dr. Rubenstein's diagnosis was based on opinion and biases and not observation.

During Dr. Rubenstein's interview of me, I related to him that I have Raynaud's syndrome, arthritis in my right knee and the extent of my eczema. I question why my description of the numbness in my arm and the hypersensitivity of my right hand were dismissed by Dr. Rubenstein.

I hope you will reconsider your position concerning my disability. I have released all of my medical records and they have been available to the agencies representing Bayer. If there are any other concerns, I would be happy to address them.

Sincerely,

Rosalie A. Moos-Holling

BA 0406

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

In the Matter of            )          CASE NO. 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

)

ROSALIE A. MOOS-HOLLING,     )      **DECISION**

)

                       )      Claim for

Claimant              )      A Period of Disability and

)      Disability Insurance Benefits

_____)

## SUMMARY OF THE CASE

This case is before me pursuant to a request for hearing filed by Rosalie Moos-Holling, also referred to as "the claimant" in this decision. She disagrees with the prior determinations of the Social Security Administration finding that she is "not disabled" under Title II of the Social Security Act. I carefully considered all of the documents identified in the record as exhibits, all of the testimony presented to me at the hearing, and the arguments of counsel. I then applied the sequential steps established under the Social Security regulations at 20 CFR 404.1520 *et seq.* and 416.920 *et seq.*, and concluded that the claimant is not able to perform jobs existing in significant numbers in the national economy as of September 1, 2002. Prior to that, I do not find the claimant was disabled. . She, therefore, is eligible for Disability Insurance Benefits from September 2002 through the date of this decision.

## PROCEDURAL HISTORY

The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002. This case is before me upon a request for hearing after initial and reconsidered denials of the claimant's application. The request for hearing was timely filed on September 25, 2004. After due notice, a hearing was held before me on May 19, 2005 in Oakland, California. The claimant appeared and testified at the hearing, represented at the hearing by Deborah Breeden, a non-attorney representative. A vocational consultant, Malcolm Brodzinsky, appeared at my request and also testified at the hearing.

## ISSUES AND APPLICABLE LAW

The general issue before me for decision is whether the claimant is eligible for DIB under sections 202(d) and 223 of the Social Security Act. The specific issue to be decided is whether the claimant is under a disability.

"Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for DIB, there can be an additional issue pertaining to insured status, but a review of the claimant's earnings record reveals that she is fully insured for DIB purposes through the date of this decision.

The Social Security regulations provide a sequential evaluation process of disability at 20 C.F.R. sections 404.1520 *et seq.* and 416.920 *et seq.*, which was used to evaluate the claimant's disability.

## EVALUATION OF THE EVIDENCE

### Introduction:

The claimant was born on January 13, 1949 and is 56 years old. She has a college and some graduate school education. Her past relevant work was as a pharmaceutical documentation specialist, a microbiologist, a hospital research specialist and a university academic lecturer. She alleges disability since July 12, 2002 due to cervical radiculopathy, reflex sympathetic dystrophy, Parsonage-Turner Syndrome (brachial plexus neuritis) and depression.

### Step One:

The first step in the sequential disability evaluation process concerns whether the claimant is not disabled because of the performance of substantial gainful activity (SGA) (20 CFR 404.1520(b), 416.920(b)). The claimant denied having worked since her disability onset date and I find no evidence to contradict her claim.

### Step Two:

If the claimant is not barred from claiming disability because of the performance of SGA, the second step in the disability evaluation process is to consider whether the claimant has a "severe" impairment or combination of impairments (20 CFR 404.1520(c), 416.920(c)). An impairment is severe within the meaning of the regulations if it significantly restricts the claimant's ability to perform basic work activities (20 CFR 404.1521, 416.921). The evidence shows the claimant has a cervical radiculopathy with Parsonage-Turner syndrome and reflex sympathetic dystrophy. These impairments are "severe" as discussed below

The claimant alleged onset date of July 12, 2002, is the date she says she stopped working due to depression and anxiety. Her depression was related to problems she was having with her job. At that time the claimant was diagnosed with a moderate depressive episode (exhibit 1F) but the claimant testified she did not follow up with treatment after four psychotherapy sessions. There is no evidence the claimant remained seriously depressed for any 12 month period of time.

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501

Mr. Roy Gardell
Broadspire
P.O. Box 189151
Plantation, Florida 33318-9151

Mr. Gardell:

A letter was sent to me on August 11, 2005, advising me that had an appointment with
Richard A. Rubenstein M.D., a neurologist. I kept the appointment on August 22, 2005.
During the appointment, I was interviewed for hours by the doctor. I thought this was
odd because it seemed to be more of a psychological evaluation than a neurological
evaluation.

I have been evaluated by numerous doctors that I was sent to by agencies working on
behalf of Bayer. I have been sent to physical therapists, numerous physicians, both
neurologists and psychologists. To my knowledge, my disability was never disputed.

In the letter sent to me by you on October 12, 2005, you stated that Dr. Rubenstein was
an independent physician. At the beginning of the appointment, Dr. Rubenstein made it
clear that he was working for the benefit of Bayer. I accepted it because I knew I was
going to give honest responses to his inquiries.

In the same letter, you stated that Dr. Rubenstein's report lead you to believe that I am
not qualified for long term disability benefits. "The ill defined hypersensitivity of the
thumb and index finger of the right hand would not preclude you from intensive
computer use or writing."

I disagree with this assessment for many reasons. First, I was recently in court for a
hearing on social security benefits. I was under oath and was questioned extensively
about my disability. I am including a copy of the finding of the judge. There was present
at the hearing a career professional, who concurred that I could not do my present job.

Dr. Rubentein never examined the swelling in my right fingers. He did test the strength
of my grip, comparing the grip on my right last three fingers to the grip of my left hand. I
have never denied that the strength of my right hand had not returned. My disability is
that I can not grasp things using my right thumb and index finger. It is the simple tasks
such as writing, typing, closing buttons, turning pages in a book and tying shoes, that I
can not do. The hypersensitivity does not allow me to sleep with my hand under the
covers or comfortably put my hand in my pocket.

BA 0410                                                                                            BA 0409

None of the above tasks were explored by Dr. Rubenstein. I can only conclude that Dr. Rubenstein's diagnosis was based on opinion and biases and not observation.

During Dr. Rubenstein's interview of me, I related to him that I have Raynaud's syndrome, arthritis in my right knee and the extent of my eczema. I question why my description of the numbness in my arm and the hypersensitivity of my right hand were dismissed by Dr. Rubenstein.

I hope you will reconsider your position concerning my disability. I have released all of my medical records and they have been available to the agencies representing Bayer. If there are any other concerns, I would be happy to address them.

Sincerely,

Rosalie A. Moos-Holling

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

| | |
|---|---|
| In the Matter of )<br>)<br>ROSALIE A. MOOS-HOLLING, )<br>)<br>)<br>Claimant )<br>)<br>————————————————) | CASE NO. 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<br><br>**DECISION**<br><br>Claim for<br>A Period of Disability and<br>Disability Insurance Benefits |

## SUMMARY OF THE CASE

This case is before me pursuant to a request for hearing filed by Rosalie Moos-Holling, also referred to as "the claimant" in this decision. She disagrees with the prior determinations of the Social Security Administration finding that she is "not disabled" under Title II of the Social Security Act. I carefully considered all of the documents identified in the record as exhibits, all of the testimony presented to me at the hearing, and the arguments of counsel. I then applied the sequential steps established under the Social Security regulations at 20 CFR 404.1520 *et seq.* and 416.920 *et seq.*, and concluded that the claimant is not able to perform jobs existing in significant numbers in the national economy as of September 1, 2002. Prior to that, I do not find the claimant was disabled. . She, therefore, is eligible for Disability Insurance Benefits from September 2002 through the date of this decision.

## PROCEDURAL HISTORY

The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002. This case is before me upon a request for hearing after initial and reconsidered denials of the claimant's application. The request for hearing was timely filed on September 25, 2004. After due notice, a hearing was held before me on May 19, 2005 in Oakland, California. The claimant appeared and testified at the hearing, represented at the hearing by Deborah Breeden, a non-attorney representative. A vocational consultant, Malcolm Brodzinsky, appeared at my request and also testified at the hearing.

## ISSUES AND APPLICABLE LAW

The general issue before me for decision is whether the claimant is eligible for DIB under sections 202(d) and 223 of the Social Security Act. The specific issue to be decided is whether the claimant is under a disability.

Rosalie A. Moos-Holling (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)                    Page 2 of 7

"Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for DIB, there can be an additional issue pertaining to insured status, but a review of the claimant's earnings record reveals that she is fully insured for DIB purposes through the date of this decision.

The Social Security regulations provide a sequential evaluation process of disability at 20 C.F.R. sections 404.1520 *et seq*. and 416.920 *et seq*., which was used to evaluate the claimant's disability.

## EVALUATION OF THE EVIDENCE

### Introduction:

The claimant was born on January 13, 1949 and is 56 years old. She has a college and some graduate school education. Her past relevant work was as a pharmaceutical documentation specialist, a microbiologist, a hospital research specialist and a university academic lecturer. She alleges disability since July 12, 2002 due to cervical radiculopathy, reflex sympathetic dystrophy, Parsonage-Turner Syndrome (brachial plexus neuritis) and depression.

### Step One:

The first step in the sequential disability evaluation process concerns whether the claimant is not disabled because of the performance of substantial gainful activity (SGA) (20 CFR 404.1520(b), 416.920(b)). The claimant denied having worked since her disability onset date and I find no evidence to contradict her claim.

### Step Two:

If the claimant is not barred from claiming disability because of the performance of SGA, the second step in the disability evaluation process is to consider whether the claimant has a "severe" impairment or combination of impairments (20 CFR 404.1520(c), 416.920(c)). An impairment is severe within the meaning of the regulations if it significantly restricts the claimant's ability to perform basic work activities (20 CFR 404.1521, 416.921). The evidence shows the claimant has a cervical radiculopathy with Parsonage-Turner syndrome and reflex sympathetic dystrophy. These impairments are "severe" as discussed below

The claimant alleged onset date of July 12, 2002, is the date she says she stopped working due to depression and anxiety. Her depression was related to problems she was having with her job. At that time the claimant was diagnosed with a moderate depressive episode (exhibit 1F) but the claimant testified she did not follow up with treatment after four psychotherapy sessions. There is no evidence the claimant remained seriously depressed for any 12 month period of time.

BA 0413

Rosalie A. Moos-Holling (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)                          Page 3 of 7

The state agency psychiatric consultant, Dr. Craig Smith, concluded the claimant had no severe mental impairment (Exhibit 8F). In December 2003 the claimant underwent psychological evaluation by April Young, Ph.D. (Exhibit 5F). She diagnosed an adjustment disorder with depressed mood due to bereavement. She did not find any significant impairment in functioning due to the mild depression. I do not find that the claimant's depression was a "severe" impairment. I find no severe medically determinable mental or physical impairment prior to September 2002.

## Step Three:

The third step in the sequential evaluation process is to determine whether the claimant has an impairment which meets or equals the criteria of any of the impairments described and listed in Appendix 1 of the regulations (20 C.F.R., Part 404, Subpart P, Appendix 1; 20 CFR 404.1520(d), 416.920(d)). Although the claimant's impairments, both individually and in combination, are severe, they do not meet the specific criteria of any of the Listings. I particularly considered the orthopedic listings found in Appendix 1. Since the claimant does not have an impairment that meets or equals the criteria of any listed impairment, a determination must be made as to whether she retained the residual functional capacity to perform the requirements of her past relevant work or could adjust to other work.

## Residual Functional Capacity:

The fourth step in the sequential disability evaluation process asks whether the claimant could perform his past relevant work (20 CFR 404.1520(f), 416.920(f)). The fifth step asks whether he could perform any other jobs available in significant numbers in the national economy (20 CFR 404.1520(g), 416.920(g)). In order to address these issues, a determination must be made of the claimant's residual functional capacity (RFC) (20 CFR 404.1520(e), 416.920(e)), or what the claimant can still do in a work setting, despite physical and mental limitations caused by his impairments.

An onset date of September 1, 2002 is well established by the record because, on or about that date the claimant was diagnosed with Parsonage-Turner Syndrome, reflex sympathetic dystrophy and cervical radiculopathy as a result of an acute trauma on that date. On September 1, 2002 the claimant was admitted to Alameda Hospital and examined by Dr. John Lee (Exhibit 2F, p. 5). Dr. Lee reported the claimant had acute right arm weakness and numbness with radiation into the hand and neck. He concluded it was secondary to an acute cerebrovascular accident and advised further workup. Subsequent reports show worsening right arm and hand pain and numbness. An October 2002 MRI scan revealed degenerative changes in the cervical spine with foraminal narrowing and stenosis at several levels (Exhibit 3F, pp. 5-7).

The claimant was examined by Dr. John Friedberg on several occasions (Exhibit 4F). He reported significant weakness in the bicep, brachioradialis and suprascapularis muscles of the right arm and the C5-6 dermatomes exhibited altered and unpleasant sensations provoked by light touch. He concluded she was incapable of doing any writing, typing or manual work with the right arm.

BA 0414

Rosalie A. Moos-Holling (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)

Dr. Friedberg opined at the time that the claimant was at risk for developing reflex sympathetic dystrophy or other complications if she returned to work. Dr. Friedberg assessed the claimant's credibility and concluded the claimant was not malingering. Her allegations were consistent and "never overstated" (Exhibit 4F, p. 5).

In December 2003 Dr. Amit Rajguru also stated the claimant was a reliable historian (Exhibit 6F). He diagnosed right arm reflex sympathetic dystrophy or cervical nerve root injury, hypertension and depression. He restricted the claimant to a limited range of light work, which was consistent with his findings. He opined the claimant could not lift or carry more than 20 pounds occasionally or 10 pounds frequently with the left hand and could not lift or carry with the right hand. He also found the claimant would have find and gross manipulation limitations with the right hand. In March 2004 a state agency medical consultant, Dr. Ida Newton, also found the claimant restricted to a limited range of light work due to the right arm injury (Exhibit 7F).

Dr. Mathias Masem treated the claimant (Exhibits 10F and 11F). He diagnosed brachial plexus injury but reported a gradual improvement in function since December 2003. His records show a gradual and slow improvement with her ability to use her right hand and particularly the right forefinger and thumb but for no more than 10-15 minutes at a time without resting the thumb and forefinger for 10-15 minutes. He reported very limited flexibility of the forefinger and thumb and hypersensitivity to touch in that area.

The claimant testified that she could write a postcard and about three-fourths of a page. She cannot keyboard with her index finger and thumb. She cannot manage buttons or zippers. Her ability to pick up and grasp objects is significantly impaired. She finds it difficult to carry anything. She cannot perform any exercises with the right hand or arm and if she writes for more than 10 minutes the right arm trembles. She is hypersensitive about the thumb and forefinger and cannot bear to have them touched. The claimant held the first two fingers of her right hand immobile throughout the hearing. Her testimony and demeanor was consistent with a recent report from her physician (Exhibit 12F). It was also consistent with the weight of the medical evidence.

I find the claimant's residual functional capacity is sufficient for light work with no lifting or carrying more than 5 pounds with the right hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

Step Four:

Once I have determined the claimant's RFC, the next step in the sequential evaluation process is to determine whether the claimant retains the residual functional capacity to return to her past relevant work (20 CFR 404.1520(e), 416.920(e)). If the claimant is able to perform past relevant work, she cannot be found "disabled."

Rosalie A. Moos-Holling (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)                          Page 5 of 7

The vocational expert, Malcolm Brodzinsky, testified the claimant does not have any transferable work skills to work within her residual functional capacity. Based on the residual functional capacity given above, the expert testified the individual could not perform the claimant's past work or any work on a sustained basis.

The vocational consultant testified the claimant could certainly not perform any of her work if she couldn't at least occasionally use her right hand and it appears that she could not do that until after December 2003. In some areas of expertise it might be possible to be a lecturer despite the above RFC as the prior determinations had found. However the claimant testified that as a lecturer in microbiology and virology, she was expected to perform demonstrations such as preparation of tissue cultures and that she could not do this with her injured right hand. She said she would have to perform demonstrations repeatedly during a given lecture. She also testified that she ordinarily would prepare notes for lectures by keyboarding and that this would be a slow and laborious process now. The vocational consultant testified that the claimant's testimony appeared reasonable and he had no reason to disagree with it.

I also would point out that the claimant has a Master's degree which apparently was sufficient in 1984 for appointment at UC Berkeley but query whether that would still be the case currently.

<u>Step Five:</u>

Since the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medically determinable impairments, functional limitations, age, education and work experience. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

After December 2003 the claimant regained some use of her right hand and could be said to be able to perform a limited range of light work. By that time she was 55 years old and Rule 202.06 directs a finding of disabled if the claimant was unable to perform her usual work. From ........ ...... ...... ...... ...... December 2003, although Rule 202.14 provides for the opposite result for an individual able to do light work, the claimant was only able to perform a very limited ...... ...... ...... ...... ...... ...... ...... ...... ...... ...... ...... ...... employment she could perform that exists in significant number.

The claimant's testimony was generally credible but not to the extent she alleged disability prior to the established onset date. The medical evidence does not support that allegation.

//

Rosalie A. Moos-Holling (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)                          Page 6 of 7

## FINDINGS

After careful consideration of the entire record, and all the testimony provided to me at the hearing, I make the following findings:

1. The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002

2. The claimant met the disability insured status requirements of the Act on September 1, 2002, the established onset date, and continues to meet them through the date of this decision.

3. The claimant has not engaged in substantial gainful activity since July 12, 2002.

4. Prior to July 12, 2002 the claimant had no "severe" physical or mental told medically determinable impairment.

5. The medical evidence establishes as of September 1, 2002 that the claimant had developed "severe" right reflex sympathetic dystrophy, brachial plexus neuritis (Parsonage-Turner Syndrome), and cervical radiculopathy.

6. The claimant does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

7. The claimant's testimony was generally credible but not to the extent she alleged disability prior to September 1, 2002.

8. From September 1, 2002 on, the claimant had a residual functional capacity sufficient for light work with no lifting or carrying more than 5 pounds with the right dominant hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then, the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

9. Since September 1, 2002, according to vocational expert testimony as discussed earlier, the claimant has been unable to perform her past relevant work.

10. The claimant is 56 years old, which is defined as advanced age (20 CFR § 404.1563).

11. The claimant has a college education (20 CFR § 404.1564).

BA 0417

5\10\310263 kmaxion

Rosalie A. Moos-Holling (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)

12. The claimant does not have any acquired work skills that are transferable to the skilled or semi-skilled activities of other work within her residual functional capacity (20 CFR § 404.1568).

13. Based on an exertional capacity for light work, the claimant's age, education, and work experience, section 404.1569 and Rule 202.06, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of disabled since January 2004 when the claimant attained age 55. Prior to September 1, 2002, although Rule 202.14 would direct a finding of not disabled, the credible vocational expert testimony shows the claimant could not perform any jobs existing in significant numbers and therefore, the claimant is disabled.

14. The claimant has been under a disability, as defined in the Social Security Act, since September 1, 2002, but not prior to that date (20 CFR § 404.1520(f)).

## DECISION

It is my decision, based on the application filed on August 15, 2003, that the claimant is entitled to a period of disability commencing September 1, 2002 and to disability insurance benefits after the statutory waiting period, under Sections 216(i) and 223 of the Social Security Act.

**Alan K. Goldhammer**
U. S. Administrative Law Judge

AUG

Date

## LIST OF EXHIBITS

**Claimant:**   **Rosalie Moos-Holling**                    SSN:    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### PAYMENT DOCUMENTS/DECISIONS

| 1 | A | Initial Disability Determination by State Agency, Title II, dated 4/9/04 | 1 |
| 2 | A | Reconsideration Disability Determination by State Agency, Title II, dated 7/27/04 | 1 |

### JURISDICTIONAL DOCUMENTS/NOTICES

| 1 | B | Social Security Notice dated 4/9/04 | 4 |
| 2 | B | Request for Reconsideration filed 5/27/04 | 1 |
| 3 | B | Social Security Notice of Reconsideration dated 7/27/04 | 5 |
| 4 | B | Request for Hearing filed 9/25/04 | 1 |
| 5 | B | Fee Agreement, dated 9/20/04 | 1 |
| 6 | B | Appointment of Representative, dated 9/20/04 for Tamie Comley, Non-Rep | 1 |
|   | B | Social Security Notice dated 2/28/05 | 2 |
| 8 | B | Letter dated April 1, 2005 from Tamie Comley, withdrawing as representative | 1 |
| 9 | B | Letter dated April 1, 2005 from Deborah L. Breeden, waiving rights to charge a fee for services | 1 |
| 10 | B | Fee Agreement, dated April 1, 2005 from Deborah Breeden | 1 |
| 11 | B | Appointment of Representative, dated April 1, 2005 from Deborah Breeden | 2 |
| 12 | B | Resume for Vocational Expert Malcolm Brodzinsky, M.A | 2 |

BA 0419

## LIST OF EXHIBITS

**Claimant:**    **Rosalie Moos-Holling**                          SSN:    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 13 | B | Copy of letter dated April 29, 2005, to Malcolm Brodzinsky, Vocational Expert, requesting attendance at hearing | 2 |
| 14 | B | Notice of Hearing dated April 29, 2005 | 6 |
| 15 | B | Letter of Withdrawal dated 4/1/05 from Tamie Comley | 1 |

## NON-DISABILITY DEVELOPMENT

| | | | |
|---|---|---|---|
| 1 | D | Application for Disability Insurance Benefits filed 8/15/03 | 4 |
| 2 | D | W-2 Form for 2002 | 1 |
| 3 | D | Statement of Disability Insurance dated 7/12/02 | 1 |
| 4 | D | Worker's Compensation Information dated 8/15/03 | 3 |
| 5 | D | Statement of Claimant dated 8/15/03 | 2 |
| 6 | D | Earnings record (dated/certified) 11/27/04 | 2 |
| 7 | D | Detailed Earnings Query, dated 11/27/04 | 10 |
| 8 | D | DIB Review/Detailed Earnings Query, dated 11/27/04 | 11 |

## DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

| | | | |
|---|---|---|---|
| 1 | E | Disability Report - Adult 7/31/03 | 8 |
| 2 | E | Work History Report dated 8/15/03 | 8 |
| 3 | E | Disability Report - Adult dated 11/17/03 | 7 |

BA 0420

## LIST OF EXHIBITS

**Claimant:    Rosalie Moos-Holling**          SSN:    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 4 | E | Medical/Vocational Decision Guide dated 3/30/04 | 2 |
| 5 | E | Dictionary of Occupational Titles | 2 |
| 6 | E | Disability Report - Appeal dated 5/27/04 w/List of Medications attached | 8 |
| 7 | E | Disability Report - Appeal dated 7/6/04 | 6 |
| 8 | E | Disability Report - Field Office dated 7/6/04 | 2 |
| 9 | E | Medical/Vocational Decision Guide dated 8/27/04 | 2 |
| 10 | E | Disability Report dated 9/25/04 w/List of Medications attached | 8 |
| 11 | E | DDS Case Activities report dated 8/27/04 | 3 |
| 12 | E | Claimant's Recent Medical Treatment, Medications, Work Background | 3 |

## MEDICAL RECORDS

| 1 | F | Medical Report dated 8/27/02 from Eileen M. Crean, MFT | 1 |
| 2 | F | Medical Records covering the period from 9/1/02 to 9/2/02 from Alameda Hospital | 20 |
| 3 | F | Medical Records dated 10/7/02 to 12/8/03 from Roxanne C. Fiscella, M.D., Alta Bates Medical Group, Alta Bates Summit Medical Center by Ying Fung, M.D., and Eric S. Bain, M.D. | 8 |
| 4 | F | Medical Report/Records dated 7/22/02 to 7/6/04 from John Mark Friedberg, M.D. | 34 |
| 5 | F | Psychological Assessment Report dated 12/3/03 by April Young, Ph.D. w/Psychometric Test Results attached | 5 |
| 6 | F | Internal Medicine Consultative Examination dated 12/5/03 by Amit Rajguru, M.D. | |

BA 0421

# LIST OF EXHIBITS

**Claimant:**  **Rosalie Moos-Holling**                    SSN:  **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 7 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 3/29/04 by Ida J. Newton, M.D., and Affirmed 8/11/04 by Nayvin Gordon, M.D., w/Consultation Request and DDS Case Activities reports attached | 17 |
| 8 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 1/21/04 by Craig A. Smith, M.D. | 1 |
| 9 | F | Consultation Request dated 8/27/04 | 2 |
| 10 | F | Records from Alta Bates Medical Center, dated 6/11/04 to 9/29/04 | 12 |
| 11 | F | UCSF Department of Orthopedic Surgery, dated 6/11/04 and 8/10/04 | 3 |
| 12 | F | Records from Roxanne Fiscella, MD, dated 4/17/04 | 2 |

BA 0422

# LIST OF EXHIBITS

**Claimant:**   Rosalie Moos-Holling                    SSN:   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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 4 | E | Medical/Vocational Decision Guide dated 3/30/04 | 2 |
| 5 | E | Dictionary of Occupational Titles | 2 |
| 6 | E | Disability Report - Appeal dated 5/27/04 w/List of Medications attached | 8 |
| 7 | E | Disability Report - Appeal dated 7/6/04 | 6 |
| 8 | E | Disability Report - Field Office dated 7/6/04 | 2 |
| 9 | E | Medical/Vocational Decision Guide dated 8/27/04 | 2 |
| 10 | E | Disability Report dated 9/25/04 w/List of Medications attached | 8 |
| 11 | E | DDS Case Activities report dated 8/27/04 | 3 |
| 12 | E | Claimant's Recent Medical Treatment, Medications, Work Background | 3 |

## MEDICAL RECORDS

| | | | |
|---|---|---|---|
| 1 | F | Medical Report dated 8/27/02 from Eileen M. Crean, MFT | 1 |
| 2 | F | Medical Records covering the period from 9/1/02 to 9/2/02 from Alameda Hospital | 26 |
| 3 | F | Medical Records dated 10/7/02 to 12/8/03 from Roxanne C. Fiscella, M.D., Alta Bates Medical Group, Alta Bates Summit Medical Center by Ying Fung, M.D., and Eric S. Bain, M.D. | 8 |
| 4 | F | Medical Report/Records dated 7/22/02 to 7/6/04 from John Mark Friedberg, M.D. | 34 |
| 5 | F | Psychological Assessment Report dated 12/3/03 by April Young, Ph.D. w/Psychometric Test Results attached | 5 |
| 6 | F | Internal Medicine Consultative Examination dated 12/5/03 by Amit Rajguru, M.D. | 2 |

# LIST OF EXHIBITS

**Claimant:** **Rosalie Moos-Holling**                    SSN:    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 7 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 3/29/04 by Ida J. Newton, M.D., and Affirmed 8/11/04 by Nayvin Gordon, M.D., w/Consultation Request and DDS Case Activities reports attached | 17 |
| 8 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 1/21/04 by Craig A. Smith, M.D. | 1 |
| 9 | F | Consultation Request dated 8/27/04 | 2 |
| 10 | F | Records from Alta Bates Medical Center, dated 6/11/04 to 9/29/04 | 12 |
| 11 | F | UCSF Department of Orthopedic Surgery, dated 6/11/04 and 8/10/04 | 3 |
| 12 | F | Records from Roxanne Fiscella, MD, dated 4/17/04 | 2 |

Form Approved
OMB No. 0960-0527

**Social Security Administration, Department of Health and Human Services**
Please read the back of the last copy before you complete this form.

| Name (Claimant) (Print or Type) | Social Security Number | RECEIVED |
|---|---|---|
| Rosalie Moos-Holling | 39-2-41-2189 | |
| Wage Earner (If Different) | Social Security Number | SEP 2 3 2004 |
| | | OAKLAND CA DO 353 |

## Part I
### APPOINTMENT OF REPRESENTATIVE

I appoint this person **TAMIE COMLEY** _____ Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626 __
(Name and Address)

to act as my representative in connection with my claim(s) or asserted right(s) under:

[X] Title II (RSDI)    [ ] Title XVI (SSI)    [ ] Title IV FMSHA (Black Lung)    [ ] Title XVIII (Medicare Coverage)

This person may, entirely in my place, make any request or give notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

[ ] I am appointing, or I now have, more than one representative. My main representative is _____
(Name of Principal Representative)

| Signature (Claimant) | Address | |
|---|---|---|
| Rosalie F. Moos-Holling | 2032 Alameda Ave. Alameda, CA 94 | |
| Telephone Number (with Area Code) (510) 865-8243 | Date 9-20-04 | |

## Part II
### ACCEPTANCE OF APPOINTMENT

**TAMIE COMLEY** _____, hereby accept the above appointment. I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form. If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration. (Completion of Part III satisfies this requirement.)

[ ] I am an attorney.    [X] I am not an attorney.    (Check one.)

| Signature (Representative) | Address | |
|---|---|---|
| Tamie Comley | Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626 | |
| Telephone Number (with Area Code) (618) 234-8434 | Date 9-20-04 | |

## Part III
(optional)
### WAIVER OF FEE

I do not waive my right to request fee approval and to collect a fee directly from a third party. I waive my right to charge and collect a fee under sections 206 and 1631(d)(2) of the Social Security Act. I release my client (the claimant) from any obligations, contractual or otherwise, which may be owed to me for my services I have provided in connection with my client's claim(s) or asserted right(s).

| Signature (Representative) | Date |
|---|---|
| Tamie Comley | 9-20-04 |

BA 0425

## Part IV
(optional)
### ATTORNEY'S WAIVER OF DIRECT PAYMENT

I waive only my right to direct payment of a fee from the withheld past-due Social Security benefits of my client (the claimant). I do not waive my right to request fee approval and to collect a fee directly from my client or a third party.

| Signature (Attorney Representative) | Date |
|---|---|
| | |

RECEIVED

SEP 2 5 2004

OAKLAND CA
DO 958

## SOCIAL SECURITY CLAIMS REPRESENTATION
## FEE AGREEMENT FOR SERVICES

Claimant: <u>Rosalie Moos-Holling</u>          SSN: <u>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</u>

We understand that for a fee to be payable, the Social Security Administration (SSA) must approve any fee a Representative charges or collects for representational services in proceedings before SSA in connection with a claim for benefits.

We further understand that the Representative's services are provided to the Claimant at no cost to the Claimant. We have agreed that no fee, direct or indirect, will be charged to or collected from the Claimant for this service.

We also agree that any fee the Representative may receive will not exceed the lesser of 25% of the Claimant's past due benefits or $5300, in accordance with Section 206(a) of the Social Security Act, as amended by Public Law 101-508. Any compensation the Representative may receive for services in connection with this claim will be paid by Allsup Inc.

We have both received signed copies of this agreement.

_____          _____
Claimant                                                          Date

_____          4-20-04
Representative                                                    Date

1/25/02

feesB

BA 0426

100 Bayer Road
Pittsburgh, PA 15205
Phone: 412-777-2486
Fax: 412-777-2034

**Bayer**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Kim East | **From:** | Central Benefits |
| **Fax:** | 954-452-4133 | **Date:** | 1/12/06 |
| **Phone:** | | **Pages:** 23 | |
| **Re:** | ERISA | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

•**Comments:**

**Enclosed please find an ERISA Review request for R. Moos-Holling.**

Bayer Corporate and
Business Services



January 12, 2006


Ms. Kim East
Kemper Insurance
P.O. Box 189088
Plantation, FL 33324-4036


Re:    **Rosalie Moos-Holling**          *200301100233*
       **SSN: 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**


Dear Kim:

Enclosed is an ERISA Review request.  Please review this
request and send Broadspire's brief by February 1, 2006.

In your brief, please address the determination of terminating this
employee's long-term disability benefit.

The next ERISA Review meeting is scheduled for February 8, 2006.

Thank you.



                                    **Sheila Schednec**   JAN 1 2 2006

# Employee Benefits Claim Review
# Request - Disability

To:

**Procedure**

According to the Employee Retirement Income Security Act of 1974 (ERISA), Bayer employees covered by employee benefit plans governed by ERISA have the right to appeal the denial of any properly submitted claim. This means that if you submit a claim either directly to an insurance company or third party administrator providing or administering benefits under the covered plans and that claim is either totally denied or you do not agree with the amount of benefit paid under the claim, you may appeal the settlement of the claim. The formal review procedure is explained in the "If a Claim is Denied" section of each Summary Plan Description.

Prior to requesting a final review by the Benefits Administration/ERISA Review Committee, certain steps should be taken.

If the claim settlement you dispute is the first notice you have received from the insurance company or third party administrator, then you must request that the insurance company or third party administrator reconsider your claim. You should receive notice from the insurance company or third party administrator of its decision on reconsideration of your claim within 45 days after your initial claim. In certain circumstances, you may be notified prior to the expiration of the 45-day period that an additional period of time is necessary to review your claim (up to 105 days). If you receive a decision on reconsideration that you wish to dispute further, then you may request review of that decision by the Bayer Corporation Benefits Administration/ERISA Review Committee by filing this form within 180 days after you receive notice of the decision. If you receive no decision within the 45 or 105-day period, you may treat your claim as having been denied and request review by the Bayer Corporation Benefits Administration/ERISA Review Committee by filing this form within 180 days after expiration of the 45 or 105-day period.

You are entitled to receive, upon request and free of charge, reasonable access to and copies of, all documents, records and other information relevant to your claim. If you wish to pursue your claim further once you have completed the appeal of your claim, you have a right to bring an action against the Plan under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

**Appeal**

This request must be filed within the time periods noted above by mailing a copy of this request, signed by you, together with all relevant, supporting documentation, to:

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road
Pittsburgh, PA 15205-9741

I do not agree with the decision for the following reason: (Attach a separate page and, in your explanation, cite the specific section of the Summary Plan Description which was violated.) I have attached all supporting documentation which is relevant to the appeal, including materials submitted with the original claim. I agree to the release of any medical information relevant to this claim to the Bayer Corporation Benefits Administration/ERISA Review Committee.

I hereby request the Benefits Administration/ERISA Review Committee review my claim.

Signature: _Rosalie A. Mas-Hung_

Name (print): _ROSALIE A. MAS - HUNG_

SSN: _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_

Address: _2033 ALAMEDA AVE._

City/State/Zip: _ALAMEDA, CA 94501_

Date: _1/3/06_

BA 0429

Sheila Schednec'    JAN 12 2006

Disability form

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501

JAN - 9 2006

January 3, 2006

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road
Pittsburgh, PA 15205-9741

To Whom It May Concern:

I strongly disagree with Broadspire's decisions to terminate my long term disability insurance. I still do not have use of my right hand because the thumb and index finger are sensitive to touch. They both remain swollen. This is something Bayer's neurologist never even bothered to look at. The doctor was identified to me being independent. This is lie by the doctors own words. Upon entering his office he made it perfectly clear that he worked as an agent for Bayer.

Agents for Bayer have argued out of both sides of their mouths. One says you are disabled and therefore, we will argue your case to the social security office using, Allsup Inc. Once the judgment for disability was won by the agents of Bayer, miraculously it was deemed that I was cured. I have enclosed a copy of the ruling. As part of social social securities hearing, I swore under oath to tell the truth. I take perjury as a very serious crime, one which, it is inferred that I have committed.

Broadshire gave me a deadline of November 14, 2005 to present my position on the cancellation of my benefits. I did so but my appeal was denied. My letter to Mr. Roy Gardell of October 24, 2005 is enclosed.

On November 15, 2005, I was contacted the HR department of Bayer and informed that I should report back to work. I replied that I would be more than happy to if Bayer had a job I could perform. I explained the difficulties I have in typing and writing. I was told Bayer would get back to me. I have, to date, not been given further instructions.

In conclusion, I do not believe that I am dealing with agents of good faith. Curiously, just before Broadshire canceled my benefits, they conducted a survey dealing with my satisfaction with their services. I can only speculate that this was done to validate their reasons for canceling my benefits.

Sheila Schaefer    JAN 12 2006

Thank you reviewing the facts in this case. I know I can not return to my last position at Bayer. I do want to return to work if a position is offered to me that I can perform.

I hope that Bayer will review my resume and see that I do have an earned master's degree in microbiology and can be of benefit to the company. I have graduate level teaching experience at U.C.- Berkeley, with an expertise in infectious diseases. Although, I am very slow in typing and writing, I am not slow in my thinking or knowledge.

Sincerely,

Rosalie A. Moss-Holling

BA 0431

Sheila Schadnock    JAN 12 2008

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501

October 24, 2005

Mr. Roy Gardell
Broadspire
P.O. Box 189151
Plantation, Florida 33318-9151

Mr. Gardell:

A letter was sent to me on August 11, 2005, advising me that had an appointment with Richard A. Rubenstein M.D., a neurologist. I kept the appointment on August 22, 2005. During the appointment, I was interviewed for hours by the doctor. I thought this was odd because it seemed to be more of a psychological evaluation than a neurological evaluation.

I have been evaluated by numerous doctors that I was sent to by agencies working on behalf of Bayer. I have been sent to physical therapists, numerous physicians, both neurologists and psychologists. To my knowledge, my disability was never disputed.

In the letter sent to me by you on October 12, 2005, you stated that Dr. Rubenstein was an independent physician. At the beginning of the appointment, Dr. Rubenstein made it clear that he was working for the benefit of Bayer. I accepted it because I knew I was going to give honest responses to his inquiries.

In the same letter, you stated that Dr. Rubenstein's report lead you to believe that I am not qualified for long term disability benefits. "The ill defined hypersensitivity of the thumb and index finger of the right hand would not preclude you from intensive computer use or writing."

I disagree with this assessment for many reasons. First, I was recently in court for a hearing on social security benefits. I was under oath and was questioned extensively about my disability. I am including a copy of the finding of the judge. There was present at the hearing a career professional, who concurred that I could not do my present job.

Dr. Rubentein never examined the swelling in my right fingers. He did test the strength of my grip, comparing the grip on my right last three fingers to the grip of my left hand. I have never denied that the strength of my right hand had not returned. My disability is that I can not grasp things using my right thumb and index finger. It is the simple tasks such as writing, typing, closing buttons, turning pages in a book and tying shoes, that I

Sheila Schedneci   JAN 12 2006

BA 0432

can not do. The hypersensitivity does not allow me to sleep with my hand under the covers or comfortably put my hand in my pocket.

None of the above tasks were explored by Dr. Rubenstein. I can only conclude that Dr. Rubenstein's diagnosis was based on opinion and biases and not observation.

During Dr. Rubenstein's interview of me, I related to him that I have Raynaud's syndrome, arthritis in my right knee and the extent of my eczema. I question why my description of the numbness in my arm and the hypersensitivity of my right hand were dismissed by Dr. Rubenstein.

I hope you will reconsider your position concerning my disability. I have released all of my medical records and they have been available to the agencies representing Bayer. If there are any other concerns, I would be happy to address them.

Sincerely,

Rosalie A. Moos-Holling

BA 0433

Sheila Schedneck    JAN 12 2006

JAN 12 2006 13:59 FR BAYER

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### ORDER APPROVING FEE AGREEMENT

**IN THE CASE OF**                          **CLAIM FOR**

                                            Period of Disability and
                                            Disability Insurance Benefits

ROSALIE MOOS-HOLLING
(Claimant)

                                            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
                                            (Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and her representative, Deborah Breeden, subject to the condition that the claim results in past-due benefits. My determination only concerns whether the fee agreement meets the statutory conditions for approval and doesn't fall under any of the exceptions to approval. I neither approve nor disapprove any other aspect of the agreement. I specifically do not approve or disapprove of the amount of fees that may become due under the fee agreement. Under this agreement no fee is to be charged from the claimant.

## HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION

You or your representative may ask us to review the determination on the fee agreement. If you decide to ask us for a review, write us within 15 days from the day you get this order. Tell us that you disagree and give your reasons. Send your request to this address:

> G. Stephen Wright
> Regional Chief Administrative Law Judge
> San Francisco Regional Office
> 555 Battery Street, Fifth Floor
> San Francisco, CA 94111

Your representative also has 15 days to write us if he or she does not agree with the determination on the fee agreement. You should include the social security number(s) shown on this order on any papers that you send us.

ALAN K. GOLDHAMMER
U. S. Administrative Law Judge

AUG 2 6 2005
Date

BA 0434

Rosalie A. Moos-Holling (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)                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (510) 273-6588. Its address is Social Security Administration, 1111 Jackson Street, Oakland, CA 94607.

                                    ALAN K. GOLDHAMMER
                                    U. S. Administrative Law Judge

cc:  Deborah Breeden
     300 Allsup Place
     Belleville, IL 62040

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### ORDER APPROVING FEE AGREEMENT

**IN THE CASE OF**

**CLAIM FOR**

Period of Disability and
Disability Insurance Benefits

ROSALIE MOOS-HOLLING
(Claimant)

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
(Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and her representative, Deborah Breeden, subject to the condition that the claim results in past-due benefits. My determination only concerns whether the fee agreement meets the statutory conditions for approval and doesn't fall under any of the exceptions to approval.  I neither approve nor disapprove any other aspect of the agreement.  I specifically do not approve or disapprove of the amount of fees that may become due under the fee agreement.  Under this agreement no fee is to be charged from the claimant.

## HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION

You or your representative may ask us to review the determination on the fee agreement.  If you decide to ask us for a review, write us within 15 days from the day you get this order.  Tell us that you disagree and give your reasons.  Send your request to this address:

- **G. Stephen Wright**
  **Regional Chief Administrative Law Judge**
  **San Francisco Regional Office**
  **555 Battery Street, Fifth Floor**
  **San Francisco, CA 94111**

Your representative also has 15 days to write us if he or she does not agree with the determination on the fee agreement.  You should include the social security number(s) shown on this order on any papers that you send us.

ALAN K. GOLDHAMMER
U. S. Administrative Law Judge

AUG 2 6 2005

Date

Sheila Schedneck   JAN 12 2006

# LIST OF EXHIBITS

**Claimant:** Rosalie Moos-Holling

SSN: 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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

## PAYMENT DOCUMENTS/DECISIONS

| 1 | A | Initial Disability Determination by State Agency, Title II, dated 4/9/04 | 1 |
| 2 | A | Reconsideration Disability Determination by State Agency, Title II, dated 7/27/04 | 1 |

## JURISDICTIONAL DOCUMENTS/NOTICES

| 1 | B | Social Security Notice dated 4/9/04 | 4 |
| 2 | B | Request for Reconsideration filed 5/27/04 | 1 |
| 3 | B | Social Security Notice of Reconsideration dated 7/27/04 | 5 |
| 4 | B | Request for Hearing filed 9/25/04 | 1 |
| 5 | B | Fee Agreement, dated 9/20/04 | 1 |
| 6 | B | Appointment of Representative, dated 9/20/04 for Tamie Comley, Non-Rep | 1 |
| 7 | B | Social Security Notice dated 2/28/05 | 2 |
| 8 | B | Letter dated April 1, 2005 from Tamie Comley, withdrawing as representative | 1 |
| 9 | B | Letter dated April 1, 2005 from Deborah L. Breeden, waiving rights to charge a fee for services | 1 |
| 10 | B | Fee Agreement, dated April 1, 2005 from Deborah Breeden | 1 |
| 11 | B | Appointment of Representative, dated April 1, 2005 from Deborah Breeden | 2 |
| 12 | B | Resume for Vocational Expert Malcolm Brodzinsky, M.A    BA 0437 | 2 |

# LIST OF EXHIBITS

SSN:  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

Claimant:  Rosalie Moos-Holling

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 13 | B | Copy of letter dated April 29, 2005, to Malcolm Brodzinsky, Vocational Expert, requesting attendance at hearing | 2 |
| 14 | B | Notice of Hearing dated April 29, 2005 | 6 |
| 15 | B | Letter of Withdrawal dated 4/1/05 from Tamie Comley | 1 |

## NON-DISABILITY DEVELOPMENT

4

| | | | |
|---|---|---|---|
| 1 | D | Application for Disability Insurance Benefits filed 8/15/03 | 1 |
| 2 | D | W-2 Form for 2002 | 1 |
| 3 | D | Statement of Disability Insurance dated 7/12/02 | 3 |
| 4 | D | Worker's Compensation Information dated 8/15/03 | 2 |
| 5 | D | Statement of Claimant dated 8/15/03 | 2 |
| 6 | D | Earnings record (dated/certified) 11/27/04 | 10 |
| 7 | D | Detailed Earnings Query, dated 11/27/04 | 11 |
| 8 | D | DIB Review/Detailed Earnings Query, dated 11/27/04 | |

## DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

8

| | | | |
|---|---|---|---|
| 1 | E | Disability Report - Adult 7/31/03 | 8 |
| 2 | E | Work History Report dated 8/15/03 | 7 |
| 3 | E | Disability Report - Adult dated 11/17/03 | |

Sheila Schednad  JAN 12 20

Social Security Administration, Department of Health and Human Services

Form Approved
OMB No. 0960-0527

Please read the back of the last copy before you complete this form.

| Name (Claimant) (Print or Type) | Social Security Number |
|---|---|
| Rosalie Mccss-Holling | 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 |
| Wage Earner (If Different) | Social Security Number |

RECEIVED
SEP 2004

OAKLAND CA
00 559

## APPOINTMENT OF REPRESENTATIVE

**Part I**

I appoint this person **TAMIE COMLEY**      (Name and Address)      Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626,

to act as my representative in connection with my claim(s) or asserted right(s) under:

[X] Title II (RSDI)      [ ] Title XVI (SSI)      [ ] Title IV FMSHA (Black Lung)      [ ] Title XVIII (Medicare Coverage)

This person may, entirely in my place, make any request or give notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

[ ] I am appointing, or I now have, more than one representative. My main representative is _____ (Name of Principal Representative)

| Signature (Claimant) | Address |
|---|---|
| | 2055 Alameda Ave Fremont CA |
| Telephone Number (with Area Code) | Date |
| (510) 305-8243 | 9-20-04 |

## ACCEPTANCE OF APPOINTMENT

**Part II**

**TAMIE COMLEY**, hereby accept the above appointment. I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form. If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration. (Completion of Part III satisfies this requirement.)

[ ] I am an attorney.      [X] I am not an attorney.      (Check one.)

| Signature (Representative) | Address |
|---|---|
| Tamie Comley | Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626 |
| Telephone Number (with Area Code) | Date |
| (618) 234-8434 | 9-2004 |

## WAIVER OF FEE

**Part III** (optional)

I do not waive my right to request fee approval and to collect a fee directly from a third party. I waive my right to charge and collect a fee under sections 206 and 1631(d)(2) of the Social Security Act. I release my client (the claimant) from any obligations, contractual or otherwise, which may be owed to me for my services I have provided in connection with my client's claim(s) or asserted right(s).

| Signature (Representative) | Date |
|---|---|
| Tamie Comley | 9-2004 |

BA 0439

## ATTORNEY'S WAIVER OF DIRECT PAYMENT

**Part IV** (optional)

I waive only my right to direct payment of a fee from the withheld past-due Social Security benefits of my client (the claimant). I do not waive my right to request fee approval and to collect a fee directly from my client or a third party.

| | Date |
|---|---|



RECEIVED

SEP 2 5 2004

OAKLAND CA
DO 952

# SOCIAL SECURITY CLAIMS REPRESENTATION
## FEE AGREEMENT FOR SERVICES

Claimant: <u>Rosalie Moos-Holling</u>          SSN: <u>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</u>

We understand that for a fee to be payable, the Social Security Administration (SSA) must approve any fee a Representative charges or collects for representational services in proceedings before SSA in connection with a claim for benefits.

We further understand that the Representative's services are provided to the Claimant at no cost to the Claimant. We have agreed that no fee, direct or indirect, will be charged to or collected from the Claimant for this service.

We also agree that any fee the Representative may receive will not exceed the lesser of 25% of the Claimant's past due benefits or $5300, in accordance with Section 206(a) of the Social Security Act, as amended by Public Law 101-508. Any compensation the Representative may receive for services in connection with this claim will be paid by Allsup Inc.

We have both received signed copies of this agreement.


_____          _____
Claimant                                  Date

_____          4-20-04
Representative                            Date


1/25/02

Sheila Schednec.   JAN 12 2006

fecsB

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

In the Matter of )
)  CASE NO. 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
ROSALIE A. MOOS-HOLLING, )
)  **DECISION**
)
)  Claim for:
)  A Period of Disability and
Claimant )  Disability Insurance Benefits
)
)

## SUMMARY OF THE CASE

This case is before me pursuant to a request for hearing filed by Rosalie Moos-Holling, also referred to as "the claimant" in this decision. She disagrees with the prior determinations of the Social Security Administration finding that she is "not disabled" under Title II of the Social Security Act. I carefully considered all of the documents identified in the record as exhibits, all of the testimony presented to me at the hearing, and the arguments of counsel. I then applied the sequential steps established under the Social Security regulations at 20 CFR 404.1520 *et seq*. and 416.920 *et seq*., and concluded that the claimant is not able to perform jobs existing in significant numbers in the national economy as of September 1, 2002. Prior to that, I do not find the claimant was disabled. . She, therefore, is eligible for Disability Insurance Benefits from September 2002 through the date of this decision.

## PROCEDURAL HISTORY

The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002. This case is before me upon a request for hearing after initial and reconsidered denials of the claimant's application. The request for hearing was timely filed on September 25, 2004. After due notice, a hearing was held before me on May 19, 2005 in Oakland, California. The claimant appeared and testified at the hearing, represented at the hearing by Deborah Breeden, a non-attorney representative. A vocational consultant, Malcolm Brodzinsky, appeared at my request and also testified at the hearing.

## ISSUES AND APPLICABLE LAW

The general issue before me for decision is whether the claimant is eligible for DIB under sections 202(d) and 223 of the Social Security Act. The specific issue to be decided is whether the claimant is under a disability.

Rosalie A. Moos-Holling (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)

"Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for DIB, there can be an additional issue pertaining to insured status, but a review of the claimant's earnings record reveals that she is fully insured for DIB purposes through the date of this decision.

The Social Security regulations provide a sequential evaluation process of disability at 20 C.F.R. sections 404.1520 *et seq.* and 416.920 *et seq.*, which was used to evaluate the claimant's disability.

## EVALUATION OF THE EVIDENCE

### Introduction:

The claimant was born on January 13, 1949 and is 56 years old. She has a college and some graduate school education. Her past relevant work was as a pharmaceutical documentation specialist, a microbiologist, a hospital research specialist and a university academic lecturer. She alleges disability since July 12, 2002 due to cervical radiculopathy, reflex sympathetic dystrophy, Parsonage-Turner Syndrome (brachial plexus neuritis) and depression.

### Step One:

The first step in the sequential disability evaluation process concerns whether the claimant is not disabled because of the performance of substantial gainful activity (SGA) (20 CFR 404.1520(b), 416.920(b)). The claimant denied having worked since her disability onset date and I find no evidence to contradict her claim.

### Step Two:

If the claimant is not barred from claiming disability because of the performance of SGA, the second step in the disability evaluation process is to consider whether the claimant has a "severe" impairment or combination of impairments (20 CFR 404.1520(c), 416.920(c)). An impairment is severe within the meaning of the regulations if it significantly restricts the claimant's ability to perform basic work activities (20 CFR 404.1521, 416.921). The evidence shows the claimant has a cervical radiculopathy with Parsonage-Turner syndrome and reflex sympathetic dystrophy. These impairments are "severe" as discussed below

The claimant alleged onset date of July 12, 2002, is the date she says she stopped working due to depression and anxiety. Her depression was related to problems she was having with her job. At that time the claimant was diagnosed with a moderate depressive episode (exhibit 1F) but the claimant testified she did not follow up with treatment after four psychotherapy sessions. There is no evidence the claimant remained seriously depressed for any 12 month period of time.

BA 0442

Rosalie A. Moos-Holling (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)

The state agency psychiatric consultant, Dr. Craig Smith, concluded the claimant had no severe mental impairment (Exhibit 8F). In December 2003 the claimant underwent psychological evaluation by April Young, Ph.D. (Exhibit 5F). She diagnosed an adjustment disorder with depressed mood due to bereavement. She did not find any significant impairment in functioning due to the mild depression. I do not find that the claimant's depression was a "severe" impairment. I find no severe medically determinable mental or physical impairment prior to September 2002.

### Step Three:

The third step in the sequential evaluation process is to determine whether the claimant has an impairment which meets or equals the criteria of any of the impairments described and listed in Appendix 1 of the regulations (20 C.F.R., Part 404, Subpart P, Appendix 1; 20 CFR 404.1520(d), 416.920(d)). Although the claimant's impairments, both individually and in combination, are severe, they do not meet the specific criteria of any of the Listings. I particularly considered the orthopedic listings found in Appendix 1. Since the claimant does not have an impairment that meets or equals the criteria of any listed impairment, a determination must be made as to whether she retained the residual functional capacity to perform the requirements of her past relevant work or could adjust to other work.

### Residual Functional Capacity:

The fourth step in the sequential disability evaluation process asks whether the claimant could perform his past relevant work (20 CFR 404.1520(f), 416.920(f)). The fifth step asks whether he could perform any other jobs available in significant numbers in the national economy (20 CFR 404.1520(g), 416.920(g)). In order to address these issues, a determination must be made of the claimant's residual functional capacity (RFC) (20 CFR 404.1520(e), 416.920(e)), or what the claimant can still do in a work setting, despite physical and mental limitations caused by his impairments.

An onset date of September 1, 2002 is well established by the record because, on or about that date the claimant was diagnosed with Parsonage-Turner Syndrome, reflex sympathetic dystrophy and cervical radiculopathy as a result of an acute trauma on that date. On September 1, 2002 the claimant was admitted to Alameda Hospital and examined by Dr. John Lee (Exhibit 2F, p. 5). Dr. Lee reported the claimant had acute right arm weakness and numbness with radiation into the hand and neck. He concluded it was secondary to an acute cerebrovascular accident and advised further workup. Subsequent reports show worsening right arm and hand pain and numbness. An October 2002 MRI scan revealed degenerative changes in the cervical spine with foraminal narrowing and stenosis at several levels (Exhibit 3F, pp. 5-7).

The claimant was examined by Dr. John Friedberg on several occasions (Exhibit 4F). He reported significant weakness in the bicep, brachioradialis and suprascapularis muscles of the right arm and the C5-6 dermatomes exhibited altered and unpleasant sensations provoked by light touch. He concluded she was incapable of doing any writing, typing or manual work with the right arm.

Rosalie A. Moos-Holling (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)

Dr. Friedberg opined at the time that the claimant was at risk for developing reflex sympathetic dystrophy or other complications if she returned to work. Dr. Friedberg assessed the claimant's credibility and concluded the claimant was not malingering. Her allegations were consistent and "never overstated" (Exhibit 4F, p. 5).

In December 2003 Dr. Amit Rajguru also stated the claimant was a reliable historian (Exhibit 6F). He diagnosed right arm reflex sympathetic dystrophy or cervical nerve root injury, hypertension and depression. He restricted the claimant to a limited range of light work, which was consistent with his findings. He opined the claimant could not lift or carry more than 20 pounds occasionally or 10 pounds frequently with the left hand and could not lift or carry with the right hand. He also found the claimant would have find and gross manipulation limitations with the right hand. In March 2004 a state agency medical consultant, Dr. Ida Newton, also found the claimant restricted to a limited range of light work due to the right arm injury (Exhibit 7F).

Dr. Mathias Masem treated the claimant (Exhibits 10F and 11F). He diagnosed brachial plexus injury but reported a gradual improvement in function since December 2003. His records show a gradual and slow improvement with her ability to use her right hand and particularly the right forefinger and thumb but for no more than 10-15 minutes at a time without resting the thumb and forefinger for 10-15 minutes. He reported very limited flexibility of the forefinger and thumb and hypersensitivity to touch in that area.

The claimant testified that she could write a postcard and about three-fourths of a page. She cannot keyboard with her index finger and thumb. She cannot manage buttons or zippers. Her ability to pick up and grasp objects is significantly impaired. She finds it difficult to carry anything. She cannot perform any exercises with the right hand or arm and if she writes for more than 10 minutes the right arm trembles. She is hypersensitive about the thumb and forefinger and cannot bear to have them touched. The claimant held the first two fingers of her right hand immobile throughout the hearing. Her testimony and demeanor was consistent with a recent report from her physician (Exhibit 12F). It was also consistent with the weight of the recent medical evidence.

I find the claimant's residual functional capacity is sufficient for light work with no lifting or carrying more than 5 pounds with the right hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

Step Four:

Once I have determined the claimant's RFC, the next step in the sequential evaluation process is to determine whether the claimant retains the residual functional capacity to return to her past relevant work (20 CFR 404.1520(e), 416.920(e)). If the claimant is able to perform past relevant work, she cannot be found "disabled."

Rosalie A. Moos-Holling (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)

The vocational expert, Malcolm Brodzinsky, testified the claimant does not have any transferable work skills to work within her residual functional capacity. Based on the residual functional capacity given above, the expert testified the individual could not perform the claimant's past work or any work on a sustained basis.

The vocational consultant testified the claimant could certainly not perform any of her work if she couldn't at least occasionally use her right hand and it appears that she could not do that until after December 2003. In some areas of expertise it might be possible to be a lecturer despite the above RFC as the prior determinations had found. However the claimant testified that as a lecturer in microbiology and virology, she was expected to perform demonstrations such as preparation of tissue cultures and that she could not do this with her injured right hand. She said she would have to perform demonstrations repeatedly during a given lecture. She also testified that she ordinarily would prepare notes for lectures by keyboarding and that this would be a slow and laborious process now. The vocational consultant testified that the claimant's testimony appeared reasonable and he had no reason to disagree with it.

I also would point out that the claimant has a Master's degree which apparently was sufficient in 1984 for appointment at UC Berkeley but query whether that would still be the case currently.

<u>Step Five:</u>

Since the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medically determinable impairments, functional limitations, age, education and work experience. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

After December 2003 the claimant regained some use of her right hand and could be said to be able to perform a limited range of light work. By that time she was 55 years old and Rule 202.06 directs a finding of disabled if the claimant was unable to perform her usual work. From September 2002 through December 2003, although Rule 202.14 provides for the opposite result for an individual able to do light work, the claimant was only able to perform a very limited range of light work and vocational expert testimony indicated there was no competitive employment she could perform that exists in significant numbers.

The claimant's testimony was generally credible but not to the extent she alleged disability prior to the established onset date. The medical evidence does not support that allegation.

//

BA 0445

Page 6 of 7

Rosalie A. Moos-Holling (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)

## FINDINGS

After careful consideration of the entire record, and all the testimony provided to me at the hearing, I make the following findings:

1.  The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002

2.  The claimant met the disability insured status requirements of the Act on September 1, 2002, the established onset date, and continues to meet them through the date of this decision.

3.  The claimant has not engaged in substantial gainful activity since July 12, 2002.

4.  Prior to July 12, 2002 the claimant had no "severe" physical or mental told medically determinable impairment.

5.  The medical evidence establishes as of September 1, 2002 that the claimant had developed "severe" right reflex sympathetic dystrophy, brachial plexus neuritis (Parsonage-Turner Syndrome), and cervical radiculopathy.

6.  The claimant does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

7.  The claimant's testimony was generally credible but not to the extent she alleged disability prior to September 1, 2002.

8.  From September 1, 2002 on, the claimant had a residual functional capacity sufficient for light work with no lifting or carrying more than 5 pounds with the right dominant hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then, the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

9.  Since September 1, 2002, according to vocational expert testimony as discussed earlier, the claimant has been unable to perform her past relevant work.

10. The claimant is 56 years old, which is defined as advanced age (20 CFR § 404.1563).

11. The claimant has a college education (20 CFR § 404.1564).

Sheila Schod----k   JAN 12 2006

BA 0446

Rosalie A. Moos-Holling (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)                    Page 7 of 7

12.    The claimant does not have any acquired work skills that are transferable to the
       skilled or semi-skilled activities of other work within her residual functional
       capacity (20 CFR § 404.1568).

13.    Based on an exertional capacity for light work, the claimant's age, education, and
       work experience, section 404.1569 and Rule 202.06, Table No. 2, Appendix 2,
       Subpart P, Regulations No. 4 would direct a conclusion of disabled since January
       2004 when the claimant attained age 55. Prior to September 1, 2002, although
       Rule 202.14 would direct a finding of not disabled, the credible vocational expert
       testimony shows the claimant could not perform any jobs existing in significant
       numbers and therefore, the claimant is disabled.

14.    The claimant has been under a disability, as defined in the Social Security Act,
       since September 1, 2002, but not prior to that date (20 CFR § 404.1520(f)).

## DECISION

It is my decision, based on the application filed on August 15, 2003, that the claimant is entitled
to a period of disability commencing September 1, 2002 and to disability insurance benefits after
the statutory waiting period, under Sections 216(i) and 223 of the Social Security Act.

**Alan K. Goldhammer**
U. S. Administrative Law Judge

AUG

Date

BA 0447

#15

```
Option   :I Add Chg Del Inq End                         Seq:0233
Group    :BAY            BAYER CORPORATION         Eff   :01/01/1900
Partic.  :392462189      MOOS-HOLLING, ROSALIE, A  Term  :99/99/9999
Coverage :LTD LTD        BAYER LTD 70%             Report:01/10/2003
Prim. Provider: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  001 UNKNOWN AT THIS TIME    Sex   :F  Age: 57
Diagnosis  :357.0             ACUTE INFECTIVE POLYNEURITIS  Imed.Letter: ____
Incident type :S  SICKNESS        Dis.Date: 09/02/2002   Inc. No.:   0001
Claim status  :IN TERM-NOT DISABLED   Stat.Dte: 11/21/2005  EOB Remk: ____
Salary       :   64116.00  Remark: RG DOB 011349/BERKLEY NON-UNION
** Duration of benefits **  Occupation:  Covered Days:  S  M  T  W  T  F  S
Act: 999 Req: 999 Avg:9999    UNK UNKNOWN              Y  Y  Y  Y  Y  Y  Y
Div:    **To be Paid**  *Already Paid*   **Benefit summary***   **Last pay Info**
0353  Days    Amount    Days    Amount   Pay from: 03/01/2003   From :11/01/2005
Total:  819 102104.73   990 123423.30   Pay to  : 11/30/2005     To :11/30/2005
        130  22440.60     0      .00    Pay/Day :   124.6700   Amount:   3740.10
Override$:      .0000 WDy:___ Conx:  0  Pay-Offs:    54.6033   Supp. 0 EOB?: N
Fed Stat:S Fed Allow: 1 Tax St:CA Loc:    WkSt:CA State Stat:_ State Allow:__
 Tax  Description      Max Days  Starting     Thru    Status Code     Amount
 ODCA CA STATE DISABILITY    0  03/01/2003 - 12/31/2003   A    A      70.7777
 NDEN PRE-TAX DENTAL PREMI    0  01/01/2005 - 01/13/2014   A    T       5.6100
 NMED PRE-TAX MEDICAL PREM    0  01/01/2005 - 01/13/2014   A    T      49.0000
─────────────────IS ALL DATA CORRECT ?
NTER=Screen2, F1=Exit, F6=Status, F7=Expense, F9=Indemnity ↑↓=Ded Scroll
   F1      F2      F3      F4      F5      F6      F7      F8      F9      F10
```

BA 0448

```
DSCLM2                          01/18/06
sability Claim Screen 2
*************** S O C I A L   S E C U R I T Y ***************
tatus      : X APPROVED W/ASSIST    Monthly Individual Amt:        .00
evel       : A ADMIN LAW JUDGE              Family Amt:            .00
ward Date  :   /  /              Date of Entitlement  :   /  /
                                 Prior FICA Wages     :        .00
*************** O V E R P A Y M E N T   I N F O R M A T I O N ***************
riginal Date: 09/09/2003         Original Overpayment :   6369.99
ype         : A ADJUSTMENT       Recovered to Date    :   6369.99
                                 Overpayment Balance  :        .00

*************** M I S C E L L A N E O U S ***************
akeover/Tail: N Rev Stat: F PEND INV.  Lit: N Rmk:
ate Reviewed: 11/11/2005         Job Title : Q&A DOC SPECIALIST
ork Comp   : N       DOL:  /  /  Supervisor(claim date): SCAMAJ
/C Claim # :                     Department(claim date):
DCM/LTD #  :                     Examiner            : RGARDELL
DCM/STD #  :                     LTD Date : 03/01/2003 STD:  /  /
Onsite     :          Ref:  /  / Trns Date: 08/31/2003 RTW:  /  /
SIU        :          Ref:  /  / Peer Type: L3   Peer Date: 10/09/2005
Last Day Work: 09/01/2002 PriorClaim:
                    ---IS ALL DATA CORRECT ?
TER=Screen 3. F6=Peer History
F1      F2      F3      F4      F5      F6      F7      F8      F9      F10
```

BA 0449

DSCLM3-Coverage

| Reserve/Claim Value | PTD | Balance | Management | PTD | Balance |
|---|---|---|---|---|---|
| Indem$ | .00 | .00 | Indem$ | .00 | .00 | .00 |
| Expen$ | .00 | .00 | Expen$ | .00 | .00 | .00 |

Comments:


Current Medical Status:


TW Prognosis:

Action Plan:


—————IS ALL DATA CORRECT ? _

Up Enter for Screen 4

F1    F2    F3    F4    F5    F6    F7    F8    F9    F10

BA 0450

DSCLM4 —  BROADSPIRE — LIVE PRODUCTION        01/18/06
nagement End Date 11/30/2005

ent Tracking —
    Date      Code        Description
/25/2005     IME     INDEP MED EVAL
/09/2003     APPA    APPLICATION ACKNOWL
/20/2003     IND     INITIAL DECISION
/21/2003     DECA    DECISION ACKNOWL
/24/2004     LMEA    LMS/EA COMPLETED

:D Settlement Date   : __/__/____
:D Settlement Amount : _____.__

etter Number:        80 days   Sent:  / /

                    —IS ALL DATA CORRECT ? _

p Enter to continue
 F1      F2       F3       F4      F5      F6      F7     F8      F9      F10

BA 0451

```
                    ID:392462189 /

Date    Description
-----------------------------------------------------------------------
/20/2002 Log Type:GENERAL ENTRY entered by:
         **** User:JDELANE1(JOHN DELANEY) 12/20/2002 08:40 ****20021220JDEL
         CORE NOTES RECEIVED.
          SITE:  BERKELEY.
          DX:  SYNCOPE CERVICAL RADICULOPATHY/RIGHT ARM
             PARALYSIS.
          ***********************************************************
/20/2002 Log Type:GENERAL ENTRY entered by:
          Tracking Status:CLOSED Follow-up user:JDELANE1 on 01/13/2003
         **** User:JDELANE1(JOHN DELANEY) 12/20/2002 08:46 ****20021220JDEL
          PLEASE ISSUE BAYER LTD APPLICATION PACKAGE.   SEND
          VIA OVERNIGHT MAIL.   SEND REGULAR MED AUTH.
             FDA:  7/12/2002
             LTD:  1/10/2003
             DOB:  1/13/1949
             PHONE:  510-865-8243
          THANK YOU!
          ************************************************************
          HYACINTH - CORRECTION.
             FDA SHOULD BE:  9/2/2002
             LTD:  3/1/2003
             DOB:  1/13/1949
          THANKS AGAIN!
          ***********************************************************
          **** User:HELLIOTT(HYACINTH ELLIOTT) 12/23/2002 14:16 *
2/23/2002 Log Type:PHONE CALL entered by:
          **** User:JDELANE1(JOHN DELANEY) 12/23/2002 11:39 ****20021223JDEL
          P/C FROM SITE - STATES STD/LTD DATES ARE INCORRECT.
           CLMT FIRST DATE OUT WAS 7/12/02.  THIS WAS FOR
           WORK RELATED STRESS.  NO DBL PAID.  CLMT FILED W/C
           AND WAS DENIED ON 10/11/02.
          CLMT NEVER RETURNED TO WORK.
          CLMT THEN REPORTED ON 9/2/02 THAT SHE HAD BEEN
          HOSPITALIZED DUE TO STROKE AND RIGHT SIDED SIDED
          PARALYSIS.   CORE PICKED UP FROM THERE.
           CLMT HAS SINCE OBTAINED AN ATTORNEY AND THEY ARE
          APPEALING THE W/C DECISION - ALSO, NOW STATING W/C
          ADD'L DX OF CERVICAL ISSUES.
          ************************************************************
01/09/2003 Log Type:DISABILITY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 01/09/2003 15:57 ****   20030109MWEL
          RCVD NEW LTD APP. APP/MED AUTH/RMBRSMNT AGRMNT/SSA RLS/
          W4.
          ************************************************************
          FDA: 090202
          LTD: 030103
          TRANS: 083103
          SITE: BERKLEY NON-UNION
          ************************************************************
          DX: 5TH AND 6TH CRANIAL NERVES HAVE DAMAGE - LIMITED
```

BA 0452

e: 01/18/06                       C H R O N O L O G

Date    Description
---------------------------------------------------------------------

        MOBILITY
        ********************************************************
        TREATING PROVIDERS:
        DR. FISCILLA (GP)
        PH: 510-843-0692 FX: 510-843-2230
        DR. FRIEDBERG (NEUROLOGY)
        PH: 510-644-2282 FX: 510-644-1744
        ********************************************************
        CLMT PH NO.: 510-865-8243
        DOB: 011349
        AGE: 53
        POSITION: UNKN
        ********************************************************
        DECISION DUE NLT 022103, 45 DAYS
        ********************************************************
        PC TO CLMT TO EXPLAIN PROCESS. LEFT VM. SNT ACKNWLDGMNT
        LTR TO CLMT W/NOTE TO CONTACT ME.  EMAIL TO SITE ADVSD
        LTD APP RCVD.
        ********************************************************
./10/2003 Disab:200301100233 ICD9:ACUTE INFECTIVE POLYNEURITIS
          Pay:102104.73 From:03/01/2003-11/30/2005
L/10/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 01/23/2003
          **** User:MWELLS(MARY WELLS) 01/10/2003 09:24 *****    20030110MWEL
          FAXED RQSTS FOR MEDS TO DR. FISCILLA AND DR. FRIEDMAN.
          D: 012303
1/13/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                                200301130375
          RECEIVED CORRESPONDENCE                                200301130376
 1/13/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                                200301130375
          CONFIRMATION OF FAX RQST FOR MEDS FROM DR. FRIEDMAN    20030113MWEL
          RECEIVED CORRESPONDENCE                                200301130376
          CONFIRMATION OF FAX RQST FOR MEDS FROM DR. FISCILLA
)1/13/2003 Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 01/13/2003 16:22 *****    20030113MWEL
          RCVD VM FROM CLMT. RTRND CALL LEFT VM.
)1/14/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                                200301140651
)1/14/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                                200301140651
          CORE NOTES                                             20030114MWEL
)1/17/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                                200301170799
)1/17/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                                200301170799
          CORE NOTES                                             20030117MWEL
)1/20/2003 Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 01/20/2003 12:02 *****    20030120MWEL
          RCVD PC FROM CLMT. EXPLAINED LTD PROCESS. CLMT WILL
          WORK WITH HER PHYSICIANS TO GET MEDS SENT TO MY ATTN.
)1/28/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 02/04/2003
          **** User:MWELLS(MARY WELLS) 01/28/2003 09:20 *****    20030128MWEL

BA 0453

.e: 01/18/06       C H R O N O L O G

Date     Description
----------------------------------------------------------------
           Tracking Status:CLOSED Follow-up user:MWELLS on 02/14/2003
           **** User:MWELLS(MARY WELLS) 01/28/2003 09:25 *****   20030128MWEL
           SENT 10 DAY LETTER TO CLMT. D: 020703
/29/2003 Log Type:PHONE CALL entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 01/29/2003 13:17 *****   20030129MWEL
           RCVD PC FROM DIANE AT DR. FRIEDBERG'S OFFICE. OFFICE
           CHARGES FOR COMPLETION OF FORMS AND COPIES. IN ADDITION
           DR. WILL NOT COMPLETE FORMS WITHOUT THE CLMT BEING
           PRESENT. ADVSD WE DO NOT PAY COPY FEES AND THEY CAN
           SEND IN RECORDS IN LIEU OF COMPLETING THE AP/EFCE.
./30/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
           RECEIVED CORRESPONDENCE                            200301300694
           RECEIVED CORRESPONDENCE                            200301300695
L/30/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
           RECEIVED CORRESPONDENCE                            200301300694
           CONFIRMATION OF FAX REQUEST FOR MEDS FROM DR. FRIEDBERG20030130MWEL
           RECEIVED CORRESPONDENCE                            200301300695
           CONFIRMATION OF FAX REQUEST FOR MEDS FROM DR. FISCILLA
2/05/2003 Log Type:PHONE CALL entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 02/05/2003 14:26 *****   20030205MWEL
           RCVD VM FROM CLMT. CLMT RCVD 10 DAY LTR AND HAD ?'S.
           RETURNED CALL LEFT VM.
2/20/2003 Log Type:DISABILITY entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 02/20/2003 16:11 *****   20030220MWEL
           * * * * *RECOMMENDATION FOR CLAIM DISPOSITION* * * * *
           CLMT IS A 54 YOF. DX: C5 RADICULITIS/PARALYSIS R. ARM.
           POSITION: QA PRODUCT DOC & RELEASE ADMIN. THE MEDS THAT
           HAVE BEEN RECEIVED FROM THE CLMT'S PHYSICIAN HAVE BEEN
           PEERED. THE RECORDS DO NOT SUPPORT THAT THE CLMT CANNOT
           PERFORM THE ESSENTIAL CORE FUNCTIONS OF HER JOB. THE
           CLMT'S JOB IS LIGHT IN NATURE AND THE MEDS REFLECT THAT
           HER CONDITION IS IMPROVING AND SHE CAN PERFORM IN A
           LIGHT CAPACITY. RECOMMEND DENIAL OF LTD.
           **************************************************
02/21/2003 Log Type:DISABILITY entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 02/21/2003 09:49 *****   20030221MWEL
           REVIEWED FILE WITH AMBER. AMBER AGREES WITH DECISION TO
           DENY BENEFITS.
02/21/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 02/21/2003 10:16 *****   20030221MWEL
           SENT DENIAL LETTER TO CLMT. SENT EMAIL TO SITE ADVSD
           LTD DENIED.
02/25/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
           RECEIVED CORRESPONDENCE                            200302250924
           RECEIVED CORRESPONDENCE                            200302250925
           RECEIVED CORRESPONDENCE                            200302250888
           RECEIVED CORRESPONDENCE                            200302250861
           RECEIVED CORRESPONDENCE                            200302250871
           RECEIVED CORRESPONDENCE                            200302250872
02/25/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
           RECEIVED CORRESPONDENCE                            200302250888
           PEER REVIEW REPORT                                20030225MWEL
           RECEIVED CORRESPONDENCE                            200302250924
           ACKNOWLEDGMENT LETTER            BA 0454           200302250925

te: 01/18/06                         C H R O N O L O G

Date    Description
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

         RECOMMENDATION FOR CLAIM DISPOSITION
         RECEIVED CORRESPONDENCE
         PEER REVIEW W/ATTACHMENTS
         RECEIVED CORRESPONDENCE
         LTD DENIAL LETTER TO CLMT
3/04/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
         RECEIVED CORRESPONDENCE                          200303041120
3/04/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         RECEIVED CORRESPONDENCE                          200303041120
         MEDS FROM DR. FRIEDBERG                          20030303MWEL
3/05/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
         RECEIVED CORRESPONDENCE                          200303050506
3/05/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         RECEIVED CORRESPONDENCE                          200303050506
         CORE NOTES
3/29/2003 Log Type:DISABILITY entered by: TARA MORRIS
         **** User:TMORRIS1(TARA MORRIS) 03/29/2003 11:06 *****20030329TMOR
         RECEIVED APPEAL ON 3/24/03 VIA FAX WITH MEDS INCLUDED
         ************************************************
4/01/2003 Log Type:DISABILITY entered by:
         **** User:LIZAGUIR(LISA IZAGUIRRE) 04/01/2003 11:40 **20030401LIZA
         FINAL LEVEL APPEAL RECEIVED TODAY. WILL PRINT CASE FILE
         REVIEW AND CONTACT EE TODAY. OUTSIDE BRIEF DUE 04/12/03
04/01/2003 Log Type:PHONE CALL entered by:
         **** User:LIZAGUIR(LISA IZAGUIRRE) 04/01/2003 12:11 **20030401LIZA
         CALLED EE AT 510 865-8243 AND LEFT A MESSAGE WITH
         APPEAL COORDINATOR NAME PHONE AND EXTENSION. REQUESTED
         A CALL BACK SO THAT APPEAL PROCESS CAN PROCEED. L.I.
         2725 APPEAL COORDINATOR.
         **** User:LIZAGUIR(LISA IZAGUIRRE) 04/01/2003 15:18 ***
         CALL FROM EE WHO REPORTED THAT SHE WILL FAX TO APPEAL
         COORDINATOR A 03/10/03 TREATMENT NOTE FROM 03/10/03. EE
         WAS INFORMED THAT THIS A FINAL LEVEL APPEAL FOR BAYER
         . WENT OVER THE LTD PLAN DEFINITION FOR BAYER, AND THAT
         HER APPEAL LETTER WAS RECEIVED. INFORMED THAT NO
         ADDITIONAL EVIDENCE WAS RECEIVED WITH THE APPEAL LETTER
         EE REPORTED THAT A 03/10/03 LETTER FROM DR. FRIEDBERG
         WAS SENT TO BAYER. INFORMED EE THAT IT WAS NOT INCLUDED
         WITH HER APPEAL LETTER DATED 03/17/03. SHE AGREED TO
         FAX IT ALONG WITH ANY ADDITIONAL INFORMATION TO APPEAL
         COORDINATOR BY 04/02/03. REQUESTED THAT SHE CALL APPEAL
         COORDINATOR ONCE IT IS FAXED TO ASSURE THAT IT IS RE-
         CEIVED. EE REPORTS THAT HER PROBLEM IS THAT SHE CANNOT
         WRITE. EXPLAINED THAT WE NEED MEDICAL EVIDENCE TO
         DOCUMENT AN INABILITY TO WRITE SUCH AS ABNORMAL
         DIAGNOSTIC TESTING, ABNORMAL PHYSICAL EXAMINATION
         FINDINGS ETC. EE HAD NO QUESTIONS AND TOOK DOWN THE
         FAX NUMBER FOR APPEALS 954 452-4133. WENT OVER THE
         APPEAL PROCESS FOR BAYER. EE HAD NO QUESTIONS.
04/24/2003 Log Type:GENERAL ENTRY entered by: STACI YOUNG
         **** User:SYOUNG2(STACI YOUNG) 04/24/2003 10:55 ***** 20030424SYOU
         REVIEW OF APPEAL FILE HAS BEEN COMPLETED.  DR. V.
         COHAN REVIEWED FILE AND INDICATES THAT THE DOCUMENTATIO
         SUPPORTS A FUNCTIONAL IMPAIRMENT. EE IS UNABLE TO

BA 0455

Date      Description
-------------------------------------------------------------------------

          COPY OF REINSTATEMENT NOTIFICATION SENT TO BAYER
          E-MAIL SENT TO MARY WELLS AND AMBER LEWIS
          ADVISING OF REINSTATEMENT AND NEED TO RE-OPEN
          CLAIM
          ALL DOCUMENTATION HAS BEEN SENT FOR SCANNING.
          APPEAL CASE CLOSED**********************************
/25/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                        200304250246
./25/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                        200304250246
          REINSTATEMENT LETTER TO CLMT                   20030425MWEL
5/06/2003 Log Type:ACTION SUMMARY/PLAN entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 09/01/2003
          **** User:MWELLS(MARY WELLS) 05/06/2003 10:21 *****   20030506MWEL
          MW/COMPLETED CLAIM REVIEW. CLAIM REINSTATED ON APPEAL.
          CLMT HAS AN ANTICIPATED RTW DATE IN JUNE.
          1. MEDS: CURRENT MEDS PROVIDED WITH APPEAL
          2. VOC: N/A
          3. SSDI: NEW
          4. TRANS: 083103, DECISION DUE NLT 063003
          5. OTHER: SENT UPDATE TO CLMT. D: 060603
          6. UPON RCPT OF PUF RQST MEDS FROM ALL PHYS.
          7. UPON RCPT/RVW OF MEDS DETERMINE CLAIM DIRECTION
          8. UPDATE LUMINIX SCREEN 1 CLAIM STATUS TO "AR", UPDATE
             LUMINIX SCREEN 2 REVIEW STATUS CODE TO "A" AND ENTER
             REVIEW DATE.
          **************************************************
05/06/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 05/06/2003 09:14 *****   20030506MWEL
          CLAIM REINSTATEDD ON APPEAL. REQUESTED OFFCYCLE CK
          FOR THE PERIOD OF 030103-043003.
05/06/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 06/06/2003
          **** User:MWELLS(MARY WELLS) 05/06/2003 10:23 *****   20030506MWEL
          SENT ANNUAL UPDATE TO CLMT. D: 060603
05/06/2003 Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 05/06/2003 15:21 *****   20030506MWEL
          PC TO CLMT. ADVSD BENEFITS REINSTATED AND OFFCYCLE CK
          REQUESTED.
05/12/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                        200305120304
          RECEIVED CORRESPONDENCE                        200305120312
05/12/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                        200305120304
          ANNUAL UPDATE LETTER TO CLMT                   20030512MWEL
          RECEIVED CORRESPONDENCE                        200305120312
          OFFCYCLE CHECK REQUEST
 5/20/2003 Log Type:SOCIAL SECURITY entered by:
          **** User:JWRIGHT2(JULIE WRIGHT) 05/20/2003 15:02 *****
          JULIE/ALLSUP--REVIEWED CLAIM AND ACCEPTED FOR ALLSUP TO
          PURSUE SSDI REPRESENTATION. (JKW)
          **************************************************
 5/28/2003 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ    BA 0456
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 05/28/2003 09:38 *

e: 01/18/06

Date      Description
-------------------------------------------------------------------------------
05/2003  Log Type:PHONE CALL entered by: MARY WELLS
         Tracking Status:CLOSED Follow-up user:MWELLS on 06/06/2003
         **** User:MWELLS(MARY WELLS) 06/05/2003 14:32 *****    20030605MWEL
         PC TO CLMT TO DISCUSS CA DISABILITY. LEFT VM. D: 060603
         FOR RETURN CALL

/09/2003  Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                             200306090942

/09/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                             200306090942
          RESOURCE QUESTIONNAIRE                              20030609MWEL

/18/2003  Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                             200306180755

/18/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                             200306180755
          ALLSUP LETTER                                       20030618MWEL

/20/2003  Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 06/20/2003 10:34 *
          BEATRIZ/ALLSUP--ALLSUP HAS RECEIVED SIGNED SSA-1696-
          CASE WILL BE FORWARD TO CLAIM REPRESENTATIVE TO PROCEED
          WITH THE INITIAL INTERVIEW (BM)
          ********************************

6/20/2003  Log Type:WRTBD entered by: MARY WELLS
           **** User:MWELLS(MARY WELLS) 06/20/2003 15:47 *****    20030620MWEL

6/24/2003  Log Type:PHONE CALL entered by: MARY WELLS
           Tracking Status:CLOSED Follow-up user:MWELLS on 07/03/2003
           **** User:MWELLS(MARY WELLS) 06/24/2003 12:11 *****    20030624MWEL
           RCVD PC FROM CLMT. CLMT HAD QUESTIONS ABOUT JUNE CHECK.
           ADVSD CLMT BENEFITS OFFSET FOR CA DISABILITY BEGINING
           IN JUNE. ADVSD CLMT I LEFT HER A VM ON 060503 TO EXPLN
           OFFSET BUT SHE DID NOT RETURN MY CALL. ADVSD CLMT THAT
           SHE OWES CA DISABILITY FOR MARCH/APRIL/MAY. CLMT WILL
           CALL ME WITH DATE SHE FILED FOR CA DISABILITY SO WE CAN
           CALCULATE O/P. D: 070103 FOR RTRN CALL

07/10/2003  Log Type:PHONE CALL entered by: MARY WELLS
            Tracking Status:CLOSED Follow-up user:MWELLS on 07/18/2003
            **** User:MWELLS(MARY WELLS) 07/10/2003 16:23 *****    20030710MWEL
            PC TO CLMT TO F/UP ON CA DISABILITY DATES. LEFT VM FOR
            CLMT TO RETURN MY CALL. D: 071703 FOR RETURN CALL.

07/25/2003  Log Type:PHONE CALL entered by: MARY WELLS
            Tracking Status:CLOSED Follow-up user:MWELLS on 08/04/2003
            **** User:MWELLS(MARY WELLS) 07/25/2003 15:03 *****    20030725MWEL
            RCVD VM FROM CLMT. PER VM CA DISABILITY STOPPED ON
            071903. WILL REVIEW FILE AND CALCULATE O/P.

08/11/2003  Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
            **** User:BMARTIN1(BEATRIZ MARTINEZ) 08/11/2003 13:58 *
            BEATRIZ/ALLSUP--INITIAL SSDI FORM MAILED TO SSA ON
            8/8/03.(BM)                                         BA 0457
            ********************************

08/11/2003  Log Type:PHONE CALL entered by: MARY WELLS
            Tracking Status:CLOSED Follow-up user:MWELLS on 08/13/2003
            **** User:MWELLS(MARY WELLS) 08/11/2003 11:13 *****    20030811MWEL
            PC TO NANCY CARR TO DETERMINE IF CA STATE DISABILITY
            HAS BEEN W/H FROM THE CLMT'S STD BENEFITS. NANCY IS
            OUT OF THE OFFICE UNTIL 081203. D: 081303 TO F/UP WITH

te: 01/18/06          C H R O N O L O G          Page:    7

```
 Date    Description
-----------------------------------------------------------------------
         RCVD MESSAGE FROM J.DELANEY THAT BRIANNA FROM BAYER
         CALLED RE: CLAIM. RETURNED BRIANNA'S CALL LEFT VM.
         **** User:MWELLS(MARY WELLS) 08/13/2003 16:17 *****
         RCVD RETURN CALL FROM BRIANNA AT BAYER. HAD QUESTIONS
         ABOUT REINSTATEMENT DATE.
8/14/2003 Log Type:PHONE CALL entered by: MARY WELLS
         Tracking Status:CLOSED Follow-up user:MWELLS on 08/21/2003
         **** User:MWELLS(MARY WELLS) 08/14/2003 15:29 *****   20030814MWEL
         PC TO NANCY CARR TO F/UP ON CA STATE DISABILITY ISSUE.
         NANCY REFERRED ME TO KATHY TESDALL. SENT EMAIL TO KATHY
         TO DETERMINE IF STATE BENEFITS WERE OFFSET DURING STD.
         D: 082103 FOR A RESPONSE.
8/21/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         Tracking Status:CLOSED Follow-up user:MWELLS on 08/28/2003
         **** User:MWELLS(MARY WELLS) 08/21/2003 15:26 *****   20030821MWEL
         TO DATE, I HAVE NOT RECEIVED A RESPONSE FROM KATHY
         TESDALL RE: CA DISABILITY. SENT F/UP EMAIL. D: 082803
8/22/2003 Log Type:PHONE CALL entered by: MARY WELLS
         **** User:MWELLS(MARY WELLS) 08/22/2003 11:37 *****   20030822MWEL
         RCVD VM FROM CLMT. RETURNED CALL. CLMT ADVSD SHE HAS
         NOT RCVD A CHECK SINCE JUNE. RVWD PEOPLESOFT AND RECS
         INDICATE SHE RCVD HER JULY BENEFITS. CLMT CHECKED HER
         CHECK REGISTER AND BELIEVES SHE LOCATED THAT DEPOSIT.
         ADVSD CLMT THAT AUGUST CHECK WENT OUT ON 082103. IN
         ADDITION, I ADVSD CLMT THAT I AM STILL WORKING ON
         DETERMINING HER CA DISABILITY O/P. ADVSD CLMT I WILL
         CALL HER ONCE O/P IS CALCULATED.
08/26/2003 Log Type:PHONE CALL entered by: MARY WELLS
         Tracking Status:CLOSED Follow-up user:MWELLS on 09/05/2003
         **** User:MWELLS(MARY WELLS) 08/26/2003 12:19 *****   20030826MWEL
         RCVD EMAIL FROM K.TESDALL @ BAYER RQSTNG CLARIFICATION
         OF DATES IN QUESTION FOR CA STATE DISABILITY. SENT
         EMAIL TO K.TESDALL OUTLINING DATES. D: 090503 FOR RSPNS
09/08/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         **** User:MWELLS(MARY WELLS) 09/08/2003 16:11 *****   20030908MWEL
         SENT EMAIL TO KATHY TESDALL AT BAYER TO DETERMINE IF
         THEY HAVE ANY INFORMATION REGARDING A POTENTIAL RTW
         FOR THE CLMT.
09/09/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         **** User:MWELLS(MARY WELLS) 09/09/2003 11:37 *****   20030909MWEL
         RCVD EMAIL FROM KATHY TESDALL @ BAYER. CA DISABILITY
         WAS OFFSET FROM THE CLMT'S STD FOR THER PERIOD OF
         090202-022803.
09/09/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
         **** User:MWELLS(MARY WELLS) 09/09/2003 11:39 *****   20030909MWEL
         RVW OF THE CLAIM INDICATES THAT THE CLMT HAS AN OP OF
         $6,369.99 FOR CA DISABILITY FOR THE PERIOD OF 030103-
         053103. I WILL CALL CLMT TO DISCUSS O/P.
09/09/2003 Log Type:PHONE CALL entered by: MARY WELLS
         **** User:MWELLS(MARY WELLS) 09/09/2003 11:40 *****   20030909MWEL
         PC TO CLMT TO DISCUSS O/P. LEFT VM FOR CLMT TO RETURN
         MY CALL.
         **** User:MWELLS(MARY WELLS) 09/09/2003 13:25 *****
         RCVD RETURN CALL FROM CLMT. EXPLAINED O/P TO CLMT. CLMT
```

BA 0458

Date      Description
--------------------------------------------------------------------------------
          SO SHE CAN FORWARD HER CHECK.
9/17/2003  Log Type:ACTION SUMMARY/PLAN entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 12/17/2003
          **** User:MWELLS(MARY WELLS) 09/17/2003 10:23 *****   20030917MWEL
          MW/COMPLETED REVIEW OF CLM. CLMT IS A 54 YOF. DX: NERVE
          DAMAGE TO RIGHT HAND. POSITION: Q&A RELEASE DOCUMENT
          SPECIALIST. CLM WAS PREVIOUSLY DENIED & WAS REINSTATED
          ON APPEAL. CLMT HAD A POSSIBLE RTW IN JUNE HOWEVER
          SITE COULD NOT ACCOMMODATE.
          1. MEDS: UPDATED MEDS REQUESTED. (091703)
          2. VOC: TO BE DETERMINED
          3. SSDI: PENDING WITH ASSISTANCE
          4. TRANS: PENDING, ROR SENT THIS DATE
          5. OTHER: UPDATED MEDS RQSTD, UPON RCPT WILL DETERMINE
             CLAIM DIRECTION. VOC REHAB MAY BE NEEDED DUE TO
             CLMTS INABILITY TO USE RIGHT HAND.
          6. PEER: 041703
          7. UPDATED LUMINIX SCREEN 2 REVIEW DATE, UPDTD LUMINIX
             SCREEN 4
          ***************************************************
9/17/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 10/17/2003
          **** User:MWELLS(MARY WELLS) 09/17/2003 10:36 *****   20030917MWEL
          SENT CA DISABILITY OVERPAYMENT TO CLMT. D: 101703 FOR
          RCPT OF CHECK
9/17/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 09/17/2003 10:37 *****   20030917MWEL
          SENT ROR LETTER TO CLMT.
9/19/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 10/01/2003
          **** User:MWELLS(MARY WELLS) 09/19/2003 15:07 *****   20030919MWEL
          FAXED REQUEST FOR MEDS FROM DR. FRIEDBERG. D: 100103
9/22/2003  Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                          200309221009
          RECEIVED CORRESPONDENCE                          200309221010
          RECEIVED CORRESPONDENCE                          200309220991
9/22/2003  Log Type:GENERAL ENTRY entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                          200309220991
          CONFIRMATION OF FAX REQUEST FOR MEDS FROM DR. FRIEDBER20030922MWEL
          RECEIVED CORRESPONDENCE                          200309221009
          ROR LETTER TO CLMT                               200309221010
          RECEIVED CORRESPONDENCE
          CALIFORNIA STATE DISABILITY OVERPAYMENT LETTER
9/25/2003  Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 09/25/2003 16:04 *****   20030925MWEL
          RCVD PC FROM CLMT. CLMT REQUESTED WE OFFSET $1000 PER
          MONTH UNTIL O/P IS REPAID. PLACED OFFSET. O/P WILL BE
          REPAID BY 013104. ADVSD CLMT IS CLAIM TERMINATES PRIOR
          TO 013104 SHE WILL BE RESPONSIBLE FOR REMAINING BALANCE
10/01/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 10/01/2003 13:39 *****   20031001MWEL
          RCVD MEDS FROM DR. FRIEDBERG.
10/15/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 10/22/2003

BA 0459

e: 01/18/06                    C H R O N O L O G

Date     Description
------------------------------------------------------------

'/15/2003 Log Type:WRTBD entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 01/02/2004
          **** User:MWELLS(MARY WELLS) 10/15/2003 14:22 *****   20031015MWEL
          VERIFY O/P BALANCE AND ADJUST OFFSET. D: 010204

/16/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                              200310160521
          RECEIVED CORRESPONDENCE                              200310160547

/16/2003 Log Type:ACTION SUMMARY/PLAN entered by: MARY WELLS
          RECEIVED CORRESPONDENCE                              200310160521
          PEER REVIEW WITH ATTACHMENTS                         20030318MWEL
          RECEIVED CORRESPONDENCE                              200310160547
          MEDS FROM DR. FRIEDBERG

/20/2003 Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 10/20/2003 13:50 *****   20031020MWEL
          PC TO CLMT TO OFFER SURVEY. LEFT VM

/21/2003 Log Type:CLAIM NOTES entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 10/21/2003 15:21 *****   20031021MWEL
          OFFERED-ACCEPTED

0/21/2003 Log Type:PHONE CALL entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 10/21/2003 15:21 *****   20031021MWEL
          RCVD RETURN CALL FROM CLMT. OFFERED SURVEY.

0/29/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:MWELLS on 11/05/2003
          **** User:MWELLS(MARY WELLS) 10/29/2003 11:20 *****   20031029MWEL
          RCVD COMP PEER REVIEW. PER PEER, CURRENT MEDS DO NOT
          SUPPORT TDOO OR TDAO. HOWEVER, DISCUSSED CLAIM WITH
          AMBER AND AN FCE WILL BE REQUESTED PRIOR TO TERMINATING
          CLAIM. SENT EMAIL TO DEB ROULEAU RQSTNG APPROVAL FOR
          FCE.

1/04/2003 Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
          RECEIVED CORRESPONDENCE                              200311040517

1/04/2003 Log Type:GENERAL ENTRY entered by:
          **** User:JDELANE1(JOHN DELANEY) 11/20/2003 11:17 ****20031028JDEL
          SIGNED GENERAL PEER REVIEW/NEURO/10-23-03
          *************************************************

1/04/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 11/04/2003 16:19 *****   20031104MWEL
          RCVD EMAIL FROM DEB ROULEAU. FCE APPROVED. WILL
          SCHEDULE FCE WITH VERNOVA.

11/06/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:JDELANE1 on 11/10/2003
          **** User:MWELLS(MARY WELLS) 11/06/2003 15:10 *****   20031106MWEL
          VERNOVA ON LINE REFERRAL FORM HAS BEEN COMPLETED.
          VERNOVA WILL CONTACT EXAMINER WITHIN 48 HOURS TO
          SCHEDULE FCE.

1/06/2003 Log Type:GENERAL ENTRY entered by: MARY WELLS
          **** User:MWELLS(MARY WELLS) 11/06/2003 15:14 *****   20031106MWEL
          SENT EMAIL TO KATHY TESDALL AND REQUESTED A COPY OF THE
          CLMT'S OCC DEMANDS. SETTING DIARY FOR EXAMINER TO FAX
          OCC. DEMANDS TO VERNOVA FOR USE WITH THE FCE.

1/06/2003 Log Type:WRTBD entered by: MARY WELLS
          Tracking Status:CLOSED Follow-up user:JDELANE1 on 11/10/2003
          **** User:MWELLS(MARY WELLS) 11/06/2003 15:15 *****   20031106MWEL
          F/UP FOR RCPT OF OCC DEMANDS FROM KATHY TESDALL. UPON

  Date    Description
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
            P/C FROM KATHY TESDALL.  THEY ONLY HAVE A JOB ANALYSIS
            FORM FOR THE CLMTS POSITION PRIOR TO HER GOING OUT ON
            LTD.  THE PRIOR OCC DEMANDS IS NOT CURRENT.
            ***********************************************
1/13/2003  Log Type:GENERAL ENTRY entered by: HYACINTH ELLIOTT
            RECEIVED CORRESPONDENCE                        200311130614
1/13/2003  Log Type:GENERAL ENTRY entered by:
            **** User:JDELANE1(JOHN DELANEY) 11/20/2003 12:08 *****
            JOB ANALYSIS
            E-MAIL NOTING FCE SCHEDULED FOR 11/18/03.
            ***********************************************
2/09/2003  Log Type:GENERAL ENTRY entered by:
            **** User:JDELANE1(JOHN DELANEY) 12/09/2003 11:15 ****20031209JDEL
            FCE HAS BEEN RESCHEDULED TO 12/22/03.
            ***********************************************
2/11/2003  Log Type:GENERAL ENTRY entered by: JULIE SHIEKMAN
            JMS/FCE REPORT:UNABLE TO PERFORM DUE TO HTN.    200312110288
2/11/2003  Log Type:GENERAL ENTRY entered by: KAMINI UDAIRAJ
            RECEIVED CORRESPONDENCE                        200312110288
2/12/2003  Log Type: entered by:
                AP INTERFACE: Vendor  03431-0001               034310001000
                    Vendor Name: VERNOVA, INC.                 034310001000
                    Vchr: 000802 Date: 12/12/03 Amt:     610.00 034310001000
                AP INTERFACE: Vchr: 000802 Check Nbr: 002574    034310001000
                    Check Date: 01/21/04  Paid Amt:    2440.00 034310001000
01/12/2004 Log Type:DISABILITY entered by: JULIE SHIEKMAN
            **** User:JSHIEKMA(JULIE SHIEKMAN) 01/12/2004 19:34 ***
            JMS/RCVD VERNOVA INVC OTR000296 $610.FORWARDED TO ADMIN
            W/OK TO PAY.REPORT SENT TO SCANNING
            ***********************************************
01/13/2004 Log Type:DISABILITY entered by: CATHY COCHRAN
            **** User:CCOCHRA1(CATHY COCHRAN) 01/15/2004 15:40 ****
            1/8/04 FCE REPORT
            ***********************************************
01/13/2004 Log Type:GENERAL ENTRY entered by: TERRY WORSHIP
            RECEIVED CORRESPONDENCE                        200401131147
01/26/2004 Log Type:DISABILITY entered by: JULIE SHIEKMAN
            **** User:JSHIEKMA(JULIE SHIEKMAN) 01/26/2004 16:43 ***
            JMS/SYSTEM NOTIFICATION RCD/OVP PAID IN FULL
            ***********************************************
            JMS/WILL CLOSE OVP OFFSET
            ***********************************************
01/26/2004 Log Type:GENERAL ENTRY entered by: JULIE SHIEKMAN
            JMS/CHK REQ FOR CLM EXPNSES FOR FCE            200401260606
01/26/2004 Log Type:GENERAL ENTRY entered by: KAMINI UDAIRAJ
            RECEIVED CORRESPONDENCE                        200401260606
02/04/2004 Log Type:GENERAL ENTRY entered by: BRIAN MAIER
            RECEIVED CORRESPONDENCE                        200402040860
02/04/2004 Log Type:GENERAL ENTRY entered by: MARY SCHULTZ
            RECEIVED CORRESPONDENCE                        200402040860
            Call Tracking.                                20040202MSCH
02/16/2004 Log Type:DISABILITY entered by: JULIE SHIEKMAN
            Tracking Status:CLOSED Follow-up user:RGARDELL on 03/23/2004
            **** User:JSHIEKMA(JULIE SHIEKMAN) 02/16/2004 14:20 **20040216JSHI

BA 0461

te: 01/18/06                    C H R O N O L O G

```
Date   Description
----------------------------------------------------------------
          *************************************************
          *************************************************
          **** User:JSHIEKMA(JULIE SHIEKMAN) 02/19/2004 13:06 **
          JMS/CE IN TRAINING RESETTING DIARY FOR 3/23/04
          *************************************************
3/16/2004 Log Type: entered by: ELAINE YEN
              AP INTERFACE: Vendor  03431-0001              034310001000
                  Vendor Name: VERNOVA, INC.                034310001000
                  Vchr: 000850 Date: 03/16/04 Amt:   610.00 034310001000
              AP INTERFACE: Vchr: 000850 Check Nbr: 002607  034310001000
                  Check Date: 03/19/04  Paid Amt:   1220.00 034310001000
3/31/2004 Log Type:GENERAL ENTRY entered by: JULIE SHIEKMAN
          JMS/FCM LMS REFERRAL                              200403311431
3/31/2004 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 05/03/2004
          **** User:RGARDELL(ROY GARDELL) 03/31/2004 10:37 ****20040331RGAR
          REVW OF FCE REVEALS DIFFICULTY IN FINE MOTER SKILLS FOR
          GRASPING WITH (R) HAND FINGERS. PEER RESULTS IN NO
          SUPPORT FOR TDAO. TO BETTER DETERMINE APPROPRIATE
          DIRECTION CE SET UP TSA/LMS WITH FCM IDM.
          F/U 5/3/04 FOR RESULTS AND DETERMINATION OF TERM OR
          APPROVAL FOR FURTHER BEENFITS
          *************************************************
03/31/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                           200403311431
04/02/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE                           200404020761
          NOTE TSA ASSIGNED                                 20040402RGAR
          *************************************************
04/02/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                           200404020761
04/16/2004 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 04/16/2004 10:44 *
          BEATRIZ/ALLSUP--ALLSUP RECEIVED NOTIFICATION FROM SSA
          THAT THE INITIAL LEVEL HAS BEEN DENIED ON 4/15/04
          ALLSUP WILL APPEAL TO THE RECONSIDERATION LEVEL (BM)
          *****************************
05/10/2004 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 05/10/2004
          **** User:RGARDELL(ROY GARDELL) 05/10/2004 15:42 *****20040510RGAR
          REVW SHOWS NO RESPONSE FROM FCM IDM TO TSA/LMS
          RESPONSE AFTER NOTICE OF ASSIGNMENT.                BA 0462
          NOTE TO FCM FOR STATUS.
          F/U 5/10/04 FOR EA RESULTS
          *************************************************
05/11/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE                           200405110284
          REQST TO FCM FOR STATUS OF EA                     20040511RGAR
          *************************************************
05/11/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                           200405110284
05/18/2004 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 05/13/2004
          **** User:RGARDELL(ROY GARDELL) 05/18/2004 17:36 *****20040518RGAR
```

e: 01/18/06                    C H R O N O L O G

Date     Description
-------------------------------------------------------------------
19/2004  Log Type:CASE MGMT entered by: ROY GARDELL
         Tracking Status:CLOSED Follow-up user:RGARDELL on 06/18/2004
         **** User:RGARDELL(ROY GARDELL) 05/19/2004 16:11 *****20040519RGAR
         FCM RESPONDED THAT THE EA WAS COMPLETED AND LMS WILL
         NOW BE COMPLETED.
         F/U 6/18/04
         *************************************************

/19/2004  Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - REQST FOR STATUS OF EA.    200405190408
          *************************************************20040519RGAR

/19/2004  Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                              200405190408

/20/2004  Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - STATUS OF EA. TSA COMPLETE, 200405200296
          LMS WILL BE COMPLETED SHORTLY.
          *************************************************

5/20/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                              200405200296

5/21/2004 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 05/21/2004 10:22 *
          BEATRIZ/ALLSUP--RECONSIDERATION FORM MAIL TO SSA ON
          5/20/04 (BM)
          ****************************

6/03/2004 Log Type:DISABILITY entered by: KATHY MILLS
          **** User:KMILLS(KATHY MILLS) 06/03/2004 10:49 *****  20040603KMIL
          KM, BROADSPIRE INVOICE #4210151745
          $1161.60
          SENT TO ADMIN WITH OK TO PAY
          COPY OF REPORT SENT TO SCAN
          *************************************************

06/04/2004 Log Type:GENERAL ENTRY entered by: BRIAN MAIER
           RECEIVED CORRESPONDENCE                             200406040227
           RECEIVED CORRESPONDENCE                             200406040260

06/04/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
           RECEIVED CORRESPONDENCE - NOTICE OF SSDI DENAIL WITH 200406040227
           NOTE FROM ALLSUP THAT APPEAL FILED 5/20/04           20040603RGAR
           *********************************************200406040260
           EA REPORT.
           *************************************************

06/09/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
           RECEIVED CORRESPONDENCE - APPROVED FCM EXPENSE       200406091200
           *********************************************20040609RGAR

06/09/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
           RECEIVED CORRESPONDENCE                              200406091200

06/15/2004 Log Type: entered by: ELAINE YEN
           AP INTERFACE: Vendor  00015-0002                     000150002001
              Vendor Name: BROADSPIRE                           000150002001
              Vchr: 001008 Date: 06/15/04 Amt:      161.60 000150002001

06/15/2004 Log Type: entered by: MAY ZUNIGA
              AP INTERFACE: Vchr: 001008 Check Nbr: 002659      000150002001
              Check Date: 06/21/04  Paid Amt:        581.10 000150002001

06/25/2004 Log Type:CASE MGMT entered by: ROY GARDELL
           Tracking Status:CLOSED Follow-up user:RGARDELL on 07/21/2004
           **** User:RGARDELL(ROY GARDELL) 06/25/2004 16:40 *****20040625RGAR

BA 0463

te: 01/18/06                         C H R O N O L O G                         Page:   13

 Date   Description
 ---------------------------------------------------------------------------
        *****************************************************
/05/2004 Log Type:CASE MGMT entered by: ROY GARDELL
         Tracking Status:CLOSED Follow-up user:RGARDELL on 08/31/2004
         **** User:RGARDELL(ROY GARDELL) 08/05/2004 13:16 *****20040805RGAR
         LMS REVIEWED. NO OPENINGS WERE FOUND FOR THE THREE
         POSITIONS CLMT WAS FOUND CAPABLE OF DOING IN THE
         SEDENTARY/LIGHT EXERTIONAL AREA. THE GAINFUL WAGE
         REQUIREMENT IS $5.54 AND CLMT LIVES IN KANSAS CITY, MO.
         CE DISCUSSED WITH SUPRV BECAUSE THE CONCLUSIONS DO NOT
         SEEM LOGICAL. SHE WILL DISCUSS FURTHER.
         F/U 8/31/04 FOR FURTHER DIRECTION. IF LMS REMAIN
         VIABLE CE WILL ADD ACTION SUMMARY FOR ANNUAL F/U.
         *****************************************************
8/31/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 10/01/2004
          **** User:RGARDELL(ROY GARDELL) 08/31/2004 15:09 *****20040831RGAR
          REVW OF FILE AT CALL-UP REVEALS DIARY ENTRY REG EMPLO-
          YABILITY AT $5.54 PER HOUR DOES NOT APPLY TO THIS CLM.
          WILL CLOSE  THE 8/31/04 F/U.
          *****************************************************
          REVW OF EA COMPLETED 5/24/04 FOUND NO JOBS CLMT COULD
          DO THAT MET BAYER'S GAINFUL WAGE REQUIRMENT. CLM IS
          NOW AT TIME FOR ANNUAL F/L. WILL REQUEST LTDQ, PUF &
          AUTH.
          F/U 10/1/04
          *****************************************************
09/07/2004 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 09/07/2004 14:31 *
          BEATRIZ/ALLSUP--RECONSIDERATION HAS BEEN DENIED ON
          9/30/4 ALLSUP WILL APPEAL TO THE ALJ LEVEL (BM0
          *****************************
09/14/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - REQST TO CLMT FOR LTDQ, PUF,200409140572
          AUTH & SSA AUTH.                                    20040914RGAR
          *****************************************************
09/14/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                            200409140572
09/16/2004 Log Type:GENERAL ENTRY entered by: DONALD LARGE
          RECEIVED CORRESPONDENCE                            200409160334
09/16/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - RECON DENIAL LTR FROM SSA. 200409160334
          *****************************************20040916RGAR
09/16/2004 Log Type:PHONE CALL entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 09/16/2004 13:54 *****20040916RGAR
          OHN CALLED FOR STATUS OF CLM. CE ADVISED EA COMPLETED
          IN 5/2004 RESULTED IN FINDING NO JOBS AT GAINFUL
          ERANINGS OF $21.58/HR. CE ADVISED THAT VOC REHAB WAS
          ALSO NOT APPROPORIATE DUE TO GAINFUL WAGE REQUIREMENT.
          OHN UNDERSTOOD.
          *****************************************************
09/17/2004 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 09/17/2004 14:16 *
          BEATRIZ/ALLSUP--ALLSUP RECEIVED HEARING APPEAL FORM
          MAIL TO SSA ON 9/16/04(BM)                          BA 0464
          ***************************

ce: 01/18/06                        C H R O N O   L O G

| Date | Description |
|---|---|
| | |

---------------------------------------------------------------------------
                                                    20040929RGAR
        AUTH.
        *********************************************************
/29/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
        RECEIVED CORRESPONDENCE                      200409290567
/05/2004 Log Type:CASE MGMT entered by: ROY GARDELL
        Tracking Status:CLOSED Follow-up user:RGARDELL on 10/19/2004
        **** User:RGARDELL(ROY GARDELL) 10/05/2004 16:33 *****20041005RGAR
        READY TO REQST MEDS BUT FIND AUTH FOR RELEASE OF MEDS
        WAS NOT RETURNED. CHRONOLG REVWED AND PRIOR AUTH ARE
        VERY OLD. LTR TO CLMT REQSTING NEWLY SIGNED AUTH.
        F/U 10/19/04
        *********************************************************
0/06/2004 Log Type:GENERAL ENTRY entered by: BRIAN MAIER
        RECEIVED CORRESPONDENCE                        200410060557
0/06/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - REQST TO CLMT FOR AUTH.    200410060557
        ***********************************************20041005RGAR
0/07/2004 Log Type:CLAIM NOTES entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/07/2004 15:21 *****20041007RGAR
        CALLED CLMT, 510-865-8243, TO OFFER CS SURVEY. LEFT VMM
        FOR CALL BACK.
        *********************************************************
L0/07/2004 Log Type:PHONE CALL entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/07/2004 15:20 *****20041007RGAR
        CALLED CLMT, 510-865-8243, TO OFFER CS SURVEY. LEFT
        VMM FOR CALL BACK.
        *********************************************************
10/08/2004 Log Type:CLAIM NOTES entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/08/2004 11:54 *****20041008RGAR
        CALLED CLMT, 2ND REQST, TO OFFER CS SURVEY. LEFT VMM
        FOR CALL BACK.
        *********************************************************
10/08/2004 Log Type:PHONE CALL entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/08/2004 11:54 *****20041008RGAR
        CALLED CLMT, 2ND REQST, TO OFFER CS SURVEY. LEFT VMM
        FOR CALL BACK.
        *********************************************************
10/11/2004 Log Type:CLAIM NOTES entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/11/2004 11:28 *****20041011RGAR
        CALLED CLMT 3RD TIME. PERSON ANSWERING PHONE ADVISED
        THE NUMBER, 510-865-8243, BELONGED TO HIM, JIM HIGGINS.
        *********************************************************
10/11/2004 Log Type:PHONE CALL entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/11/2004 11:26 *****20041011RGAR
        CALLED CLMT 3RD TIME TO OFFER CS SURVEY. PERSON
        ANSWERING PHONE ADVISES THIS NUMBER BELONGS TO HIM,    BA 0465
        JIM HIGGINS.
        CE SENT NOTE TOD OHN TO CLARIFY NUMBER.
        *********************************************************
10/12/2004 Log Type:CLAIM NOTES entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/12/2004 14:58 *****20041012RGAR
        CLMT RETURNED CALL. SURVEY ACCEPTED.
        *********************************************************
10/12/2004 Log Type:PHONE CALL entered by: ROY GARDELL
        **** User:RGARDELL(ROY GARDELL) 10/12/2004 11:13 *****20041012RGAR

e: 01/18/06                     C H R O N O   L O G

```
Date    Description
-----------------------------------------------------------------------
```

```
        ************************************************************
        CLMT RETURNED CALL. HER NUMBER IS 510-865-8243. CE
        CANNOT EXPLAIN HOW OTHER PERSON REC'D MESSAGES AT
        THIS NUMBER. SURVEY ACCEPTED.
        ************************************************************
/20/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - NOTE FROM SUPRV REQSTING       200410200812
        STATUS.                                                  20041020RGAR
        ************************************************************
/20/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
        RECEIVED CORRESPONDENCE                                  200410200812
/22/2004 Log Type:GENERAL ENTRY entered by: DONALD LARGE
        RECEIVED CORRESPONDENCE                                  200410220457
/22/2004 Log Type:GENERAL ENTRY entered by: IVAN A. MCDONALD
        RECEIVED CORRESPONDENCE                                  200410220904
/22/2004 Log Type:CASE MGMT entered by: ROY GARDELL
        Tracking Status:CLOSED Follow-up user:RGARDELL on 11/22/2004
        **** User:RGARDELL(ROY GARDELL) 10/22/2004 13:55 *****20041022RGAR
        FILE REVWED AT F/U. REC'D AUTH. REQSTING MED FROM
        AP'S FIOCELLA & MASEM THROUGH ADMIN ASSIS.
        F/U 11/22/04
        ************************************************************
0/22/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - COMPLETED AUTH.                200410220457
        ***********************************************20041021RGAR
        RECEIVED CORRESPONDENCE - LTR FROM ALLSUP. STILL AWAIT200410220904
        SSDA DECISION.
        ************************************************************
10/25/2004 Log Type:GENERAL ENTRY entered by: IVAN A. MCDONALD
        RECEIVED CORRESPONDENCE                                  200410250462
10/25/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - CLM STATUS FROM SUPRV TO OHN200410250462
        ************************************************************
11/12/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - REQST FOR MED TO AP'S         200411120302
        FIOCELLA & MATHIAS                                       20041115RGAR
        ************************************************************
11/12/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
        RECEIVED CORRESPONDENCE                                  200411120302
11/19/2004 Log Type:GENERAL ENTRY entered by: ROY GARDELL
        RECEIVED CORRESPONDENCE - NOTE FROM DR MASEM, SAW CLMT200411190638
        FOR 2ND OPINION ONLY.                                    20041118RGAR
        ************************************************************
11/19/2004 Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
        RECEIVED CORRESPONDENCE                                  200411190638
12/17/2004 Log Type:GENERAL ENTRY entered by: JULIE SHIEKMAN
        JMS/NO TRANSFER/APOLOGY LETTER TO CLMTRECEIVED CORRESP200412170716
-2/17/2004 Log Type:CASE MGMT entered by: ROY GARDELL
        Tracking Status:CLOSED Follow-up user:RGARDELL on 01/24/2005
        **** User:RGARDELL(ROY GARDELL) 12/17/2004 17:24 *****20041217RGAR
        MED REQSTED FROM DR FIOCELLA NOT REC'D. 2ND REQST SENT
        WITH CC TO CLMT.                                         BA 0466
        F/U 1/17/05
        ************************************************************
```

Date      Description
--------------------------------------------------------------------------

/17/2004   Log Type:GENERAL ENTRY entered by: WANDA GREENE-THOMPSON
          RECEIVED CORRESPONDENCE                 200412170716

/20/2004   Log Type:GENERAL ENTRY entered by: JULIE SHIEKMAN
          RECEIVED CORRESPONDENCE                 200412200628
          JMS/2ND REQUEST FOR MEDICAL UPDATE TO DR FIOCELLA W/CC
          TO CLMT

:/20/2004   Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                 200412200628

:/15/2005   Log Type:GENERAL ENTRY entered by: MARY SCHULTZ
          **** User:MSCHULTZ(MARY SCHULTZ) 01/15/2005 14:07 ****20050115MSCH
          ANNUAL DEDUCTION UPDATE COMPLETED
          ****************************************************

1/19/2005   Log Type:GENERAL ENTRY entered by: KATHY MILLS
          **** User:KMILLS(KATHY MILLS) 01/25/2005 17:03 ***** 20050104RGAR
          MEDICAL RECORDS FROM DR. FIOCELLA
          ****************************************************

17/19/2005   Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                 200501191369

1/28/2005   Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 02/28/2005
          **** User:RGARDELL(ROY GARDELL) 01/28/2005 11:08 *****20050128RGAR
          FILE REVVED AT F/U. REC'S MED FOR DR FIRCELLA. NO RE-
          CORD OF TREATMENT SINCE 12/15/03. EARLIER DR MASEM RE-
          SPONSE INDICASTED HE WAS SEEN FOR SECOND OPINION ONLY.
          DR FIRCELLA'S RECORD REFLECTS FORMS COMPLETED FOR
          PAUL REVERE LIFE IN 2002. NO RESPONSE SEE TO REQST TO
          OHN FOR POSSIBLE JOB PLACEMENT.
          ) POS: LTR TO CLMT ADVISING PLAN REQUIREMENT OF REGULAR
          CARE AND REQSTED APS BE COMPLETED BY CURRENT PHYSICIAN.
          ALSO REQUESTED CLRIFICATION OF PAUL REVERE LIFE. POSS-
          IBLE OTHER INCOME?
               > NOTE TO OHN ASKING FOR RESPONSE TO JOB PLACEMENT
              ) AT F/U, TERM CLM IF NO MED TREATMENT IS SHOWN.
          IF MED TREAT SHOWN, CONSIDER REFERRAL FOR VOC ASSIST.
          F/U 2/28/05
          ****************************************************

02/01/2005   Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                 200502010739
          RECEIVED CORRESPONDENCE                 200502010749

02/01/2005   Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - NOTE TO OHN WITH CLM STATUS 200502010739
          *******************************************20050201RGAR
          RECEIVED CORRESPONDENCE - LTR TO CLMT ADVISING NEED FO200502010749
          REG CARE.
          ****************************************************

02/02/2005   Log Type:PHONE CALL entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 02/02/2005 16:19 *****20050202RGAR
          REC'D CALL FROM CLMT. SHE IS UPSET WITH 1/28/05 LTR
          ADVISING HER OF NEED FOR REGUALR MED CARE. SHE IS UPSET
          BECAUSE SHE HAD ALSO BEEN CONTACTED BY BAYER HR ABOUT
          THIS SAME THING. AS A RESULT SHE HAD BEEN SEEN BY DR
          FIRCELLA 1/12/05. HIS REPORT WAS SENT TO OHN AT BAYER.
          CLMT ALSO ADVISED SHE SAW DR. ANSEL AT REQST OF BAYER
          ATTNYS IN REGARD TO HER WC CLAIM. CS CLARIFIED SHE IS
          NOT RECEIVING WC BUT SHE DOES HAVE A CLAIM FOR THESE

BA 0467

e: 01/18/06                    C H R O N O   L O G                    Page: 17

Date     Description
------------------------------------------------------------------------------
         OV AND DETAILS OF WC CLAIM.
         ************************************************
/03/2005 Log Type:PHONE CALL entered by: ROY GARDELL
         Tracking Status:CLOSED Follow-up user:RGARDELL on 02/17/2005
         **** User:RGARDELL(ROY GARDELL) 02/03/2005 14:22 ****20050203RGAR
         DISCUSS FILE WITH OHN, KATHY TESDALL. SHE DOES NOT HAVE
         ANYTHING FROM CLMT REGDING 1/12/05 MED TREATMENT. SHE
         ALSO CONFIRMED WC BENEFITS ARE NOT BEING PAID. SHE KNEW
         THAT CLMT HAD BEEN EXAMINED BY A WC DOCTOR BUT HAD NO
         DETAILS. SUGGEST CS CONTACT WC, SUSAN LAMJUCO.
         ****************
         CS SENT EMAIL REQST TO WC FOR RESULTS OF MEDICAL EXAMS.
         CS LEFT VMM WITH CLMT, 510-865-8243, THAT OHN DID NOT
         HAVE MEDICAL. REQSTED MED BE FAXED OR SENT TO CS.
         F/U 2/17/05
         **************************************************
         CLMT RETURNED CALL. SHE WILL CONTACT DOCTOR'S OFFICE
         TO SEE IF ANOTHER REPORT CAN BE SENT.
         **************************************************
2/04/2005 Log Type:GENERAL ENTRY entered by: DONALD LARGE
         RECEIVED CORRESPONDENCE                          200502040228
2/04/2005 Log Type:GENERAL ENTRY entered by: LORRAINE LIPMAN
         RECEIVED CORRESPONDENCE                          200502040235
2/04/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
         RECEIVED CORRESPONDENCE - REQST FOR INFO TO WC.  200502040228
         ************************************************20050204RGAR
         RECEIVED CORRESPONDENCE - RESPONSE TO BAYER REG CLM  200502040235
         HANDLING.
         **************************************************
02/08/2005 Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
         RECEIVED CORRESPONDENCE                          200502081035
02/08/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
         RECEIVED CORRESPONDENCE - EMAIL RESPONSE FROM WC.  200502081035
         *********************************************20050208RGAR
02/17/2005 Log Type:PHONE CALL entered by: ROY GARDELL
         Tracking Status:CLOSED Follow-up user:RGARDELL on 02/25/2005
         **** User:RGARDELL(ROY GARDELL) 02/17/2005 12:19 ****20050217RGAR
         CE CALLED CLMT AND LEFT VMM ASKING FOR STATUS OF MED
         DOC OF 1/12/05 TREATMENT WITH DR. FARCELLA.
         F/U 2/22/05
         **************************************************
02/18/2005 Log Type:PHONE CALL entered by: ROY GARDELL
         **** User:RGARDELL(ROY GARDELL) 02/18/2005 15:08 ****20050218RGAR
         CLMT RETUNRED CALL. SHE HAS SPOKEN WITH AP'S OFFICE
         AND THEY ARE RESENDING THE MED REPT AGAIN TO BERKELEY.
         CS WILL CONTACT BERKELEY AT F/U TO REQST COPY FROM OHN.
         **************************************************
02/28/2005 Log Type:PHONE CALL entered by: ROY GARDELL
         Tracking Status:CLOSED Follow-up user:RGARDELL on 03/03/2005
         **** User:RGARDELL(ROY GARDELL) 02/28/2005 16:44 ****20050228RGAR
         FILE REVWED AT F/U. CALLED AND LEFT VMM WITH OHN, RR,
         510-705-5635, TO SEE IF MED FROM DR FIRCELLA HAD BEEN
         REC'D.                                           BA 0468
         F/U 3/3/05
         **************************************************

```
te: 01/18/06                    C H R O N O   L O G                      Page   18

   Date    Description
--------------------------------------------------------------------------------
           **** User:RGARDELL(ROY GARDELL) 03/04/2005 08:02 *****20050304RGAR
           REC'D CALL BACK FROM OHN, SR. MED REQST SENT BY OHN
           ON 2/17/05.
           F/U 3/18/05
           ***************************************************
/07/2005  Log Type:GENERAL ENTRY entered by: DONALD LARGE
           RECEIVED CORRESPONDENCE                          200503070924
/07/2005  Log Type:GENERAL ENTRY entered by: ROY GARDELL
           RECEIVED CORRESPONDENCE - REQST FROM SUPR TO RESPOND T200503070924
           BAYER INQUIRY.                                    20050302RGAR
           ******************************************************
/15/2005  Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
           **** User:BMARTIN1(BEATRIZ MARTINEZ) 03/15/2005 13:27 *
           BEATRIZ/ALLSUP--ALLSUP EXHIBIT FILE REQUESTED FROM OFFI
           CE OF HERING AND APPEALS(BM) ********
           ****************************
4/07/2005  Log Type:CASE MGMT entered by: ROY GARDELL
           Tracking Status:CLOSED Follow-up user:RGARDELL on 04/19/2005
           **** User:RGARDELL(ROY GARDELL) 04/07/2005 08:27 *****20050407RGAR
           REQST FOR APS CLMT SAYS WAS SENT TO OHN'S AT BAYER.
           F/U 4/19/05
           ***************************************************
           OHN, KT, CALLED TO ADVISE THEY HAVE LTR FROM DR
           FIRCELLA ADVISNG LOV 1/12/05 AND INVOLVEMENT OF TWO
           OTHER PHYSICIANS, FREEDBURG & MASON. BAYER HR HAS
           SENT THEM A LTR REQSTING RESPONSE BY 4/14/05 OUTLINING
           R/L SO RTW WITH ACCO, CAN BE CONSIDERED. OHN WILL FAX
           DR FIRCELLA LTR.
           F/U, DID HR RECV RESPONSE TO THEIR INQUIRY?
           ***************************************************
04/12/2005 Log Type:GENERAL ENTRY entered by: MARIE E. FLORES
           RECEIVED CORRESPONDENCE                          200504121413
           RECEIVED CORRESPONDENCE                          200504121418
04/12/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
           RECEIVED CORRESPONDENCE - REQST TO OHN FOR MED.   200504121413
           **********************************************20050412RGAR
           RECEIVED CORRESPONDENCE - MED FROM OHN.           200504121418
           **********************************************
04/19/2005 Log Type:CASE MGMT entered by: ROY GARDELL
           Tracking Status:CLOSED Follow-up user:RGARDELL on 05/20/2005
           **** User:RGARDELL(ROY GARDELL) 04/19/2005 15:29 *****20050419RGAR
           NOTE SENT TO OHN. WAS EXPECT/REQSTED MED REC'D AND IF
           SO CAN A COPY BE SENT?
           F/U 5/20/05
           ***************************************************
04/21/2005 Log Type:GENERAL ENTRY entered by: MARIE E. FLORES
           RECEIVED CORRESPONDENCE                          200504211404
04/21/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
           RECEIVED CORRESPONDENCE - NOTE TO OHN. NO MEDS REC'D. 200504211404
           **********************************************20050421RGAR
05/12/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
           **** User:RGARDELL(ROY GARDELL) 05/12/2005 16:36 *****20050512RGAR
           CLMT CONTINUES TO RECEIVE LTD BENEFITS BASED ON RECENT
           LABOR MARKET SURVEY FINDINGS OF NO AVAILABLE EMPLOY-
           MENT OPPORTUNITIES OFFERING GAINFUL WAGE. REMAINING
```

BA 0469

Date     Description

---------------------------------------------------------------------------

          NOT HAVE UPDATED MEDS. CS REQUESTING UPDATED MEDICAL
          FROM CLAIMANT.
          **************************************************
19/2005  Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 06/24/2005
          **** User:RGARDELL(ROY GARDELL) 05/19/2005 11:52 ****20050519RGAR
          PROOF OF ONGOING CARE HAS NOT BEEN REC'D FROM OHN.
          CS SENDING 30 DAY LTR WITH BLANK APS REQUESTING PROOF
          OF ONGOING CARE.
          F/U 6/24/05
          **************************************************
/23/2005  Log Type:GENERAL ENTRY entered by: KATHERINE TORRES     200505231024
          RECEIVED CORRESPONDENCE
/23/2005  Log Type:GENERAL ENTRY entered by: ROY GARDELL          200505231024
          RECEIVED CORRESPONDENCE - 30 DAY LTR.                ****20050519RGAR
          **************************************************
          Log Type:PHONE CALL entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 06/01/2005 16:11 ****20050601RGAR
          CLMT LEFT VMM ON 5/24/05 WITH REQST FOR CALL BACK AT
          510-865-8243. CS HAS CALLED REPEATIDLY AND LEFT VMM.
          NO CALL BACK HAS BEEN REC'D.
          **************************************************
6/30/2005 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 09/06/2005
          **** User:RGARDELL(ROY GARDELL) 06/30/2005 13:07 ****20050630RGAR
          FILE DISCUSSED WITH SUPRV. IN VIEW OF NO MEDS REC'D BUT
          PAST EA/LMS FOUND NO JOBS IT IS DECIDED TO REQST IME.
          REFERRED TO FCM FOR NEURO IME.
          F/U 9/6/05
          **************************************************
07/05/2005 Log Type:GENERAL ENTRY entered by: MICHAELA R. VALERE   200507051843
          RECEIVED CORRESPONDENCE
07/05/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL          200507051843
          RECEIVED CORRESPONDENCE - IME REFERRAL.              ****20050705RGAR
          **************************************************
08/11/2005 Log Type:PHONE CALL entered by: DENISE BINNING
          **** User:DBINNING(DENISE BINNING) 08/11/2005 14:01 **20050811DBIN
          POA/BAY
           -RECV'D MSSG TO CALL FCM LORI FEHRMAN RE IME, PER LORI
            IME PROVIDER IS REQUIRING $500.00 PER HOUR & MAY BE
            HALF DAY APPT
           -PER SCAMAJ WE SHOULD MOVE FORWARD W/IME
            -CALLED LORI BACK & ADVISED TO MOVE FORWARD W/IME
          **************************************************
09/08/2005 Log Type:SOCIAL SECURITY entered by: BEATRIZ MARTINEZ
          **** User:BMARTIN1(BEATRIZ MARTINEZ) 09/08/2005 10:56 *
          BEATRIZ./ALLSUP-CLAIMANT HAS BEEN AWARDED AT THE
          ALJ LEVEL WITH ALLSUP'S ASSISTANCE WE HAVE TO WA
          IT 60-90 DAYS FOR THE BENEFITS INFORMATION(Bm) *        BA 0470
          **************************************************
09/09/2005 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 09/21/2005
          **** User:RGARDELL(ROY GARDELL) 09/09/2005 11:33 ****20050909RGAR
          CS WAS ADVISED COMT ATTENDED 8/22/25 IME. REPORT NOT
          YET REC'D. STATUS REQST TO IME SERVICE.

Date      Description
----------------------------------------------------------------------------

22/2005  Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 10/07/2005
          **** User:RGARDELL(ROY GARDELL) 09/22/2005 11:02 *****20050922RGAR
          IME REPORT REC'D AND FINDS CLMT CAPABLE OF MEDIUM LEVEL
          OF EMPLOYMENT. CS REQST FOR NEURO PEER TO CONFIRM R/L.
          POA: IF PEER INDICATES FAILS TO SUPPORT, 30 DAY LTR &
          EA/LMS
          F/U 10/7/05
          ***************************************************

/23/2005  Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                          200509230358
/23/2005  Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - IME REPORT, PEER REFERRAL.  200509230358
          ***********************************************20050922RGAR

/29/2005  Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                          200509290609
/29/2005  Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - APPROVED 7536.75 IME EXPENSE200509290609
          ***********************************************20050929RGAR

0/05/2005 Log Type: entered by: LATOYA BOYD
             AP INTERFACE: Vendor  10965-0001              109650001001
               Vendor Name: RICHARD A RUBENSTEIN, MD       109650001001
               Vchr: 001878 Date: 10/05/05 Amt:    7536.75 109650001001
0/05/2005 Log Type: entered by: MAY ZUNIGA
             AP INTERFACE: Vendor  10965-0001              109650001001
               Vendor Name: RICHARD A RUBENSTEIN, MD       109650001001
               Vchr: 001878 Date: 10/05/05 Amt:    7536.75 109650001001
0/05/2005 Log Type: entered by: ROSA CAVALIE
             AP INTERFACE: Vchr: 001878 Check Nbr: 002963  109650001001
               Check Date: 11/05/05  Paid Amt:    7536.75  109650001001

0/12/2005 Log Type:CASE MGMT entered by: ROY GARDELL
          Tracking Status:CLOSED Follow-up user:RGARDELL on 11/14/2005
          **** User:RGARDELL(ROY GARDELL) 10/12/2005 12:01 *****20051012RGAR
          FILE REVWED AT F/U. PEER FINDS NO L/R. CLMT CPABLE OF
          OWN JOB. 30 DAY LTR TO CLMT. NO EA/LMS NECESSARY.
          F/Y 11/15/05
          ***************************************************

10/12/2005 Log Type:CLAIM NOTES entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 10/12/2005 12:11 *****20051012RGAR
          CALLED CLMT TO OFFER CS SURVEY. LEFT VMM FOR CALL BACK.
          ***************************************************

10/12/2005 Log Type:PHONE CALL entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 10/12/2005 12:10 *****20051012RGAR
          CSLLED CLMT, 510-865-8243, TO OFFER CS SURVEY. LEFT VMM
          FOR CALL BACK.
          ***************************************************

10/13/2005 Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
          RECEIVED CORRESPONDENCE                          200510130220
10/13/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL
          RECEIVED CORRESPONDENCE - 30 DAY LTR TO CLMT.    200510130220
          ***********************************************20051013RGAR

10/13/2005 Log Type:CLAIM NOTES entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 10/13/2005 14:54 *****20051013RGAR
          2ND CALL TO CLMT FOR CS SURVEY. LEFT VMM.
          ***************************************************           BA 0471

C H R O N O L O G                              Page: 21

Date        Description
-----------------------------------------------------------------------------

13/2005  Log Type:PHONE CALL entered by: ROY GARDELL
         **** User:RGARDELL(ROY GARDELL) 10/13/2005 14:53 ****20051013RGAR
         2ND CALL TO CLMT TO OFFER CS SURVEY. LEFT VMM.
         ************************************************
         CLMT RETURNED CALL AND ACCEPTED SURVEY.***************
         *****

/14/2005 Log Type:GENERAL ENTRY entered by: KATHERINE TORRES
         RECEIVED CORRESPONDENCE                              200510141331

/14/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL           200510141331
         RECEIVED CORRESPONDENCE - 250.00 FCM EXPENSE
         *********************************************20051020RGAR

)/18/2005 Log Type:PHONE CALL entered by: ROY GARDELL
          **** User:RGARDELL(ROY GARDELL) 10/18/2005 14:53 ****20051018RGAR
          CLMT CALLED. SHE DISAGREES WITH DECISIONS REACHED AND
          OUTLINED IN 30 DAY LTR. SHE HAS REC'D A LTR FROM SSA
          OUTLINING ALJ FINDINGS AND WILL SEND THAT IN. CS
          ADVISED ACTUAL MEDICAL REPORTS WOULD BE NEEDED TO
          REFUTE THE FINDINGS OF THE IME DOCTOR OR PEER REVIEWER.
          *********************************************************

10/31/2005 Log Type:GENERAL ENTRY entered by: DOLLY RAGNAUTH
           RECEIVED CORRESPONDENCE                              200510310263

10/31/2005 Log Type:GENERAL ENTRY entered by: ROY GARDELL     200510310263
           RECEIVED CORRESPONDENCE - LTR FROM CLMT WITH SSA ALJ   20051101RGAR
           DETERMINATION LTR.
           ***********************************************

11/11/2005 Log Type:CASE MGMT entered by: ROY GARDELL
           Tracking Status:CLOSED Follow-up user:RGARDELL on 11/22/2005
           **** User:RGARDELL(ROY GARDELL) 11/11/2005 13:24 ****20051111RGAR
           FILE REVWED AT F/U. CLMT HAS OFFERED SSDI ALJ DETERMIN-
           ATION AS BASIS FOR DISAGREEING WITH 30 DAY LTR. AS MED-
           ICAL DOCUMENTATION TO SUPPORT TDAO HAS NOT BEEN PRO-
           VIDED CS WILL PROCEED WITH TERM. FILE SUBMITTED TO
           SUPRV FOR SIGN OFF ON TERM. FOLLOWING IME AND PEERS
           IT IS CONCLUDED CLMT IS NOT TDAO, SHE HAS NOT PROVIDED
           ANY ADDITONAL MEDICAL INFORMATION. RECOMMENDING TERM
           EFF 11/30/05.
           **********************
           TO DO UPON SIGN OFF:
           ) LTR TO CLMT
           ) NOTE TO BAYER
           ) UPDATE SYSTEM
           ) TERM CLM AFTER NOV, 2005 BENEFIT ISSUED
           ) F/U AWARD INFO FROM ALLSUP.
           F/U 11/22/05
           **********************************************

11/11/2005 Log Type:OVERPAYMENT DATA entered by: ROY GARDELL
           Tracking Status:CLOSED Follow-up user:RGARDELL on 12/28/2005
           **** User:RGARDELL(ROY GARDELL) 11/11/2005 13:42 ****20051111RGAR
           SSDI AWARDED. F/U AWARD AMT FROM ALLSUP.
           F/U 12/28/05
           **********************************************

11/11/2005 Log Type:ACTION SUMMARY/PLAN entered by: SIMON CAMAJ
           **** User:SCAMAJ(SIMON CAMAJ) 11/11/2005 17:51 *****  20051111SCAM
           REV'D THE FILE AND AGREE WITH THE CS' DECISION TO
           DENY LTD BENEFITS AS THE MEDICAL DOCUMENTATION

BA 0472