Bayer Corporate and
Business Services



Laurence Padway
1516 Oak Street, Suite 109
Alameda, CA 94501

Dear Mr. Padway:

June 15, 2007

Bayer Corporate
and Business Services LLC
100 Bayer Road, B5
Pittsburgh, PA 15205-9741

This is in response to your faxed request dated March 19, 2007 which
requests a complete copy of the claims file, and all documents,
records, and other information relevant to this claim in connection with
Ms. Rosalie Moos-Holling's denial of disability benefits. This request
was received on May 16, 2007. Enclosed you will find a copy of the
ERISA appeal file.

Sincerely,

The ERISA Review Committee

Enclosures

BA 0001

Law Offices of

# LAURENCE F. PADWAY

Board Certified in Civil Trial Advocacy, NBTA
Diplomate, National College of Advocacy

1516 Oak Street
Suite 109
Alameda, CA 94501

Writer's Direct Tel : (510) 814-0680
Facsimile         : (510) 814-0650
Office Number   : (510) 814-6100

E-mail    : l.p@padway.com

March 19, 2007

Bayer Corporation Benefits Administration
100 Bayer Road
Pittsburgh, PA 15205-9741

Re:    Our Client/your insured:    Rosalie A. Moos-Holling
       Claim No.: 2003 01 100233

Dear Sir or Madam:

We represent Rosalie A. Moos-Holling in connection with her denial of disability benefits.

Please forward a complete copy of the claims file, and all documents, records and other information relevant to this claim for benefits.

Very truly yours,

Laurence F. Padway

Law Offices of

# LAURENCE F. PADWAY

Board Certified in Civil Trial Advocacy, NBTA
Diplomate, National College of Advocacy

1516 Oak Street
Suite 109
Alameda, CA 94501

Writer's Direct Tel  :  (510) 814-0680
Facsimile          :  (510) 814-0650
Office Number      :  (510) 814-6100

E-mail    : Lp@padway.com


## NOTICE OF REPRESENTATION AND AUTHORIZATION


TO:    Bayer Corporation

I have retained the Law Offices of Laurence F. Padway to represent me in connection with disability benefits.

I authorize you to release to my attorney all medical information and records including mental health information and records, and HIV records concerning me.

Date:   November 28, 2006

Rosalie Moos-Holling

Scanned

BA 0003



March 14, 2006

> **LETTER RESENT BY**
> **REGULAR MAIL**
> **March 28, 2006**

Rosalie A. Moos-Holling
2032 Alameda Avenue
Alameda, CA 94501

Dear Ms. Moos-Holling:

At its meeting on March 8, 2006, the Bayer Corporate and Business Services ERISA Review Committee (the "Committee") considered your appeal of the cessation of your long term disability benefits under the Bayer Corporation Disability Plans (the "Plan"). For the reasons stated below, the Committee upheld the cessation of your disability benefits under the Plan effective November 30, 2005.

Under the Plan, in order for long term disability benefits to begin, you must be unable to perform the essential duties of your regular occupation. After 6 months of receiving long term disability benefits, you must be unable to work at any job for which you are or could become qualified by education, training or experience. In your appeal, you note that Allsup, Inc. assisted you in obtaining Social Security disability benefits. The Committee considered the decision of the administrative law judge awarding Social Security disability benefits. In addition, the Committee considered many peer reviews of your medical records conducted for Broadspire, the third party administrator of the Plan, an independent medical examination of you conducted by Dr. Richard Rubenstein, and an independent third party review of your medical records conducted for the Committee by Dr. Beth Cohen. Although you dispute his independence, Dr. Rubenstein is not an employee or agent of Bayer Corporation and is, in fact, independent.

While a decision of the Social Security Administration that you are eligible for Social Security disability benefits is relevant, it does not mean that you will be found to be disabled under the Plan. The Committee makes its determination independently based upon the terms of the Plan and the medical and other information provided to the Committee. Further, the decision of the Social Security Administration is as of a particular date, and doesn't necessarily support your continuing disability after that date. You offered no additional supporting medical documentation relating to your continuing disability. Based on the medical information provided by Dr. Richard Rubenstein and Dr. Beth Cohen, the Committee determined that there was no credible, medical

Rosalie A. Moos-Holling
March 14, 2005
Page 2

evidence of any medical condition that would preclude you from performing
the essential duties of your regular occupation as a QA Production Document
Release Administrator as of November 30, 2005. Dr. Rubenstein noted that
you have no evidence of weakness, sensory loss, reflex asymmetry, signs of
nerve entrapment, or other pathology to explain the abnormal posture in which
you hold your right arm or your self-reported hypersensitivity of the right
thumb and index finger. Dr.Rubenstein determined that you are capable of full-
time employment in your own or any occupation and noted that you, in fact, are
already probing the job market. Similarly, Dr. Cohen found no medical
evidence of a condition that would preclude you from performing your own
occupation. Accordingly, the Committee upheld the cessation of your
disability benefits as of November 30, 2005.

You are entitled to receive, upon request and free of charge, reasonable
access to and copies of, all documents, records and other information
relevant to your claim. You may receive a copy of your file by submitting
a request via fax to 412-777-2034 or submitting a written request to the
ERISA Review Committee.

If you wish to pursue your claim further, you have a right to bring an
action against the Plan under Section 502(a) of the Employee Retirement
Income Security Act of 1974, as amended.

Sincerely,

The ERISA Review Committee

BA 0005



**Bayer Corporate and
Business Services**

March 14, 2006

Rosalie A. Moos-Holling
2032 Alameda Avenue
Alameda, CA  94501

Dear Ms. Moos-Holling:

At its meeting on March 8, 2006, the Bayer Corporate and Business
Services ERISA Review Committee (the "Committee") considered your
appeal of the cessation of your long term disability benefits under the
Bayer Corporation Disability Plans (the "Plan"). For the reasons stated
below, the Committee upheld the cessation of your disability benefits
under the Plan effective November 30, 2005.

Bayer Corporate and
Business Services LLC
100 Bayer Road
Pittsburgh, PA 15205-9741

Phone: 412 777-2000

Under the Plan, in order for long term disability benefits to begin, you
must be unable to perform the essential duties of your regular occupation.
After 6 months of receiving long term disability benefits, you must be
unable to work at any job for which you are or could become qualified by
education, training or experience. In your appeal, you note that Allsup,
Inc. assisted you in obtaining Social Security disability benefits. The
Committee considered the decision of the administrative law judge
awarding Social Security disability benefits. In addition, the Committee
considered many peer reviews of your medical records conducted for
Broadspire, the third party administrator of the Plan, an independent
medical examination of you conducted by Dr. Richard Rubenstein, and an
independent third party review of your medical records conducted for the
Committee by Dr. Beth Cohen. Although you dispute his independence,
Dr. Rubenstein is not an employee or agent of Bayer Corporation and is,
in fact, independent.

While a decision of the Social Security Administration that you are eligible for
Social Security disability benefits is relevant, it does not mean that you will be
found to be disabled under the Plan. The Committee makes its determination
independently based upon the terms of the Plan and the medical and other
information provided to the Committee. Further, the decision of the Social
Security Administration is as of a particular date, and doesn't necessarily
support your continuing disability after that date. You offered no additional
supporting medical documentation relating to your continuing disability. Based
on the medical information provided by Dr. Richard Rubenstein and
Dr. Beth Cohen, the Committee determined that there was no credible, medical

BA 0006



Rosalie A. Moos-Holling
March 14, 2005
Page 2

evidence of any medical condition that would preclude you from performing the essential duties of your regular occupation as a QA Production Document Release Administrator as of November 30, 2005. Dr. Rubenstein noted that you have no evidence of weakness, sensory loss, reflex asymmetry, signs of nerve entrapment, or other pathology to explain the abnormal posture in which you hold your right arm or your self-reported hypersensitivity of the right thumb and index finger. Dr.Rubenstein determined that you are capable of full-time employment in your own or any occupation and noted that you, in fact, are already probing the job market. Similarly, Dr. Cohen found no medical evidence of a condition that would preclude you from performing your own occupation. Accordingly, the Committee upheld the cessation of your disability benefits as of November 30, 2005.

You are entitled to receive, upon request and free of charge, reasonable access to and copies of, all documents, records and other information relevant to your claim. You may receive a copy of your file by submitting a request via fax to 412-777-2034 or submitting a written request to the ERISA Review Committee.

If you wish to pursue your claim further, you have a right to bring an action against the Plan under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

Sincerely,

The ERISA Review Committee

BA 0007



**Jenny Abdulla/PITTS/ADMFIN/US/BAYER**

03/14/2006 03:59 PM

To  Lillian Serrano/WESTH/PH/US/BAYER

cc

bcc

Subject  ERISA Meeting - March 8, 2006

At the ERISA Review Committee meeting held on March 8, 2006, the Committee reviewed Rosalie Moos-Holling's appeal claim regarding the denial of long-term disability benefits.   The Committee upheld the cessation of Rosalie's disability benefits under the Plan

The letter has been mailed to the employee on March 14, 2006 via certified mail.

---

Jenny Abdulla
Bayer Corporate and Business Services
Central Benefits
412-777-2498 Phone
412-777-2034 Fax
jenny.abdulla.b@bayer.com



Bayer Corporate and Business Services

BA 0008



**Jenny Abdulla/PITTS/ADMFIN/US/BAYER**

03/14/2006 03:58 PM

To  christine.troncone@prudential.com, Kathy Tesdall/BRKL/PH/US/BAYER

cc

bcc

Subject  ERISA Meeting - March 8, 2006

At the ERISA Review Committee meeting held on March 8, 2006, the Committee reviewed Rosalie Moos-Holling's appeal claim regarding the denial of long-term disability benefits.   The Committee upheld the cessation of Rosalie's disability benefits under the Plan

The letter has been mailed to the employee on March 14, 2006 via certified mail.



j0975726 - Rosalie A. Moos-Holling.doc.zip

---

Jenny Abdulla
Bayer Corporate and Business Services
Central Benefits
412-777-2498 Phone
412-777-2034 Fax
jenny.abdulla.b@bayer.com





Bayer Corporate and
Business Services

Bayer Corporate and Business Services LLC
100 Bayer Road
Pittsburgh, PA 15205-9741

BAYER CORPORATION

BENEFITS DEPT.

Rosalie A. Moos-Holling
2032 Alameda Avenue
Alameda, CA 94501

7003 2260 0003 8604 9280

NIXIE          945     1          30   03/21/06
                RETURN TO SENDER
                REFUSED
                UNABLE TO FORWARD

BC: 15205974199     *2905-09106-21-29

U.S. POSTAGE PAID
PITTSBURGH PA
MAR 14, '06
AMOUNT
$4.64
0002588-4-07

BA 0010

CERTIFIED MAIL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rosalie A. Moos-Holling
2032 Alameda Avenue
Alameda, CA 94501

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 2260 0003 8604 9280

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Case #2006/07

BA 0012



Bayer Corporation Benefits
Administration/ERISA Review Comittee
100 Bayer Road
Pittsburgh, PA. 15205-9741

1520548741-83 C070

Rosalie A. Moos-Holling
2032 Alameda Ave.
Alameda, Ca. 94501

BA 0013

## EMPLOYEE SUMMARY

| NAME | Rosalie Moos-Holling |
|---|---|
| SSN | 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 |
| EE # | 029160 |
| DIVISION | Biological - Berkeley |
| DATE OF BIRTH | 1/13/1949 |
| DATE OF HIRE | 1/10/2000 |
| CURRENT STATUS | Personal leave |
| UNION / NON-UNION | Non-union |
| Still being paid | no |

Due: 4/9/06

# EMPLOYEE

BA 0015

# Employee Benefits Claim Review
# Request - Disability

To:

## Procedure

According to the Employee Retirement Income Security Act of 1974 (ERISA), Bayer employees covered by employee benefit plans governed by ERISA have the right to appeal the denial of any properly submitted claim. This means that if you submit a claim either directly to an insurance company or third party administrator providing or administering benefits under the covered plans and that claim is either totally denied or you do not agree with the amount of benefit paid under the claim, you may appeal the settlement of the claim. The formal review procedure is explained in the "If a Claim is Denied" section of each Summary Plan Description.

Prior to requesting a final review by the Benefits Administration/ERISA Review Committee, certain steps should be taken.

If the claim settlement you dispute is the first notice you have received from the insurance company or third party administrator, then you must request that the insurance company or third party administrator reconsider your claim. You should receive notice from the insurance company or third party administrator of its decision on reconsideration of your claim within 45 days after your initial claim. In certain circumstances, you may be notified prior to the expiration of the 45-day period that an additional period of time is necessary to review your claim (up to 105 days). If you receive a decision on reconsideration that you wish to dispute further, then you may request review of that decision by the Bayer Corporation Benefits Administration/ERISA Review Committee by filing this form within 180 days after you receive notice of the decision. If you receive no decision within the 45 or 105-day period, you may treat your claim as having been denied and request review by the Bayer Corporation Benefits Administration/ERISA Review Committee by filing this form within 180 days after expiration of the 45 or 105-day period.

You are entitled to receive, upon request and free of charge, reasonable access to and copies of, all documents, records and other information relevant to your claim. If you wish to pursue your claim further once you have completed the appeal of your claim, you have a right to bring an action against the Plan under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

## Appeal

This request must be filed within the time periods noted above by mailing a copy of this request, signed by you, together with all relevant, supporting documentation, to:

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road
Pittsburgh, PA 15205-9741

I do not agree with the decision for the following reason: (Attach a separate page and, in your explanation, cite the specific section of the Summary Plan Description which was violated.) I have attached all supporting documentation which is relevant to the appeal, including materials submitted with the original claim. I agree to the release of any medical information relevant to this claim to the Bayer Corporation Benefits Administration/ERISA Review Committee.

I hereby request the Benefits Administration/ERISA Review Committee review my claim.

Signature: _Rosalie A. Moss-Hollming_

Name (print): _ROSALIE A. MOSS - HOLLING_

SSN: _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_

Address: _2033 ALAMEDA Ave._

City/State/Zip: _ALAMEDA, CA 94501_

Date: _1/3/06_

ERISA Meeting
March 8, 2006
Case#2006/07
Denial of Long-Term Disability

**1**

Disability form

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501

JAN - 9 2006

January 3, 2006

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road
Pittsburgh, PA 15205-9741

To Whom It May Concern:

I strongly disagree with Broadspire's decisions to terminate my long term disability insurance. I still do not have use of my right hand because the thumb and index finger are sensitive to touch. They both remain swollen. This is something Bayer's neurologist never even bothered to look at. The doctor was identified to me being independent. This is lie by the doctors own words. Upon entering his office he made it perfectly clear that he worked as an agent for Bayer.

Agents for Bayer have argued out of both sides of their mouths. One says you are disabled and therefore, we will argue your case to the social security office using, Allsup Inc. Once the judgment for disability was won by the agents of Bayer, miraculously it was deemed that I was cured. I have enclosed a copy of the ruling. As part of social social securities hearing, I swore under oath to tell the truth. I take perjury as a very serious crime, one which, it is inferred that I have committed.

Broadshire gave me a deadline of November 14, 2005 to present my position on the cancellation of my benefits. I did so but my appeal was denied. My letter to Mr. Roy Gardell of October 24, 2005 is enclosed.

On November 15, 2005, I was contacted the HR department of Bayer and informed that I should report back to work. I replied that I would be more than happy to if Bayer had a job I could perform. I explained the difficulties I have in typing and writing. I was told Bayer would get back to me. I have, to date, not been given further instructions.

In conclusion, I do not believe that I am dealing with agents of good faith. Curiously, just before Broadshire canceled my benefits, they conducted a survey dealing with my satisfaction with their services. I can only speculate that this was done to validate their reasons for canceling my benefits.

2

Thank you reviewing the facts in this case. I know I can not return to my last position at Bayer. I do want to return to work if a position is offered to me that I can perform.

I hope that Bayer will review my resume and see that I do have an earned master's degree in microbiology and can be of benefit to the company. I have graduate level teaching experience at U.C.- Berkeley, with an expertise in infectious diseases. Although, I am very slow in typing and writing, I am not slow in my thinking or knowledge.

Sincerely,

Rosalie A. Moos-Holling

**3**

**Rosalie A. Moos-Holling**
2032 Alameda Avenue
Alameda, California 94501

October 24, 2005

Mr. Roy Gardell
Broadspire
P.O. Box 189151
Plantation, Florida 33318-9151

Mr. Gardell:

A letter was sent to me on August 11, 2005, advising me that had an appointment with Richard A. Rubenstein M.D., a neurologist. I kept the appointment on August 22, 2005. During the appointment, I was interviewed for hours by the doctor. I thought this was odd because it seemed to be more of a psychological evaluation than a neurological evaluation.

I have been evaluated by numerous doctors that I was sent to by agencies working on behalf of Bayer. I have been sent to physical therapists, numerous physicians, both neurologists and psychologists. To my knowledge, my disability was never disputed.

In the letter sent to me by you on October 12, 2005, you stated that Dr. Rubenstein was an independent physician. At the beginning of the appointment, Dr. Rubenstein made it clear that he was working for the benefit of Bayer. I accepted it because I knew I was going to give honest responses to his inquiries.

In the same letter, you stated that Dr. Rubenstein's report lead you to believe that I am not qualified for long term disability benefits. "The ill defined hypersensitivity of the thumb and index finger of the right hand would not preclude you from intensive computer use or writing."

I disagree with this assessment for many reasons. First, I was recently in court for a hearing on social security benefits. I was under oath and was questioned extensively about my disability. I am including a copy of the finding of the judge. There was present at the hearing a career professional, who concurred that I could not do my present job.

Dr. Rubentein never examined the swelling in my right fingers. He did test the strength of my grip, comparing the grip on my right last three fingers to the grip of my left hand. I have never denied that the strength of my right hand had not returned. My disability is that I can not grasp things using my right thumb and index finger. It is the simple tasks such as writing, typing, closing buttons, turning pages in a book and tying shoes, that I

**4**

BA 0019

can not do.  The hypersensitivity does not allow me to sleep with my hand under the covers or comfortably put my hand in my pocket.

None of the above tasks were explored by Dr. Rubenstein.  I can only conclude that Dr. Rubenstein's diagnosis was based on opinion and biases and not observation.

During Dr. Rubenstein's interview of me, I related to him that I have Raynaud's syndrome, arthritis in my right knee and the extent of my eczema.  I question why my description of the numbness in my arm and the hypersensitivity of my right hand were dismissed by Dr. Rubenstein.

I hope you will reconsider your position concerning my disability.  I have released all of my medical records and they have been available to the agencies representing Bayer.  If there are any other concerns, I would be happy to address them.

Sincerely,

Rosalie A. Moos-Holling

BA 0020

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### ORDER APPROVING FEE AGREEMENT

**IN THE CASE OF**                                    **CLAIM FOR**

                                                      Period of Disability and
                                                      Disability Insurance Benefits

ROSALIE MOOS-HOLLING
(Claimant)

                                                      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
                                                      (Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and her representative, Deborah Breeden, subject to the condition that the claim results in past-due benefits. My determination only concerns whether the fee agreement meets the statutory conditions for approval and doesn't fall under any of the exceptions to approval. I neither approve nor disapprove any other aspect of the agreement. I specifically do not approve or disapprove of the amount of fees that may become due under the fee agreement. Under this agreement no fee is to be charged from the claimant.

## HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION

You or your representative may ask us to review the determination on the fee agreement. If you decide to ask us for a review, write us within 15 days from the day you get this order. Tell us that you disagree and give your reasons. Send your request to this address:

> - **G. Stephen Wright**
>   **Regional Chief Administrative Law Judge**
>   **San Francisco Regional Office**
>   **555 Battery Street, Fifth Floor**
>   **San Francisco, CA 94111**

Your representative also has 15 days to write us if he or she does not agree with the determination on the fee agreement. You should include the social security number(s) shown on this order on any papers that you send us.

_Alan K. Goldhammer_

ALAN K. GOLDHAMMER
U. S. Administrative Law Judge

AUG 2 6 2005

Date

Rosalie A. Moos-Holling (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)                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (510) 273-6588. Its address is Social Security Administration, 1111 Jackson Street, Oakland, CA 94607.



                                        ALAN K. GOLDHAMMER
                                        U. S. Administrative Law Judge


cc:  Deborah Breeden
     300 Allsup Place
     Belleville, IL 62040

7

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### ORDER APPROVING FEE AGREEMENT

**IN THE CASE OF**

**CLAIM FOR**

Period of Disability and
Disability Insurance Benefits

ROSALIE MOOS-HOLLING
(Claimant)

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
(Social Security Number)

(Wage Earner)

I approve the fee agreement between the claimant and her representative, Deborah Breeden, subject to the condition that the claim results in past-due benefits. My determination only concerns whether the fee agreement meets the statutory conditions for approval and doesn't fall under any of the exceptions to approval. I neither approve nor disapprove any other aspect of the agreement. I specifically do not approve or disapprove of the amount of fees that may become due under the fee agreement. Under this agreement no fee is to be charged from the claimant.

## HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION

You or your representative may ask us to review the determination on the fee agreement. If you decide to ask us for a review, write us within 15 days from the day you get this order. Tell us that you disagree and give your reasons. Send your request to this address:

> G. Stephen Wright
> Regional Chief Administrative Law Judge
> San Francisco Regional Office
> 555 Battery Street, Fifth Floor
> San Francisco, CA 94111

Your representative also has 15 days to write us if he or she does not agree with the determination on the fee agreement. You should include the social security number(s) shown on this order on any papers that you send us.

ALAN K. GOLDHAMMER
U. S. Administrative Law Judge

AUG 2 6 2005

Date

**8**

BA 0023

## LIST OF EXHIBITS

**Claimant:**     **Rosalie Moos-Holling**                          **SSN:**     **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### PAYMENT DOCUMENTS/DECISIONS

| | | | |
|---|---|---|---|
| 1 | A | Initial Disability Determination by State Agency, Title II, dated 4/9/04 | 1 |
| 2 | A | Reconsideration Disability Determination by State Agency, Title II, dated 7/27/04 | 1 |

### JURISDICTIONAL DOCUMENTS/NOTICES

| | | | |
|---|---|---|---|
| 1 | B | Social Security Notice dated 4/9/04 | 4 |
| 2 | B | Request for Reconsideration filed 5/27/04 | 1 |
| 3 | B | Social Security Notice of Reconsideration dated 7/27/04 | 5 |
| 4 | B | Request for Hearing filed 9/25/04 | 1 |
| 5 | B | Fee Agreement, dated 9/20/04 | 1 |
| 6 | B | Appointment of Representative, dated 9/20/04 for Tamie Comley, Non-Rep | 1 |
| 7 | B | Social Security Notice dated 2/28/05 | 2 |
| 8 | B | Letter dated April 1, 2005 from Tamie Comley, withdrawing as representative | 1 |
| 9 | B | Letter dated April 1, 2005 from Deborah L. Breeden, waiving rights to charge a fee for services | 1 |
| 10 | B | Fee Agreement, dated April 1, 2005 from Deborah Breeden | 1 |
| 11 | B | Appointment of Representative, dated April 1, 2005 from Deborah Breeden | 2 |
| 12 | B | Resume for Vocational Expert Malcolm Brodzinsky, M.A | 2 |

**9**

## LIST OF EXHIBITS

SSN:    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

Claimant:    Rosalie Moos-Holling

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 13 | B | Copy of letter dated April 29, 2005, to Malcolm Brodzinsky, Vocational Expert, requesting attendance at hearing | 2 |
| 14 | B | Notice of Hearing dated April 29, 2005 | 6 |
| 15 | B | Letter of Withdrawal dated 4/1/05 from Tamie Comley | 1 |

## NON-DISABILITY DEVELOPMENT

| | | | |
|---|---|---|---|
| 1 | D | Application for Disability Insurance Benefits filed 8/15/03 | 4 |
| 2 | D | W-2 Form for 2002 | 1 |
| 3 | D | Statement of Disability Insurance dated 7/12/02 | 1 |
| 4 | D | Worker's Compensation Information dated 8/15/03 | 3 |
| 5 | D | Statement of Claimant dated 8/15/03 | 2 |
| 6 | D | Earnings record (dated/certified) 11/27/04 | 2 |
| 7 | D | Detailed Earnings Query, dated 11/27/04 | 10 |
| 8 | D | DIB Review/Detailed Earnings Query, dated 11/27/04 | 11 |

## DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

| | | | |
|---|---|---|---|
| 1 | E | Disability Report - Adult 7/31/03 | 8 |
| 2 | E | Work History Report dated 8/15/03 | 5 |
| 3 | E | Disability Report - Adult dated 11/17/03 | |

**10**

BA 0025

## LIST OF EXHIBITS

**Claimant:** Rosalie Moos-Holling                     **SSN:** 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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 4 | E | Medical/Vocational Decision Guide dated 3/30/04 | 2 |
| 5 | E | Dictionary of Occupational Titles | 2 |
| 6 | E | Disability Report - Appeal dated 5/27/04 w/List of Medications attached | 8 |
| 7 | E | Disability Report - Appeal dated 7/6/04 | 6 |
| 8 | E | Disability Report - Field Office dated 7/6/04 | 2 |
| 9 | E | Medical/Vocational Decision Guide dated 8/27/04 | 2 |
| 10 | E | Disability Report dated 9/25/04 w/List of Medications attached | 8 |
| 11 | E | DDS Case Activities report dated 8/27/04 | 3 |
| 2 | E | Claimant's Recent Medical Treatment, Medications, Work Background | 3 |

## MEDICAL RECORDS

| | | | |
|---|---|---|---|
| 1 | F | Medical Report dated 8/27/02 from Eileen M. Crean, MFT | 1 |
| 2 | F | Medical Records covering the period from 9/1/02 to 9/2/02 from Alameda Hospital | 26 |
| 3 | F | Medical Records dated 10/7/02 to 12/8/03 from Roxanne C. Fiscella, M.D., Alta Bates Medical Group, Alta Bates Summit Medical Center by Ying Fung, M.D., and Eric S. Bain, M.D. | 8 |
| 4 | F | Medical Report/Records dated 7/22/02 to 7/6/04 from John Mark Friedberg, M.D. | 3 |
| 5 | F | Psychological Assessment Report dated 12/3/03 by April Young, Ph.D. w/Psychometric Test Results attached | |
| 6 | F | Internal Medicine Consultative Examination dated 12/5/03 by Amit Rajguru, M.D. | |

**11**

BA 0026

## LIST OF EXHIBITS

Claimant:    **Rosalie Moos-Holling**                     SSN:    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 7 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 3/29/04 by Ida J. Newton, M.D., and Affirmed 8/11/04 by Nayvin Gordon, M.D., w/Consultation Request and DDS Case Activities reports attached | 17 |
| 8 | F | Psychiatric Review Technique Form (completed by DDS physician) dated 1/21/04 by Craig A. Smith, M.D. | 1 |
| 9 | F | Consultation Request dated 8/27/04 | 2 |
| 10 | F | Records from Alta Bates Medical Center, dated 6/11/04 to 9/29/04 | 12 |
| 11 | F | UCSF Department of Orthopedic Surgery, dated 6/11/04 and 8/10/04 | 3 |
| 12 | F | Records from Roxanne Fiscella, MD, dated 4/17/04 | 2 |

**12**

BA 0027

Social Security Administration, Department of Health and Human Services

**Please read the back of the last copy before you complete this form.**

Form Approved
OMB No. 0960-0527

| Name (Claimant) (Print or Type) | Social Security Number |
|---|---|
| Rosalie Moos-Holling | 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 |
| Wage Earner (If Different) | Social Security Number |

RECEIVED
SEP 9 2004
OAKLAND CA
DO 958

## APPOINTMENT OF REPRESENTATIVE

### Part I

I appoint this person **TAMIE COMLEY**      Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626

(Name and Address)

to act as my representative in connection with my claim(s) or asserted right(s) under:

[X] Title II (RSDI)     [ ] Title XVI (SSI)     [ ] Title IV FMSHA (Black Lung)     [ ] Title XVIII (Medicare Coverage)

This person may, entirely in my place, make any request or give notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s).

[ ] I am appointing, or I now have, more than one representative. My main representative is _____ (Name of Principal Representative)

| Signature (Claimant) | Address 2032 Firminda Ave. Hayward ca 9. |
|---|---|
| Telephone Number (with Area Code) (510) 365-8243 | Date 9-20-04 |

### ACCEPTANCE OF APPOINTMENT

**Part II**

**TAMIE COMLEY**, hereby accept the above appointment. I certify that I have not been suspended or prohibited from practice before the Social Security Administration; that I am not disqualified from representing the claimant as a current or former officer or employee of the United States; and that I will not charge or collect any fee for the representation, even if a third party will pay the fee, unless it has been approved in accordance with the laws and rules referred to on the reverse side of the representative's copy of this form. If I decide not to charge or collect a fee for the representation, I will notify the Social Security Administration. (Completion of Part III satisfies this requirement.)

[ ] I am an attorney.     [X] I am not an attorney     (Check one.)

| Signature (Representative) Tamie Comley | Address Allsup Inc., 300 Allsup Place, Belleville, IL 62223-8626 |
|---|---|
| Telephone Number (with Area Code) (618) 234-8434 | Date 9-20-04 |

### WAIVER OF FEE

**Part III**
(optional)

I do not waive my right to request fee approval and to collect a fee directly from a third party. I waive my right to charge and colle
a fee under sections 206 and 1631(d)(2) of the Social Security Act. I release my client (the claimant) from any obligations, contractu
or otherwise, which may be owed to me for my services I have provided in connection with my client's claim(s) or asserted right(s)

| Signature (Representative) Tamie Comley | Date 9-20-04 |
|---|---|

**13**

### ATTORNEY'S WAIVER OF DIRECT PAYMENT

**Part IV**
(optional)

I waive only my right to direct payment of a fee from the withheld past-due Social Security benefits of my client (the claimant). I
not waive my right to request fee approval and to collect a fee directly from my client or a third party.

BA 0028



RECEIVED

SEP 2 2004

OAKLAND CA
00 952

## SOCIAL SECURITY CLAIMS REPRESENTATION
## FEE AGREEMENT FOR SERVICES

Claimant: <u>Rosalie Moos-Holling</u>          SSN: <u>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</u>

We understand that for a fee to be payable, the Social Security Administration (SSA) must approve any fee a Representative charges or collects for representational services in proceedings before SSA in connection with a claim for benefits.

We further understand that the Representative's services are provided to the Claimant at no cost to the Claimant. We have agreed that no fee, direct or indirect, will be charged to or collected from the Claimant for this service.

We also agree that any fee the Representative may receive will not exceed the lesser of 25% of the Claimant's past due benefits or $5300, in accordance with Section 206(a) of the Social Security Act, as amended by Public Law 101-508. Any compensation the Representative may receive for services in connection with this claim will be paid by Allsup Inc.

We have both received signed copies of this agreement.

_____          _____
Claimant                                  Date

_____          4-20-04
Representative                            Date

1/25/02                                          **14**

                                                              BA 0029

# SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

|  |  |  |
|---|---|---|
| .In the Matter of | ) | CASE NO. 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 |
|  | ) |  |
| ROSALIE A. MOOS-HOLLING, | ) | **DECISION** |
|  | ) |  |
|  | ) | Claim for |
| Claimant | ) | A Period of Disability and |
|  | ) | Disability Insurance Benefits |
|  | ) |  |

## SUMMARY OF THE CASE

This case is before me pursuant to a request for hearing filed by Rosalie Moos-Holling, also referred to as "the claimant" in this decision. She disagrees with the prior determinations of the Social Security Administration finding that she is "not disabled" under Title II of the Social Security Act. I carefully considered all of the documents identified in the record as exhibits, all of the testimony presented to me at the hearing, and the arguments of counsel. I then applied the sequential steps established under the Social Security regulations at 20 CFR 404.1520 *et seq.* and 416.920 *et seq.*, and concluded that the claimant is not able to perform jobs existing in significant numbers in the national economy as of September 1, 2002. Prior to that, I do not find the claimant was disabled. . She, therefore, is eligible for Disability Insurance Benefits from September 2002 through the date of this decision.

## PROCEDURAL HISTORY

The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002. This case is before me upon a request for hearing after initial and reconsidered denials of the claimant's application. The request for hearing was timely filed on September 25, 2004. After due notice, a hearing was held before me on May 19, 2005 in Oakland, California. The claimant appeared and testified at the hearing, represented at the hearing by Deborah Breeden, a non-attorney representative. A vocational consultant, Malcolm Brodzinsky, appeared at my request and also testified at the hearing.

## ISSUES AND APPLICABLE LAW

The general issue before me for decision is whether the claimant is eligible for DIB under sections 202(d) and 223 of the Social Security Act. The specific issue to be decided is whether the claimant is under a disability.

**15**

Rosalie A. Moos-Holling (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)

"Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for DIB, there can be an additional issue pertaining to insured status, but a review of the claimant's earnings record reveals that she is fully insured for DIB purposes through the date of this decision.

The Social Security regulations provide a sequential evaluation process of disability at 20 C.F.R. sections 404.1520 *et seq.* and 416.920 *et seq.*, which was used to evaluate the claimant's disability.

## EVALUATION OF THE EVIDENCE

### Introduction:

The claimant was born on January 13, 1949 and is 56 years old. She has a college and some graduate school education. Her past relevant work was as a pharmaceutical documentation specialist, a microbiologist, a hospital research specialist and a university academic lecturer. She alleges disability since July 12, 2002 due to cervical radiculopathy, reflex sympathetic dystrophy, Parsonage-Turner Syndrome (brachial plexus neuritis) and depression.

### Step One:

The first step in the sequential disability evaluation process concerns whether the claimant is not disabled because of the performance of substantial gainful activity (SGA) (20 CFR 404.1520(b), 416.920(b)). The claimant denied having worked since her disability onset date and I find no evidence to contradict her claim.

### Step Two:

If the claimant is not barred from claiming disability because of the performance of SGA, the second step in the disability evaluation process is to consider whether the claimant has a "severe" impairment or combination of impairments (20 CFR 404.1520(c), 416.920(c)). An impairment is severe within the meaning of the regulations if it significantly restricts the claimant's ability to perform basic work activities (20 CFR 404.1521, 416.921). The evidence shows the claimant has a cervical radiculopathy with Parsonage-Turner syndrome and reflex sympathetic dystrophy. These impairments are "severe" as discussed below

The claimant alleged onset date of July 12, 2002, is the date she says she stopped working due to depression and anxiety. Her depression was related to problems she was having with her job. At that time the claimant was diagnosed with a moderate depressive episode (exhibit 1F) but the claimant testified she did not follow up with treatment after four psychotherapy sessions. There is no evidence the claimant remained seriously depressed for any 12 month period of time.

**16**        BA 0031

Rosalie A. Moos-Holling (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)

The state agency psychiatric consultant, Dr. Craig Smith, concluded the claimant had no severe mental impairment (Exhibit 8F). In December 2003 the claimant underwent psychological evaluation by April Young, Ph.D. (Exhibit 5F). She diagnosed an adjustment disorder with depressed mood due to bereavement. She did not find any significant impairment in functioning due to the mild depression. I do not find that the claimant's depression was a "severe" impairment. I find no severe medically determinable mental or physical impairment prior to September 2002.

Step Three:

The third step in the sequential evaluation process is to determine whether the claimant has an impairment which meets or equals the criteria of any of the impairments described and listed in Appendix 1 of the regulations (20 C.F.R., Part 404, Subpart P, Appendix 1; 20 CFR 404.1520(d), 416.920(d)). Although the claimant's impairments, both individually and in combination, are severe, they do not meet the specific criteria of any of the Listings. I particularly considered the orthopedic listings found in Appendix 1. Since the claimant does not have an impairment that meets or equals the criteria of any listed impairment, a determination must be made as to whether she retained the residual functional capacity to perform the requirements of her past relevant work or could adjust to other work.

Residual Functional Capacity:

The fourth step in the sequential disability evaluation process asks whether the claimant could perform his past relevant work (20 CFR 404.1520(f), 416.920(f)). The fifth step asks whether he could perform any other jobs available in significant numbers in the national economy (20 CFR 404.1520(g), 416.920(g)). In order to address these issues, a determination must be made of the claimant's residual functional capacity (RFC) (20 CFR 404.1520(e), 416.920(e)), or what the claimant can still do in a work setting, despite physical and mental limitations caused by his impairments.

An onset date of September 1, 2002 is well established by the record because, on or about that date the claimant was diagnosed with Parsonage-Turner Syndrome, reflex sympathetic dystrophy and cervical radiculopathy as a result of an acute trauma on that date. On September 1, 2002 the claimant was admitted to Alameda Hospital and examined by Dr. John Lee (Exhibit 2F, p. 5). Dr. Lee reported the claimant had acute right arm weakness and numbness with radiation into the hand and neck. He concluded it was secondary to an acute cerebrovascular accident and advised further workup. Subsequent reports show worsening right arm and hand pain and numbness. An October 2002 MRI scan revealed degenerative changes in the cervical spine with foraminal narrowing and stenosis at several levels (Exhibit 3F, pp. 5-7).

The claimant was examined by Dr. John Friedberg on several occasions (Exhibit 4F). He reported significant weakness in the bicep, brachioradialis and suprascapularis muscles of the right arm and the C5-6 dermatomes exhibited altered and unpleasant sensations provoked by light touch. He concluded she was incapable of doing any writing, typing or manual work with the right arm.

**17**

Rosalie A. Moos-Holling (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)

Dr. Friedberg opined at the time that the claimant was at risk for developing reflex sympathetic dystrophy or other complications if she returned to work. Dr. Friedberg assessed the claimant's credibility and concluded the claimant was not malingering. Her allegations were consistent and "never overstated" (Exhibit 4F, p. 5).

In December 2003 Dr. Amit Rajguru also stated the claimant was a reliable historian (Exhibit 6F). He diagnosed right arm reflex sympathetic dystrophy or cervical nerve root injury, hypertension and depression. He restricted the claimant to a limited range of light work, which was consistent with his findings. He opined the claimant could not lift or carry more than 20 pounds occasionally or 10 pounds frequently with the left hand and could not lift or carry with the right hand. He also found the claimant would have find and gross manipulation limitations with the right hand. In March 2004 a state agency medical consultant, Dr. Ida Newton, also found the claimant restricted to a limited range of light work due to the right arm injury (Exhibit 7F).

Dr. Mathias Masem treated the claimant (Exhibits 10F and 11F). He diagnosed brachial plexus injury but reported a gradual improvement in function since December 2003. His records show a gradual and slow improvement with her ability to use her right hand and particularly the right forefinger and thumb but for no more than 10-15 minutes at a time without resting the thumb and forefinger for 10-15 minutes. He reported very limited flexibility of the forefinger and thumb and hypersensitivity to touch in that area.

The claimant testified that she could write a postcard and about three-fourths of a page. She cannot keyboard with her index finger and thumb. She cannot manage buttons or zippers. Her ability to pick up and grasp objects is significantly impaired. She finds it difficult to carry anything. She cannot perform any exercises with the right hand or arm and if she writes for more than 10 minutes the right arm trembles. She is hypersensitive about the thumb and forefinger and cannot bear to have them touched. The claimant held the first two fingers of her right hand immobile throughout the hearing. Her testimony and demeanor was consistent with a recent report from her physician (Exhibit 12F). It was also consistent with the weight of the medical evidence.

I find the claimant's residual functional capacity is sufficient for light work with no lifting or carrying more than 5 pounds with the right hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

<u>Step Four:</u>

Once I have determined the claimant's RFC, the next step in the sequential evaluation process is to determine whether the claimant retains the residual functional capacity to return to her past relevant work (20 CFR 404.1520(e), 416.920(e)). If the claimant is able to perform past relevant work, she cannot be found "disabled."

**18**

Rosalie A. Moos-Holling (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)

The vocational expert, Malcolm Brodzinsky, testified the claimant does not have any transferable work skills to work within her residual functional capacity. Based on the residual functional capacity given above, the expert testified the individual could not perform the claimant's past work or any work on a sustained basis.

The vocational consultant testified the claimant could certainly not perform any of her work if she couldn't at least occasionally use her right hand and it appears that she could not do that until after December 2003. In some areas of expertise it might be possible to be a lecturer despite the above RFC as the prior determinations had found. However the claimant testified that as a lecturer in microbiology and virology, she was expected to perform demonstrations such as preparation of tissue cultures and that she could not do this with her injured right hand. She said she would have to perform demonstrations repeatedly during a given lecture. She also testified that she ordinarily would prepare notes for lectures by keyboarding and that this would be a slow and laborious process now. The vocational consultant testified that the claimant's testimony appeared reasonable and he had no reason to disagree with it.

I also would point out that the claimant has a Master's degree which apparently was sufficient in 1984 for appointment at UC Berkeley but query whether that would still be the case currently.

Step Five:

Since the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medically determinable impairments, functional limitations, age, education and work experience. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

After December 2003 the claimant regained some use of her right hand and could be said to be able to perform a limited range of light work. By that time she was 55 years old and Rule 202.06 directs a finding of disabled if the claimant was unable to perform her usual work. From September 2002 through December 2003, although Rule 202.14 provides for the opposite result for an individual able to do light work, the claimant was only able to perform a very limited range of light work and vocational expert testimony indicated there was no competitive employment she could perform that exists in significant numbers.

The claimant's testimony was generally credible but not to the extent she alleged disability prior to the established onset date. The medical evidence does not support that allegation.

//

**19**

Rosalie A. Moos-Holling (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)

## FINDINGS

After careful consideration of the entire record, and all the testimony provided to me at the hearing, I make the following findings:

1.  The claimant applied for Disability Insurance Benefits (DIB) on August 15, 2003, claiming disability since July 12, 2002

2.  The claimant met the disability insured status requirements of the Act on September 1, 2002, the established onset date, and continues to meet them through the date of this decision.

3.  The claimant has not engaged in substantial gainful activity since July 12, 2002.

4.  Prior to July 12, 2002 the claimant had no "severe" physical or mental told medically determinable impairment.

5.  The medical evidence establishes as of September 1, 2002 that the claimant had developed "severe" right reflex sympathetic dystrophy, brachial plexus neuritis (Parsonage-Turner Syndrome), and cervical radiculopathy.

6.  The claimant does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

7.  The claimant's testimony was generally credible but not to the extent she alleged disability prior to September 1, 2002.

8.  From September 1, 2002 on, the claimant had a residual functional capacity sufficient for light work with no lifting or carrying more than 5 pounds with the right dominant hand and with no involvement of the forefinger and thumb. Prior to December 2003 the claimant had no use of her dominant right hand at all. After then, the claimant was still unable to pinch with her forefinger and thumb and could not grip or grasp for more than 10 to 15 minutes. Prior to December 2003, the claimant could not perform any writing or data entry; after December 2003, she could write or keyboard for perhaps as much as 10 to 15 minutes but would then have to rest her hand for an equal amount of time afterwards.

9.  Since September 1, 2002, according to vocational expert testimony as discussed earlier, the claimant has been unable to perform her past relevant work.

10. The claimant is 56 years old, which is defined as advanced age (20 CFR § 404.1563).

11. The claimant has a college education (20 CFR § 404.1564).

**20**

Rosalie A. Moos-Holling (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)                                    Page 7 of 7

12.    The claimant does not have any acquired work skills that are transferable to the skilled or semi-skilled activities of other work within her residual functional capacity (20 CFR § 404.1568).

13.    Based on an exertional capacity for light work, the claimant's age, education, and work experience, section 404.1569 and Rule 202.06, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of disabled since January 2004 when the claimant attained age 55. Prior to September 1, 2002, although Rule 202.14 would direct a finding of not disabled, the credible vocational expert testimony shows the claimant could not perform any jobs existing in significant numbers and therefore, the claimant is disabled.

14.    The claimant has been under a disability, as defined in the Social Security Act, since September 1, 2002, but not prior to that date (20 CFR § 404.1520(f)).

## DECISION

It is my decision, based on the application filed on August 15, 2003, that the claimant is entitled to a period of disability commencing September 1, 2002 and to disability insurance benefits after the statutory waiting period, under Sections 216(i) and 223 of the Social Security Act.

**Alan K. Goldhammer**
U. S. Administrative Law Judge

AUG

Date

**21**

# BROADSPIRE

BA 0037

#13



# B

# BROADSPIRE

A PLATINUM EQUITY COMPANY

13

November 14, 2005

Ms. Rosalie Moss-Holling
2032 Alameda Ave.
Alameda, CA 94501

RE:    Claim for Benefits
Bayer Corporation Long Term Disability (LTD) Plan

Dear Ms. Moss-Holling;

We have reviewed your claim for Long Term Disability benefits that was submitted under the above referenced plan.  Based upon a thorough review of the information provided, we finds that you no longer meet the Plans definition of disability.

Under the terms of the Plan, "totally disabled" means:

(A)  for the first six months after your Short Term Disability (STD) benefits end you are unable to perform the essential duties of your regular occupation.

(B)  beginning six months after your LTD benefits begin, you must be unable to work at any job for which you are or could become qualified by education, training or experience.

We have reviewed your complete claim file as well as the information provided by your treating physicians and the results of the Independent Medical Evaluation (IME) performed on August 22, 2005.  In addition, to afford you every consideration under the Plan, we had your claim file reviewed by a Peer Review Physician specializing in Psychology.  The Peer Review findings found there is no medical documentation to conclude that you have any restriction or limitations. This would not preclude you from the duties of the job previously performed for Bayer, Q & A Documentation Specialist or any occupation.

In that letter we requested that if you disagreed with these findings you provide any

P. O. Box 15554;  Plantation, FL 33318-5554; 1-866-271-0744; Fax: (954) 452-4024; www.choosebroadspire.co
As required by California Insurance Code 1724.5. California claims are administered under the Broadspire Administrator
Services, Inc. name.

22

BA 0038

.11\150262 kmarion

Rosalie Moos-Holling
November 14, 2005
Page 2

additional medical documentation you had to further support your claim for disability. In
a phone conversation with you on October 18, 2005 we discussed the need for
documented medical findings in order to give your claim further consideration. On
October 31, 2005 we received your letter offering the findings of the Social Security
Administrative Law Judge (ALJ). This report outlined the ALJ findings but the report did
not include documented objective medical findings.

In summary, we have determined that based on our present information, the medical data
provided, plus the conclusions of by the IME and Peer physician does not support that
you are disabled from your own occupation.  Therefore, LTD benefits are being termed
effective November 30, 2005.

If you disagree with this determination, in whole or in part, you may file a written request
for a review of your claim. You must make your request within one hundred and eighty
(180) days after you receive notice of our claim decision.  Clearly state why your claim
should have been handled differently and you must include all pertinent information or
evidence that will substantiate your position.  In preparing your appeal, you or your
representative may request to review any pertinent policy documents.  If you should file
such and appeal, you will be notified in writing of a decision within forty-five (45) days
of our receipt of all necessary information.  Your appeal should be addressed to:

**Bayer Corporation Benefits Administrator**

**ERISA Review Committee**

**100 Bayer Road**

**Pittsburgh, PA 15205-9741**

If your benefits are to be reinstated, you must:

1)     Provide a written appeal, and:
   - State the reasons you believe your claim should be treated differently. Please
     include additional facts or pertinent information to substantiate your position.

2)     Provide us with current medical documentation which:
   - establishes that you are totally disabled to engage in your or any occupation or
     employment as previously defined;
   - includes medical evidence, such as diagnostic test results, to support your
     diagnosis and claim for disability; and
   - provides specific functional abilities, including any and all restrictions and
     limitations.

P. O. Box 15554; Plantation, FL 33318-5554; 1-866-271-0744; Fax: (954) 452-4024; www.choosebroadspire.co
As required by California Insurance Code 1724.5, California claims are administered under the Broadspire Administrator
Services, Inc. name.

**23**          BA 0039

Rosalie Moos-Holling
November 14, 2005
Page 3

If the decision is unchanged at the completion of the review process, you have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act (ERISA) of 1974.

As Social Security has approved your claim there may be an overpayment of LTD benefits paid to date. The Bayer Disability Plan requires Broadspire to reduce your LTD benefits by the amount you receive from "Other Income Benefits" including but not limited to Social Security benefits. Once we have been advised of the dates and amounts of the Social Security benefit you have been awarded we will advise you of any LTD amount overpaid.

If you have any questions or concerns regarding this letter or your claim please do not hesitate to contact me at 1-866-271-0744 extension 2043.

Sincerely,


Roy Gardell
Claim Specialist III

P. O. Box 15554;  Plantation, FL 33318-5554; 1-866-271-0744; Fax: (954) 452-4024; www.choosebroadspire.co
As required by California Insurance Code 1724.5, California claims are administered under the Broadspire Administrator Services, Inc. name.

BA 0040

24

# B
## BROADSPIRE

A PLATINUM EQUITY COMPANY

BAYER CORPORATION
JAN 2 7 2006
BENEFITS DEPT.

January 26, 2006

Ms. Pat Greb
Bayer Corporation
100 Bayer Corporation Road
Pittsburgh, PA 15205-9741

RE:     Bayer Corporation Long Term Disability (LTD) Plan
        Claimant:  Rosalie Moos-Holling
        Date of Disability: 9/2/02
        LTD Effective Date: 3/1/03
        LTD Termination Date: 12/1/05
        Claim #: 200301100233
        Appeal case #: 1673337

Dear Ms. Greb:

Enclosed you will find the final level appeal summary for Rosalie Moos-Holling's case.

Please notify me upon making your decision so that Ms. Moos-Holling's claim can be updated and closed.

If you have any questions, please feel free to contact me at 866-271-0744, extension 2772, or at the e-mail address listed below.

Very truly yours,

Julia Bell, Appeal Coordinator
Integrated Disability Management
Broadspire Services, Inc.
Julia.Bell@choosebroadspire.com

P.O. Box 189157   Plantation, FL  33318-9157   Phone (800)726-8898   Fax 954-452-4133   www.choosebroadspire.com

* As required by California Insurance Code 1724.5. California claims are administered under the Broadspire Administrator Services, Inc. name.

BA 0041

25



B

BROADSPIRE

A PLATINUM EQUITY COMPANY

January 26, 2006
Julia Bell

## BAYER LONG TERM DISABILITY APPEAL SUMMARY

**Name:** Rosalie Moss-Holling        **Hire Date:** 1/10/00           **Appeal Case #:** 1673337
**Age:**    57                        **Claim #:**    200301100233      **Title:** Any Occupation
**Workers Comp:** N/A

| Date of Disability | LTD Effective Date | LTD Benefits paid | LTD Benefits Terminated |
|---|---|---|---|
| 9/2/02 | 3/1/03 | 3/1/03-11/30/05 | 12/1/05 |

**REASON:**        There was a lack of medical documentation to support continued disability from any occupation, effective 12/1/05, going forward.

**REFERENCE:**

Under the Bayer Corporation Long Term Disability plan, the definition of "totally disabled" is:

(A)    For the first six months after your Short Term Disability (STD) ends you are unable to perform the essential duties of your regular occupation.

(B)    Beginning six months after your LTD benefits begin, you must be unable to work at any job for which you are or could become qualified by education, training or experience.

**DIAGNOSIS:**      Paralysis (right hand)           **MDA Guidelines:**        **N/A**

P.O. Box 189157   Plantation, FL  33318-9157   Phone (800)726-8898   Fax 954-452-4133   www.choosebroadspire.com
* - required by California Insurance Code 1724,5, California claims are administered under the Broadspire Administrator Services, Inc. name.

BA 0042

26

Rosalie Moos-Holling
Page: 2

## FACTS:

Attachment #1 — Misc. items to include: various letters issued to Ms. Moos-Holling, fax cover sheets, a Reimbursement Agreement, Authorization to Release Medical Information, copies of blank claim forms and duplicate copies of the medical data listed in the below attachments.

Attachment #2 — Medical information reviewed prior to the initial claim determination:

- Job Analysis Worksheet
- Employee Disability Benefit Application, dated 1/6/03
- Print-out from Bayer STD Program system
- Chart notes, dated 10/17/02, 12/12/02, 12/17/02 and 1/28/03
- MRI of the cervical spine report, dated 10/1/02
- MRI of the brain report, dated 9/16/02
- EEG report, dated 9/13/02
- Chart note from Dr. J. Friedberg, Neurologist, dated 9/19/02
- Letter from Dr. Friedberg, dated 9/13/02

2/20/03
Attachment #3 — Peer review completed by Dr. Lawrence Blumberg, Orthopedic Surgery. Included in this review were the pertinent items listed in Attachment #2. After a careful review Dr. Blumberg opined that the information provided did not contain evidence to support a functional impairment precluding Ms. Moos-Holling from performing the essential duties of her regular occupation.

2/20/03
Attachment #4 — Original claim denial letter.

3/24/03
Attachment #5 — Final level appeal received via fax from Bayer ERISA Appeal Committee, dated 3/24/03. Attached were the appeal letter from Ms. Moos-Holling, dated 3/17/03 and a letter from Dr. J. Friedberg, dated 3/10/03.

4/17/03
Attachment #6 — Peer review completed by Dr. Vaughn Cohan, Neurology. Included in this review were the items in Attachment #'s 2, 3 and 5. After a careful review Dr. Cohan opined that the information provided supported Ms. Moos-Holling's claim for disability benefits.

4/24/03
Attachment #7 — Final level appeal reinstatement letter issued to Ms. Moos-Holling.

Attachment #8 — Additional information received for claim review:

- Chart notes from Dr. Friedberg, dated 4/30/03, 8/22/03 and 9/22/03
- Resource Questionnaire, dated 6/2/03
- Claimant's Supplemental Statement, dated 8/22/03

10/15/03
Attachment #9 — Addendum peer review completed by Dr. Vaughn Cohan. Included in this review were the items in Attachment #'s 2, 3, 5, 6 and 8. After a careful review Dr. Cohan opined that the additional medical information provided did not contain medical evidence to preclude Ms. Moos-Holling from performing any job.

27

BA 0043

Rosalie Moos-Holling
Page: 3

**Attachment #10**     Additional information received for review consisted of:

- Functional Capacity Evaluation (FCE) letter, dated 11/18/03, denoting Ms. Moos-Holling's inability to complete the FCE due to high blood pressure. Therefore, the FCE was rescheduled.
- Completed FCE report, dated 12/22/03
- Social Security Administration Notice of Disapproved Claim letter, dated 4/9/04
- Employability Assessment Report, dated 5/24/04
- Social Security Administration Notice of Reconsideration letter, dated 7/27/04
- Independent Medical Examination (IME) report completed by Dr. Richard Rubenstein, dated 9/16/05, with an attached (completed) Broadspire Questions & Answer sheet
- Letter from Dr. Roxanne Fiscella, General Practice, dated 3/15/05
- Chart notes dated from 10/2/02-9/17/04
- Resource Questionnaire, dated 9/23/04

**9/22/05**
**Attachment #11**     Peer review completed by Gerald Goldberg, Neurology. Included in this review were the items in Attachment # 10 (**only**). After a careful review Dr. Goldberg opined that the information did not contain evidence to support a functional impairment that would preclude Ms. Moos-Holling from performing work in any occupation.

**Attachment #12**     Letter from Ms. Moos-Holling to the LTD claim examiner that was not dated but scanned in our system on 10/31/05, with an attached decision from Social Security Administration Office of Hearings and Appeals, dated 9/20/04.

**11/14/05**
**Attachment #13**     Claim termination letter.

**1/12/06**
**Attachment #14**     Final level appeal received via fax from Bayer ERISA Appeal Committee, dated 1/12/06, with the below attached:

- Final level appeal letter from Ms. Moos-Holling, dated 1/3/06
- Correspondence from Ms. Moos-Holling, dated 10/24/05
- Social Security Administration Office of Hearings and Appeals notification dated 9/20/04

**Attachment #15**     Case notes.

**28**

Kemper.
Insurance Companies

# KNS General Peer Review

| | | | |
|---|---|---|---|
| **Referral Date:** | 02/20/03 (Dictated 02/20/03) | **Claimant:** Rosalie Moos-Holling | |
| **Requester:** Mary Wells | | **Age:** 54 | |
| **Requester Resource #:** 5575 | | **SS#/Claim#:** 2003-01-13-0135 | |
| **Department:** IDM | | **Account:** Bayer | |
| **Extension:** 2734 | | **Job Title:** QA Product Doc & Release Admin | |
| **Peer Reviewer:** Lawrence Blumberg, MD | | **Physical Exertion level:** | |

| | |
|---|---|
| **Specialty:** Orthopedic Surgery | ☐ Sedentary ☒ Light ☐ Medium <br> ☐ Heavy ☐ Very Heavy |
| **Peer Resource #:** 4781 | **Diagnosis(es):** C5 Radiculitis/Paralysis R. Arm |
| | **First Date of Absence:** 09/02/02 |
| | **LTD date:** 03/01/03 |

**Evaluate Functional Impairment related to:**
☒ Own Occupation ☐ Any Occupation ☐ N/A

**Information Reviewed/Considered:**

Please determine if Ms. Moos-Holling is disabled from her own occupation. Her position is sedentary in nature. However her position does require writing, typing, fine hand manipulation, simple grasping and pushing and pulling.

Occupational Demands Form
Office notes from Dr. Friedberg

**Functional Impairment Status Determination:**

Specific Referral Question(s):

Determination:

___ Supports functional impairment(s) that precludes work
_x_ Fails to support functional impairment(s) that precludes work

**29**

BA 0045

**Rationale:**

The claimant suffered a fall after drinking. On 9/13/02, she had very little function of her upper extremity and had 0 strength in her biceps, brachioradialis, and triceps. She had 4/5 strength in the right hand and 4/5 strength in the thumb as well. She was able to write.. The examination on 1/28/03 consists of a handwritten note. It states that the strength was finally returning to her biceps, brachioradialis, and supraspinatus muscles. There is no complete physical examination provided. Specifically, no range of motion testing, complete motor strength testing or neurologic examination.

Based on the objective documentation provided, there is nothing to preclude the claimant from performing the activities of a Bayer QA product DOC and release administrator, which is light duty work.

The opinions rendered above reflect reasonable clinical certainty based upon the available information.

_____    _____
Lawrence Blumberg, MD                                  Date
Orthopedic Surgeon

LB:lg

30

BA 0046

**Kemper.**
Insurance Companies

Staci Young   APR 22 2003    **KNS General Peer Review**
**Appeals**

| | | | |
|---|---|---|---|
| **Referral Date:** | April 17, 2003 (Dictated on 4/18/03) | **Claimant:** Rosalie Moos-Holling | |
| **Requester:** Staci Young | | **Age:** 54 | |
| **Requester Resource #:** 3730 | | **SS#/Claim#:** 200301100233 | |
| **Department:** IDM/APPEALS | | **Account:** Bayer | |
| **Extension:** 2247 | | **Job Title:** QA Product Document Release Administrator | |
| **Peer Reviewer:** Vaughn Cohan, MD | | **Physical Exertion level:** | |
| **Specialty:** Neurologist | | ☐ Sedentary  ☒ Light  ☐ Medium  ☐ Heavy  ☐ Very Heavy | |
| **Peer Resource #:** 4939 | | **Diagnosis(es):** C5 radiculitis, paralysis right arm | |
| | | **First Date of Absence:** 09/02/02 | |
| | | **LTD date:** 03/01/03 | |

**Evaluate Functional Impairment related to:**   ☐ Own Occupation   ☐ Any Occupation   ☐ N/A

**Information Reviewed/Considered:**

No LTD benefits authorized

Employee Disability Benefit Application

Core notes dated 9/24/02 through 12/13/02

Office notes from Dr. John Friedberg, Neurologist dated 10/17/02, 12/12/02, 12/17/02 and 1/28/03

MRI of the cervical spine report dated 10/01/02

MRI of the brain report dated 09/16/02

EEG report dated 09/13/02

Office notes from Dr. Friedberg, dated 09/19/02

Letter to Roxanne Fiscella, MD. From Dr. Friedberg, dated 09/13/02

Previous peer review performed by Dr. Lawrence Burstein, Psychologist, dated 02/20/03

EE's appeal letter, dated 03/17/03

Letter to Bayer corporation from Dr. Friedberg, dated 03/10/03

EE's job description



**31**

KNS General Peer Review
Page: 2
Re: Rosalie Moos-Holling

## Functional Impairment Status Determination:

Specific Referral Question(s):   Does the aforementioned data contain sufficient abnormal findings which supports a functional impairment and the intensity and severity of an illness, which would have prevented EE from performing her job duties from 09/02/02 to present????

Please provide specific rationale as to why or why not and what would be needed to support his claim?

Determination:

X   Supports functional impairment(s) that precludes work
___   Fails to support functional impairment(s) that precludes work

## RATIONALE:

The claimant is a 54 year old female employed by Bayer Laboratories as a QA Product Document Release Administrator, which is a sedentary occupation. She went out of work 9/2/02 after an incident in which she apparently fainted while working at her computer. Upon regaining consciousness she noticed paralysis and numbness of her right upper extremity. There was no evidence of oral trauma and there was no evidence of incontinence of bowel or bladder function. She drove herself to a local emergency room where she was examined. A CT scan was performed and was within normal limits. Subsequently an EEG was also performed which was within normal limits. Due to the concern that the claimant may have experienced a seizure, she was placed on low dose Neurontin therapy. There is no evidence of any subsequent syncope or seizures since this incident which took place 9/1/02.

She was seen in neurologic consultation by Dr. John Friedberg, MD 9/13/02. He elicited a history of hypertension and alcohol excess. He also recorded that there had been episodes over the several months prior of lightheadedness and near syncope.

On exam, the claimant was awake and alert, in no acute distress. Speech and mental status were within normal limits. Cranial nerves were also within normal limits. The claimant had full cervical range of motion with no tenderness to palpation, muscle spasms or fasiculation. The blood pressure was 128/90 in the supine position and 115/80 erect. Muscle testing of the upper extremity revealed absent strength in the proximal shoulder girdle muscles including the biceps, brachioradialis, triceps, and deltoid muscles. There was also marked weakness of suprascapular muscles. She was able to extend and spread the fingers and had weakness of distal musculature measured at grade 4/5 strength. Although she was able to write her handwriting was described as "shaky". There was no weakness of the left upper extremity or of the lower extremities. The deep tendon reflexes were 2+ bilaterally in the upper extremities and 1+ bilaterally in the lower extremities. Gait and station were normal. Sensory exam revealed appreciation of primary modalities in the right upper extremity in the C5-C6 dermotome distributions.

A cervical MRI was performed on 10/1/02. It revealed no evidence of disc herniation or central spinal canal stenosis, however there was multi-level foraminal stenosis, moderate at C5-6 and

KNS General Peer Review
Page: 3
Re: Rosalie Moos-Holling

moderately severe at C6-7. These findings are described bilaterally. An electromyelogram was performed which revealed evidence of denervation in the right C5-C6 innervated musculature, specifically the biceps, the brachioradialis and rhomboids.

Etiology of the claimant's signs and symptoms was never definitely established. However, she was started on corticosteroids and Zovirax as she developed an (incidental?) outbreak of shingles in the left upper thoracic dermatome distribution.

A handwritten and poorly legible report dated 1/28/03 states the claimant's strength is "finally returning in her biceps, brachioradialis and sternomastoid muscles." It is stated she still has allodynia in the right C5-C6 distributions. Although it is stated the claimant's proximal muscle strength is improving, it is not quantified. Correspondence from Dr. Friedberg, dated 3/10/03 states the claimant's proximal muscle strength is still significantly weak and she continues to experience allodynia in the right C5 and C6 distributions. He states the claimant is incapable of writing, typing or performing manual work with her right upper extremity. He states the claimant is not capable of returning to work at that time, but anticipates a return to work June 1.

The claimant's job description indicates that although she does a sedentary job, she is required to be able to lift and work above shoulder level and reach and she must be capable of using the hands for grasping and fine manipulation. Therefore, it is my opinion that the documentation does demonstrate objective evidence of a functional impairment which would preclude the claimant from performing the essential elements of her own occupation at this time. The medical information in my opinion does support disability from 9/2/02 to the present. Although the diagnosis remains in question, nevertheless the claimant has sustained a significant insult to the neuromuscular function of her right upper extremity. If the claimant is not returned to full duty by 6/1/03, then a re-review of this claim should be performed at that time. I will be happy to review updated, detailed, legible reports from treating physicians as of that date and issue an addendum to this report if requested to do so. That documentation should include detailed examination findings including examination of range of motion, muscle strength, sensation, and deep tendon reflexes. Also at that time if the claimant has not been returned to work, a formal Functional Capacity Evaluation would be useful in further evaluation of this claim.

The opinions rendered above reflect reasonable clinical certainty based upon the available information.

_____                    4-21-03
Vaughn Cohan, MD                                        Date
Neurologist

VC/psk/sw

32

BA 0049



# KNS General Peer Review

| | |
|---|---|
| **Referral Date:** 10/15/03 (Dictated 10/16/03) | **Claimant:** Rosalie Moos-Holling |
| **Requester:** Mary Wells | **Age:** 54 |
| **Requester Resource #:** 5575 | **SS#/Claim#:** 2003-01-10-0233 |
| **Department:** IDM | **Account:** Bayer |
| **Extension:** 2734 | **Job Title:** QA Product Document & Release Administrator |
| **Peer Reviewer:** Vaughn D. Cohan, MD | **Physical Exertion level:** |
| **Specialty:** Neurology | ☐ Sedentary  ☒ Light  ☐ Medium <br> ☐ Heavy  ☐ Very Heavy |
| **Peer Resource #:** 4939 | **Diagnosis(es):** C5 Radiculitis/Paralysis R. Arm |
| | **First Date of Absence:** 09/02/02 |
| | **LTD date:** 03/01/03 |

**Evaluate Functional Impairment related to:**
☐ Own Occupation  ☒ Any Occupation  ☐ N/A

Claimant is a 54-year-old QA Product Document & Release Administrator for the Bayer Corporation. She has been out of work since September 2, 2002 and on LTD since March 1, 2003. Please review the attached documentation and determine if Ms. Moss-Holling is totally disabled from any occupation.  If the medical documentation does not support that Ms. Moos-Holling is totally disabled from any occupation, please determine if the medical documentation supports that Ms. Moos-Holling is totally disabled from her own occupation.

**Information Reviewed/Considered:**

Updated meds from Dr. Freidberg
Resource Questionnaire
Appeals peer review with attachments
Original peer review

**Functional Impairment Status Determination:**

Specific Referral Question(s):

Does the medical information provided support continued disability from **any occupation/own occupation** as of November 2003.

Determination:

**33**

KNS General Peer Review
Page: 2
Moos-Holling, Rosalie

      _____ Supports functional impairment(s) that precludes work
      X  Fails to support functional impairment(s) that precludes work

Rationale: I performed a previous neurology peer review on 04/17/03, at which time it was determined that the documentation submitted for review did demonstrate objective evidence of a functional impairment, which would have precluded the claimant from performing the core elements of her own occupation from 09/02/02 through 05/31/03. Previously her treating physician, Dr. Freidberg, MD, neurology, had anticipated a return to work date of 06/01/03. I was in agreement with that determination. It was suggested that if the claimant was not returned to full duty at that time a repeat peer review should be performed at which time additional medical records including a Formal Functional Capacity Evaluation should be reviewed.

There is no Formal Functional Capacity Evaluation for review at this time, and there is no detailed report of office followup examinations by Dr. Freidberg since the time of the previous peer review. Dr. Friedman did submit an Attending Physician's Statement, dated 06/02/03, in which he indicates that the claimant continues to improve slowly but is not yet ready for return to work. He adjusted his anticipated return to work date to 09/01/03. Under objective findings he states that the claimant has trace weakness only in the C5-C6 myotomes and light touch deficit with pain in the C5 and C6 dermatomes. He also reports continued pain in the right first finger with associated atrophy and shiny appearance. A followup Attending Physician's Statement from Dr. Freidberg, dated 08/22/03, indicates that the claimant can return to "any occupation" beginning 08/22/03 and that it is anticipated she may return to her own occupation beginning 09/01/03. He limits her from extensive handwriting requirements, but states that she can type slowly. He indicates that there are no new objective physical exam findings. He states she continues to hold the right forefinger extended and has faint suggested of biceps weakness. He reports that she complains of stiffness and pain on using the right first finger. There are no comments suggesting atrophy, discoloration, or temperature abnormalities with respect to the right forefinger. Correspondence from Dr. Freidberg, dated 08/22/03, indicates that she seems to have recovered her strength and there is no visible appearance of RSD. However, a note from his office regarding conversation with Dr. Mallock, also dated 09/22/03 indicates that the claimant should remain off work due to the possibility of an aggravation of her injury and the promotion of the development of reflex sympathetic dystrophy.

Dr. Freidberg's comments on those several documents conflict with one another, but his statement as to her objective physical exam findings as it is reported on the Attending Physician's Statement of 08/22/03 certainly does not suggest that the claimant has developed reflex sympathetic dystrophy. Additionally, his hypothesis that a return to work might hasten the development of such a condition is not supported by objective data.

In summary, it is my opinion that the documents submitted for review including Dr. Freidberg's Attending Physician's Statement, dated 06/02/03, does not demonstrate objective evidence of a functional impairment which precludes the claimant from returning to her own occupation or any occupation.

**34**

KNS General Peer Review
Page: 3
Moos-Holling, Rosalie

The opinions rendered above reflect reasonable clinical certainty based upon the available information.

_____          10/23/03
Vaughn D. Cohan, MD                        Date
Neurologist

VDC/kas/vn

**35**

BA 0052

**BROADSPIRE**

## Physician Review Services
## Peer Review

| Referral Information | | | Dictated on: | 10/9/2005 | ☐ **ADDENDUM** |
|---|---|---|---|---|---|
| Referral Date: | 9/22/2005 | | Requested by: | Roy Gardell | ☐ **HIGH PRIORITY** |
| Phone: | | Ext. 2043 | Fax: | | |
| Address: | | | | | |
| City: | Plantation | | State: | Zip: | |

| Claim Data | | | | | |
|---|---|---|---|---|---|
| Claimant: | Rosalie Moos-Holling | | DOB: | 1/13/1949 | |
| Claim #: | 2003 01 10 0233 | ☐ Work Comp ☐ Auto ☐ Liability: DOI: | | | ☐ Appeal |
| Account: | Bayer | ☐ STD ☒ LTD: First Date of Absence: | | 9/2/20 02 | LTD Date: 3/1/20 03 |
| Carrier: (LTD only) | Self Insured | Functional Impairment Related to: | ☐ Own Occ. | | ☒ Any Occ. |
| Job Title: | Sales Rep | Physical Exertion Level: ☐ Sedentary ☐ Light ☒ Medium ☐ Heavy ☐ Very Heavy | | | |
| Diagnosis(es): | Acute Infective Polyneuritis | Compensable Injury: | | | |

### ☐ PEER TO PEER REQUESTED (if documentation does not support request)

| Treating Provider Data | | ☐ Check if Account required 3 attempts |
|---|---|---|
| Treating Provider: Roxanne Fiecella | Specialty: | |
| Availability: | Phone Number: | Time Zone: |

| Reviewing Physician Data | | |
|---|---|---|
| Peer Reviewer: Dr. Gerald Goldberg | Specialty: | Neurology |
| Additional Peer Reviews requested from: | | |

### INFORMATION REVIEWED/CONSIDERED (itemize documents for review):

- 9/16/05 IME Report
- 11/17/04 Note from Dr. Mesem
- narrative from Dr. Fiscella, 3/15/05 and office notes, 10/2/02 – 9/17/04
- 9/23/04 Resource Questionnnaire

*Please click on one or more of the categories for the physician to address:*

☒ **FUNCTIONAL IMPAIRMENT STATUS ISSUES**
   ☒ 1. Based on the documentation, job description and peer to peer (when applicable), does the information support a functional impairment from <u>1/1/2005</u> through <u>10/31/2005</u>?
   ☒ 2. What restrictions and limitations are reasonable and are they temporary or permanent?
   ☐ 3. What type of additional clinical documentation would be helpful for the evaluation of this claim?
   ☐ 4. Do the medications the claimant is taking impact his/her ability to work?
   ☐ 5. Other: _____

     **Determination:**  ☐ **Supports impairment for entire time frame**
                ☒ **Fails to support impairment for entire time frame**
                ☐ **Split recommendation**
                **Supports from _____ to _____. Fails to support from _____ to _____**
                ☐ **Unable to render determination due to illegible records**

Universal Template 3/30/05

**36**

**Response/Rationale:**

The claimant is a 56-year-old who had worked for Bayer as a sales rep, which has been listed as a medium position job and we are asked to evaluate whether she is capable of working at any occupation from 1/1/2005 through 10/31/2005.

The information supplied for review primarily involves an Independent Medical Evaluation from Dr. Richard Rubinstein who evaluated the claimant on 9/16/2005 and generated a 32-page report that documented her various complaints and problems in great detail. The claimant apparently was injured when she fell at home when she had a syncopal episode and when she woke she had apparent paralysis of her right upper extremity. She saw multiple doctors after this and no clearcut diagnosis had been made. Dr. Rubinstein in his review notes that her complaints are not in keeping with the objective physical findings on examination or with her various diagnostic tests. Dr. Rubinstein's examination did not reveal any focal abnormalities or any other abnormalities of an objective nature that would support an inability to work at any occupation.

The claimant has had several peer reviews in 2003 at which time it was determined that she was not totally disabled.

In summary then, the claimant continues to have symptoms that affect her right upper extremity that are not supported by objective data and therefore there is no objective data to support a functional impairment that would preclude her from being able to work at any occupation from 1/1/2005 through 10/31/2005.

There is no information to suggest that she has any restrictions or limitations.

The opinion above is based on the information provided for review, rendered in the context of evidence-based medicine guidelines applicable and/or relevant to the specific circumstances of this case, and held to a reasonable degree of clinical certainty.

*I certify that I have no relationship or affiliation with the beneficiary of this independent review or a significant relationship with the treating provider(s) and/or the treatment facility. I further certify that I have no familial or material professional or business relationship or incentive to promote the use of a certain product or service associated with the review of this case. I further certify that I have no direct or indirect financial incentive for this determination.*

_____  MD

Gerald Goldberg, MD
Neurology

_____  oct 11 05
Date

GG/wt/ap

| Consult Level (To be dictated by the physician reviewer) | ☐1 | ☐2 | ☐3 |
|---|---|---|---|

Universal Template 3/30/05

**37**

BA 0054

BA 0055

**Kemper.**
Insurance Companies

Bayer Corporation Disability Claim Unit P.O. Box 15554 Plantation, Florida 33318-1555  Phone: 1-866-271-0744

## Employee Disability Benefit Application

Please complete and sign this application for Disability Benefits. If you need assistance you may contact Kemper.
Please return this application promptly with all of the other required claim forms as noted on the instruction sheet.

To avoid delays in processing your request for benefits, please answer all of the following questions as completely as possible. A fraudulent claim may be subject to penalty, and it is fraudulent to knowingly omit facts or to provide information you know is false.

*Scan*

**EMPLOYEE INFORMATION:**

Full Name: MOOS- HOLLING    ROSALIE    ANN
         (Last)        (First)      (Middle)

Residence: 2032 ALAMEDA AVE    (Apt No.)

ALAMEDA    CA    94501
  (City)    (State)    (Zip Code)

Mailing Address (If different): _____

Home Phone No.: (510) 865-8243    Social Security No.: 392 - 44 - 2189

Date of Birth: 01 / 13 / 49    Height: 5'6"    Weight: 125

☑ Female  ☐ Male    ☐ Left-Handed    ☑ Right-Handed

Marital Status:  ☐ Married    ☐ Single    ☑ Divorced    ☐ Widowed

**CLAIM INFORMATION:**

What is your illness/injury? 5th & 6th CRANIAL NERVES HAVE DAMAGE - RT. ARM IS NUMB & WEAK - LIMITED MOBILITY

Date last worked: 7 / 11 / 02    What is your occupation? _____

Why are you unable to work? I CANNOT ADEQUATELY USE MY RT HAND & I AM RT. HANDED.

Is your condition related to your occupation?  ☑ YES  ☐ NO   If YES, explain: ___ Rt ___ 16/03 BECAUSE STRESS COULD HAVE CONTRIBUTED TO MY FAINTING, HAD HIGH BLOOD PRESSURE + INSOMNIA + DEPRESSI

If YES, have you filed a claim for Workers' Compensation?  ☑ YES  ☐ NO    Date application filed: 7 / ? / 02

Have you returned to work?  ☐ YES  ☑ NO    P/T On: ___ / ___ / ___    F/T On: ___ / ___ / ___

If you have not returned to work, do you expect to return:    P/T On: ___ / ___ / ___    F/T On: ___ / ___ / ___

**MEDICAL TREATMENT INFORMATION:**

List the name, specialty, address and telephone number of physicians that have treated you for your current condition now and in the past.

| Name of Physician | Specialty | Full Address | Telephone No. | Treatment Dates (From/To) |
|---|---|---|---|---|
| Dr. FISELLA | GP | 2500 MILVA AVE BERKLEY, CA | (570) 843-0693 | 1984 to PRESENT |
| Dr. JOHN FRIEDBERG | Neurology | 3000 COLBY BERKLEY, CA | (510) 644-2282 | SEPT. 2002 to PRESENT |

C:\TEMP\NEW Bayer App Package.doc 08/26/02

BA 0056

List the name and address of each of the hospitals where you have been confined for your current condition.

| Hospital Name | Full Address | Treatment Dates (From/To) |
|---|---|---|
| ALAMEDA HOSPITAL | 2070 CLINTON AVE ALAMEDA, CA 94501 | 9/1/02 to 6/2/02 |
| | | |
| | | |

**MEDICAL TREATMENT INFORMATION (CONTINUED):**

Have you been treated for this condition by any other agency. (Veterans Admin, Vocational Rehab, Agency, etc?)   ☐ YES  ☒ NO

If YES, Agency Name and Address: _____

_____

Name of Agency Representative: _____

Please provide any additional comments you feel may assist in the evaluation of your claim: _____

_____

**ADDITIONAL INFORMATION:**

Are you receiving any of the following?

| | | Frequency of Payment | Dollar Amount | Date Beginning | Date Ending |
|---|---|---|---|---|---|
| ☐ YES ☒ NO | Retirement/Pension Plan | | | | |
| ☒ YES ☐ NO | Sick Pay/Salary Continuation STD | 1/2 WKS | 60% of pay minus work comp | 9/1/02 | |
| ☐ YES ☒ NO | No Fault Auto Insurance | | | | |
| ☒ YES ☐ NO | State or Provincial Disability **(State CA )** | 1/2 WKS | 980.00/2WKs | 7/9/02 | |
| ☐ YES ☒ NO | Federal Disability (Veterans Admin, Railroad Benefits, etc.) | | | | |
| ☐ YES ☒ NO | Social Security Disability | | | | |
| ☒ YES ☐ NO | Other (Name): NEW YORK LIFE DISABILITY | 1/MO | 1440.00/MO | 10/10/02 | |
| ☐ YES ☒ NO | Health or Welfare Plan | | | | |

*PRIVATE DISABILITY INSURANCE

Have you applied for Social Security Disability Retirement?   ☐ YES  ☒ NO

If you have been denied or awarded, attach a copy of the award/denial notices.

List any skills you have as a result of training, education, military service, or prior employment: _____

_____

Please indicate your highest level of education completed (circle the appropriate number or letters)

1 2 3 4 5 6 7 8     9 10 11 12     1 2 3 4          ☒ Post-Graduate Degree: MS
Elementary          High School    College

List your previous occupations:

| Job Title | Employer | Dates Employed (From/To) |
|---|---|---|
| ~~Clinical~~ RESEARCH SPEC | CHIRON CORP/CHORI | 94 to 98 |
| ACADEMIC COORD/LECTURER | U.C. - BERKELEY | 84 to 94 |

**YOUR SIGNATURE:**

Any person with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

The undersigned certifies that the information disclosed above is a correct declaration of facts upon which claim is based for benefits and further hereby acknowledges the limitations and provisions of the plan.

Signature _____ Date: 1/4/03

Witness Signature _____ Date:

BA 0058

 **Bayer**

**Bayer Benefits Center**
**Employee Benefits Claim Review**
**Request**

To: Rosalie Moos-Holling

**Procedure**
According to the Employee Retirement Income Security Act of 1974 (ERISA), Bayer employees covered by employee benefit plans governed by ERISA have the right to appeal the denial of any properly submitted claim. This means that if you submit a claim either directly to an insurance company or third party administrator providing or administering benefits under the covered plans and that claim is either totally denied or you do not agree with the amount of benefit paid under the claim, you may appeal the settlement of the claim. The formal review procedure is explained in the "If a Claim is Denied" section of each Summary Plan Description.

You have 180 days from the date of receiving the decision from the insurance company or third party administrator to file an appeal. In order to do so, complete and forward this form along with supporting documents to the Bayer Benefits Administration/ERISA Review Committee.

You should receive notice from the Bayer Benefits Administration/ERISA Review Committee on the decision of the appeal within 45 days after requesting the appeal. In certain circumstances, you may be notified that the 45-day period has been extended to 90 days.

**Appeal**
This request must be filed within the time periods noted above by mailing a copy of this request, signed by you, together with all relevant, supporting documentation, to:

Bayer Corporation Benefits Administration/ERISA Review Committee
100 Bayer Road, Building 16
Pittsburgh, PA 15205-9741

I do not agree with the decision for the following reason: (Attach a separate page and, in your explanation, cite the specific section of the Summary Plan Description which was violated.) I have attached all supporting documentation which is relevant to the appeal, including materials submitted with the original claim. I agree to the release of any medical information relevant to this claim to the Bayer Corporation Benefits Administration/ERISA Review Committee.

I hereby request the Benefits Administration/ERISA Review Committee review my claim.

Signature: _____

Name: _____

Address: _____

_____

SSN: _____

Revision 7/1/02

BA 0059

# FAX

| | |
|---|---|
| **Date** | FEB 0 4 2003 |

**Number of pages including cover sheet:** 13

**TO:** Mary Wells

**FROM:** Laurel Gray
Office Manager

John Friedberg M.D.
Board Certified
Neurologist
3000 Colby Street,
Suite 305
Berkeley, CA 94705

**Phone:**
**Fax:** 954-452-4083

**CC:**

**Phone**       (510) 644-2282
**Fax Phone**  (510) 644-1744

**REMARKS:**  ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

RE: Moos-Holling, Rosalie

As per your conversation with Diane, the Biller,
reports are not necessary if copies of chart notes
reports are sent.

Thank you,

Laurel

**Confidential**
Information protected under federal and/or state law and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, nor the employer, nor agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and destroy the copy in your possession.

PLEASE CALL (510) 644-2282 IF YOU DID NOT RECEIVE ALL TRANSMITTAL PAGES.

PAGE.01

FEB 04 '03 14:30

BA 0060

12/12/02 discussed c̄ insurance

EXTENSIVE

1/28/03    OV    Moos Halling R
Pt jerry forced to
returning mo (?)

endless forms from various
insurers filled out    BP 150/
BP↑ but strength finally
returning in her hands B̄
& SC muscles — still
has allodynia & ↑ in ⓑ CS/2
dermatomes L̄ (L̄)  imp

FEB 04 '03 14:30

PAGE.02

BA 0061

DEC 1 2 2002

Moos·Holling Rosalie

Pt ♂ optimistic &
hopeful

Still c̄

∅ bueps

∅ B R

↓ ~~usf~~ suprascap

grip 5—

Hyper ulthena & painful
light touch Ⓡ forefinger &
~~thumb~~ —

Shingles usaluel —
relieved & upand 5

Zovirax              current Rx only
                     LOTENGIN
Hereforforms  see cely  F/V/ 1 MM

Parsonage Tunnel
+ cervical.

Rosalie Moos-Holling

OCT 1 7 2002

Noticed outbreaks of vesicular red maculopapular rash ~ $T_2-T_4$ on the (L) c̄ patches —

"like somebody scratched me"



parail

EMG carried out - biceps, brachioradialis
and rhomboideus on right show diminished
interference patterns, polyphasic motor units
and fibs/fascics......completely normal
FDI, indicis proprkus extensor, and trapezius
ambiguous right deltoid....tricep normal.

IMPRESSION: The patient had tingling
in July in the rhomboideus area on right
then fell/passed out on floor and woke
with paralysis of the right myotome of the
C5/6 nerve rootes; neck MRI suggests
mild to moderate foraminal stenosis at
that level and now she has outbreak
of what has to be Herpes Zoster on the
LEFT at a high thoracic level....somehow I think these are all related. She got
initial some releif from PREDNISONE but repeat course no and now we'll try
ZOVIRAX....she has made essentially no significant functional improvement and the
right arm remains useless for now. I still think prognosis is good.

cc Dr Fusella

FEB 04 '03 14:31

PAGE.04

BA 0063

# Alta Imaging Medical Group
### DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1820 FAX 510 / 654-9867

Study Performed: MRI

NAME: ROSALIE A MOOSHOLLING
DATE: 10/01/02
EXAM#: 1342446

MR#: 100467
BIRTH DATE: 01/13/49

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #305
BERKELEY, CA 94705-0000

EXAM: MRI C-SPINE (072141)
INDICATION(S)/HISTORY: 723.0 STENOSIS,
CERVICAL

No significant central canal stenosis is present.

C6-7: There is moderately severe bilateral foraminal stenosis secondary to disc osteophyte and facet degenerative changes. No significant central canal stenosis.

C7-T1: No significant central canal or neural foraminal stenosis.

<u>IMPRESSION:</u> No evidence of disc protrusion or extrusion. No central canal stenosis is appreciated. There is multilevel foraminal stenosis, moderate at C5-6 and moderately severe at C6-7.

DICTATED BY: ERIC S BAIN MD
Electronically Signed By: ERIC S BAIN MD
Transcribed by: JMCCULLOUGH 10/03/02 10:02

ADDITIONAL COPIES SENT TO
ROXANNE FISCELLA MD

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown. This report contains confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly. Please return it to the sender if you are not the intended recipient. Thank you for your compliance

Page 2

BA 0064

FEB 04 '03 14:31

# Alta Imaging Medical Group
DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1820   FAX 510 / 654-9867

Study Performed: MRI

NAME:   ROSALIE A MOOSHOLLING
DATE:   10/01/02
EXAM#:  1342446

MR#:        100457
BIRTH DATE: 01/13/44

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #308
BERKELEY, CA 94705-0000

EXAM: MRI C-SPINE   (072141)
INDICATION(S)/HISTORY: 723.0 STENOSIS,
CERVICAL

**EXAMINATION:** MRI Cervical Spine

**COMPARISON:**   No comparison studies available for review.

**HISTORY:**   Right arm paralysis.

**TECHNIQUE:**   a. Sagittal T2
b. Sagittal T1
c. Axial gradient echo

**FINDINGS:**   The vertebral bodies are normal in height and alignment. Fatty degenerative changes are seen of the end plates at C5-6 and there are marginal vertebral body osteophytes at this level as well as C6-7. Imaged portions of the posterior fossa are unremarkable. The cervical spinal cord is normal in signal and appearance. The paravertebral soft tissues are normal

C2-3: No central canal or neural foraminal stenosis.

C3-4: There is minimal narrowing of the neural foramina bilaterally secondary to disc osteophyte changes. The central canal is patent.

C4-5: There are prominent degenerative changes of the facet joint on the left. There is minimal bilateral foraminal stenosis due to disc osteophyte and facet degenerative changes. No significant central canal narrowing.

C5-6: Disc osteophyte changes are present which cause moderate bilateral foraminal stenosis.

ADDITIONAL COPIES SENT TO:
ROXANNE FISCELLA MD

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown. This report contains confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly. Please return it to the sender if you are not the intended recipient. Thank you for your compliance.

Page 1

# Alta Imaging Medical Group
### DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1820   FAX 510 / 654-9867

Study Performed: MRI

NAME:    ROSALIE A MOOSHOLLING
DATE:    09/16/02
EXAM#:   1336095

MR#:    100467
BIRTH DATE:    01/13/49

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #305
BERKELEY, CA 94705-0000

EXAM: MRI BRAIN   (070561)
INDICATION(S)/HISTORY: 780.2 SYNCOPE

HISTORY: Syncope. Right arm numbness.

TECHNIQUE:
1. Sagittal, T1-weighted images.
2. Axial, FLAIR images.
3. Axial, FSE T2-weighted images.
4. Axial, FSE T1-weighted images.

FINDINGS: No intra-axial or extra-axial mass lesions or fluid collections are identified. The ventricles and CSF spaces are normal in size and architecture. On long-TR images no focal hyperintense lesions are noted in the white or gray matter. Normal signal void is seen in the major intracranial vessels. The orbits, pituitary gland, and paranasal sinuses are all within normal limits.

IMPRESSION: Unremarkable MRI scan of the brain.

DICTATED BY: ERIK GAENSLER MD
Electronically Signed By: ERIK GAENSLER MD
Transcribed by: MAC 09/17/02 16:49

ADDITIONAL COPIES SENT TO:

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown. This report contains confidential information. This information is intended only for the use of the individual or entity to whom it is intended even if addressed incorrectly. Please return it to the sender if you are not the intended recipient. Thank you for your compliance.

Page 1

PAGE.07

FEB 04 '03 14:31

BA 0066

# JOHN MARK FRIEDBERG, M.D.
### BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

September 13, 2002

## EEG REPORT

RE:  MOOS-HOLLING, ROSALIE

INDICATIONS:  This EEG is obtained to look for epileptic activity. The patient passed out and found herself injured on the floor with a paralyzed right arm on September 1st.  Her right arm has recovered minimally, if at all.

The record was carried out with the patient described as tense, with considerable blinking, and alert throughout.

The EKG sample rhythm strip documents normal sinus rhythm at about 90 to 100.

The background activity is almost entirely normal beta, with virtually no alpha over either side of the head.

There is a good deal of muscle artifact over the temporalis and frontalis muscles, but at no point are any asymmetries noted, no seizure activity, and no abnormal slowing.

## IMPRESSION:

This EEG is within normal limits.

## COMMENT:

The absence of alpha is consistent with a tense individual, and not in itself abnormal.

The absence of seizure activity does not preclude it.

John Mark Friedberg, M.D.

JMF:sk

cc:  Roxanne Fiscella, M.D.
     2500 Milvia
     Berkeley, CA  94705

PAGE.08

FEB 04 '03 14:32

BA 0067



Rosalee Moos-Hollin G

SEP 1 9 2002

Good news — MRI brain normal, no stroke and no tumor - patient quite relieved.

She still has paralysis primarily in C5/6 myotomes and numbness which bothers her most of all in C5/6 dermatomes....PREDNISONE HELPED QUITE A BIT AT HIGHER DOSES. Patient well aware of benefits and risks of Prednisone and we will resume..

I'm now thinking that whatever the reasons for her loss of consicousness (alcohol??) she has a PRESSURE PALSY and prognsosi is good.

PLAN: Prednisone 42 mg and decrease by 2 mg qd until off in three weeks and followup then. MRI neck in the menatime....I now wonder about big disc not hurting because nerves temporarily (I hope) dead....we'll see....

Friedberg, M.D.

BA 0068

PAGE.09

FEB 04 '03 14:32

# JOHN MARK FRIEDBERG, M.D.
### BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

September 13, 2002

Roxanne Fiscella, M.D.
2500 Milvia
Berkeley, CA  94705

RE:  MOOS-HOLLING, ROSALIE

Dear Roxanne:

I saw your patient this morning, and I am quite concerned that she has a potentially ominous cause for the right arm paralysis and numbness. Specifically we need to rule out a brain tumor, primary or secondary, but also a stroke. I do not think this is going to be a lesion in the neck or brachial plexus, but those possibilities will be kept in mind.

"Rosie" is a 53-year-old right-handed generally healthy microbiologist who works for Bayer Corporation, and lives on her own with her pet dog.

She may be inclined to drink a bit more wine than she should, and she had had two margaritas when, on September 1st in the afternoon, she was sitting at her computer and she lost consciousness. She found herself coming to on the floor, with bruises over the left side of her body, and her right arm paralyzed and numb and cold. She had not bitten herself, was not incontinent of urine, and was able to drive herself to the emergency room at Alameda, where a CT scan head scan was negative, presumably without contrast, and where they thought she might have had a stroke. Evidently they worried about a seizure as well, because they put her on Neurontin ? 200 mg b.i.d., as well as aspirin, and they also must have been impressed with the alcohol, because they recommended thiamine.

Her other medication is Lotensin 40 mg, which she has been on for the past two years because she developed surprisingly high blood pressure out of the blue, and the dose was progressed slightly from 30 to 40 mg about two months ago.

About a month before this happened, she had seen another doctor because of the same, but milder, complaint of weakness in her right arm, associated with some aching in the scapular area, and that

RE: MOOS-HOLLING, ROSALIE
September 13, 2002
Page 2

doctor thought that perhaps she had a spinal problem, but did not order any tests.

As a child she may have suffered a concussion, but did not require medical attention, and in her teens she passed out on a single occasion in context, and again did not require evaluation.

When she came to on the floor on September 1st, she found that her head was jammed against a door and that her neck was somewhat bent, but her neck is not especially painful now, nor is there significant pain in the right shoulder area. She has never been aware of irregular heartbeats. She denies seizure auras such as olfactory or deja vu, but she has noticed that the forefinger of her right hand sometimes seems to go into involuntary extension spontaneously.

Her primary problem with the arm is proximal; she cannot elevate it overhead without holding her hair with her fingers. The grip and finger strength is relatively preserved, but the shoulder girdle muscles are almost totally out, as is the biceps and triceps.

She denies headaches, amaurosis, scotomata, night fevers or joint pains of significance.

In the past several months, however, she has had fleeting experiences of light-headedness such that on one occasion she stopped a perfect stranger in the street to lean on his arm because she felt like she might go out.

On EXAMINATION she comes across as a serious, bright, fully awake and alert woman, in no acute distress at all. However, as noted, she has great difficulty with large movements of the right arm, especially those involving the upper arm and shoulder.

Her speech and mental status are normal. Cranial nerves were carefully evaluated, and are normal. Neck range of motion is normal, and she has no tenderness on palpation of the neck or in the supraclavicular fossa. I do not see any muscle fasciculations, and I do not think I see any atrophy, but that would be harder to be sure of.

Her supine blood pressure today is 128/90, and on jumping up it drops to 115/80. Her heart rate is fast, around 100, but on taking it repeatedly there are no irregularities to suggest atrial fibrillation, and I do not hear any heart murmurs or carotid bruits.

Motor testing of the upper extremity, as noted, is rather disturbing: She has zero strength in the biceps, brachioradialis,

BA 0070

FEB 04 '03 14:33

RE:  MOOS-HOLLING, ROSALIE
September 13, 2002
Page 3

and triceps, and probably zero strength in the deltoid, with
preserved trapezius and levator scapula muscles. The
infrascapularis seems spared, but the suprascapularis is partially
or completely paralyzed, while the grip strength is impaired, but
not nearly to the degree that the proximal muscle are. She can
extend and spread her fingers, but they are weak, in the 4/5 range
only on the right hand, and she has weakness in the 4/5 range of
extension of the thumb as well, so that she can still write, but
her handwriting is shaky. I could detect no similar weakness in
the right or left leg, no alteration of tone, and no asymmetry of
reflexes, with readily elicited and symmetrical 2+ brachioradialis,
biceps, and triceps in both arms, and 1+ knee and ankle reflexes,
with no clonus. Gait and station are normal.

Sensory examination revealed impairment of pinwheel especially, but
other modalities as well, limited to the right hand and forearm in
approximately the C5 and 6 distributions but in fact it does not
conform closely to a dermatome or a peripheral nerve distribution,
and it does not go proximal to the shoulder. I tested several
times whether there is any asymmetry of sensation over her torso,
and there does not appear to be.

In summary, Roxanne, two weeks ago this woman passed out without
good reason. An EEG today does not show any seizure activity, but
my suspicion is that she had a seizure followed by a Todd's
paralysis which has persisted, and may well be due to a brain tumor
such as a glioma. My differential would include embolic stroke
from episodic atrial fibrillation, possibly related to alcohol or,
for that matter, a subdural could do this, but should have shown up
on the CAT scan. A glioma can be missed on a CAT scan.

The first step by far is an MRI of the brain, which will show a
stroke or a tumor, and to proceed from there. If it is entirely
negative, I will get a scan of her neck and, if need be, the
brachial plexus, but there has to be an explanation for this very
significant disability. She has been unable to work with this.

The EEG does not show epileptic activity, and she is on what
appears to be a placebo dose of Neurontin 100 mg b.i.d., but I will
not change it. I also wonder about orthostasis, but could not
prove it, so I will not change her Lotensin. I am sufficiently
suspicious of a tumor that a brief course of prednisone is
justified, even without a firm diagnosis, to observe its effect.
She has a strong stomach and no contraindications, and was
interested in doing something, and this was prescribed, starting
with 60 mg today and tapering by 10 q.d. until done.

RE:  MOOS-HOLLING, ROSALIE
September 13, 2002
Page 4

In the meanwhile we will find out what is behind this.

Her review of systems did not suggest any source of metastatic disease, e.g., no abnormal uterine bleeding, no breast masses, and no history of cigarette smoking.

Something has to be causing this, and we will let you know.

Very truly,

John Mark Friedberg, M.D.

JMF:sk

BA 0072

PAGE.10

FEB 04 '03 14:32

Bayer STD Program
Berkely, California
Status Report as of 01/09/03: OPEN AGREEMENT
(2-A-6)

## * EMPLOYEE INFORMATION *

EMPLOYEE:      ROSALIE MOOS-HOLLING
SSN:           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                    JOB PROFILE:  low  low  low  low
DOB:           01/13/49                       SEX:  female
JOB TITLE:     QA PROD DOC & RELEASE ADMIN
ADDRESS:       2032 ALAMEDA AVE
               ALAMEDA, CA 94501

TELEPHONE:  (510) 865-8243

## * PROVIDER INFORMATION *

                                   PHONE:  (510) 644-2282
                                   FAX:    (510) 644-1744
PROVIDER NAME:   John Friedberg
SPECIALITY:      Neurology
ADDRESS:         3000 Colby St. Suite 305
                 Berkely, CA 94705

## * DISABILITY INFORMATION *

DATE CALLED IN:  01/09/03
CALLER:                                                        Unknown
TITLE:                                                         Unknown
Is the disability work related?:                              Unknown
Has the EE been out on disability in the last 6 months?:      Unknown
If yes, is the diagnosis the same?:

## * CLINICAL INFORMATION *

                 C5 Radiculitis/Paralysis Right Arm/Possible Viral Re
DISABLING DX:                                      ICD9:  723.4
HOSPITALIZATION:  No
ADMISSION DATE:   Unknown
HOSPITAL:                                          DATE:  Unknown
PROCEDURE:        0                ACTUAL DATE OF DELIVERY:  N/A
PREGNANCY:   EDC:  N/A

## * STD PERIOD *

                                       1ST TX DATE:        09/01/02
MD REQUESTED START DATE:    03/02/03    NEXT APPT DATE:     Unknown
CORE APPROVED THRU DATE:    03/02/03    CONFIRMED RTW:      Unknown
TOTAL DAYS APPROVED:        1           POTENTIAL LTD:      Yes
LDW: 07/11/02  BERTW DATE:  Unknown

## * JOB MODIFICATIONS *

## * ADDITIONAL INFORMATION *

STD exhausts 3/2 per OHD. LTD as of 3/3.

BA 0073

THE WORKABILITY PROGRAM

Clinical Review of Request   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 2-A-6

EMPLOYEE: 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
          ROSALIE MOOS-HOLLING
          2032 ALAMEDA AVE
          ALAMEDA, CA 94501

          (510) 865-8243

    DOB: 01/13/49
    SEX: Female

  COMPANY: Bayer
    GROUP: Berkely, California
 SUBGROUP:
      JOB: QA PROD DOC & RELEASE ADMIN
 PROFILES: Low  Low  Low  Low

 CALL DATE: 01/09/03
    CALLER:
     TITLE:
  PROVIDER: John Friedberg, MD  (Neurology)
            3000 Colby St. Suite 305
            Berkely, CA 94705

            (510) 644-2282

          STATUS: OPEN AGREEMENT as of 01/09/03

 PROVIDER'S DIAG: C5 Radiculitis/Paralysis Right Arm/Possible Viral Related
  DIAGNOSIS CODE: 357.0
 SYSTEM DIAGNOSIS:
 Peripheral Nerve Disease (350) Hosp-Nerve Compression
    WHY DISABLED: R Arm Paralized
             EDC:
 ACTUAL DELIVERY:
 EPISODE BEG DATE: 09/02/02
   REQ START DATE: 03/02/03
  REQUESTED THRU: 03/02/03
         REQUESTED:   1 DAYS
 SYSTEM APPR THRU: 03/02/03
          APPROVED:   1 DAYS

            INJURY: ?
          HOSPITAL:
           SURGERY: N
  DATE OF SURGERY:

       RESTRICTIONS:

ALIE MOOS-HOLLING
UEST 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 2-A-6

QUEST PATH:

jor Medical Categories              : Neurologic / Major Medical Categories
UROLOGIC-MEDICAL PROBLEM            : Acute Infective Polyneuritis / NEUROLOGIC-MEDIC
RIPHERAL NERVE DISEASE              : Loss of Motor Function / PERIPHERAL NERVE DISEA
ERIPHERAL NERVE DISEASE-SXS         : Arm/Hand / PERIPHERAL NERVE DISEASE-SXS
ERIPHERAL NERVE DISEASE-TESTS       : EMG / PERIPHERAL NERVE DISEASE-TESTS
ERIPHERAL NERVE DISEASE-TESTS       : >>> Other
ERIPHERAL NERVE DISEASE-RX          : Other / PERIPHERAL NERVE DISEASE-RX / Zovirax
ERIPHERAL NERVE DISEASE-HX          : Hospitalized for Nerve Compression / PERIPHERAL
omorbid Section                     : ================= Comorbid Section ============
COMORBID DX WITH NEUROLOGIC         : None / COMORBID DX WITH NEUROLOGIC / co99

QUESTIONS:                                              ?
                                                        ?
Is the disability work related?                         Y      07/11/02
Is the disability due to an injury or accident?         ?      04/07/02
What is the last day worked?                            ?      ?
Has this ee been out on disability in the last six months?  ?
If yes, is diagnosis same?                              ?

NOTES:
09/24/02*13:29*LSWART*CSR TCF EE to initiate claim for r. arm paralized, EE
has been OOW on WC since Jul. LDW 7/11, FDA 7/12, Tx 9/1, informed of MR.
=======================================================================
09/25/02*11:23*SSMITH*CSR*   TCT MDO Fiscella to obtain clinical, spoke with
receptionist who stated we can fax APS to Dr. Fiscella at 540-843-3230.  APS
faxed.  On f/u will call EE to advise APS faxed to MDO on 9/25/02.
=======================================================================
09/25/02*11:34*SSMITH*CSR*   Per above:  Sent successfully to Dr. Fixcella @
9,+1 5108433230,,,,,,4124 on Wednesday, September 25, 2002 11:24:02 AM
Pages:3. Connect time: 00:48. Re-dials: 0. Remote CSI:. Billing: .
=======================================================================
09/26/02*12:40*SSMITH*CSR*   TCT EE to advise case is pending for APS, LVMM
advising and advised EE to c/b with qustions. F/u for 10/10/3/02 to pend NR
f APS is not rec'd by 10/2/02.
=======================================================================
09/27/02*09:39*SSMITH*CSR*   Rec'd APS via fax 9/26/02 from MDO Fiscella, not
dated:  Dx: Syncope cervical radiculopathy.  ICD-9:723.4.  Is Dx work
related: No.  Hospitalized: No.  S&S: Syncope into R arm paralysis.  1st Tx date:
Significan diagnostic exmas: EEG, negative.  Curretn Tx: None.  Specialist
BLANK.  Most recent appt: 8/26/02.  Next appt: 9/26/02.  Date of referral:
referral: John Friedburg, Neurology, (510)644-2282.  LOD: 7/12/02 through 11/15/02.  BERTW
9/13/02.  Could pt work with R's: No.
FT/FD: 11/16/02.  Forwarding to RN for review.
=======================================================================
=======================================================================

BA 0075

BALIE MOOS-HOLLING
QUEST 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 2-A-6

TES (CONTINUED):

/30/02*15:34*KMCMANAM*TCT Dr Friedburg's office regarding obtainingclinical
fo and adv fax request. APS faxed to 510-644-1744. APS faxed to neur.
T Dr Fiscella's  office also regarding disabling sx and diagnostic test
one- eeg and when.  Left cb #
==================================================================
0/01/02*13:36*KMCMANAM*TCT Dr Fiscella's office and s/w Estendar and states
isabling sx, syncope, rt arm numbness. In notes denotes incont urine, rt
rm was numb/cold/paralyzed and went to Almedia Hosp- u/k date and CT w/o
ontrast and was neg (no date on this) and r/o dx were seizure, stoke, or
rain tumor. Meds- neurontin and asa. Date of EEG 9/13.. TCT to Dr
riedberg (neuro) and s/w Petra and has APS but no med release. Adv will fax
ned release and then CSR pls call EE regarding signing med release at Dr
Friedburgs. Dr Friedberg has APS form also.  ****** MR faxed to MDO
Friedberg. Pend MR.
==================================================================
10/02/02*13:32*BMARKS*TCT EE to advise of MR. LVMM for c/b. Call #1
==================================================================
10/02/02*15:08*JBEMIS*CSR*TCF EE to return call.  Informed of MR.  EE stated
will sign MR at Dr. Friedman's office & call to confirm MR signed.  I
mailed  MR to EE.
==================================================================
10/03/02*10:50*SSMITH*CSR* Rec'd duplicate APS via fax 10/2/02, forwarding
to file.
==================================================================
10/03/02*13:06*SSMITH*CSR*  Per above, f/u for 10/9/02 to pend for NR if no
MR or NR from EE regarding signed MR at MDO is rec'd by 10/8/02.
==================================================================
10/09/02*13:19*SSMITH*
10/09/02*13:27*SSMITH*CSR*  TCT MDO Friedberg's office to see if EE signed
MR, s/w receptionist who stated she did and they have APS and will send back
to CORE, advised APS due to CORE by 10/16/02. On f/u will advise APS faxed
to MDO on 10/1/02 and confirmed MR signed in office, will await APS starting
today.
==================================================================
10/10/02*12:36*SSMITH*CSR*  TCT EE to advise APS faxed to MDO and we are
awaiting APS from MDO due by 9/16/02, EE stated she would f/y with her MDO.
==================================================================
10/11/02*11:28*SSMITH*CSR*  F/u for 10/17/02 to pend NR if APS is not rec'd
by 1016/02.
==================================================================
10/16/02*08:31*PHERZOG*e-mail response to Kathy Tesdall, OHD, confirming
Sept. claim has been started, but 7/11/02 will remain LDW.
==================================================================
10/16/02*10:50*SSMITH*CSR*  Rec'd signed MR via mail 10/15/02, forwarding to
file.
==================================================================
10/16/02*13:20*KGOBIEL* CSR TCF EE to state that she does not see Dr Freidbeg
until 10/18 and MDO will not fill out paper work until MD see's EE.
==================================================================

SALIE MOOS-HOLLING
QUEST 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 2-A-6

OTES (CONTINUED):

0/17/02*13:08*SSMITH*CSR*  Per above, RN advised me to give until 10/21/02,
f APS is not rec'd by 10/21/02 then put case into NR.  F/u for 10/21/02 to
end for NR if no APS.
=============================================================
0/18/02*16:19*SSMITH*CSR*  Rec'd APS via fax 10/18/02 from MDO Friedberg not
lated:  Dx: Paralysis of R arm-C5 innervated muscles probably secondary to
rirus.  ICD-9: 723.4, 34440.  Is Dx work related: No.  S&S: R biceps,
orachioradialis and rhomboideus muscles are paralyzed severly limiting use
of R arm.  Significant diagnostic exams: Postivie EMG for denervation and
re-innervation (some) suggestive MRI neck...  Current Tx: Zovirax 200mg
5xday-also got two courses prednisone.  Medications: Above.  1st Tx date:
9/13/02.  Most recent appt: 10/17/02.  Could pt work with R's: No.  LOD:
7/11/02 through 1/1/03.  BERTW FT/FD: 1/1/02.  Forwarding APS to file, case
forwarded to RN for review.
=============================================================
10/21/02*11:58*KEM*Above clinical reviewed. Claim approved in review thru
eval date 10/18 w Dr. Friedberg. On f/u need next eval date w Dr. Fiscella.
=============================================================
10/22/02*14:57*KMCMANAM*TCT Dr Fiscella's office regarding obtaining last ov
and next apt. Last apt 8/26 and s/w Jan and has no next eval w/ Dr
Fiscella.  Provider changed from Fiscella 510-843-0692 to Friedberg-
Neurologist at    510-644-2282. TCT to Petra at Dr Friedburg's office and
states no f/u apt set yet and unsure when md wanted to see pt back- adv may
cb late this aft for that once she gets the chart.
=============================================================
10/22/02*15:07*KMCMANAM*TCT Petra at Dr Friedberg's office for next apt info-
adv cb late in day- chart not avail.
=============================================================
10/23/02*19:09*KMCMANAM*TCT Petra at MDO Friedberg and states EMG was 10/17
done- positive for denervation and innervation. C-spine 10/1 and will fax
finding as well as clinical note from 10/17- Med changed on 10/17 and adv
take med and f/u 10 days approx 10/27-28. May try back office next week
mid-week and if EE did not come in CSR to call EE to remind make apt w/ mdo
Friedberg. Confirmed fax# also. Md denotes also-prognosis is good.
=============================================================
10/24/02*10:17*SSMITH*CSR*  Rec'd clinical notes via fax 10/23/02 from MDO
Friedberg, forwarding to RN for review.
=============================================================
10/24/02*19:29*KMCMANAM*Rcv'd md note 10/17 from Dr Friedberg. Narrative on
file. EMG carried out - biceps show brachioradalis and rhomboideus on right
show diminished interface patterns,polyphasic motor units and
fibs/fascics....completely normal FDI,indicis proprkus extensor, and
trapezius ambiguous rt deltoid ...tricep normal. Impression- The patient had
tingling in July in the rhomoideus area on right then fell/passed out on
floor and awoke w/ paralysis of the right myotome of the C5-6 nerve roots,
neck MRI suggests mild-moderate foraminal stenosis at that level and now she
has what has to be Herpes Zoster on the left at a high thoracic
level...somehow I think these are all related. She got initial some relief
from prednisone but repeat course no and now we'll try Zovirax..she has made

BA 0077

SALIE MOOS-HOLLING
QUEST 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 2-A-6

OTES (CONTINUED):

o significant finctional improvement and the right arm remains useless for
ow. I still think prognosis is good. denotes outbreak of vesicles red
acupapular rash T2-4 level on L side w/ illegible- like somebody scratched
e. MRI Cervical Spine results from 10/1 on file and faxed also to CORE-
mpression No evidence of disc protrusion or extrusion. No central canal
tenosis is appreciated. There is mult-level foraminal stenosis moderate at
5-6 and moderately severe at C6-7. Will approve through 10/31 and then call
or clinical update- to see if EE may f/u apt for eval.
============================================================================
10/31/02*19:50*KMCMANAM*Last clinical from 10/17 and EE was to return in 7-10
days for f/u. Call to see if she did return and if no pend for EE to make
apt for f/u w/ Friedberg.
11/01/02*16:11*KEM*Msg to CSR to call EE for most recent/next eval w Dr.
Friedberg.
============================================================================
11/04/02*12:22*KGOBIEL*CSR TCF EE to ask why she is only approved until 10/31
if NOV is not unitl 11/25. Advised EE that Core will F/U with MDO. EE also
stated that LOV was 10/18.
============================================================================
11/05/02*10:51*PHERZOG*Claim approved through 11/25 eval.
============================================================================
11/15/02*16:53*MARRUDA*TCF EE to report that neurologist canceled eval of
11/25/02 and set the date to 12-12-02. Recording states ofc closed this
11/26/02*12:18*KEM*TCT Dr. Friedberg's ofc. On f/u need to confirm MD ofc
wk for holiday and will re-open on 12/02. On f/u need to confirm MD ofc
cancelled EE's appt scheduled for 11/25.
============================================================================
12/02/02*15:03*KEM*TCT Dr. Friedberg's ofc. Left detailed VMM for cb. On cb
need to know who cancelled appt on 11/25 and what new eval date is.
============================================================================
12/03/02*18:35*KMCMANAM*TCT MDO Friedberg and s/w Tracy and states yes- md
cancelled 11/25 apt and apt rescheduled to 12/12. Will approve to 12/12 and
f/u for clinical then.
============================================================================
12/09/02*13:09*KMCMANAM*F/u dt changed to allow for 12/12 apt.
============================================================================
12/13/02*18:39*KMCMANAM*TCT MDO Friedberg and s/w Tracy and adv dictation not
back yet-- adv cb 12/17 and s/w her. Ref offer for APS to be faxed d/t md
has filled out many forms on EE.
============================================================================
12/13/02*18:41*KMCMANAM*TCT  MDO Friedberg and s/w Tracy- dictation not back
till 12/17- try then. Refuses APS at this time.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
12/16/02*17:27*DRM* Mailed to Kemper on 16rh Week LTD Report
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
============================================================================
12/17/02*17:47*KMCMANAM*TCT MDO Friedberg and denotes next apt 1/28/03-- md
Friedberg and s/w mdo Friedberg and he denotes-
extending disability until 6/1/03. Nurse s/w mdo Friedberg and he denotes-

ЗALIE MOOS-HOLLING
QUEST 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 2-A-6

ΓES (CONTINUED):

ε rt arm is totally useless- paralyzed bicep- 2 nerve roots and brachial
omplex. In order for her to move rt arm at all leans back and tries to flop
rm forward or move it w/ other arm. Tx- She is not in Pt and he does not
eel it would help at this time until she gets a little movement in rt arm.
eds- Only med lotensin for b/p--no longer prednisone. states her case was
·ccured after EE awoke on the floor w/ sx.  He is also considering dx-
·arsonage turner's syndrome or acute brachiomyotrophy. He does not feel she
·s perm disabled but states he hopes she will gain some function and time
will tell. Md extending disability thru 6/1/03 d/t repeated f/u for clinical
after visits.
=============================================================================
12/19/02*09:44*KMCMANAM*Will approve thru next apt for sx 1/28/03.
=============================================================================
12/26/02*15:59*MFULLER*CSR TCF MD Friedburg to respond to letter recd. MD was
transferred to RN/VM
=============================================================================
12/26/02*17:16*KMCMANAM*VMM from Dr John Friedberg stating that "you invited
me to call  with a stupid letter telling me that this EE must RTW in a
couple of weeks. I wasted time talking to someone in your office and we
agreed her disability would be till 6/2003, then you send me a 1 pg letter
when this EE has a totally rt upper paralyzed arm. It is stupid for her to
come in periodically every month for me to tell her the same thing. I
don't  know why you ignore my input and waste my time. Don't call me and I
doubt    she will use her arm before 6/2003. It is dumb for me to leave a
vmm after    sending me a 1 pg letter and when I cb to reach vm. I really
understand but    I am not happy with it."
12/26/02*17:23*KMCMANAM*EMM to PH regarding above and poss mdr.
=============================================================================
01/02/03*12:35*KMCMANAM*Per PH review w/ Dr Beavers this claim. EMM to Dr
Beavers on claim.
=============================================================================
01/02/03*12:52*KMCMANAM*EMM to OHD- nd STD exhaust. Per Dr Beaver rev-
approve thru STD exhaust.
01/02/03*17:29*KMCMANAM*EMM from Rocci OHD- STD exhaust is 3/1/03 and OHD
questioning if md-md rev in order- emm back adv Dr Beavers quickly rev info
in claim and rec approval to STD exhaust- adv them I would hold on any
further approval till I hear back from OHD-as to whether they are in
agreement or want a formalized md review.
=============================================================================
01/06/03*13:53*PHERZOG*e-mail to Susan Rocci, OHD, re: how to proceed w/claim.
01/06/03*14:48*PHERZOG*e-mail from Susan Rocci, OHD, reporting to proceed
w/approval til STD Exhaust.  Upon f/u, close claim as STD exhausted.
=============================================================================
01/09/03*17:07*KMCMANAM*EMM to OHD Rocci ?? confirm STD exhaust may be 3/2
not 3/1-awaiting response.
01/09/03*17:41*KMCMANAM*EMM from OHD states start dt 9/2 and end is 3/1 for
STD.

BA 0079

3\03\050506 kmarion

SALIE MOOS-HOLLING
QUEST 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 2-A-6

OTES (CONTINUED):
=================================================================
================================================= STD exhausts through 3/2.
1/09/03*18:17*KMCMANAM*OHD Rocci via emm denotes STD exhausts through 3/2.
TD 3/3 begins.
-+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
01/14/03*11:07*DRM* Sent to Kemper on 20th Week LTD Report.
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

BA 0080

Bayer STD Program
Berkely, California
Status Report as of 12/03/02: OPEN AGREEMENT
(2-A-3)

## * EMPLOYEE INFORMATION *

EMPLOYEE:      ROSALIE MOOS-HOLLING
SSN:           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              JOB PROFILE:  low  low  low  low
DOB:           01/13/49                 SEX:  female
JOB TITLE:     QA PROD DOC & RELEASE ADMIN
ADDRESS:       2032 ALAMEDA AVE
               ALAMEDA, CA 94501

TELEPHONE:     (510) 865-8243

## * PROVIDER INFORMATION *
                                        PHONE:   (510) 644-2282
PROVIDER NAME:   John Friedberg         FAX:     (510) 644-1744
SPECIALITY:      Neurology
ADDRESS:         3000 Colby St. Suite 305
                 Berkely, CA 94705

## * DISABILITY INFORMATION *

DATE CALLED IN:  11/26/02
CALLER:
TITLE:                                                          Unknown
Is the disability work related?:                               Unknown
Has the EE been out on disability in the last 6 months?:        Unknown
If yes, is the diagnosis the same?:

## * CLINICAL INFORMATION *
                    C5 Radiculitis/Paralysis Right Arm/Possible Viral Re
DISABLING DX:                                      ~ICD9:  723.4
HOSPITALIZATION:   No
ADMISSION DATE:    Unknown
HOSPITAL:                                          DATE:  Unknown
PROCEDURE:         0
                   EDC:   N/A        ACTUAL DATE OF DELIVERY:  N/A
PREGNANCY:

## * STD PERIOD *
                                 1ST TX DATE:              09/01/02
MD REQUESTED START DATE:  11/26/02  NEXT APPT DATE:        12/12/02
CORE APPROVED THRU DATE:  12/12/02  CONFIRMED RTW:         Unknown
TOTAL DAYS APPROVED:      17        POTENTIAL LTD:         No
LDW: 07/11/02  BERTW DATE:  Unknown

## * JOB MODIFICATIONS *

BA 0081

THE WORKABILITY PROGRAM

Clinical Review of Request    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 2-A-3

EMPLOYEE: 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
          ROSALIE MOOS-HOLLING
          2032 ALAMEDA AVE
          ALAMEDA, CA 94501

          (510) 865-8243

   DOB: 01/13/49
   SEX: Female

COMPANY: Bayer
  GROUP: Berkely, California
SUBGROUP:
    JOB: QA PROD DOC & RELEASE ADMIN
PROFILES: Low  Low  Low  Low

CALL DATE: 11/26/02
   CALLER:
    TITLE:
 PROVIDER: John Friedberg, MD  (Neurology)
           3000 Colby St. Suite 305
           Berkely, CA 94705

          (510) 644-2282

          STATUS: OPEN AGREEMENT as of 12/03/02                MENT

PROVIDER'S DIAG: C5 Radiculitis/Paralysis Right Arm/Possible Viral Related
 DIAGNOSIS CODE: 357.0
SYSTEM DIAGNOSIS:
Peripheral Nerve Disease (350) Hosp-Nerve Compression
     WHY DISABLED: R Arm Paralized
             EDC:
ACTUAL DELIVERY:
EPISODE BEG DATE: 09/02/02
   REQ START DATE: 11/26/02
  REQUESTED THRU: 01/01/03
       REQUESTED:  37  DAYS
SYSTEM APPR THRU: 12/12/02
        APPROVED:  17  DAYS

          INJURY: ?
        HOSPITAL:
         SURGERY: N
DATE OF SURGERY:

      RESTRICTIONS:

BA 0082

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-3

REQUEST PATH:

Major Medical Categories            : Neurologic / Major Medical Categories
NEUROLOGIC-MEDICAL PROBLEM          : Acute Infective Polyneuritis / NEUROLOGIC-MEDIC
PERIPHERAL NERVE DISEASE            : Loss of Motor Function / PERIPHERAL NERVE DISEA
PERIPHERAL NERVE DISEASE-SXS        : Arm/Hand / PERIPHERAL NERVE DISEASE-SXS
PERIPHERAL NERVE DISEASE-TESTS      : EMG / PERIPHERAL NERVE DISEASE-TESTS
PERIPHERAL NERVE DISEASE-TESTS      : >>> Other
PERIPHERAL NERVE DISEASE-RX         : Other / PERIPHERAL NERVE DISEASE-RX / Zovirax
PERIPHERAL NERVE DISEASE-HX         : Hospitalized for Nerve Compression / PERIPHERAL
Comorbid Section                    : ================ Comorbid Section ============
COMORBID DX WITH NEUROLOGIC         : None / COMORBID DX WITH NEUROLOGIC / co99


QUESTIONS:
                                                                ?
Is the disability work related?                                 ?
Is the disability due to an injury or accident?                 Y         07/11/02
What is the last day worked?
Has this ee been out on disability in the last six months?
If yes, is diagnosis same?                                      ?


NOTES:
   09/24/02*13:29*LSWART*CSR TCF EE to initiate claim for arm paralyzed, EE
   has been OOW on WC since Jul. LDW 7/11, FDA 7/12, Tx 9/1, informed of MR.
   =================================================================
   09/25/02*11:23*SSMITH*CSR*   TCT MDO Fiscella to obtain clinical, spoke with
   receptionist who stated we can fax APS to Dr. Fiscella at 540-843-3230.  APS
   faxed.  On f/u will call EE to advise APS faxed to MDO on 9/25/02.
   =================================================================
   09/25/02*11:34*SSMITH*CSR*   Per above:  Sent successfully to Dr. Fixcella @
   9,+1 5108433230,,,,,,4124 on Wednesday, September 25, 2002 11:24:02 AM
   Pages:3. Connect time: 00:48. Re-dials: 0. Remote CSI:. Billing: .
   =================================================================
   09/26/02*12:40*SSMITH*CSR*   TCT EE to advise case is pending for APS, LVMM
   advising and advised EE to c/b with qustions. F/u for 10/10/3/02 to pend NR
   f APS is not rec'd by 10/2/02.
   =================================================================
   09/27/02*09:39*SSMITH*CSR*  Rec'd APS via fax 9/26/02 from MDO Fiscella, not
   dated:  Dx: Syncope cervical radiculopathy.  ICD-9:723.4.  Is Dx work
   related: No.  Hospitalized: No.  S&S: Syncope into R arm paralysis.
   Significan diagnostic exmas: EEG, negative.  Curretn Tx: None.  1st Tx date:
   BLANK.  Most recent appt: 8/26/02.  Next appt: 9/26/02.  Specialist
   referral: John Friedburg, Neurology, (510)644-2282.  Date of referral:
   9/13/02.  Could pt work with R's: No.  LOD: 7/12/02 through 11/15/02.  BERTW
   FT/FD: 11/16/02.  Forwarding to RN for review.
   =================================================================
   =================================================================
   =================================================================

BA 0083

OSALIE MOOS-HOLLING
EQUEST 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 2-A-3

OTES (CONTINUED):

09/30/02*15:34*KMCMANAM*TCT Dr Friedburg's office regarding obtainingclinical info and adv fax request. APS faxed to  510-644-1744. APS faxed to neur. TCT Dr Fiscella's  office also regarding disabling sx and diagnostic test done- eeg and when.  Left cb #
=====================================================================
10/01/02*13:36*KMCMANAM*TCT Dr Fiscella's office and s/w Estendar and states disabling sx, syncope, rt arm numbness. In notes denotes incont urine, rt arm was numb/cold/paralyzed and went to Almedia Hosp- u/k date and CT w/o contrast and was neg (no date on this) and r/o dx were seizure, stoke, or brain tumor. Meds- neurontin and asa. Date of EEG 9/13.. TCT to Dr Friedberg (neuro) and s/w Petra and has APS but no med release. Adv will fax med release and then CSR pls call EE regarding signing med release at Dr Friedburgs. Dr Friedburg has APS form also. ****** MR faxed to MDO Friedberg. Pend MR.
=====================================================================
10/02/02*13:32*BMARKS*TCT EE to advise of MR. LVMM for c/b. Call #1
=====================================================================
10/02/02*15:08*JBEMIS*CSR*TCF EE to return call.  Informed of MR.  EE stated will sign MR at Dr. Friedman's office & call to confirm MR signed. I mailed  MR to EE.
=====================================================================
10/03/02*10:50*SSMITH*CSR*  Rec'd duplicate APS via fax 10/2/02, forwarding to file.
=====================================================================
10/03/02*13:06*SSMITH*CSR*  Per above, f/u for 10/9/02 to pend for NR if no ... MR. or NR from EE regarding signed MR at MDO is rec'd by 10/8/02.
=====================================================================
10/09/02*13:19*SSMITH*
10/09/02*13:27*SSMITH*CSR*  TCT MDO Friedberg's office to see if EE signed MR, s/w receptionist who stated she did and they have APS and will send back to CORE, advised APS due to CORE by 10/16/02. On f/u will advise APS faxed to MDO on 10/1/02 and confirmed MR signed in office, will await APS starting today.
=====================================================================
10/10/02*12:36*SSMITH*CSR*  TCT EE to advise APS faxed to MDO and we are awaiting APS from MDO due by 9/16/02, EE stated she would f/y with her MDO.
=====================================================================
10/11/02*11:28*SSMITH*CSR*  F/u for 10/17/02 to pend NR if APS is not rec'd by 1016/02.
=====================================================================
10/16/02*08:31*PHERZOG*e-mail response to Kathy Tesdall, OHD, confirming Sept. claim has been started, but 7/11/02 will remain LDW.
=====================================================================
10/16/02*10:50*SSMITH*CSR*  Rec'd signed MR via mail 10/15/02, forwarding to file.
=====================================================================
10/16/02*13:20*KGOBIEL* CSR TCF EE to state that she does not see Dr Freidbeg until 10/18 and MDO will not fill out paper work until MD see's EE.
=====================================================================

BA 0084

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-3

NOTES (CONTINUED):

10/17/02*13:08*SSMITH*CSR*  Per above, RN advised me to give until 10/21/02,
if APS is not rec'd by 10/21/02 then put case into NR.  F/u for 10/21/02 to
pend for NR if no APS.
=================================================================
10/18/02*16:19*SSMITH*CSR*  Rec'd APS via fax 10/18/02 from MDO Friedberg not
dated:  Dx: Paralysis of R arm-C5 innervated muscles probably secondary to
virus.  ICD-9: 723.4, 34440.  Is Dx work related: No.  S&S: R biceps,
brachioradialis and rhomboideus muscles are paralyzed severly limiting use
of R arm.  Significant diagnostic exams: Postivie EMG for denervation and
re-innervation (some) suggestive MRI neck.  Current Tx: Zovirax 200mg
5xday-also got two courses prednisone.  Medications: Above.  1st Tx date:
9/13/02.  Most recent appt: 10/17/02.  Could pt work with R's: No.  LOD:
7/11/02 through 1/1/03.  BERTW FT/FD: 1/1/02.  Forwarding APS to file, case
forwarded to RN for review.
=================================================================
10/21/02*11:58*KEM*Above clinical reviewed. Claim approved in review thru
eval date 10/18 w Dr. Friedberg. On f/u need next eval date w Dr. Fiscella.
=================================================================
10/22/02*14:57*KMCMANAM*TCT Dr Fiscella's office regarding obtaining last ov
and next apt. Last apt 8/26 and s/w Jan and has no next eval w/ Dr
Fiscella.  Provider changed from Fiscella 510-843-0692 to Friedberg-
Neurologist at   510-644-2282. TCT to Petra at Dr Friedburg's office and
states no f/u apt set yet and unsure when md wanted to see pt back- adv may
cb late this aft for that once she gets the chart.
=================================================================
10/22/02*15:07*KMCMANAM*TCT Petra at Dr Friedberg's office for next apt info-
adv cb late in day- chart not avail. adv cb late we have chart now.
=================================================================
10/23/02*19:09*KMCMANAM*TCT Petra at MDO Friedberg and states EMG was 10/17
done- positive for denervation and innervation. C-spine 10/1 and will fax
finding as well as clinical note from 10/17- Med changed on 10/17 and adv
take med and f/u 10 days approx 10/27-28. May try back office next week
mid-week and if EE did not come in CSR to call EE to remind make apt w/ mdo
Friedberg. Confirmed fax# also. Md denotes also-prognosis is good.
=================================================================
10/24/02*10:17*SSMITH*CSR*  Rec'd clinical notes via fax 10/23/02 from MDO
Friedberg, forwarding to RN for review.
=================================================================
10/24/02*19:29*KMCMANAM*Rcv'd md note 10/17 from Dr Friedberg. Narrative on
file. EMG carried out - biceps show brachioradalis and rhomboideus on right
show diminished interface patterns,polyphasic motor units and
fibs/fascics....completely normal FDI,indicis proprkus extensor, and
trapezius ambiguous rt deltoid ...tricep normal. Impression- The patient had
tingling in July in the rhomoideus area on right then fell/passed out on
floor and awoke w/ paralysis of the right myotome of the C5-6 nerve roots,
neck MRI suggests mild-moderate foraminal stenosis at that level and now she
has what has to be Herpes Zoster on the left at a high thoracic
level...somehow I think these are all related. She got initial some relief
from prednisone but repeat course no and now we'll try Zovirax..she has made

BA 0085

OSALIE MOOS-HOLLING
EQUEST 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 2-A-3

NOTES (CONTINUED):

no significant finctional improvement and the right arm remains useless for
now. I still think prognosis is good. denotes outbreak of vesicles red
macupapular rash T2-4 level on L side w/ illegible- like somebody scratched
me. MRI-Cervical Spine results from 10/1 on file and faxed also to CORE-
Impression No evidence of disc protrusion or extrusion. No central canal
stenosis is appreciated. There is mult-level foraminal stenosis moderate at
C5-6 and moderately severe at C6-7. Will approve through 10/31 and then call
for clinical update- to see if EE may f/u apt for eval.
==============================================================================
10/31/02*19:50*KMCMANAM*Last clinical from 10/17 and EE was to return in 7-10
days for f/u. Call to see if she did return and if no pend for EE to make
apt for f/u w/ Friedberg.
11/01/02*16:11*KEM*Msg to CSR to call EE for most recent/next eval w Dr.
Friedberg.
==============================================================================
11/04/02*12:22*KGOBIEL*CSR TCF EE to ask why she is only approved until 10/31
if NOV is not unitl 11/25. Advised EE that Core will F/U with MDO. EE also
stated that LOV was 10/18 ...
==============================================================================
11/05/02*10:51*PHERZOG*Claim approved through 11/25 eval.
==============================================================================
11/15/02*16:53*MARRUDA*TCF EE to report that neurologist canceled eval of
11/25/02 and set the date to 12-12-02.
11/26/02*12:18*KEM*TCT Dr. Friedberg's ofc. Recording states ofc closed this
wk for holiday and will re-open on 12/02. On f/u need to confirm MD ofc
xccancelled-EE's appt scheduled for 11/25 ...
==============================================================================
12/02/02*15:03*KEM*TCT Dr. Friedberg's ofc. Left detailed VMM for cb. On cb
need to know who cancelled appt on 11/25 and what new eval date is.
==============================================================================
12/03/02*18:35*KMCMANAM*TCT MDO Friedberg and s/w Tracy and states yes- md
cancelled 11/25 apt and apt rescheduled to 12/12. Will approve to 12/12 and
f/u for clinical then.
==============================================================================
12/09/02*13:09*KMCMANAM*F/u dt changed to allow for 12/12 apt.
==============================================================================
12/13/02*18:39*KMCMANAM*TCT MDO Friedberg and s/w Tracy and adv dictation not
back yet-- adv cb 12/17 and s/w her. Ref offer for APS to be faxed d/t md
has filled out many forms on EE.
==============================================================================
12/13/02*18:41*KMCMANAM*TCT  MDO Friedberg and s/w Tracy- dictation not back
till 12/17- try then. Refuses APS at this time.

BA 0086

To:       Kathy.Tesdall.B; Susan.rocci.b; brenda.perry.b
cc:
From:     John J. Delaney Jr.
          Non-Occ Disability Management/Plantation
Date:     12/20/2002 08:48 AM
Subject:  Rosalie Moos-Holling

We have received CORE notes for the above and are issuing a LTD application package.
According to our records, STD began as of 7/12/02.  LTD would then begin as of 1/10/03.
Should there be any change or should this person return to work, please advise us immediately.
Thank you!


Jon J. Delaney, Jr.
Phone: (866) 271-0744 x 2043
Fax: (954) 452-4083
E-Mail: jon.delaney@kemperinsurance.com

BA 0087

Bayer STD Program
Berkely, California
Status Report as of 01/09/03: OPEN AGREEMENT
(2-A-6)

---

## * EMPLOYEE INFORMATION *

EMPLOYEE:     ROSALIE MOOS-HOLLING
SSN:          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
DOB:          01/13/49              JOB PROFILE:  low  low  low  low
JOB TITLE:    QA PROD DOC & RELEASE ADMIN   SEX:  female
ADDRESS:      2032 ALAMEDA AVE
              ALAMEDA, CA 94501
TELEPHONE:    (510) 865-8243

---

## * PROVIDER INFORMATION *

PROVIDER NAME:    John Friedberg          PHONE:  (510) 644-2282
SPECIALITY:       Neurology               FAX:    (510) 644-1744
ADDRESS:          3000 Colby St. Suite 305
                  Berkely, CA 94705

---

## * DISABILITY INFORMATION *

DATE CALLED IN:   01/09/03
CALLER:
TITLE:                                                        Unknown
Is the disability work related?:                             Unknown
Has the EE been out on disability in the last 6 months?:     Unknown
If yes, is the diagnosis the same?:

---

## * CLINICAL INFORMATION *

DISABLING DX:      C5 Radiculitis/Paralysis Right Arm/Possible Viral Re
HOSPITALIZATION:   No                         ICD9:  723.4
ADMISSION DATE:    Unknown
HOSPITAL:                                      DATE:  Unknown
PROCEDURE:         0
PREGNANCY:  EDC:  N/A       ACTUAL DATE OF DELIVERY:  N/A

---

## * STD PERIOD *

MD REQUESTED START DATE:    03/02/03   1ST TX DATE:        09/01/02
CORE APPROVED THRU DATE:    03/02/03   NEXT APPT DATE:     Unknown
TOTAL DAYS APPROVED:        1          CONFIRMED RTW:      Unknown
LDW: 07/11/02  BERTW DATE:  Unknown    POTENTIAL LTD:      Yes

---

## * JOB MODIFICATIONS *

---

## * ADDITIONAL INFORMATION *

STD exhausts 3/2 per OHD. LTD as of 3/3.

BA 0088

# THE WORKABILITY PROGRAM

## Clinical Review of Request   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  2-A-6

EMPLOYEE: 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
ROSALIE MOOS-HOLLING
2032 ALAMEDA AVE
ALAMEDA, CA 94501

(510) 865-8243

DOB: 01/13/49
SEX: Female

COMPANY: Bayer
GROUP: Berkely, California
SUBGROUP:
JOB: QA PROD DOC & RELEASE ADMIN
PROFILES: Low  Low  Low  Low

CALL DATE: 01/09/03
CALLER:
TITLE:
PROVIDER: John Friedberg, MD  (Neurology)
3000 Colby St. Suite 305
Berkely, CA 94705

(510) 644-2282

STATUS: OPEN AGREEMENT as of 01/09/03

PROVIDER'S DIAG: C5 Radiculitis/Paralysis Right Arm/Possible Viral Related
DIAGNOSIS CODE: 357.0
SYSTEM DIAGNOSIS:
Peripheral Nerve Disease (350) Hosp-Nerve Compression
WHY DISABLED: R Arm Paralized
EDC:
ACTUAL DELIVERY:
EPISODE BEG DATE: 09/02/02
REQ START DATE: 03/02/03
REQUESTED THRU: 03/02/03
REQUESTED:   1 DAYS
SYSTEM APPR THRU: 03/02/03
APPROVED:   1 DAYS

INJURY: ?
HOSPITAL:
SURGERY: N
DATE OF SURGERY:

RESTRICTIONS:

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-6

REQUEST PATH:

Major Medical Categories                    : Neurologic / Major Medical Categories
NEUROLOGIC-MEDICAL PROBLEM                   : Acute Infective Polyneuritis / NEUROLOGIC-MEDIC
PERIPHERAL NERVE DISEASE                     : Loss of Motor Function / PERIPHERAL NERVE DISEA
PERIPHERAL NERVE DISEASE-SXS                 : Arm/Hand / PERIPHERAL NERVE DISEASE-SXS
PERIPHERAL NERVE DISEASE-TESTS               : EMG / PERIPHERAL NERVE DISEASE-TESTS
PERIPHERAL NERVE DISEASE-TESTS               : >>> Other
PERIPHERAL NERVE DISEASE-RX                  : Other / PERIPHERAL NERVE DISEASE-RX / Zovirax
PERIPHERAL NERVE DISEASE-HX                  : Hospitalized for Nerve Compression / PERIPHERAL
Comorbid Section                             : =============== Comorbid Section ============
COMORBID DX WITH NEUROLOGIC                  : None / COMORBID DX WITH NEUROLOGIC / co99


QUESTIONS:

Is the disability work related?                          ?
Is the disability due to an injury or accident?          ?
What is the last day worked?                             Y       07/11/02
Has this ee been out on disability in the last six months?  ?
If yes, is diagnosis same?                               ?


NOTES:

09/24/02*13:29*LSWART*CSR TCF EE to initiate claim for r. arm paralized, EE
has been OOW on WC since Jul. LDW 7/11, FDA 7/12, Tx 9/1, informed of MR.
=========================================================================
09/25/02*11:23*SSMITH*CSR*  TCT MDO Fiscella to obtain clinical, spoke with
receptionist who stated we can fax APS to Dr. Fiscella at 540-843-3230.  APS
faxed.  On f/u will call EE to advise APS faxed to MDO on 9/25/02.
=========================================================================
09/25/02*11:34*SSMITH*CSR*  Per above:  Sent successfully to Dr. Fixcella @
9,+1 5108433230,,,,,4124 on Wednesday, September 25, 2002 11:24:02 AM
Pages:3. Connect time: 00:48. Re-dials: 0. Remote CSI:. Billing: .
=========================================================================
09/26/02*12:40*SSMITH*CSR*  TCT EE to advise case is pending for APS, LVMM
advising and advised EE to c/b with qustions. F/u for 10/10/3/02 to pend NR
f APS is not rec'd by 10/2/02.
=========================================================================
09/27/02*09:39*SSMITH*CSR*  Rec'd APS via fax 9/26/02 from MDO Fiscella, not
dated:  Dx: Syncope cervical radiculopathy.  ICD-9:723.4.  Is Dx work
related: No.  Hospitalized: No.  S&S: Syncope into R arm paralysis.
Significan diagnostic exmas: EEG, negative.  Curretn Tx: None.  1st Tx date:
BLANK.  Most recent appt: 8/26/02.  Next appt: 9/26/02.  Specialist
referral: John Friedburg, Neurology, (510)644-2282.  Date of referral:
9/13/02.  Could pt work with R's: No.  LOD: 7/12/02 through 11/15/02.  BERTW
FT/FD: 11/16/02.  Forwarding to RN for review.
=========================================================================
=========================================================================

BA 0090

OSALIE MOOS-HOLLING
EQUEST 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 2-A-6

NOTES (CONTINUED):

09/30/02*15:34*KMCMANAM*TCT Dr Friedburg's office regarding obtainingclinical
info and adv fax request. APS faxed to  510-644-1744. APS faxed to neur.
TCT Dr Fiscella's  office also regarding disabling sx and diagnostic test
done- eeg and when.  Left cb #
======================================================================
10/01/02*13:36*KMCMANAM*TCT Dr Fiscella's office and s/w Estendar and states
disabling sx, syncope, rt arm numbness. In notes denotes incont urine, rt
arm was numb/cold/paralyzed and went to Almedia Hosp- u/k date and CT w/o
contrast and was neg (no date on this) and r/o dx were seizure, stoke, or
brain tumor. Meds- neurontin and asa. Date of EEG 9/13.. TCT to Dr
Friedberg (neuro) and s/w Petra and has APS but no med release. Adv will fax
med release and then CSR pls call EE regarding signing med release at Dr
Friedburgs. Dr Friedburg has APS form also. ****** MR faxed to MDO
Friedberg. Pend MR.
======================================================================
10/02/02*13:32*BMARKS*TCT EE to advise of MR. LVMM for c/b. Call #1
======================================================================
10/02/02*15:08*JBEMIS*CSR*TCF EE to return call.  Informed of MR.  EE stated
will sign MR at Dr. Friedman's office & call to confirm MR signed.  I
mailed  MR to EE.
======================================================================
10/03/02*10:50*SSMITH*CSR*  Rec'd duplicate APS via fax 10/2/02, forwarding
to file.
======================================================================
10/03/02*13:06*SSMITH*CSR*  Per above, f/u for 10/9/02 to pend for NR if no
MR or NR from EE regarding signed MR at MDO is rec'd by 10/8/02.
======================================================================
10/09/02*13:19*SSMITH*
10/09/02*13:27*SSMITH*CSR*   TCT MDO Friedberg's office to see if EE signed
MR, s/w receptionist who stated she did and they have APS and will send back
to CORE, advised APS due to CORE by 10/16/02. On f/u will advise APS faxed
to MDO on 10/1/02 and confirmed MR signed in office, will await APS starting
today.
======================================================================
10/10/02*12:36*SSMITH*CSR*  TCT EE to advise APS faxed to MDO and we are
awaiting APS from MDO due by 9/16/02, EE stated she would f/y with her MDO.
======================================================================
10/11/02*11:28*SSMITH*CSR*  F/u for 10/17/02 to pend NR if APS is not rec'd
by 1016/02.
======================================================================
10/16/02*08:31*PHERZOG*e-mail response to Kathy Tesdall, OHD, confirming
Sept. claim has been started, but 7/11/02 will remain LDW.
======================================================================
10/16/02*10:50*SSMITH*CSR*  Rec'd signed MR via mail 10/15/02, forwarding to
file.
======================================================================
10/16/02*13:20*KGOBIEL* CSR TCF EE to state that she does not see Dr Freidbeg
until 10/18 and MDO will not fill out paper work until MD see's EE.
======================================================================

BA 0091

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-6

NOTES (CONTINUED):

10/17/02*13:08*SSMITH*CSR*  Per above, RN advised me to give until 10/21/02,
if APS is not rec'd by 10/21/02 then put case into NR.  F/u for 10/21/02 to
pend for NR if no APS.
=====================================================================
10/18/02*16:19*SSMITH*CSR*  Rec'd APS via fax 10/18/02 from MDO Friedberg not
dated:  Dx: Paralysis of R arm-C5 innervated muscles probably secondary to
virus.  ICD-9: 723.4, 34440.  Is Dx work related: No.  S&S: R biceps,
brachioradialis and rhomboideus muscles are paralyzed severly limiting use
of R arm.  Significant diagnostic exams: Postivie EMG for denervation and
re-innervation (some) suggestive MRI neck... Current Tx: Zovirax 200mg
5xday-also got two courses prednisone.  Medications: Above.  1st Tx date:
9/13/02.  Most recent appt: 10/17/02.  Could pt work with R's: No.  LOD:
7/11/02 through 1/1/03.  BERTW FT/FD: 1/1/02.  Forwarding APS to file, case
forwarded to RN for review.
=====================================================================
10/21/02*11:58*KEM*Above clinical reviewed. Claim approved in review thru
eval date 10/18 w Dr. Friedberg. On f/u need next eval date w Dr. Fiscella.
=====================================================================
10/22/02*14:57*KMCMANAM*TCT Dr Fiscella's office regarding obtaining last ov
and next apt. Last apt 8/26 and s/w Jan and has no next eval w/ Dr
Fiscella.  Provider changed from Fiscella 510-843-0692 to Friedberg-
Neurologist at  510-644-2282. TCT to Petra at Dr Friedburg's office and
states no f/u apt set yet and unsure when md wanted to see pt back- adv may
cb late this aft for that once she gets the chart.
=====================================================================
10/22/02*15:07*KMCMANAM*TCT Petra at Dr Friedberg's office for next apt info-
adv cb late in day- chart not avail.
=====================================================================
10/23/02*19:09*KMCMANAM*TCT Petra at MDO Friedberg and states EMG was 10/17
done- positive for denervation and innervation. C-spine 10/1 and will fax
finding as well as clinical note from 10/17- Med changed on 10/17 and adv
take med and f/u 10 days approx 10/27-28. May try back office next week
mid-week and if EE did not come in CSR to call EE to remind make apt w/ mdo
Friedberg. Confirmed fax# also. Md denotes also-prognosis is good.
=====================================================================
10/24/02*10:17*SSMITH*CSR*  Rec'd clinical notes via fax 10/23/02 from MDO
Friedberg, forwarding to RN for review.
=====================================================================
10/24/02*19:29*KMCMANAM*Rcv'd md note 10/17 from Dr Friedberg. Narrative on
file. EMG carried out - biceps show brachioradalis and rhomboideus on right
show diminished interface patterns,polyphasic motor units and
fibs/fascics....completely normal FDI,indicis proprkus extensor, and
trapezius ambiguous rt deltoid ...tricep normal. Impression- The patient had
tingling in July in the rhomoideus area on right then fell/passed out on
floor and awoke w/ paralysis of the right myotome of the C5-6 nerve roots,
neck MRI suggests mild-moderate foraminal stenosis at that level and now she
has what has to be Herpes Zoster on the left at a high thoracic
level...somehow I think these are all related. She got initial some relief
from prednisone but repeat course no and now we'll try Zovirax..she has made

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-6

NOTES (CONTINUED):

no significant finctional improvement and the right arm remains useless for
now. I still think prognosis is good. denotes outbreak of vesicles red
macupapular rash T2-4 level on L side w/ illegible- like somebody scratched
me. MRI Cervical Spine results from 10/1 on file and faxed also to CORE-
Impression No evidence of disc protrusion or extrusion. No central canal
stenosis is appreciated. There is mult-level foraminal stenosis moderate at
C5-6 and moderately severe at C6-7. Will approve through 10/31 and then call
for clinical update- to see if EE may f/u apt for eval.
============================================================================
10/31/02*19:50*KMCMANAM*Last clinical from 10/17 and EE was to return in 7-10
days for f/u. Call to see if she did return and if no pend for EE to make
apt for f/u w/ Friedberg.
11/01/02*16:11*KEM*Msg to CSR to call EE for most recent/next eval w Dr.
Friedberg.
============================================================================
11/04/02*12:22*KGOBIEL*CSR TCF EE to ask why she is only approved until 10/31
if NOV is not unitl 11/25. Advised EE that Core will F/U with MDO. EE also
stated that LOV was 10/18.
============================================================================
11/05/02*10:51*PHERZOG*Claim approved through 11/25 eval.
============================================================================
11/15/02*16:53*MARRUDA*TCF EE to report that neurologist canceled eval of
11/25/02 and set the date to 12-12-02.
11/26/02*12:18*KEM*TCT Dr. Friedberg's ofc. Recording states ofc closed this
wk for holiday and will re-open on 12/02. On f/u need to confirm MD ofc
cancelled EE's appt scheduled for 11/25.
============================================================================
12/02/02*15:03*KEM*TCT Dr. Friedberg's ofc. Left detailed VMM for cb. On cb
need to know who cancelled appt on 11/25 and what new eval date is.
============================================================================
12/03/02*18:35*KMCMANAM*TCT MDO Friedberg and s/w Tracy and states yes- md
cancelled 11/25 apt and apt rescheduled to 12/12. Will approve to 12/12 and
f/u for clinical then.
============================================================================
12/09/02*13:09*KMCMANAM*F/u dt changed to allow for 12/12 apt.
============================================================================
12/13/02*18:39*KMCMANAM*TCT MDO Friedberg and s/w Tracy and adv dictation not
back yet-- adv cb 12/17 and s/w her. Ref offer for APS to be faxed d/t md
has filled out many forms on EE.
============================================================================
12/13/02*18:41*KMCMANAM*TCT  MDO Friedberg and s/w Tracy- dictation not back
till 12/17- try then. Refuses APS at this time.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
12/16/02*17:27*DRM* Mailed to Kemper on 16rh Week LTD Report
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
============================================================================
12/17/02*17:47*KMCMANAM*TCT MDO Friedberg and denotes next apt 1/28/03-- md
extending disability until 6/1/03. Nurse s/w mdo Friedberg and he denotes-

BA 0093

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-6


NOTES (CONTINUED):

sx rt arm is totally useless- paralyzed bicep- 2 nerve roots and brachial
complex. In order for her to move rt arm at all leans back and tries to flop
arm forward or move it w/ other arm. Tx- She is not in Pt and he does not
feel it would help at this time until she gets a little movement in rt arm.
Meds- Only med lotensin for b/p--no longer prednisone. states her case was
occured after EE awoke on the floor w/ sx.  He is also considering dx-
parsonage turner's syndrome or acute brachiomyotrophy. He does not feel she
is perm disabled but states he hopes she will gain some function and time
will tell. Md extending disability thru 6/1/03 d/t repeated f/u for clinical
after visits.
==================================================================
12/19/02*09:44*KMCMANAM*Will approve thru next apt for sx 1/28/03.
==================================================================
12/26/02*15:59*MFULLER*CSR TCF MD Friedburg to respond to letter recd. MD was
transferred to RN/VM
==================================================================
12/26/02*17:16*KMCMANAM*VMM from Dr John Friedberg stating that "you invited
me to call  with a stupid letter telling me that this EE must RTW in a
couple of weeks. I wasted time talking to someone in your office and we
agreed her disability would be till 6/2003, then you send me a 1 pg letter
when this EE has a totally rt upper paralyzed arm. It is stupid for her to
come in periodically every month for me to tell her the same thing. I
don't   know why you ignore my input and waste my time. Don't call me and I
doubt    she will use her arm before 6/2003. It is dumb for me to leave a
vmm after    sending me a 1 pg letter and when I cb to reach vm. I really
understand but    I am not happy with it."
12/26/02*17:23*KMCMANAM*EMM to PH regarding above and poss mdr.
==================================================================
==================================================================
01/02/03*12:35*KMCMANAM*Per PH review w/ Dr Beavers this claim. EMM to Dr
Beavers on claim.
==================================================================
01/02/03*12:52*KMCMANAM*EMM to OHD- nd STD exhaust. Per Dr Beaver rev-
approve thru STD exhaust.
01/02/03*17:29*KMCMANAM*EMM from Rocci OHD- STD exhaust is 3/1/03 and OHD
questioning if md-md rev in order- emm back adv Dr Beavers quickly rev info
in claim and rec approval to STD exhaust- adv them I would hold on any
further approval till I hear back from OHD-as to whether they are in
agreement or want a formalized md review.
==================================================================
01/06/03*13:53*PHERZOG*e-mail to Susan Rocci, OHD, re: how to proceed w/claim.
01/06/03*14:48*PHERZOG*e-mail from Susan Rocci, OHD, reporting to proceed
w/approval til STD Exhaust.  Upon f/u, close claim as STD exhausted.
==================================================================
01/09/03*17:07*KMCMANAM*EMM to OHD Rocci ?? confirm STD exhaust may be 3/2
not 3/1-awaiting response.
01/09/03*17:41*KMCMANAM*EMM from OHD states start dt 9/2 and end is 3/1 for
STD.


BA 0094

ROSALIE MOOS-HOLLING
REQUEST 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 2-A-6


NOTES (CONTINUED):
================================================================
================================================================
01/09/03*18:17*KMCMANAM*OHD Rocci via emm denotes STD exhausts through 3/2.
LTD 3/3 begins.

BA 0095

# JOHN MARK FRIEDBERG, M.D.
## BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

September 13, 2002

Roxanne Fiscella, M.D.
2500 Milvia
Berkeley, CA 94705

RE: MOOS-HOLLING, ROSALIE

Dear Roxanne:

I saw your patient this morning, and I am quite concerned that she has a potentially ominous cause for the right arm paralysis and numbness. Specifically we need to rule out a brain tumor, primary or secondary, but also a stroke. I do not think this is going to be a lesion in the neck or brachial plexus, but those possibilities will be kept in mind.

"Rosie" is a 53-year-old right-handed generally healthy microbiologist who works for Bayer Corporation, and lives on her own with her pet dog.

She may be inclined to drink a bit more wine than she should, and she had had two margaritas when, on September 1st in the afternoon, she was sitting at her computer and she lost consciousness. She found herself coming to on the floor, with bruises over the left side of her body, and her right arm paralyzed and numb and cold. She had not bitten herself, was not incontinent of urine, and was able to drive herself to the emergency room at Alameda, where a CT scan head scan was negative, presumably without contrast, and where they thought she might have had a stroke. Evidently they worried about a seizure as well, because they put her on Neurontin ? 200 mg b.i.d., as well as aspirin, and they also must have been impressed with the alcohol, because they recommended thiamine.

Her other medication is Lotensin 40 mg, which she has been on for the past two years because she developed surprisingly high blood pressure out of the blue, and the dose was progressed slightly from 30 to 40 mg about two months ago.

About a month before this happened, she had seen another doctor because of the same, but milder, complaint of weakness in her right arm, associated with some aching in the scapular area, and that

BA 0096

RE:  MOOS-HOLLING, ROSALIE
September 13, 2002
Page 2

doctor thought that perhaps she had a spinal problem, but did not order any tests.

As a child she may have suffered a concussion, but did not require medical attention, and in her teens she passed out on a single occasion in context, and again did not require evaluation.

When she came to on the floor on September 1st, she found that her head was jammed against a desk and that her neck was somewhat bent, but her neck is not especially painful now, nor is there significant pain in the right shoulder area.  She has never been aware of irregular heartbeats.  She denies seizure auras such as olfactory or deja vu, but she has noticed that the forefinger of her right hand sometimes seems to go into involuntary extension spontaneously.

Her primary problem with the arm is proximal; she cannot elevate it overhead without holding her hair with her fingers.  The grip and finger strength is relatively preserved, but the shoulder girdle muscles are almost totally out, as is the biceps and triceps.

She denies headaches, amaurosis, scotomata, night fevers, or joint pains of significance.

In the past several months, however, she has had fleeting experiences of light-headedness such that on one occasion she stopped a perfect stranger in the street to lean on his arm because she felt like she might go out.

On EXAMINATION she comes across as a serious, bright, fully awake and alert woman, in no acute distress at all.  However, as noted, she has great difficulty with large movements of the right arm, especially those involving the upper arm and shoulder.

Her speech and mental status are normal.  Cranial nerves were carefully evaluated, and are normal.  Neck range of motion is normal, and she has no tenderness on palpation of the neck or in the supraclavicular fossa.  I do not see any muscle fasciculations, and I do not think I see any atrophy, but that would be harder to be sure of.

Her supine blood pressure today is 128/90, and on jumping up it drops to 115/80. Her heart rate is fast, around 100, but on taking it repeatedly there are no irregularities to suggest atrial fibrillation, and I do not hear any heart murmurs or carotid bruits.

Motor testing of the upper extremity, as noted, is rather disturbing:  She has zero strength in the biceps, brachioradialis,

FEB 04 '03 14:33

BA 0097

RE: MOOS-HOLLING, ROSALIE
September 13, 2002
Page 3

and triceps, and probably zero strength in the deltoid, with preserved trapezius and levator scapula muscles. The infrascapularis seems spared, but the suprascapularis is partially or completely paralyzed, while the grip strength is impaired, but not nearly to the degree that the proximal muscle are. She can extend and spread her fingers, but they are weak, in the 4/5 range only on the right hand, and she has weakness in the 4/5 range of extension of the thumb as well, so that she can still write, but her handwriting is shaky. I could detect no similar weakness in the right or left leg, no alteration of tone, and no asymmetry of reflexes, with readily elicited and symmetrical 2+ brachioradialis, biceps, and triceps in both arms, and 1+ knee and ankle reflexes, with no clonus. Gait and station are normal.

Sensory examination revealed impairment of pinwheel especially, but other modalities as well, limited to the right hand and forearm in approximately the C5 and 6 distributions, but in fact it does not conform closely to a dermatome or a peripheral nerve distribution, and it does not go proximal to the shoulder. I tested several times whether there is any asymmetry of sensation over her torso, and there does not appear to be.

In summary, Roxanne, two weeks ago this woman passed out without good reason. An EEG today does not show any seizure activity, but my suspicion is that she had a seizure followed by a Todd's paralysis which has persisted, and may well be due to a brain tumor such as a glioma. My differential would include embolic stroke from episodic atrial fibrillation, possibly related to alcohol or, for that matter, a subdural could do this, but should have shown up on the CAT scan. A glioma can be missed on a CAT scan.

The first step by far is an MRI of the brain, which will show a stroke or a tumor, and to proceed from there. If it is entirely negative, I will get a scan of her neck and, if need be, the brachial plexus, but there has to be an explanation for this very significant disability. She has been unable to work with this.

The EEG does not show epileptic activity, and she is on what appears to be a placebo dose of Neurontin 100 mg b.i.d., but I will not change it. I also wonder about orthostasis, but could not prove it, so I will not change her Lotensin. I am sufficiently suspicious of a tumor that a brief course of prednisone is justified, even without a firm diagnosis, to observe its effect. She has a strong stomach and no contraindications, and was interested in doing something, and this was prescribed, starting with 60 mg today and tapering by 10 q.d. until done.

BA 0098

FEB 04 '03 14:32

RE:  MOOS-HOLLING, ROSALIE
September 13, 2002
Page 4

In the meanwhile we will find out what is behind this.

Her review of systems did not suggest any source of metastatic
disease, e.g., no abnormal uterine bleeding, no breast masses, and
no history of cigarette smoking.

Something has to be causing this, and we will let you know.

Very truly,

John Mark Friedberg, M.D.

JMF:sk

Rosalie Moos- Holling

SEP 1 9 2002

Good news - MRI brain normal, no stroke and no tumor - patient quite relieved.

She still has paralysis primarily in C5/6 myotomes and numbness which bothers her most of all in C5/6 dermatomes....PREDNISONE HELPED QUITE A BIT AT HIGHER DOSES. Patient well aware of benefits and risks of Prednisone and we will resume..

I'm no w thinking that whatever the reasons for her loss of consicousness (alcohol??) she has a PRESSURE PALSY and prognsosi is good.

PLAN: Prednisone 42 mg and decrease by 2 mg qd until off in three weeks and followup then. MRI neck in the menatime....I now wonder about big disc not hurting because nerves temporarily (I hope) dead....we'll see....

J. Friedberg, M.D.

BA 0100

FEB 04 '03 14:32

PAGE.09

# JOHN MARK FRIEDBERG, M.D.

### BOARD CERTIFIED NEUROLOGIST

3000 Colby Street, Suite 305
Berkeley, California 94705
510.644.2282

September 13, 2002

## EEG REPORT

RE:  MOOS-HOLLING, ROSALIE

INDICATIONS:  This EEG is obtained to look for epileptic activity. The patient passed out and found herself injured on the floor with a paralyzed right arm on September 1st.  Her right arm has recovered minimally, if at all.

The record was carried out with the patient described as tense, with considerable blinking, and alert throughout.

The EKG sample rhythm strip documents normal sinus rhythm at about 90 to 100.

The background activity is almost entirely normal beta, with virtually no alpha over either side of the head.

There is a good deal of muscle artifact over the temporalis and frontalis muscles, but at no point are any asymmetries noted, no seizure activity, and no abnormal slowing.

## IMPRESSION:

This EEG is within normal limits.

## COMMENT:

The absence of alpha is consistent with a tense individual, and not in itself abnormal.

The absence of seizure activity does not preclude it.

John Mark Friedberg, M.D.

JMF:sk

cc:  Roxanne Fiscella, M.D.
     2500 Milvia
     Berkeley, CA  94705

PAGE.08

# Alta Imaging Medical Group
DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1620  FAX 510 / 654-9867

Study Performed: MRI

NAME:     ROSALIE A MOOSHOLLING
DATE:     09/16/02
EXAM#:    1336095

MR#:          100467
BIRTH DATE:   01/13/49

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #305
BERKELEY, CA 94705-0000

EXAM: MRI BRAIN   (070561)
INDICATION(S)/HISTORY: 780.2 SYNCOPE

HISTORY: Syncope. Right arm numbness,

TECHNIQUE:     1. Sagittal, T1-weighted images.
               2. Axial, FLAIR images.
               3. Axial, FSE T2-weighted images.
               4. Axial, FSE T1-weighted images.

FINDINGS: No intra-axial or extra-axial mass lesions or fluid collections are identified. The ventricles and CSF spaces are normal in size and architecture. On long-TR images  no focal hyperintense lesions are noted in the white or grey matter. Normal signal void is seen in the major intracranial vessels. The orbits, pituitary gland, and paranasal sinuses are all within normal limits.

IMPRESSION: Unremarkable MRI scan of the brain.

DICTATED BY:  ERIK GAENSLER MD
Electronically Signed By.  ERIK GAENSLER MD
Transcribed by: MAC 09/17/02 16:49

ADDITIONAL COPIES SENT TO:

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown. This report contains confidential information. This information is intended only for the use of the individual or entity to whom it is intended even if addressed incorrectly. Please return it to the sender if you are not the intended recipient  Thank you for your compliance

Page 1

BA 0102

FEB 04 '03 14:31

# Alta Imaging Medical Group
### DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1820   FAX 510 / 654-9867

**Study Performed: MRI**

NAME:       ROSALIE A MOOSHOLLING
DATE:       10/01/02
EXAM#:      1342446

MR#:        100467
BIRTH DATE: 01/13/45

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #305
BERKELEY, CA 94705-0000

EXAM: MRI C-SPINE   (072141)
INDICATION(S)/HISTORY: 723.0 STENOSIS, .
CERVICAL

**EXAMINATION:** MRi Cervical Spine

**COMPARISON:**   No comparison studies available for review.

**HISTORY:**        Right arm paralysis.

**TECHNIQUE:**      a. Sagittal T2
                    b. Sagittal T1
                    c. Axial gradient echo

**FINDINGS:**        The vertebral bodies are normal in height and alignment. Fatty degenerative changes are seen of the end plates at C5-6 and there are marginal vertebral body osteophytes at this level as well as C6-7. Imaged portions of the posterior fossa are unremarkable. The cervical spinal cord is normal in signal and appearance. The paravertebral soft tissues are normal

C2-3: No central canal or neural foraminal stenosis.

C3-4: There is minimal narrowing of the neural foramina bilaterally secondary to disc osteophyte changes. The central canal is patent.

C4-5: There are prominent degenerative changes of the facet joint on the left. There is minimal bilateral foraminal stenosis due to disc osteophyte and facet degenerative changes. No significant central canal narrowing.

C5-6: Disc osteophyte changes are present which cause moderate bilateral foraminal stenosis.

ADDITIONAL COPIES SENT TO.
ROXANNE FISCELLA MD

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown. This report contains confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly. Please return it to the sender if you are not the intended recipient. Thank you for your compliance.

Page 1

PAGE.05

# Alta Imaging Medical Group
### DIVISION OF BAY IMAGING CONSULTANTS

5730 Telegraph Ave., Oakland CA 94609
510 / 204-1820   FAX 510 / 654-9867

Study Performed: MRI

NAME:     ROSALIE A MOOSHOLLING           MR#:         100467
DATE:     10/01/02                        BIRTH DATE:  01/13/49
EXAM#:    1342446

JOHN FRIEDBERG MD
3000 COLBY STREET SUITE #305
BERKELEY, CA 94705-0000

EXAM: MRI C-SPINE   (072141)
INDICATION(S)/HISTORY: 723.0 STENOSIS, CERVICAL

No significant central canal stenosis is present.

C6-7:  There is moderately severe bilateral foraminal stenosis secondary to disc osteophyte and facet degenerative changes.  No significant central canal stenosis.

C7-T1:  No significant central canal or neural foraminal stenosis.

**IMPRESSION:**     No evidence of disc protrusion or extrusion. No central canal stenosis is appreciated.  There is multilevel foraminal stenosis, moderate at C5-6 and moderately severe at C6-7.

DICTATED BY:  ERIC S BAIN  MD
Electronically Signed By:  ERIC S BAIN MD
Transcribed by: JMCCULLOUGH 10/03/02 10:02

ADDITIONAL COPIES SENT TO:
ROXANNE FISCELLA MD

CONFIDENTIALITY NOTICE: If you have received this report in error, please immediately notify the sender at the address shown  This report contains confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly.  Please return it to the sender if you are not the intended recipient. Thank you for your compliance

Page 2

BA 0104

PAGE.05

FEB 04 '03 14:31

12/12/02
discunt̃ insurance

EXTENSIVE

1/28/03    OV    Moos Hallmy, R
Pt being forced to
return q mo for

endless farms from various
insurers filled out    BP 160/
BP↑ but strength finally
returning in her bicep, BP
& SC muscles — still
has allodynia & ↑ mm Ⓑ C5/6
dermatomes L° (L°)   imp
                            T °     SC issues

PAGE.02

FEB 04 '03 14:30

BA 0105

DEC 1 2 2002

Moos-Holling Rosalie

Pt c̄ optimistic &
hopeful

Still c̄

∅ biceps

∅ BR

c̄ ~~self~~ supras cap

grip 5—

Hyper esthesia & painful
light touch ⊗ forefinger &
~~thumb~~ ____

Shingles resolved ——
referred to urgent to

Zovirax

Here for forms    see cys    current ℞ only
                              LOTONG 1.M
                         FIV 1 M

Personage Tumor
+ central.

Rosalie Moos-Holling

OCT 1 7 2002

Noticed outbreak of vesicular red maculopapular rash in T2-T4 on the (L) c parties —

"like somebody scratched me"

EMG carried out - biceps, brachioradialis and rhomboideus on right show diminished interference patterns, polyphasic motor units and fibs/fascics......completely normal FDI, indicis proprkus extensor, and trapezius ambiguous right deltoid....tricep normal.

IMPRESSION: The patient had tinglijng in July in the rhomboideus area on right then fell/passed out on floor and woke with paralysis of the right myotome of the C5/6 nerve rootes; neck MRI suggests mild to moderate foraminal stenosis at that level and now she has outbreak of what has to be Herpes Zoster on  the LEFT at a high thoracic level....somehwow I think these are all reulated. She got initial some releif from PREDNISONE but repeat course no and now we'll try ZOVIRAX....she has made essentially no significant functional improvement and the right arm remains useless for now. I still think prognosis is good.

cc Dr Fiscella

FEB 04 '03 14:31

PAGE.04

BA 0107



# KNS General Peer Review

| | |
|---|---|
| **Referral Date:** 02/20/03 (Dictated 02/20/03) | **Claimant:** Rosalie Moos-Holling |
| **Requester:** Mary Wells | **Age:** 54 |
| **Requester Resource #:** 5575 | **SS#/Claim#:** 2003-01-13-0135 |
| **Department:** IDM | **Account:** Bayer |
| **Extension:** 2734 | **Job Title:** QA Product Doc & Release Admin |
| **Peer Reviewer:** Lawrence Blumberg, MD | **Physical Exertion level:** |
| **Specialty:** Orthopedic Surgery | ☐ Sedentary  ☒ Light  ☐ Medium<br>☐ Heavy  ☐ Very Heavy |
| **Peer Resource #:** 4781 | **Diagnosis(es):** C5 Radiculitis/Paralysis R. Arm |
| | **First Date of Absence:** 09/02/02 |
| | **LTD date:** 03/01/03 |
| **Evaluate Functional Impairment related to:** ☒ Own Occupation  ☐ Any Occupation  ☐ N/A | |

## Information Reviewed/Considered:

Please determine if Ms. Moos-Holling is disabled from her own occupation. Her position is sedentary in nature. However her position does require writing, typing, fine hand manipulation, simple grasping and pushing and pulling.

Occupational Demands Form
Office notes from Dr. Friedberg

## Functional Impairment Status Determination:

Specific Referral Question(s):

Determination:

____ Supports functional impairment(s) that precludes work
_x_ Fails to support functional impairment(s) that precludes work

KNS General Peer Review
Page: 2
Moos-Holling, Rosalie

## Rationale:

The claimant suffered a fall after drinking. On 9/13/02, she had very little function of her upper extremity and had 0 strength in her biceps, brachioradialis, and triceps. She had 4/5 strength in the right hand and 4/5 strength in the thumb as well. She was able to write. The examination on 1/28/03 consists of a handwritten note. It states that the strength was finally returning to her biceps, brachioradialis, and supraspinatus muscles. There is no complete physical examination provided. Specifically, no range of motion testing, complete motor strength testing or neurologic examination.

Based on the objective documentation provided, there is nothing to preclude the claimant from performing the activities of a Bayer QA product DOC and release administrator, which is light duty work.

The opinions rendered above reflect reasonable clinical certainty based upon the available information.

_____          _____
Lawrence Blumberg, MD                        Date
Orthopedic Surgeon

LB:lg

BA 0109

Mary Wells JUN 05 2003

# RESOURCE
# QUESTIONNAIRE

**Kemper**

In order to assist us with the processing of your disability claim, and / or to assist in your potential to benefit from rehabilitation, please complete this questionnaire and return it in the envelope provided. If necessary, please use the reverse side of the form to complete any of the survey items.

**Name:** Rosalie A. Moss-Holling

**Address:** 2632 H Lameda Ave. Alameda, CA 94501

**Social Security Number:** 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

**Telephone Number:** 510 865-8263

**Date of Birth:** 01/13/49

**Spouse's Date of Birth:**

**Dependent Children's Date of Birth:**

**Do they live with you?  Yes ☐  No ☒**

**1. Describe in your own words what prevents you from performing YOUR occupation.**

I DO NOT HAVE COMPLETE USE OF MY RIGHT HAND.

**2. Describe in your own words what prevents you from engaging in ANY gainful employment.**

I AM Rt HANDED.

**3. Show the name and address of the health care provider (s) you see regularly (include frequency).**
Please use the other side of this page to list additional providers, if necessary.

**Provider's Name / Specialty:** JOHN FRIEDBERG / NEUROLOGY

**Mailing Address:** 3000 COLBY ST., SUITE 305 BERKELEY, CA 94705

**Telephone:** (510) 644-2282

**Frequency of Visits:** ONCE A MONTH

**Date of Last Visit:** 4/2/03

**Provider's Name / Specialty:** ROXANNE FISCELLA / GP

**Mailing Address:** 2500 MILVIA AVE BERKELEY, CA 94705

**Telephone:** (510) 843-0692

**Frequency of Visits:** VARIES

**Date of Last Visit:** UNKNOWN - WITHIN THE YEAR

**4. Height:** 5'5½"    **5. Weight:** 125    **6. Right or Left Hand Dominant:**

**7. Do you use any assistive devices?  Yes ☐  No ☒  If yes, please list devices.**

**8. Please list any medications you take.  Please use the other side of this page to list additional information**

| Medication | Dosage | Frequency |
|---|---|---|
| LOTENSIN | 40 mg | DAILY |
| | | |
| | | |
| | | |

Page 1 of 4

**((Kemper.**

# RESOURCE
# QUESTIONNAIRE

**9. Identify the names and addresses of any facilities in which you were treated during the last 12 months. Please use the other side of this page to list additional information**

| | |
|---|---|
| Facility Name: ALAMEDA HOSPITAL | Facility Name: |
| Mailing Address: 2070 CLINTON AVE ALAMEDA CA 94501 | Mailing Address: |
| Phone Number: (510) 522-3700 | Phone Number: |
| Treatment Dates: 9/1/03 - 9/2/03 | Treatment Dates: |

**10. Have you applied for and are you receiving Social Security benefits, please send us a copy of your award letter.** NO

Awarded ☐    Award Date: _____

Denied / Filed for Reconsideration ☐

Denied / No appeal has been filed ☐

Denied / At Administrative Law Judge Level ☐

**11. Are you able to take care of all of your personal needs (bathing, dressing, etc)?** Yes ☐ No ☐
If no, indicate those activities in which you require assistance: I HAVE TROUBLE CLOSING BUTTONS -

**12. If you require assistance, who assists you?**

**13. Please indicate those chores you perform on a regular basis:**

Cook ☒    Shopping ☒    Laundry ☒    Dusting ☒    Vacuum ☒

Dishes ☒    Child Care ☐    Gardening ☐    Mow Lawn ☐    Shovel Snow ☐

Car Maintenance ☐    Climb stairs ☒    Other:

**14. Do you go for walks?** Yes ☒ No ☐    If yes, how often and how far do you walk?

**15. What difficulties, if any, do you have sleeping?** I NEED TO KEEP MY HAND OUTSIDE THE COVERS + MAKE SURE IT DOESN'T RUB ON ANYTHING

**16. Do you have a valid driver's license?** Yes ☒ No ☐

**17. Do you still drive?** Yes ☒ No ☐

**18. If you do drive, what is the average distance driven daily?** 5mi

**19. If you do NOT drive, how do you get to places that you need to go? (MD appointments, shopping, etc.)**

**20. Please list which activities you attend? (School, therapy, Vocational Rehabilitation, etc.)**

**21. What do you do for hobbies? (TV, read, bingo, play cards, Internet, crafts, fishing, etc.)**
READ

Kemper Resource Questionnaire 05/06/03

BA 0111

**(((Kemper.**

# RESOURCE
# QUESTIONNAIRE

---

**22.** If available, would you be interested in seeking training in some other line of work?   Yes ☐   No ☒
If yes, what type of training?

---

**23.** Do you anticipate returning to your previous occupation or any other occupation in the near future?

Yes ☒   If yes, when?          No ☐   If no, why not?

   WHEN MY RT. Hand is FUNCTIONAL

---

**24.** Would you consider a lump sum settlement in lieu of any future benefit due you?  Yes ☐   No ☒

---

**25.** Please indicate the extent of your formal education by circling the appropriate year:

Primary School:  1  2  3  4  5  6  7  8  9  10  11  (12)  GED        Did you graduate? Yes ☒   No ☐

College:  1  2  3  (4)   Did you graduate? Yes ☒  No ☐     Major / Minor MEDICAL TECHNOLOGY Degree: BS

Graduate Work:  1  2  3  (4)  Did you graduate?  Yes ☒  No ☐     Area of Study: Degree: MS
                                                   MICROBIOLOGY/VIROLOGY

Trade School:                          Skill / Trade:                               Years:

---

**26.** Licenses and Certifications:
   MT (ASCP)

---

**27.** Were you in the Military Service? Yes ☐   No ☒

| Years of Service | Branch | Training Received |
|---|---|---|
|  |  |  |
|  |  |  |

---

**28.** Do you perform volunteer services for any organization?   Such as: church, club, business, hospital, etc.
on a regular basis?   Yes ☐   No ☒

| Name of Organization | Phone | How Often |
|---|---|---|
|  |  |  |
|  |  |  |

---

**29.** Are you working now, (full or part-time) or have you worked for wage or profit since the onset of your
LTD claim?
   Yes ☐   No ☒     If yes, please describe:

---

**30.** Do you have a personal or family business that you are involved with on a regular basis?
Yes ☐   No ☒     If yes:

| Name of Business | Address | Phone |
|---|---|---|
|  |  |  |

**31.** In what capacity are you involved in this business?

**32.** How often are you involved in this business?

---

# ((Kemper.

# RESOURCE
# QUESTIONNAIRE

---

**33.** Since the onset of your LTD have you received a lump sum settlement or retroactive payment for:
Workers' Compensation, Social Security Disability/Retirement, malpractice suit, motor vehicle accident
etc.? Yes ☐ No ☑ If yes:
Type of settlement                    Date Settled              Amount

---

**34.** Are you a stockholder and/or officer of a corporation in which you have a financial interest?
Yes ☐ No ☑ If Yes:
Name of Corporation          Phone          Position

---

**35.** Please list ALL sources of other income:

| Name of Source | Amount | Weekly/BI-Weekly/Monthly |
|---|---|---|
| UNUM PROVIDENT INS (PRIVATE DISABILITY INS) | $1,446.00 | MONTHLY |
| STATE DISABILITY | 980.00 | BI-WEEKLY |

**36.** Is an attorney representing you related to any other income benefits? Yes ☑ No ☐  (50) 777- 505-9690
If yes, please provide details including attorney's name, address and telephone number.
WORKMAN'S COMP.
LISA IVANCICH, 39270 PASEO PADRE PKWY # 135, FREMONT, CA 94538

**37.** Briefly describe your past work experiences for the last fifteen years. Please use other side of this
page to list additional job information, if necessary.

| Job Title: QA REVIEW Doc SPEC | Employed From: 2006 | Through: PRESENT |
|---|---|---|
| Major Duties: REVIEW MANUFACT. DOC. | | |
| Minor Duties: | | |
| Tools/Equipment Used: COMPUTER | | |
| Machinery/Computers Used: COMPUTER | | |

| Job Title: QA MICROBIOL ASSESSMENT | Employed From: 2001 | Through: 2002 |
|---|---|---|
| Major Duties: ASSESSED PRODUCT FOR QUALITY | | |
| Minor Duties: WROTE REPORTS | | |
| Tools/Equipment Used: | | |
| Machinery/Computers Used: COMPUTER | | |

**NOTICE:** Any person who knowingly and with intent to defraud or deceive any insurance company or other person files a
statement of claim containing any materially false or misleading information, or conceals for the purpose of misleading,
information concerning any fact material thereto COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A
CRIME and in certain states, a felony.  Penalties may include imprisonment, fines, denial of insurance and civil damages.
In New York, there are also civil penalties not to exceed $5,000 and the stated value of the claim for each such violation.

Under penalties of perjury, I certify that the above statements and answers are true and correct to the best of my
knowledge and belief.

Claimant's Signature: _____ Date: 6/2/03
(570) 815- 8243
Telephone Number(s) where you can be reached during the day: _____

Page 4 of 4

BA 0113

QC MICROBIAL SUPERVISOR          2000 - 2001

SUPERVISED THE LABORATORY
INITIATED DARS + REVIEWED LAB RESULTS

RESEARCH SPECIALIST          1994 - 1998
VACCINE EVALUATION
RAN ELISA's, BACTERIOLOGICAL ASSAY
CELL CULTURE

ACADEMIC COORDINATOR/ LECTURER          1984 - 1994
TAUGHT GRADUATE LEVEL MICRO + VIROLOGY
ASSISTED IN OTHER COURSES.

BA 0114

**PHYSICIAN UPDATE FORM – BAYER**                          (Please print)

NAME: Robbie Moss. Hollins

DATE OF BIRTH: 1/13/79

HOME ADDRESS: 2032 Alameda Ave., Alameda, CA 94501

HOME TELEPHONE NUMBER: (570) 865-8243

*PLEASE LIST THE NAMES, ADDRESSES, AREA OF SPECIALTY, TELEPHONE AND FAX
NUMBERS OF THE PHYSICIANS WHO ARE CURRENTLY TREATING YOU FOR YOUR
DISABILITY.*

PHYSICIAN'S NAME: Dr. J. Friedberg

ADDRESS: 3000 Colby St. Suite 305

Berkeley, CA 94705

AREA OF SPECIALTY: Neurology

PHONE NUMBER: (570) 644-3382          FAX #: _____

FIRST DATE SEEN: 1/03   LAST DATE SEEN: 1/22/03  NEXT APPOINTMENT: 6/2/03

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PHYSICIAN'S NAME: _____

ADDRESS: _____

_____

SPECIALTY: _____

PHONE NUMBER: (____) _____          FAX #: _____

FIRST DATE SEEN: _____  LAST DATE SEEN: _____  NEXT APPOINTMENT: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PHYSICIAN'S NAME: _____

ADDRESS: _____

_____

SPECIALTY: _____

PHONE NUMBER: (____) _____          FAX #: _____

FIRST DATE SEEN: _____  LAST DATE SEEN: _____  NEXT APPOINTMENT: _____

*CONTINUE ON BACK IF MORE ROOM IS NEEDED.*



Insurance Companies

Bayer Corporation Disability Claim Unit P.O. Box 15554, Plantation, Florida 33318-1555 Phone: 1-866-271-0744

## Authorization For Release Of Medical Information

To all physicians and other medical professionals, hospitals and other medical care institutions, governmental agencies, insurers, employers, prepaid health plans, group policyholders, contract holders/vendors, health and benefit plan administrators or their successors:

You are authorized to provide to the employer named below, its benefit plan and/or claim administrator, Kemper National Services, and its affiliated and associated companies (the "Kemper National Services Companies"), claims investigators, attorneys, and service consultants and other personnel involved in the administration, evaluation, analysis and management of the plan and/or claim (such individuals and entities are hereinafter collectively referred to as "Kemper National Services"), any Information related to my medical condition. This includes, but is not limited to, any records, data, and information concerning medical care, history, diagnosis, prognosis, treatment, supplies, employment related information, income related information and information regarding other insurance coverage including benefits paid (hereinafter collectively referred to as "Information").

I understand that the Information will be used for the purpose of evaluating, analyzing, managing and/or administering a claim for short term disability benefits, long term disability benefits, salary continuation, leave under the federal Family and Medical Leave Act and/or local and state laws, state or workers' compensation and/or any other health benefit program offered by and through the employer (hereinafter collectively referred to as "Benefits Program") and for other business purposes in connection with the administration of the Benefits Program.

I further authorize Kemper National Services to re-disclose any Information obtained or developed in the course of managing and/or administering the Benefits Program to the employer named below and any of the employer's health and benefit plan and/or claim administrators, claims investigators, attorneys, service consultants and any other entities, including the claimant's treating physician(s), solely for the purpose of evaluating, analyzing, managing and/or administering the Benefits Program. Kemper National Services shall notify such individuals of the confidential nature of the Information.

I understand that the duration of this authorization is for the term of coverage of the Benefits Program under which my claim has been submitted or such shorter period as mandated by applicable law. I also understand that I have the right to upon request to receive a copy of this authorization and to inspect and copy any written information disclosed. I agree that a photocopy of this authorization shall be as valid and effective as the original.

This consent is subject to revocation at any time by me giving written notice that is signed, except to the extent that action has been taken in reliance thereon (which reliance includes re-disclosure as permitted above).

Claimant's Full Name: _ROSALIE  A.  MOOS - HOLLING_

Social Security #: _392_ - _46_ - _2189_

Claimant's Date of Birth: _01_ | _13_ | _49_

Employer: _BAYER  CORPORATION_

Claimant's or Legal Representative's Signature _Rosalie A. Moos-Holling_    Date _01_ | _06_ | _03_

Legal Representative's Name and Relationship

BA 0116

C:\TEMP\NEW Bayer App Package.doc  08/26/02

# Kemper.
### Insurance Companies

Bayer Corporation Disability Claim Unit P.O. Box 15554 Plantation, Florida 33318-1555 Phone: 1-866-271-0744

## Kemper Reimbursement Agreement

I understand that the amount of my benefits under the Plan will be reduced by the amount of benefits that I am eligible to receive from certain other sources, such as:

- Social Security Benefits *(including, in certain instances, Social Security benefits for which my family members are eligible)*
- Workers Compensation Benefits
- State Disability Benefits
- Salary Continuation Pay
- No-Fault Automobile Insurance Benefits
- Occupational Disease Law
- Group Insurance Plan
- Governmental Retirement System
- Jones Act

I have reviewed the section regarding the offset of Other Benefits set forth in the Plan booklet previously provided to me by my Employer. I understand that Other Benefits may be paid periodically or in a lump sum.

To commence the Plan benefits and in recognition of the fact that these benefits will not be reduced until Other Benefits are actually rewarded/, I voluntarily agree as follows:

- I agree to reimburse the Plan for the full amount of its overpayments. I understand that these overpayments equal the amount by which my benefits under the Plan should have been reduced because if the award of any Other Benefits (such as Social Security and/or Workers Compensation benefits). I recognize that Other Benefits may be awarded to me for a retroactive period and agree to reimburse the Plan for the full amount of the deductions that should have been made from the Plan benefit payments for all periods in which I was entitled to both the Plan benefits and Other Benefits.

- I agree to make this reimbursement immediately upon receipt of commencement of Other Benefits.

- I agree to send to Kemper a copy of the written notice of an award or denial of any Other Benefits as soon as I receive this notice. I understand that, among other things, this notice provision requires me to send a copy of any Social Security Disability award or denial letter as soon as I receive it from the Social Security Administration. I recognize that if I fail to apply for Social Security or furnish a copy of the Social Security Award or denial letter within the period prescribed by Kemper, my benefits under the Plan may be offset by an estimated Social Security Disability Award amount.

- If I fail to reimburse the Plan for the full amount due as the result of an award of Other Benefits, I agree that Kemper may decrease or cease to pay my benefits under the Plan until full overpayment has been recovered by Kemper.

- I agree that, if the Plan benefits cease before I complete reimbursement of the Plan under the terms of this agreement, I shall, at the request of Kemper, enter into another reasonable agreement to provide for full reimbursement to the Plan.

I acknowledge that I have read and understand the terms of this agreement.

Signature of Employee _____    Date _1/6/25_

Name of Employee (print or type) _ROSALIE A. MOOS-HOLLING_

Address of Employee (print or type) _2033 ALAMEDA AVE., ALAMEDA, CA. 94501_

**Social Security Administration**

Consent for Release of Information

Form Approved

OMB No 0960-0566

TO: Social Security Administration

Rosalie Meas- Holling     1/13/49     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

Name                Date of Birth        Social Security Number

I authorize the Social Security Administration to release information or records about me
to:

| NAME | ADDRESS |
|------|---------|
| Allsup, Inc. | 300 Allsup Pl., Belleville, IL 62223 |
| Kemper National Services | Plantation, FL |

I want this information released because:

Kemper National Services requires verification of filing and/or receipt of Social Security
benefits to continue payment of Long Term disability. Allsup, Inc. is the company hired
by Kemper to perform this review and will report its findings to Kemper.

Please release the following information:

| | |
|---|---|
| n/a | Social Security Number |
| n/a | Identifying information (includes date and place of birth, parents' names) |
| X | **Monthly Social Security benefit amount and date of entitlement or NIF** |
| n/a | Monthly Supplemental Security Income payment amount |
| n/a | Information about benefit/payments I received from ___ to _____ |
| n/a | Information about my Medicare claim/coverage from ___ to _____ |
| | (specify)_____ |
| n/a | Medical records |
| n/a | Record(s) from my file (specify)_____ |
| X | **Other (specify)** _FACT Query_____ |

I am the individual to whom the information/record applies or that person's parent (if a
minor) or legal guardian. I know that if I make any representation which I know is false
to obtain information from Social Security records, I could be punished by fine or
imprisonment or both.

Signature: Rosalie A. Meas- Holling       Relationship:

Date: 1/6/05

SSA-3288 Internet (12/99)

BA 0118