IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE A. MOOS-HOLLING,<br><br>      Plaintiff,<br><br>  v.<br><br>BAYER CORPORATION DISABILITY PLAN,<br><br>      Defendant.<br>_____ / | No. C 07-06240 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR A CONTINUANCE** |

By letter brief, plaintiff filed a motion on October 28, 2008 to compel discovery. [Docket No. 22] Plaintiff requested a 30-day continuance of the October 31 deadline for filing dispositive motions and requested that the Court "compel answers to all of the outstanding discovery which has not been answered." *See* Pl. Letter Brief, at 4.

Plaintiff's motion is not timely. On March 28, 2008, the Court set October 31 as the deadline for dispositive motions. *See* March 31 Minute Entry. [Docket No. 14] At a case management conference on August 22, the parties were directed to brief discovery issues prior to filing dispositive motions. *See* August 28 Minute Entry. [Docket No. 21] Plaintiff filed her letter brief, the first discovery dispute in the case, three days before the deadline for dispositive motions. Plaintiff offers no explanation for why she could not file her motion in a timely manner and avoid the need for a continuance.

Plaintiff's motion is also not sufficiently specific. Plaintiff's broad request for production on all unanswered discovery requests gives the Court no guidance on what discovery requests have been made, why the documents are relevant, and how defendant's responses have been deficient. Plaintiff does not meet her burden by attaching dozens of pages of discovery requests to her brief but offering no specific discussion of their content.

Finally, plaintiff provides no legal authority supporting her request. Plaintiff claims that the discovery requested in this ERISA action is relevant to prove the existence of a conflict of interest between the plan administrator and the payer of the plan. Plaintiff cites no authority, however, supporting her claim that she is entitled to financial discovery regarding her conflict of interest theory. *Cf. Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1281 (C.D. Cal. 1998) ("A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Allowing the far-reaching discovery requested by Plaintiff would completely frustrate this purpose.") (citation omitted).

Accordingly, for the foregoing reasons, plaintiff's motion to compel discovery and for a continuance is DENIED.

**IT IS SO ORDERED.**

Dated: 11/26/08

SUSAN ILLSTON
United States District Judge